In The Southern District of Indiana

Jeffery W.Paul Reg.10517042
Plaintiff Pro-Se

V.

The Southern District
Of Indiana
Defendant

Case No. 6:96 CR 60022

2014 JAN 24 PM 1:55

CAPITAL CASE
Pro-Se

2:13-cv-304-WTL-WGH

**Motion for Due-Process,amending Motion previously submitted (&)to expidite ruling,pursuant to remedy fundamental miscarriage of justice-Habeas Corpus,Title 28,Dh.153,Federal Criminal Code(&) Rulebook-**

Comes now the petitioner does submit this motion to amend(&) expidite my right to due-process(&)remedy of a fundamental miscarriage of justice by a United States Court.

1.This Motion is to amend a Motion submitted in The Southern District of Indiana,pursuant to remedy,citing new law:Mcquiggen V.Perkins 133 Sct.1924,1928,1933-36(&)N.4 185 LEd2d 1019(2013) which is a Supreme Court case stating that ACTUAL INNOCENCE is a gateway to to redress;via inneffective assistance of Counsel, Petitioner does not know if Counsel raised issues that are substantially different in objectives but did not receive an intelligible evidentiary hearing in 2004 when legal advisors reported that the physical evidence had been estopped in my case meaning I would never be"ALLOWED" to prove my innocence with or without the Affidavits requested relevant to pretrial statements(&)context of Trinity(all) of which exonerated petitioner(&)alleged informants were coercive (&)leading,but with respect to Counsel,I am in extremely austere(&) punitive conditions(&)sustained irreconcilable injury so must move this Court to rule upon the merits(&)grant the due-process required by law to remedy a fundamental miscarriage of justice.

2.Petitioner does cite older Supreme Court law which is not ambiguous (&)collaterally authoritive,Williams V.Illinois 91 Crl 357(US 2012) which states a primary purpose test may be applied but affidavits are protected by confrontation clauses,RCP/Federal Criminal Code(&)Rules; IX-General Provisions-Rule 43 (a)(2)(3);1st,4th,5th,6th,7th,8th,(&) 14th Amendments of The US Constitution(&)Articles 1 Sec.9&3:ex post-facto laws(&)bills of attainders...that is to say,Trinity did relate a message to that effect pretrial when he was trying to negotiate a plea for lenity(&)complained that informants were pressuring him to inculpate this petitioner which was previous to his May 97 trial(&)not protected by Double Jeopardy clause;one of a couple dubious misstatements made by prosecuters,but attributed to my Counsel...but with regard to my due process rights,I was not allowed at Trinitys trial,despite being convicted circumstantially(&)explicitly,by name on Warrants(&)He was instructed to remain silent by his counsel(&)my Counsel refused to allow me to Call/Cross because the Bill of Particulars had been found(&)were supposedly exclusive,resulting in Prosecutions reliance upon a false police report including injury,equated with cause of death(&)physical evidence rebutted by the Courts own Lab...all of which may be considered with respect to new standards of evidence(&)intent of that,as submitted.

SCANNED

3.Petitioner asserts that the content of the affidavit is consistant with Trinitys previously stated intention(&)that he was unduly influenced by informants provided with money,privileges(&)immunity from what would generally be coercive rhetoric(&)demeanor(&)that the Documents titled;The Declaration of Trinity E.Ingle ;received by credible sources through mailing systems regularly screened for fraud or any other policy violation,is genuine(&)accurate to his knowledge according to his statement(&)thus,authentic(&)confirmed by Ms.Jennifer A.Merrigan an 8th Circuit appointee accepted by the bar of at least(1)State,(&) The Supreme Court(on)9/17/13;during prison visit...(&)that should merit an expidited docket due to petitioners duress(&)blatant illegality of my current conditions of captivity...(&)that my Due Process is guaranteed by the US Supreme Court,Nevius V.Summer 105 F.3d 453(9th Cir.1996)... which states that a new rule of constitutional law,made retroactive on review,grants collateral remedy on review in prima facie claims(&)that the Brady clause requires evidentiary hearing on any statements by co-defendants that co-defendant was innocent of charge;US V.Yizar 956 F 2d 230(11th Cir.1992);a case that I cite here to relate to the Williams V. Illinois 91 Crl 357(US 2012)(USC)case,because its really not the intent of The Justice Department/LAW to omit exculpatory evidence or confrontation thereof any certain ommissions/contradictions...(&)that statement confirms Trinity had agreed to exonerate petitioner previous to petitioners transfer to a psychiatric facility resulting from spousal misconduct(&)incidents at The Garland County Jail,during which I sustained injury(&)was told that my Guilt or Innocence would be determined by the perpetrator because hed already confessed(&)that he was being given privileges for indicating that hed inculpate me;that was reported in Prison legal circles to such an extent that I was alerted that I"belonged"to HIM;(Trinity),(&)I(&)another prisoner had to pay for protection at the facility,they tattooed CODE for GUILTY on me(&) a Penis on him(His Head),(&)knew my wifes name...which altogether caused a psychological breakdown excluding my participation in my own defense including during sentencing;which is Plain Error,not reviewed for Harmless error,see:Mayes V.Gibson 210 F3d 1284(10th Cir.2000) (&)constitutes a structural error,US V.Delgado 256 F3d 264(5th Cir.2001) which requires automatic reversal;Brown V.Artuz 283 F3d 492(2nd Cir. 2002).

4.Petitioner does hearby motion for remedy,Habeas Corpus,move the Court to relieve a fundamental miscarriage of justice(&)order any action determinable to be necessary(&)proper(&)duty of the court,pursuant to a wrongful murder conviction;Thomas V.Hubbard 273 F3d 1164(9th Cir.2001)(&) reverse this prejudicial indictment;US V.Choy 309 F3d 602(9th Cir.2002), cure my pleas,pursuant to Bateman V.US Postal Service 231 F3d 1220(9th Cir.2000)(&)procedural default/bars resulting;from prejudiced jury(&) failure of government to cure the record,see;Lam V.Kelchner 304 F3d 256 (3rd Cir.2002)(&)cede that petitiner suffered a substantial error by not being allowed to proceed during trial;US V.Riddle 249 F3d 529(6th Cir.2001) as a present/participating defendant(&)allow petitioner to be granted relief as requested in this Motion for due process;forgiving procedural default;Duggar V.Adams 489 US 401,411 N.6,109 S.ct 1211,1217 N.6 L ED 435 (1989)(&)remedying a Fundamental Miscarriage of Justice,which is chronic (&)a direct result of Govt.failure to perform duty upon the record on appeal which is a litany of false,physical evidence(&)one unintelligible plead after another;US V.Goodson 165 f3d 610(8th Cir.1999)...still not corrected.

Respectfully Submitted,
Signed Jeffery W. Paul *
Jeffery W.Paul

In The Southern District of Indiana

Jeffery W.Paul 10517042
PO Box 33
Terre Haute,IN.47808

Certificate of service,I Jeffery Paul W. do hereby swear that this Motion for T.28,Ch.153 Habeas, amending(&)expiditing was Placed in the mail,on /1/21/14

s/ Jeffery William Paul