IN THE SOUTHERN DISTRICT OF INDIANA
US DISTRICT COURT



Jeffery W.Paul Reg.10517042
Plaintiff Pro-Se

V.

The Southern District
Of Indiana
Defendant

Case No. 6:96 CR 60022-001 *

-CAPITAL CASE-
PRO-SE

-Motion for Due-Process,Summary Judgement,pursuant to Habeas Corpus,Title 28,Ch.153,Federal Criminal Code(&)Rulebook-

Comes now the Petitioner does submit this motion for due-process in pro-se pleading pursuant to relief,remedy of redress by Court authority to vacate,set-aside or correct a sentence/Judgement of a United States Court.

1.This Motion is submitted byway of new law/cite,see:United States Supreme Court:Mcquiggen V.Perkins 133 Sct.1924,1928,1933 -36(&)N.4 185 LEd2d 1019(2013),which states that ACTUAL INNOCENCE is a gateway to redress a fundamental miscarriage of justice.

2.Petitioner asserts that all USC cases are applicable in retrospect at,US V.Matthews(USC)178 F3d 295(5th Cir.1999)(&) authoritive,byway of equal protection clause,Rouse V.Benson 193 F3d 936(8th Cir.1999)(&)that I have a right to file a successive Motion,Valona V.US 138 F3d 693(7th Cir.1998)(1.)without prior approval(&)that includes Federal Prisoners.

3.Petitioner asserts that a Fundamental Miscarriage of Justice constitutes a violation of my 2nd,3rd,8th(&)14th amendment rights(&)Court is obligated to cure procedural bar(&)form of pleading,Ross V.Ward 165 F3d 793(10th Cir.1999)(&)Caldwell V. Russell 181 F3d 731(6th Cir.1999)(&)Bateman V.US Postal Service 231 F3d 1220(9th Cir.2000).

4.Petitioner moves Court to vacate conviction,pursuant to due-process pursuant to cure Fundamental Miscarriage of Justice,see, Lee V.City of Los Angeles250 F3d 668(9th Cir.2001)which states that Prisoner shall be released when it was or should have been known that they were entitled to relief(&)Silveira V.Lockyer, 312 F3d 1052(9th Cir.2002)Court is required to give force to each statute(&)constitutional provision,always mindful of the Govt.'s duty to protect with respect to abridgement.

5.Petitioner asserts that district shall hold evidentiary on motion to vacate due to actual evidence due to meritorious claims involving factual issues,Biami V.US 144 F3d 1096(7th Cir.1998).

6.Petitioner moves Court to appoint Counsel of Record,Ms. Jennifer A.Merrigan,if shes agreeable but Petitioner wishes to proceed pro-se(&)has that right,with Counsel retained,US V.Kind 194 F3d 900(8th Cir.1999),pro-se defendants have right to assistance from person trained in law.

Doc 1

-Summary in Brief Form-

1.Petitioner was arrested for the June 22,95"Shooting of a Person in Hot Springs,AR.National Park,on August 22,1996 in MS.State.

2.Petitioner was cooperative with FBI but statements made were in duress(&)misconstrued which constitutes sentence entrapment(&),concisely were lead(&)responsory(&)not given the established speech submitted thereof request to confirm previous ID of shooter Petitioner had made to acting deputy/vice informent in Hot Springs(&)denials duly of any blame.

3.FBI Agent John Lavoie stated that perpetrator had placed me at scene but stated that I had nothing to do with it(&)Petitioner was told that the officer arresting him,the perpetrator,was told the same(&)then on or about Nov.96",my trial attorney stated that his lawyers confirmed he made the wholly exonerating statements but that because I had attempted to get bail by opening discussion for departure to receipt of stolen property,it seemed suspicious so Prosecutors were talking to him again so there was no guarantee that he'd confirm the statements during my trial,which Prosecutor chose to proceed with when petitioner refused to confirm allegation of aggravating factors.

4.Prosecutor relied on perjured testimony to indicate an alternative Cause of death(&)Counsel failed to demonstrate Defense claim for Prima Facie rebuttal because evidence submitted was supposedly barred due to Expert Testimony(&)Crime Lab reports,but due to separate trial,Witness was allowed to expand testimony(&)petitioner could not confront that or call(&)confront perpetrator(&)could not effectively assist Consels attempt to revise defense,though I had assisted preliminarily,because my wife was repeatedly disobedient(&)Staff at Prison(&)Jail,non-responsive resulting in injury which aggravated concussion I suffered 10mos.previously.

5.Due to Secrecy of Extradition from AR.State Prison during Operation Golden Eagle,which was in 1999,moving Federal Prisoners to Death Row from all over the Country petitioner was estranged from appellate Counsel.

6.Due to Moratorium after 9/11/2001 attacks petitioner was estranged from appellate Counsel.

7.Due to discrimination against impoverished petitioner with ADHD,learning disability,petitioner had to reestablish familiarity with Counsel(&) Transcripts(&)requested copies of the perpetrators statements.

8.The Eighth Cir.of Appeals appointed Attorney Sean O'Brien(&)Ms. Jennifer A.Merrigan,who had been contacted by perpetrator/Counsel(&) they received a Copy of <u>The Declaration of Trinity E.Ingle-</u>,which was received through special mail by petitioner,see exibit pg 1.through 5. (&)petitioner attempted to append evidentiary already submitted,but that was unsuccsessful,after Prison impugned the authenticity of the documents,Petitioner complained about Counsel(&)ordered Counsel to conform authenticity of documents which occurred during visitation on 9/17/13,at USP Terre Haute,IN.with Attorney Jennifer A.Merrigan,

9.Petitioner does request that Court review document,which is wholly exonerating(&)credible,with context(&)order Court to redress this wrongfull conviction,avoiding a Fundamental Miscarriage of Justice.

Pro-Se

Respectfully Submitted,

Signed [signature] *
Jeffery W.Paul 1/9/14

Doc 2

IN THE SOUTHERN DISTRICT OF INDIANA



Jeffery William Paul
Plaintiff/Pro-Se
Signed ___ *
P.O. Box 33
Terre Haute, IN.
47808

Certificate of Service

I, Jeffery Paul, do hereby swear this motion was placed in the institutional mail (1/9 /14) to the Southern District of IN. (via) certified mail, pursuant to Habeas Corpus, T.28-Ch.153 Appeals.

-Information TO Appoint Counsel-

ON EVIDENTIARY DOCUMENT 1., 2.

Doc 3

In The Southern District of Indiana

3.Petitioner asserts that the content of the affidavit is consistant with Trinitys previously stated intention(&)that he was unduly influenced by informants provided with money,privileges(&)immunity from what would generally be coercive rhetoric(&)demeanor(&)that the Documents titled;The Declaration of Trinity E.Ingle ;received by credible sources through mailing systems regularly screened for fraud or any other policy violation,is genuine(&)accurate to his knowledge according to his statement(&)thus,authentic(&)confirmed by Ms.Jennifer A.Merrigan an 8th Circuit appointee accepted by the bar of at least(1)State,(&) The Supreme Court(on)9/17/13;during prison visit...(&)that should merit an expidited docket due to petitioners duress(&)blatant illegality of my current conditions of captivity...(&)that my Due Process is guaranteed by the US Supreme Court,Nevius V.Summer 105 F.3d 453(9th Cir.1996)... which states that a new rule of constitutional law,made retroactive on review,grants collateral remedy on review in prima facie claims(&)that the Brady clause requires evidentiary hearing on any statements by co-defendants that co-defendant was innocent of charge;US V.Yizar 956 F 2d 230(11th Cir.1992);a case that I cite here to relate to the Williams V. Illinois 91 Crl 357(US 2012)(USC)case,because its really not the intent of The Justice Department/LAW to omit exculpatory evidence or confrontation thereof any certain ommissions/contradictions...(&)that statement confirms Trinity had agreed to exonerate petitioner previous to petitioners transfer to a psychiatric facility resulting from spousal misconduct(&)incidents at The Garland County Jail,during which I sustained injury(&)was told that my Guilt or Innocence would be determined by the perpetrator because hed already confessed(&)that he was being given privileges for indicating that hed inculpate me;that was reported in Prison legal circles to such an extent that I was alerted that I"belonged"to HIM;(Trinity),(&)I(&)another prisoner had to pay for protection at the facility,they tattooed CODE for GUILTY on me(&) a Penis on him(His Head),(&)knew my wifes name...which altogether caused a psychological breakdown excluding my participation in my own defense including during sentencing;which is Plain Error,not reviewed for Harmless error,see:Mayes V.Gibson 210 F3d 1284(10th Cir.2000) (&)constitutes a structural error,US V.Delgado 256 F3d 264(5th Cir.2001) which requires automatic reversal;Brown V.Artuz 283 F3d 492(2nd Cir. 2002).

4.Petitioner does hearby motion for remedy,Habeas Corpus,move the Court to relieve a fundamental miscarriage of justice(&)order any action determinable to be necessary(&)proper(&)duty of the court,pursuant to a wrongful murder conviction;Thomas V.Hubbard 273 F3d 1164(9th Cir.2001)(&) reverse this prejudicial indictment;US V.Choy 309 F3d 602(9th Cir.2002), cure my pleas,pursuant to Bateman V.US Postal Service 231 F3d 1220(9th Cir.2000)(&)procedural default/bars resulting;from prejudiced jury(&) failure of government to cure the record,see;Lam V.Kelchner 304 F3d 256 (3rd Cir.2002)(&)cede that petitiner suffered a substantial error by not being allowed to proceed during trial;US V.Riddle 249 F3d 529(6th Cir.2001) as a present/participating defendant(&)allow petitioner to be granted relief as requested in this Motion for due process;forgiving procedural default;Duggar V.Adams 489 US 401,411 N.6,109 S.ct 1211,1217 N.6 L ED 435 (1989)(&)remedying a Fundamental Miscarriage of Justice,which is chronic (&)a direct result of Govt.failure to perform duty upon the record on appeal which is a litany of false,physical evidence(&)one unintelligible plead after another;US V.Goodson 165 f3d 610(8th Cir.1999)...still not corrected.

Respectfully Submitted,
Signed [signature] *
Jeffery W.Paul

 Doc. 5.

In The Southern District of Indiana

Jeffery W.Paul 10517042
PO Box 33
Terre Haute,IN.47808

Certificate of service,I Jeffery Paul W. do hereby swear that this Motion for T.28,Ch.153 Habeas, amending(&)expiditing was Placed in the mail,on /1/21/14



DOC 6

Jeffery W.Paul Reg.10517042
Plaintiff Pro-Se

V. Case No. 6:96 CR 60022-001 *

The Southern District
Of Indiana
Defendant

-CAPITAL CASE-

Pro-Se

-Motion for Due-Process, amending Motion previously submitted (&)to expidite ruling,pursuant to remedy fundamental miscarriage of justice-Habeas Corpus,Title 28,Dh.153,Federal Criminal Code(&) Rulebook-

Comes now the petitioner does submit this motion to amend(&) expidite my right to due-process(&)remedy of a fundamental miscarriage of justice by a United States Court.

1.This Motion is to amend a Motion submitted in The Southern District of Indiana,pursuant to remedy,citing new law:Mcquiggen V.Perkins 133 Sct.1924,1928,1933-36(&)N.4 185 LEd2d 1019(2013) which is a Supreme Court case stating that ACTUAL INNOCENCE is a gateway to to redress;via inneffective assistance of Counsel, Petitioner does not know if Counsel raised issues that are substantially different in objectives but did not receive an intelligible evidentiary hearing in 2004 when legal advisors reported that the physical evidence had been estopped in my case meaning I would never be"ALLOWED" to prove my innocence with or without the Affidavits requested relevant to pretrial statements(&)context of Trinity(all) of which exonerated petitioner(&)alleged informants were coercive (&)leading,but with respect to Counsel,I am in extremely austere(&) punitive conditions(&)sustained irreconcilable injury so must move this Court to rule upon the merits(&)grant the due-process required by law to remedy a fundamental miscarriage of justice.

2.Petitioner does cite older Supreme Court law which is not ambiguous (&)collaterally authoritive,Williams V.Illinois 91 Crl 357(US 2012) which states a primary purpose test may be applied but affidavits are protected by confrontation clauses,RCP/Federal Criminal Code(&)Rules; IX-General Provisions-Rule 43 (a)(2)(3);1st,4th,5th,6th,7th,8th,(&) 14th Amendments of The US Constitution(&)Articles 1 Sec.9§3:ex post-facto laws(&)bills of attainders...that is to say,Trinity did relate a message to that effect pretrial when he was trying to negotiate a plea for lenity(&)complained that informants were pressuring him to inculpate this petitioner which was previous to his May 97 trial(&)not protected by Double Jeopardy clause;one of a couple dubious misstatements made by prosecuters,but attributed to my Counsel...but with regard to my due process rights,I was not allowed at Trinitys trial,despite being convicted circumstantially(&)explicitly,by name on Warrants(&)He was instructed to remain silent by his counsel(&)my Counsel refused to allow me to Call/Cross because the Bill of Particulars had been found(&)were supposedly exclusive,resulting in Prosecutions reliance upon a false police report including injury,equated with cause of death(&)physical evidence rebutted by the Courts own Lab...all of which may be considered with respect to new standards of evidence(&)intent of that,as submitted.

 Doc 4.

7006 0100 0003 7176 3261

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ $1.84 |
| Certified Fee | $3.10 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ $5.66 |

Postmark Here

TERRE HAUTE IN 47802 JAN. 10 2014

Sent To: Clerk, Southern District

Street, Apt. No.; or PO Box No.: 921 OHIO St. Rm. 104

City, State, ZIP+4: Terre Haute, IN 47807

PS Form 3800, June 2002 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clerk of The Court
US District Court
Southern District of IN.
921 OHIO St. Rm. 104
Terre, Haute, IN. 47807

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X C. Ellis ☐ Agent ☐ Addressee

B. Received by (Printed Name): C. Ellis

C. Date of Delivery: 1-13-14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Transfer from service label)*: 7006 0100 0003 7176 3261

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

Doc. 7

**GREG McQUIGGIN, WARDEN, Petitioner**

***vs.***

**FLOYD PERKINS**

# 569 US ___, 133 S Ct ___, 185 L Ed 2d 1019, 2013 US LEXIS 4068

[No. 12-126]

**Argued February 25, 2013.**

**Decided May 28, 2013.**

## DECISION

Actual innocence, if proved, held to be gateway through which state prisoner petitioning for federal habeas corpus relief might pass, regardless of whether impeded by procedural bar or expiration of 28 U.S.C.S. § 2244(d)(1)'s limitations period.

*Prior history:* 670 F.3d 665, 2012 U.S. App. LEXIS 4160

## SUMMARY

*Procedural posture:* Respondent state inmate filed a petition for a writ of habeas corpus, seeking federal district court review of his conviction for first-degree murder. The district court dismissed the petition; however, the U.S. Court of Appeals for the Sixth Circuit reversed and remanded. The U.S. Supreme Court granted certiorari to resolve a conflict among the circuits on whether 28 U.S.C.S. § 2244(d)(1) could be overcome by a showing of actual innocence.

*Overview:* The inmate filed a petition for a writ of habeas corpus in 2008, more than eleven years after his conviction for first-degree murder became final, claiming that he was innocent and received ineffective assistance of counsel during his trial, and he submitted three affidavits signed by witnesses that supported his claim. The district court found that even if the affidavits could be characterized as newly discovered evidence, the inmate was not entitled to relief because he



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

24507077 Doc 8-

obtained the last affidavit in 2002 but did not file his petition until 2008. Although the Sixth Circuit found that the inmate's petition was untimely under 28 U.S.C.S. § 2244(d)(1), it held that his claim of actual-innocence allowed him to pursue his habeas petition as if it had been filed on time. The Supreme Court vacated the Sixth Circuit's decision and remanded the case. While the Court rejected the State's argument that habeas petitioners who asserted convincing actual-innocence claims had to prove diligence to cross a federal court's threshold, it found that the Sixth Circuit erred to the extent that it eliminated timing as a factor relevant in evaluating the reliability of the affidavits.

*Outcome:* The Supreme Court vacated the Sixth Circuit's decision and remanded the case. 5-4 Decision; 1 dissent.**<*pg. 1020> <*pg. 10**



© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

24507077 Doc 9

OFFICE OF THE [illegible handwriting]
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE

800 KING STREET, SUITE 200
WILMINGTON, DE 19801

X 63-417L

$0.46 0
US POSTAGE
FIRST-CLASS
062S0007246923
19801
B16341.16

Jeffery Paul, # 10517-042
United States Penitentiary
P.O.Box 33
Terre Haute, IN 47808-0033

SPECIAL MAIL - OPEN ONLY IN THE
PRESENCE OF THE INMATE PERSON
ENTITLED TO INVOKE PROTECTION OF
SPECIAL MAIL 28 C.F.R. § 540.18

47808X0033

SPECIAL MAIL - OPEN ONLY IN THE
PRESENCE OF THE INMATE PERSON
ENTITLED TO INVOKE PROTECTION OF
SPECIAL MAIL 28 C.F.R. § 540.18

DOC. 10

OFFICE OF THE FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE

EDSON A. BOSTIC
FEDERAL PUBLIC DEFENDER

KARL D. SCHWARTZ
CHIEF, CAPITAL HABEAS UNIT

JENNIFER A. MERRIGAN
ASSISTANT DEFENDER,
CAPITAL HABEAS UNIT

July 11, 2013

Jeffery Paul, # 10517-042
United States Penitentiary
P.O.Box 33
Terre Haute, IN 47808-0033

Jeff,

It was good to talk to you today. I am enclosing the affidavit you requested. I ordered you the Almanac and Dictionary, you should receive them soon. I know that you have requested other books, and I have let the team know.

Sincerely,

Jennifer Merrigan

Enclosures

M.S. Jennifer Merrigan
800 King Street, Suite 200
Wilmington, DE. 19801

(Cell Ph) 302/573/6010

Western District of Arkansas; Hot Springs Division
U.S. v. Ingle
Case no. 97 3443
157 F.3d 1147
(8th Cir. 1998)

Doc 11

County of Jefferson

State of Texas

Declaration of Trinity E. Ingle

My name is Trinity Ingle. I am over the age of 18 and competent to make the declarations contained herein.

On June 22, 1995 me and Jeff were downtown in Hot Springs by the Arlington Hotel. I was wanting to rob a shop downstairs. Jeff was high and was pretty much just following me where I was going to. I was high too otherwise I would not have been wanting to rob a shop in broad daylight. But so we're standing outside of the mall when Mr. Williams drove by. I had not slept for days and was high on Methamphetamine which can make you paranoid and was making me paranoid after ten days of it and not sleeping. It was one of those times where if things had gone different, if a cop car had come by or something like that, I would have just left, but when Mr. Williams drove by he looked at me and I just locked in on him. In my paranoia I knew he had seen the gun in my waistband and knew that now he knew what I was thinking to do by robbing the shop downstairs. So when he got out of the car I told Jeff to come on and follow me. At this point Jeff did not know what I was doing and so he wasn't arguing any about it yet. As far as I knew, Jeff did not know that I had a gun. I didn't tell Jeff about my suspicions of Mr. Williams, nor did I say anything to him about what I planned to do.

I followed Mr. Williams up the trail and Jeff was following me. I stopped him by asking him if he had the time. After he told us the time I pulled the gun out and told him to give up everything he had. When he didn't, I hit him and kicked him on the ground. By this time, Jeff was getting very nervous. He was trying to get me to leave, saying, "come on, let's go." But I wasn't about to leave, but I still had the gun in my hand and Jeff knew it.

I told Jeff to keep quiet and I tied the guy up with the tape. Then Jeff and I started back down the trail but when I looked back at him the guy was looking right at me. I turned to go back but Jeff grabbed me by the arm and said, "let's just leave him and get out of here." Jeff kept arguing with me but I yanked free of him holding me. I still had the gun in my hand and Jeff was looking at it as I held it in his direction. Even though Jeff didn't know what it was I was going back up the mountain for, I made sure he knew if he put his hands on me again trying to stop me I would have shot him, too, and it would have been two people left up on that mountain.

So I walked back up the trail and asked the guy if he was going to call the cops. He said no but of course I knew he was lying. So I stood over him and shot him in the chest but one shot was rat shot which I had forgot was in the chamber. I heard Jeff yelling at me to stop, but I turned back around and shot Mr. Williams





Doc 13-

with the real bullet in the head.

Everything else I believe is already known which followed that.

The gun I got from a burglary off Higden Ferry Road, New Oscar Point and Amity. It was a brown and yellow house and part of the yard was fences. It was in the morning that I broke into the house and found the guns in a closet. I think I recall that they were in a box on the closet floor. I also took some things out of the ice box and some change and silver dollars. Actually I had gotten two guns from there, a .357 and the .38 I used to shoot Mr. Williams. The .357 I had already sold.

Under penalty of perjury I hereby swear that the foregoing is true and correct to the best of my information and belief.

Trinity E. Ingle

Dated this 11 day of February, 2005.



A02255

Doc. 14.