In The Southern District of INDIANA
US District Court/Federal Jurisdiction

STATEMENT A

Jeffery W.Paul
Plaintiff

V.

Superintendent
Respondant

Case No: 2:13 cv 304

WTL/TAB

CAPITAL-CASE/PRO-SE

FILED U.S. DISTRICT COURT INDIANAPOLIS DIVISION 2014 FEB 28 PM 3:36 SOUTHERN DISTRICT OF INDIANA

-Instant Motion Pursuant to Affirmitive Due-Process of request for relief of Conviction(&)Sentence(via)-Title 28,Ch.153:§2241-55 Habeas Corpus,Federal Criminal Code(&)Rules-Amending-

Comes now The Petitioner Pro-Se does hereby cites of controlling authority,submits this motion for relief by rights(&)affirmitive delegated powers in a District Court of The United States of America by Presenting a Prima-Facie,ACTUAL-INNOCENCE Claim.

(1.)Movant does submit exibit Pages(A.)to (C.)documents from the Honorable US Attorneys Office whereby duty he attaches proper cites in response from The 8th Circuit Court of Appeals.

(2.)Petitioner asserts as follows,Petitioner was actually innocent(&) codefendant confirms that Pre-Trial with no assurance of Lenity during a recorded attempt to procure that from jailhouse councel acting as a F.B.I. informant.

(3.)Petitioner asserts that incompentency byway of omitted communications with Councel(Court Appointed)resulted in False Belief that Physical Evidence rebutted by Labwork was subordinate to Limited Admissability rules in F.R.E.(Rule 101-6)during Petitioners Trial(&)Trial Councel mistakenly advised Petitioner to remain silent during both Guilt(&)Sentencing Phase of My Trial which excluded my attempt to rebutt alleged inculpatory statements.

(4.)Codefendants Councel admitted that he had exonerated Petitioner in pre-trial contact wherein he was advised to cease due to Prosecutions Commitment to Offense Class(&)intent to use a Witness who admittedly provided the Murder Weapon,Marijuana(&)Potential Facility to conceal or otherly facilitate the disposition of Property removed by Perpetrator from crime scene...in exchange for complete IMMUNITY of Accessory to a 1st Degree Murder Charge...who would say anything.

(5.)Petitioner asserts that Trial Councel erred by not calling Perpetrator who had already made exculpatory statements,but cedes that He (Trial Councel),was told the same thing about the testimony(&)that was that if the labwork excluded the statements theyre inadmissable...but at last minute Prosection convinced judge that evidence could be interprated(&)although the Labwork/Examiner showed no signs of evidence(or) tampering(&)jury was instructed to give that weight,they did not(&) returned a guilty verdict based upon a false Police Report that was submitted as an alternative cause of death.

(6.)Petitioner claims that no reasonable jury wouldve found a guilty verdict given the weight required to evidence submitted independently of Perpetrators confession,see:Sawyer V.Whitley,505 U.S. 333,336(1992),(&)Johnson V.US,720 F3d(8th Cir.2013),T.28§2255(h)requisites.

(7.)Petitioner was not allowed to take stand in my own defense(&) could not call Witness to Cross because of his Attorneys interference which allowed informants to resolve ambiguity of exculpatory statements attributed to him to my detriment in exchange for IMMUNITY(&)Crucial Medical Care(&)Privileges only The US Attorney/Government could Provide but that on 3 Separate Occasions the Perpetrator of This Crime Attempted to exonerate this Petitioner.

(8.)Petitioner asserts that He is ACTUALLY INNOCENT(&)that the evidentiary Appended to HABEAS CORPUS Petition does wholly constitute PLAIN/(PRIMA-FACIE)grounds for Evidentiary hearing(&)due-process for remedy of a wrongfull conviction...by any known(or)amending statutory provisions set forth in Title 28/Ch.153,§2241-2255...see,Cox V.Burger,398 F3d 1025, 1031(8th Cir.2005)(citing Coleman V.thompson,501 U.S.722,750(1991).... (&)that procedurally barring this claim is a Fundamental Miscarriage of Justice which has currently been ongoing for 9(of)17.6 Years...under one premise or another supposedly.

(10.)Please review(&)recommend my Conviction be vacated due to actual-innocence by any means proper,to date,no evidentiary has been ordered to my knowledge(&)all remonstration has supposedly been ex parte(&)exclusive (&)still premised upon false reports despite US Attorneys duty to perform as defender where there is demonstrable pretense.

Attorney of Record

*________________________

Jennifer A.Merrigan
Federal Public Defender of(DE)

Respectfully Submitted,

* Jeffery W Paul

Jeffery W.Paul(10517042)
PO Box 33
Terre Haute,IN.47808-0033

Certificate of service-
I,Jeffery Paul,do hereby US Postal Service submit this Motion Pro-Se to The Southern District Court of IN.(FEDERAL)- 2/25/14

Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed. *Roper v. Simmons*, 543 U.S. 551, 568 (2005). Thus, a juvenile offender is actually innocent of the death penalty and in order to prevail Paul "must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found [him] eligible for the death penalty under applicable [federal] law." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992).

"Under the *Sawyer* standard, [Paul] must show that by clear and convincing evidence that but for the constitutional error, no reasonable juror would have found him eligible for the death penalty under [Federal] law." *Nave v. Delo*, 62 F.3d 1024, 1032 (8th Cir.1995), *cert. denied*, 517 U.S. 1214, 116 S.Ct. 1837, 134 L.Ed.2d 940 (1996). Paul can "succeed on his claim only 'by showing no aggravating circumstance existed, or by showing some other condition of eligibility was not met. Additional mitigating evidence does not satisfy the standard.' " Id. at 1033 (*quoting Shaw v. Delo*, 971 F.2d 181, 186 (8th Cir.1992), *cert. denied*, 507 U.S. 927, 113 S.Ct. 1301, 122 L.Ed.2d 690 (1993)).

In this case, Paul is unable to rely on *Roper* to support his claim because he was 18 years of age at the time he aided and abetted in the murder of Mr. Williams. Despite Paul's suggested calculation of his age, this Court recognized during Paul's

2. *New-Found Evidence, Standing Alone, Does Not Implicate a Constitutional Violation Warranting Habeas Relief*

Paul wants to raise a claim of actual innocence in a success federal habeas proceeding. The Supreme Court has recognized that a showing of actual innocence may be a gateway to get past a procedural default in order for a court to consider a claim on the merits. This is because procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice. *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir.2005) (*citing Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Clayton v. Roper*, 515 F.3d 784, 793 (8th Cir.2008); *Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir.2002); *Meadows v. Delo*, 99 F.3d 280, 283 (8th Cir.1996). Chief Justice Warren made this clear in *Townsend v. Sain*, 372 U.S. 293, 317 (1963):

> "Where newly discovered evidence is alleged in a habeas application, evidence which could not reasonably have been presented to the state trier of facts, the federal court must grant an evidentiary hearing. Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly



Doc. B.

Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h); *Rodgers v. United States*, 229 F.3d 704 (8th Cir. 2000).

Authorization to file a second or successive petition can only be granted where there is a *prima facie* showing that the application satisfies the aforementioned requirements of § 2255(h). *Johnson v. United States,* 720 F.3d 720 (8th Cir.2013). A *prima facie* showing in this context is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Johnson,* 720 F.3d at 720 (citations omitted).

In this case, Paul claims newly discovered evidence by way of his codefendant's affidavit exonerates him of guilt in the murder of Mr. Williams. Additionally, Paul contends *Roper v. Simmons,* 543 U.S. 551 (2005), entitles him to pursue a successive collateral attack because it applies retroactively to his case. However, Paul's application is simply insufficient of possible merit to warrant a fuller exploration by the district court and his request to file a successive § 2255 motion should be denied.

B. Exoneration

1. *Timeliness*

Under the AEDPA, a one year period of limitations from the date on which the facts supporting the claim or claims presented could have been discovered through