US District Court/Federal Jurisdiction
- Southern District of INDIANA -

STATEMENT B

Jeffery W.Paul
Plaintiff

V.

Superintendent
Respondant

Case No: 2:13 cv 304
WTL/TAB

CAPITAL-CASE/PRO-SE

FILED
US DISTRICT COURT
INDIANAPOLIS DIVISION
2014 FEB 28 PM 3:36
SOUTHERN DISTRICT OF INDIANA
LAURA A. BRIGGS
CLERK

-Instant Motion Pursuant to Affirmitive Due-Process of request for relief of Conviction(&)sentence(via)-Title 28,Ch.153:§2241-56 Federal Criminal Code(&)Rules-Amending-

Comes now The Petitioner Pro-Se does hereby cites of controlling authority ,submits this Motion by rights(via)delegated Powers to The US District Court,citing Double Jeopardy(et.al)Torture resulted in an illegal trial(&)sentence,violation of my 1st,2nd,3rd,4th,5th, 6th,7th,8th,9th,10th(&)14th Amendments.

(1.)Petitioner does bring this Motion citing,caselaw with documents in exibit supporting claim that he was ineligible for The Death Penalty due to statutory preclusion,change in Law...see,Jackson V.Norris,615 F3d 959,963 n.6(8th Cir.2010)(quoting,Sasser V.norris,553 F3d 1121,1126 (8th Cir.2009)..."A Petitioner is Actually Innocent where he is not eligible for The Death Penalty"...Petitioner asserts as follows,that the Antiterror(&)Effective Death Penalty Act(1996)was cause of the superseding Indictment issued in The Western District of AR.,when US Attorney announced he intended to seek the death penalty under new statutory guidelines,which had been revised to allow flexible Indictments after innocent omissions,introduced after development,prejudiced cases(&)resulted in release of demonstrably guilty partys despite Police(&)Prosecutions good faith efforts to show aggravators were relevant to prevent mistrials in other cases than mine...(supposedly Guilty Persons were being released)...but the new law unlawfully enhanced my penalty by creating ambiguity about the guidelines.

(2.)Petitioner was charged in joint indictment from offense date of 6/22/95(&)Codefendant was sentenced to Life imprisonment during a trial I was not allowed to attend,which was enough to prejudice my trial because I was not allowed to attend but proceeded from that conviction upon the same set of facts which is referenced elsewhere,but for the purpose of this claim,the Indictment was rendered(&)proceeded from the offense date which constitutes a violation of my Constitutional rights,see,USC Articles 1,sec.9§2,3(&)sec.10§1,Articles 4,sec.1,2(&) §1,4,Articles 6,§2,3(&)US Bill of Rights Amendments 1,2,3,4,5,6,7,8,9, 10,11,12,(&)14§1....(&)cites,see,Flores-Leon V.I.N.S.,272 F3d 433(7th cir.2001)ex post facto clause prohibits retrospective application of criminal/punitive laws(&)Turner V.Glickman,207 F3d 419(7th Cir.2000) statute challenged on double jeopardy grounds serves as criminal purpose(&)effect,Court must disregard Congress'intent to create a civil sanction,thats an abridgement...(&)US V.Karro,257 F3d 112(2nd Cir.2001) for purposes of determining which sentencing guidelines were in effect on date of offense,the date of the offense entered on The Indictment is the controlling date...so thats a PRIMA FACIE violation of Rules because the penalty was Double Counted,see,US V.Herrera-Rojas,243 F3d 1139(9th Cir.2001)US V.Rohwedder,243 F3d 423(8th Cir.2001)...

(2.)Continued..."Double Counting"Occurs when one part of sentencing guidelines is applied to increase a defendants punishment on account of a Harm which has been fully accounted for elsewhere...Petitioner asserts that one Penalty or another is in effect upon conviction (&) that there is no doubt that would be the maximum penalty conjecturally because defendants found guilty must convince a Judge/Jury that the Maximum Penalty is inappropriate(&)receive an adjusted penalty... under sentencing guidelines...see,US V.Nappi,243 F3d 758(3rd Cir.2001) (&)US V.Eschman,227 F3d 886(7th Cir.2000)Due Process requires sentence must be based upon accurate information...(&)US V.Harris,244 F3d 828 (11th Cir.2001)sentencing guidelines cannot increase penalty beyond the Statutory Maximum...so the Penalty is in the Offense Class(&)Partys must prove they deserve a lesser Penalty(&)if I was Convicted of a 95' offense that require a superseding indictment for change in law to a 96' standard of procedure then the initial conviction had to be entered per Rules in 95'(&)thats a Plain Error,because if a constructive amendment prejudices defendant the conviction must be reversed,see,US.V CHOY 309 F3d 602(9th Cir.2002)...(&)according to Rules of lenity,see,US V. Lanier,73 F3d 1380,Bifulco V.US,447 US 381,65 LEd2d 205,100 SCt 2247(1980) (&)US V.Bass,404 US 336,92 SCt 515(1971)...(1.)Rules state that where there is ambiguity in statute,doubts resolve in favor of defendant,which appies to prohibitions(&)penalties(&)(2.)Criminal Statutes should normally be strictly construed...so NEW LAW Provisions are NEW LAW(&)The AEDPA is a ACT of 1996(&)Petitioner was not eligible for procedure of that nature because of intrinsic differences in statutory provisions...although my indictment was issued in March 96',(&)I was arrested in August 96',My Codefendant who was arrested in July 95'is indicted under the aiding(&) abetting clause(&)thats from June 22,95'.

(3.)Petitioner asserts that there is no ambiguity about the qualification of this claim as a Prima Facie Claim requiring affirmitive due process under Title 28,Ch.153 Habeas Corpus Provisions §2241-55...any reference appropriated(&)that more cites are available to guide Court in its decision making Process,see,US V.Malone,222 F3d 1286(10th Cir.2000),imposition of sentence in Federal Court based on erroneous interpretation of LAW is PLAIN ERROR warranting reversal,(&)US V.HASAN,205 F3d 1072(8th Cir. 2000),Rule of Lenity requires Court to resolve any ambiguity in favor of Defendant relevant to Sentencing statutes interpretation....

(4.)Petitioner asserts that his ongoing captivity is a Violation of his fundamental Civil Rights(&)that Government is in criminal violation of Law by refusing to Order remedy or correct the record in remonstration such as Physical Evidence(&)Inneffective Councel claims elsewhere(&)that although Petitioner is ACTUALLY INNOCENT(&)claiming that in Controlling Pleas,the dereliction of Prosecution(&)effect of procrastination is placing my family in danger,exposed to financial risks(&)plainly caused the estrangement(&)rape/sexual abuse of my wife respective of the harm I endure daily knowing how callous my captors are(&)how close I am to being killed at any time due to weight given the lies of complicit partys who admit theyre incentivized...wholly constitutes Torture,T.18,ch.113c,§2340 Federal Crminal Code(&)Rules(&)proves vindictiveness(&)Plain Error on Part of the GOVERNMENT:see,US V.Gomez-Orduno,235 F3d 453(9th Cir.2000), Prosecutor violates due process when he seeks to punish defendant for exercising constitutional or statutory right...which is referenced in plea elsewhere,when codefendant was found guilty Govt.offered to recommend a...

(4.)Continued...Lesser Sentence but refused to depart the Offense Class which meant that Petitioner would not be immediately released(&) thats either delusional/conspiratorial because if hed simply corrected the evidence the particulars in statutory aggravators clearly showed that was premised upon a False Police Report,that report created opportunity to claim that Petitioner was a knowing participant in a savage battery(&)robbery concealing a bloody murder,as opposed to an associate accompanying person who apparently got into an altercation (&)shot somebody he either thought may have been stealing a car he had claim to or something similarly confrontational due to exposure to drugs. ..(drugs that I did not provide)...but reported as credibly(&)in duetime to a person who claimed to be a Youth Vice DEPUTY(Law)...Prosecutor knew that but deliberately estranged petitioner from wife to create an option to cross without her husbands permission resulting in Sexual-Abuse(&)constituting one aspect of cumulative errors which wholly create a cruel(&)unusual Penalty/condition of captivity(&)violation of my due-process rights,see,US V.Johnson 171 F3d 139(2nd Cir.1999)Presumption of vindictiveness results when circumstances of case create a realistic likelihood of prosecutorial vindictiveness...(&)Bragan V.Poindexter,249 F3d 476(6th Cir.2001)(1.)Criminal Prosecution would not have been initiated but for vindictiveness is Constitutionally prohibited.(2.)Remedy for vindictiveness is dismissal of charges...Petitioner claims that the Govt.does not have to knowingly commit Civil Rights violation,but in scenario,choosing to initiate prejudicial indictment(&)then penalty was a violation of Law from 95'-96'(&)that having sought to make that fit a summary evidentiary including aggravating factors was vindictive(&) a violation of Statutory LAW(&)Canon,see,US V.Jeter,329F3d 1229(11th Cir. 2003)US V.Brown 79 F3d 1550(11th Cir.1996)"The RULE OF LENITY",commands that where alternative readings of criminal statute do not require a harsher Penalty ,statutes should be narrowly interprated...

(5.)Petitioner asserts that Court should Vacate Conviction(&)Penalty due to violation of Constitutional Rights(&)recommend restitution(&) release for wrongly convicted Petitioner.

Attorney of Record

*______________________

Jennifer A.Merrigan
Federal Defender(DE)
800 King ST,Suite 200
Wilmington DE
19801

Respectfully Submitted,

* [signature]

Jeffery W.Paul
Rg#10517-042
P.O.Box 33
Terre Haute,IN.
47808-0033

Certificate of Service-

I Jeffery W.Paul,do hereby submit this Motion for relief of T.28, ch.153,§2241-55(Habeas Corpus)FCC(&)R-Via US POSTAL SERVICE to THE Southern District of INDIANA-(2/25/14)

(Southern District of IN.)

demonstrate he is actually innocent of the death penalty.

Under § 2255, a prisoner can obtain relief from a sentence imposed by a federal court that is contrary to the law. 28 U.S.C. § 2255(a). The statute of limitations for such a claim is one year and begins on "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). Paul has filed his motion some 8 years after the Supreme Court decided *Roper* and, as such, his claim is procedurally defaulted. "Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). However, the Supreme Court has recognized a petitioner may surmount this procedural default if the prisoner can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense or, in the capital sentencing context, of the aggravating circumstances rendering the inmate eligible for the death penalty. *Id.* (*citing Murray v. Carrier*, 477 U.S. 478 (1986) and *Sawyer v. Whitley*, 505 U.S. 333 (1992)).

"A petitioner is 'actually innocent' of the death penalty where he is ineligible for the death penalty." *Jackson v. Norris,* 615 F.3d 959, 963 n. 6 (8th Cir.2010) (*quoting Sasser v. Norris*, 553 F.3d 1121, 1126 (8th Cir.2009)). [redacted]



(Doc A)

( Southern District of IN. )



REGNO..: 10517-042 NAME: PAUL, JEFFERY WILLIAM

FBI NO...........: 220926WA9 DATE OF BIRTH: 09-02-1976 AGE: 37
ARS1.............: THP/A-DES
UNIT.............: SCU QUARTERS.....: X03-401L
DETAINERS........: NO NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: DEATH SENT

----------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION...........: ARKANSAS, WESTERN DISTRICT
DOCKET NUMBER...................: 96-60022-001
JUDGE...........................: HENDREN
DATE SENTENCED/PROBATION IMPOSED: 06-25-1997
DATE COMMITTED..................: 07-01-1997
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

| | FELONY ASSESS | MISDMNR ASSESS | FINES | COSTS |
|---|---|---|---|---|
| NON-COMMITTED.: | $200.00 | $00.00 | $00.00 | $00.00 |

RESTITUTION...: PROPERTY: NO SERVICES: NO AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 721
OFF/CHG: T18:1111(A) & 2; KILL IN THE PERPETRATION OF A ROBBERY, AIDING AND ABETTING (COUNT 1). T18:924(C)(1),924(I)(1) & 2; KNOWINGLY CARRY AND USE A FIREARM, DEATH OF A PERSON THROUGH THE USE OF A FIREARM & AIDING AND ABETTING (COUNT 2)

SENTENCE PROCEDURE.............: 3559 VCCLEA VIOLENT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: DEATH
DATE OF OFFENSE................: 06-22-1995 ← (ie) the offense date on the indictment!! (Prima facie) See text of Motion.

G0002 MORE PAGES TO FOLLOW . . .

(DOC-B)