## The only COMPLETE service which supports all your litigation needs.

# A word about our services.........

Starlite Support Services is the same corporation that has been bringing you The Citebook for the past 18 years. Starlite utilizes the finest computerized research facilities available: period! We also employ personal that are experienced, professional, goal driven and do whatever it takes to secure judicial relief for our clients. Combining cutting edge computerized equipment with individuals who give 110% puts you in an enviable legal position that is second to none.

When an individual initially contacts us to review their case we require the necessary documents for a proper assessment. We accept only cases which we feel have merit and are capable of securing judicial relief. Starlite has a minimum charge of $1000 for technical services (research and investigation) and $2,500 for pleadings and briefs. All fees must be paid in advance. If you have any questions please feel free to contact us through any of the mediums listed below.




Doc. 1

# *ACCESS TO THE COURTS AND LAW LIBRARY*

JOHNSON V. AVERY, 393 US 483, 21 LEd2d 718, 89 SCt 747 (1969)
Like others, prisoners have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts.

ALSTON V. DeBRUYN, 13 F3d 1036 (7th Cir. 1994) Inmate's fundamental constitutional right to access to the courts is not diminished when he is held in segregation.



LEWIS V. CASEY, 518 US 343, 135 LEd2d 606, 116 SCt 2174 (1996)
Inmate who alleges violation of right of access to courts held required to show actual injury: Federal District Court's injunciton mandating systemwide changes in prison law libraries and legal assistance programs held improper. (Authors Note: this case overturned prior precedent)

O'KEEFE V. VAN BOENING, 82 F3d 322 (9th Cir. 1996) Prisoners have constitutional right to petition government for redress of their grievances, which includes right of access to courts and also extends to administrative arms and units of government.

GOFF V. NIX, 113 F3d 887 (8th Cir. 1997)
1) Jailhouse lawyer has no independent right to provide legal advice, but may assert the right on behalf of other inmates who are otherwise unable to obtain access to courts.
2) Penitentiary's failure to provide for return of inmates' legal documents when inmates' jailhouse lawyers were transferred to another unit, violated inmates' right of access to courts.

CLARKE V. STALDER, 121 F3d 222 (5th Cir. 1997)
SISNEROS V. NIX, 95 F3d 749 (8th Cir. 1996)
Prison officials may not retaliate against or harass inmate because of inmate's exercise of his right of access to the courts.

WILSON V. YAKLICH, 148 F3d 596 (6th Cir. 1998)
Access to the courts to be afforded inmate must be adequate, effective, and meaningful.

MADRID V. GOMEZ, 150 F3d 1030 (9th Cir. 1998)
Prisoners possess right of access to the courts not only to pursue appeals from criminal conviction, but also to assert civil rights actions.

√ CHRICEOL V. PHILLIPS, 169 F3d 313 (5th Cir. 1999)
Prisoners clearly have a constitutionally protected right of access to the courts, and interference with a prisoner's right to access to the courts, such as a delay, may result in a constitutional deprivation.

JONES V. GRENINGER, 188 F3d 322 (5th Cir. 1999)
Prison offiicals may not retaliate against or harass an inmate by denying him access to the courts.



Doc. 3.

EXIBIT PAGE 2.

# *EQUAL PROTECTION*

EDMONSON V. LEESVILLE CONCRETE CO. INC., 860 F2d 1308 (5th Cir. 1988)

Principle of equal protection applies to governmental action in civil and criminal matters.

JACOBS, VISONSI & JACOBS CO. V. CITY OF LAWRENCE, KS. 927 F2d 1111 (10th Cir.1991)

CITY OF CLEBURNE V. CLEBURNE LIVING CENTER, 473 US 432, 87 LEd2d 313, 105 SCt 3249 (1985)

1) The equal protection clause essentially requires that all persons similarly situated be treated alike.
2) Equal protection violation occurs when government threats someone differently than another who is similarly situated.

POWERS V. OHIO, 499 US 400, 113 LEd2d 411, 111 SCt 1364 (1991)

White criminal defendant held to have standing to raise equal protection objection to prosecutors allegedly race-based exercise of peremptory challenges to exclude black perspective jurors.

EAGLESTON V. GUIDO, 41 F3d 865 (2nd Cir. 1994)

Threshold requirement of equal protection claim is a showing that government discriminated among groups.

US V. GAUDIN, 515 US 900, 132 LEd2d 762, 115 SCt 2475 (1995)

Georgia congressional redistricting plan held to violate equal protection clause of Federal Constitutions Fourteenth Amendment, where plan was based predominately on race and was not shown to serve compelling governmental interest.



ARSON V. ARSON V. MILLER, 55 F3d 1343 (8th Cir. 1995)

Women as class enjoy heightened scrutiny of state action under equal protection clause.

ANDERSON V. ROMERO, 72 F3d 518 (7th Cir. 1995)

Equal protection clause forbids state to treat one group, including group of prison inmates, arbitrarily worse than another.

COALITION FOR ECONOMIC EQUITY V. WILSON, 122 F3d 692 (9th Cir. 1997)

Equal protection clause protects against classifications based on gender.

CENTRAL AIRLINES, INC. V. US, 138 F3d 333 (8th Cir. 1988)

Equal Protection clause prohibits government officials from selectively applying law in discriminatory way.

FRATERNAL ORDER OF POLICE V. US, 152 F3d 998 (D.C. Cir. 1998)

Equal protection analysis is substantially identical under the Fifth and Fourteenth Amendments.



EXIBIT PAGE 3.

# *WITNESSES*

HAYES V. WOODFORD, 301 F3d 1054 (9th Cir. 2002)
BYRD V. COLLINS, 209 F3d 486 (6th Cir. 2000)
US V. AGURS, 427 US 97, 49 LEd2d 342, 96 SCt 2392 (1976)

When the prosecution is or should be aware that it is presenting perjured testimony, a strict standard of materiality will be applied, and/or conviction will be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. Conviction obtained by knowing use of perjured testimony must be set aside if there is any reasonable likelihood that the false testimony could have affected the outcome of the trial. A new trial is required if perjured testimony could in any reasonable likelihood have affected the judgment of the jury.

RYAN V. MILLER, 303 F3d 231 (2nd Cir. 2002)

Essence of a violation of the Confrontation Clause is the presentation of an accusation against the defendant without presenting the accuser.

WILLIAMS V. WOODFORD, 306 F3d 665 (9th Cir. 2002)

Witness may not be inpeached by evidence that he or she was indicted for a crime, since an indictment is not any evidence of guilt.

US V. SESCHILLIE, 310 F3d 1208 (9th Cir. 2002)

In those rare cases of an evenly balanced record, issue of whether defendant was prejudiced by erroneous exclusion of witness from courtroom must be resolved in defendant's favor.

ELLSWORTH V. WARDEN, NEW HAMPSHIRE STATE PRISON, 318 F3d 285 (1st Cir. 2003)

Criminal defendant's entitlement to cross-examine witness increases in sensitivity in direct proportion to witness's importance to prosecution's case.

MASON V. MITCHELL, 320 F3d 604 (6th Cir. 2003)

Forbidding defendant's inquiry into witness's bias can violate confrontation clause.

ORTEGA V. DUNCAN, 333 F3d 102 (2nd Cir. 2003)

Few rules are more central to an accurate determination of innocence or guilt than the requirement that one should not be convicted on false testimony.



*"Relax, as your attorney, I'll do your lying for you."*



EXIBIT PAGE 4.

# *MARRIAGE * DIVORCE * CHILDREN*

STENBERG V. CARHART, 530 US _____, 147 LEd2d 743, 120 SCt _____ (2000)
Nebraska statute that criminalized performance of any "partial birth abortion" that was not necessary to save life of mother held to violate Federal Constitution.

KIPPS V. CAILLIER, 205 F3d 203 (5th Cir. 2000)
Parent-child relationship lies at the heart of constitutionally protected familial associations.

WOOLEY V. CITY OF BATON ROUGE, 211 F3d 913 (5th Cir. 2000)
A child's due process right to family integrity is concomitant to that of a parent.

GRUENKE V. SEIP, 225 F3d 290 (3rd Cir. 2000)
Parents have a due process right to raise their children without undue state interference.

GOYA FOODS, INC. V. UNANUE, 233 F3d 38 (1st Cir. 2000)
Under New York law, property of one spouse is not automatically subject to seizure for debts of the other spouse.

LEE V. COUNTY OF LOS ANGELES, 240 F3d 754 (9th Cir. 2001) A parent has a fundamental liberty interest in the companionship and society of his or her child, and the state's interference with that liberty interest without due process of law is remediable under §1983.



ALTMAN V. BEDFORD CENT. SCHOOL DIST., 245 F3d 49 (2nd Cir. 2001) Parents generally have standing to assert the claims of their minor children.

MARTIN V. SHAWANO-GRESHAM SCHOOL DIST., 295 F3d 701 (7th Cir. 2002)
The right to familial relations is a fundamental right protected by the constitution.

US V. WESTMORELAND, 312 F3d 302 (7th Cir. 2002)
US V. BEY, 188 F3d 1 (1st Cir. 1999)
"Marital communications privilege" permits a federal criminal defendant to bar his or her spouse from testifying regarding confidential communications that took place during the marriage.

DONOVAN EX REL. DONOVAN V. PUNXSUTAWNEY AREA SCHOOL BD., 336 F3d 211 (3rd Cir. 2003) Parents independently have standing to bring constitutional challenges to conditions in their children's schools.



Doc. 5.