**SEVENTH CIRCUIT APPEAL INFORMATION SHEET**

Include names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use separate sheet if needed.

District: SOUTHERN INDIANA    Docket No.: 2:13-cv-304-WTL-WGH

Division: TERRE HAUTE

| **Plaintiff (Appellant)** | **Short Caption** | **Defendants (Appellees)** |
|---|---|---|
| JEFFERY WILLIAM PAUL | V. | SUPERINTENDENT, USP Terre Haute, et al |

---

**Current Counsel for Plaintiff (Appellant):**    **Current Counsel for Defendants (Appellees):**

(Use separate sheet for additional counsel)

| | | | |
|---|---|---|---|
| Name: | Jeffery William Paul #10517-042 | Name: | N/A |
| | PRO SE | Firm: | |
| Address: | Terre Haute US Penitentiary | Address: | |
| | Inmate Mail/Parcels | Phone: | |
| | P.O. Box 33 | | |
| | Terre Haute, IN 47808 | | |
| Phone: | N/A | | |

---

| | | | |
|---|---|---|---|
| Judge: | William T. Lawrence | Nature of Suit Code: | 535 |
| Court Reporter: | CATHY JONES | Date Filed in District Court: | 8/20/2013 |
| | 291 U.S. COURTHOUSE | Date of Order being appealed: | |
| | INDIANAPOLIS, IN 46204 | EOD: | |
| | (317) 423-0436 | Date of Notice of Appeal: | 3/17/2014 |

Counsel: _ Appointed _ Retained X Pro Se

Fee Status: _ Paid X Due _ IFP _ IFP Pending _ U.S. __ Waived

(Please mark only 1 item above)

Has Docketing Statement been filed with the District Court's Clerk's Office: _ Yes X No

Was certificate of Appealability: _ granted; _ denied; __ pending; X N/A

If certificate of Appealability was granted or denied, what is the date of the order: _

If Defendant is in Federal custody, please provide United States Marshal number (USM#): 10517-042

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(a).**

**UNITED STATES DISTRICT COURT**
**Southern District of Indiana**
**Office of the Clerk**

921 OHIO STREET
TERRE HAUTE, IN 47807

LAURA A. BRIGGS
CLERK OF COURT
(812) 231-1840

March 27, 2014

Jeffery William Paul #10517-042
Terre Haute US Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

RE: JEFFERY WILLIAM PAUL V. SUPERINTENDENT, USP Terre Haute, et al

CAUSE NO: 2:13-cv-304-WTL-WGH

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal received in our office has been forwarded to the U.S. Court of Appeals for the Seventh Circuit. The Court of Appeals for the Seventh Circuit will docket the appeal and assign an appellate case number. You will be notified of the case number assigned to this matter by the Court of Appeals.

Filing a Designation of Record in the District Court helps ensure the correct documents (i.e. pleadings and their attachments/exhibits, exhibits) are transmitted to the Court of Appeals. The docket sheet, with the docket numbers that are to be included in the appellate record circled or highlighted in gray (via electronic means), may be attached as an exhibit to your Designation of Record. A copy of the docket sheet has been included for your convenience. The designation may also simply list the docket numbers (all attachments and exhibits will be included) and a description of the pleadings that are being designated. Review enclosed Local Rule 76.1 and Circuit Rule 10 for guidance regarding designation of a record. Please comply with the provisions of Rule 5 of the Federal Rules of Civil Procedure when filing your designation.

If you have any questions, please do not hesitate to contact our office.

Sincerely,

LAURA A BRIGGS
CLERK

By Laura Townsend
(812) 542-4510

## Local Rule 76.1
## Designation of Additional Items to Be Included in Record on Appeal

If an appellant wishes to designate items to be included in the record on appeal pursuant to Circuit Rule 10(a), it must serve a proposed joint designation on the appellee with the notice of appeal. The parties will confer and, if they agree, will prepare a joint designation, highlighting those entries on the court's docket sheet, if practicable, and file it with the clerk of the district court within 14 days of the filing of the notice of appeal. If the parties are unable to reach agreement on a joint designation, each party may submit a separate designation within 14 days of the filing of the notice of appeal.

7th Circuit
Cir. R. 10

### CIRCUIT RULE 10. Preparation of Record in District Court Appeals

(a) *Record Preparation Duties*. The clerk of the district court shall prepare within 14 days of filing the notice of appeal the original papers, transcripts filed in the district court, and exhibits received or offered in evidence (with the exceptions listed below). The transcript of a deposition is "filed" within the meaning of this rule, and an exhibit is "received or offered," to the extent that it is tendered to the district court in support of a brief or motion, whether or not the rules of the district court treat deposition transcripts or exhibits as part of the record. These materials may be designated as part of the record on appeal without the need for a motion under Fed. R. App. P. 10(e). Counsel must ensure that exhibits and transcripts to be included in the record which are not in the possession of the district court clerk are furnished to the clerk within fourteen days after the filing of the notice of appeal. The following items will not be included in a record unless specifically requested by a party by item and date of filing within fourteen days after the notice of appeal is filed or unless specifically ordered by this court:

briefs and memoranda,

notices of filings,

subpoenas,

summonses,

motions to extend time,

affidavits and admissions of service and mailing,

notices of settings,

depositions and notices, and jury lists.

(b) *Correction or Modification of Record*. A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof shall be presented first to the district court. That court's order ruling on the motion will be transmitted to this court as part of the record.

(c) *Order or Certification with Regard to Transcript*. Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases*.

(1) *Transcripts in Criminal Justice Act Cases*. At the time of the return of a verdict of guilty or, in the case of a

bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant shall request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge shall order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript shall be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge shall retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis shall immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases*. Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel shall deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript*. The transcript of proceedings to be transmitted to this court as part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) shall be bound by the reporter in a volume or volumes, with the pages consecutively numbered throughout all volumes. The transcript of proceedings, or the first volume thereof, shall contain a suitable index, which shall refer to the number of the volume as well as the page, shall be cumulative for all volumes, and shall include the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports*. The presentence report is part of the record on appeal in every criminal case. The district court should transmit this report under seal, unless it has already been placed in the public record in the district court. If the report is transmitted under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report at the clerk's office but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal*. When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

**UNITED STATES DISTRICT COURT**
**Southern District of Indiana**
**Office of the Clerk**

**LAURA A. BRIGGS**
**CLERK OF COURT**
**(812) 231-1840**

**921 OHIO STREET**
**TERRE HAUTE, IN 47807**

**March 27, 2014**

**CAUSE NO: 2:13-cv-304-WTL-WGH**
**JUDGE: William T. Lawrence**

*Dear Appellant:*

*You filed a Notice of Appeal in the above case on 3/17/2014.*

***The docketing statement required by Circuit rule 3(c)**, of the U.S. Court of Appeals for the Seventh Circuit was **not filed** with the Notice of Appeal. A copy of the rule is attached.*

***This is to notify you** that pursuant to Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the **Clerk of the Court of Appeals** for the Seventh Circuit **within seven (7) days** of the filing of the Notice of Appeal.*

***Do not** attempt to file the docketing statement with this office after you have filed your Notice of Appeal. Docketing statements will only be accepted in the District Court when tendered with a Notice of Appeal. **Docketing statements should be sent to the following address:***

*MR. GINO AGNELLO, CLERK*
*UNITED STATES COURT OF APPEALS*
*219 SOUTH DEARBORN STREET*
*CHICAGO, IL 60604*

*LAURA A. BRIGGS*
*CLERK OF COURT*

*BY:Laura Townsend*
*(812) 542-4510*

*__ RECEIVED FOR APPELLANT:*

*X MAILED TO APPELLANT:*

**CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record**

**(a) Forwarding Copy of Notice of Appeal**. When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

**(b) Dismissal of Appeal for Failure to Pay Docketing Fee**. If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

**(c)(1) Docketing statement**. The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court **within seven days** of filing the notice of appeal. **The docketing statement must comply with the requirements of Circuit Rule 28(a).** If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. section 1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

**(2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel**. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

**(d) Counsel of Record**. The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

IN THE SEVENTH/7th CIRCUIT COURT OF APPEALS

Jeffery W.Paul
Petitioner

-PRO-SE/CAPITAL-CASE

V.
Superintendent
Respondant

Case No#2:13 cv 304(WTL/WGH)

-IN REM-

-IN THE SOUTHERN DISTRICT OF INDIANA
UNITED STATES DISTRICT COURT-

-Motion for Due Process to Redress a Fundamental Miscarriage of Justice in a CAPITAL CASE-

[- TITLE 28,Ch.153-Habeas Corpus§2241-2255
-Federal Criminal Code(&)Rulebook -

---

-IN REM-

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS,HOT SPRINGS,GARLAND COUNTY

United States of America
Plaintiff

V.
Jeffery W.Paul
Defendant

Case No#6:96 cr60022-001

(ct.1)18 U.S.C.§1111(a)
(ct.2)18 U.S.C.§ 924(c)
(ct.3)18 U.S.C.§924(i)(1)
(ct.4)18 U.S.C.§2

-Criminal Complaint;June 22,1995-

-Results,Guilty Cts.1-4-Death By Lethal Injection byway of superseding indictment under NEW LAW/AEDPA 1996-

---

-ON APPEAL IN THE SEVENTH/7th CIRCUIT COURT
OF APPEALS FOR THE UNITED STATES OF AMERICA -

-38 Pages with Support/exibits-

U.S.C.A. — 7th Circuit
RECEIVED
MAR 17 2014 DDS
GINO J. AGNELLO
CLERK

IN THE SEVENTH/7th CIRCUIT COURT OF APPEALS

Jeffery W.Paul
Petitioner

Case No#2:13cv304(WTL/WGH)

V.

Superintendent
Respondant

-CAPITAL CASE/PRO SE-

-Motion for Due Process to Remedy a FUNDAMENTAL MISCARRIAGE OF JUSTICE in a CAPITAL CASE-

Comes now the Petitioner Pro-Se does submit this MOTION pursuant to redress a WRONGFUL CONVICTION(via)Title 28,Ch.153,§2241-2255 HABEAS CORPUS,claiming PRIMA FACIE Evidence of My ACTUAL INNOCENCE is Available(&)does constitute Clearly exonerating testimony in a new light-

(1.)Petitioner claims to be unlawfully detained(&)did submit the complaint in The Southern District of Indiana,Pursuant to,Title 28 §2243,Ch.153(HABEAS CORPUS),due process(&)request for remedy byway of ACTUAL INNOCENCE.

(2.)Hon.Judge,Mr.William T.Lawrence does respond but I have a Learning disability(&)raise several issues at a time,mostly relevant to the B.O.P.s refusal to redress grievances accruing injury while I Plea my innocence claims...but,USDC Southern District,refuses to expidite any resolution whatsoever in this case resulting in more than 9years of delays.

(3.)Petitioner re-raised fact that Court is Jurisdictionally appropriate to redress the cruel(&)unusual conditions of confinement(&) austerity that results,causing OBSTRUCTION OF JUSTICE in Pro Se Appellant procedures(&)injury of prolonged wrongful confinement.

(4.)Petitioner erroneously appealed denial to The Eighth/8th Circuit Court of Appeals,(&)does hereby Humbly Request to resubmit the Appeal appropriately in THIS COURTS JURISDICTION,though it be titled to THE OTHER,(&)request Court order Judge to enter his Authoritive recommendation pursuant to redress of this case,upon the evidence submitted (&)authenticated as The Confession of The Perpetrator,which wholly exonerates Petitioner(&)is Consistant with his stated intent during a recorded confession made in 4/3/96 at Van Buren jail,Crawford County ARKANSAS...that recording was used to convict both he(&)I(&)is subject in contention in the appeals I approved(not the one submitted by Councel) which was violative of my Confrontation Clause...Previous to this violation of my Confrontation Clause(&)1st,4th,5th,6th,8th,14th Amendments right to,Article 4§1(&)2,Federal Comity/Equal Protection Clause.

(5.)Please review pages(1 -15 )which include the Motion to the 8th Circuit(&)respondant Motion from AUSA/Mr.Steven Snyder who attempts to srike action,I respond(&)to date have no response to that but do Move this Court to the Same(&)to ASSERT JURISDICTION,including THE DECLARATION OF TRINITY E.INGLE Pages:A02253-55(&)Cover Letter which are sent(&)declared genuine(&)true.

(6).Petitioner respectfully requests conviction be vacated(&)Court be ordered to assess Petitioners Claim for restitution(&)to be immediately released.

(7.)Petitioner Claims that Court(&)Bureau of Prisons has regularly refused to effectively redress any complaint(&)grievance,which has resulted in 17.6yrs of WRONGFULL CAPTIVITY of A Person who does claim to be ACTUALLY INNOCENT (&)can Prove that in a manner consistant with the requisites described therein statutory PRIMA FACIE claims for unlawfully enhanced(&)evidently false sentence(&)convictions.

Respectfully Submitted,

* [signature] *

Jeffery William Paul
Rg.10517-042
P.O.Box 33
Terre Haute,IN.
47808-0033

Certificate of Service,I Jeffery W.Paul,do hereby swear a true(&) correct copy of this Motion was Placed in the US Postal Service to The Seventh/7th Circuit Court of Appeals-(2/18/14)-

Paul, Jeffery
Reg. No. 10517-042
Unit: SCU

# INMATE REQUEST TO STAFF MEMBER RESPONSE

Your correspondence to the North Central Regional Office has been referred to this office for response. You request to be immediately released and provided restitution for your confinement.

Records indicate you were sentenced to Death on June 25, 1997, in the United States District Court, Western District of Arkansas. Your sentence can not be changed unless an amended criminal judgment, or some other type of order, is issued by the appropriate court. A review of Administrative Remedies you recently filed reveals you have received responses from the Institution and Regional level concerning your rights. If you are unsatisfied with these responses you may further utilize the Administrative Remedy Program.

I trust this has been responsive to your request.

9/10/09
Date

H. J. Marberry
Complex Warden

(1)

FILED

SEP 24 1996

BY CHRIS R. JOHNSON, CLERK
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 6:96CR60022-001 |
| vs. | ) | 18 U.S.C. § 1111(a) |
| | ) | 18 U.S.C. § 924(c) |
| JEFFERY WILLIAM PAUL | ) | 18 U.S.C. § 924(i)(1) |
| | | 18 U.S.C. § 2 |

## INDICTMENT

The Grand Jury charges:

### COUNT 1

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, did, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. § 7(3), kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) and § 2.

### COUNT 2

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant

to Title 18 U.S.C. § 7(3), during and in relation to a crime of violence, did knowingly use a firearm which caused the death of Sherman Williams, in violation of 18 U.S.C. §§ 924(c), 924(i)(1) and § 2.

A True Bill.

______________________
Foreperson

P. K. Holmes III
United States Attorney

By: ______________________
William M. Cromwell
FAUSA/Criminal Chief
Ark. Bar No. 76023
P. O. Box 1524
Fort Smith, AR 72902-1524
(501) 783-5125



(6)

OFFICE OF THE [illegible], Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE

800 KING STREET, SUITE 200
WILMINGTON, DE 19801

X 63-417L

$0.46 0
US POSTAGE
FIRST-CLASS
062S0007246923
19801
B16341.16

**Jeffery Paul, # 10517-042**
**United States Penitentiary**
**P.O.Box 33**
**Terre Haute, IN 47808-0033**

SPECIAL MAIL - OPEN ONLY IN THE
PRESENCE OF THE INMATE PERSON
ENTITLED TO INVOKE PROTECTION OF
SPECIAL MAIL 28 C.F.R. § 540.18

47808X0033

SPECIAL MAIL - OPEN ONLY IN THE
PRESENCE OF THE INMATE PERSON
ENTITLED TO INVOKE PROTECTION OF
SPECIAL MAIL 28 C.F.R. § 540.18

Exibit Pg. (1)

OFFICE OF THE FEDERAL PUBLIC DEFENDE
FOR THE DISTRICT OF DELAWA

EDSON A. BOSTIC
FEDERAL PUBLIC DEFENDER

KARL D. SCHWARTZ
CHIEF, CAPITAL HABEAS UNIT

JENNIFER A. MERRIGAN
ASSISTANT DEFENDER,
CAPITAL HABEAS UNIT

July 11, 2013

Jeffery Paul, # 10517-042
United States Penitentiary
P.O.Box 33
Terre Haute, IN 47808-0033

Jeff,

It was good to talk to you today. I am enclosing the affidavit you requested. I ordered you the Almanac and Dictionary, you should receive them soon. I know that you have requested other books, and I have let the team know.

Sincerely,

Jennifer Merrigan

Enclosures

Ms. Jennifer Merrigan
800 King Street, Suite 200
Wilmington, DE. 19801
(Cell Ph) 302/573/6010

Western District of Arkansas; Hot Springs Division
U.S. v. Ingle
Case no. 97 3443
157 F3d 1147
(8th Cir. 1998)

Exibit Page (2.)

County of Jefferson

State of Texas

Declaration of Trinity E. Ingle

My name is Trinity Ingle. I am over the age of 18 and competent to make the declarations contained herein.

On June 22, 1995 me and Jeff were downtown in Hot Springs by the Arlington Hotel. I was wanting to rob a shop downstairs. Jeff was high and was pretty much just following me where I was going to. I was high too otherwise I would not have been wanting to rob a shop in broad daylight. But so we're standing outside of the mall when Mr. Williams drove by. I had not slept for days and was high on Methamphetamine which can make you paranoid and was making me paranoid after ten days of it and not sleeping. It was one of those times where if things had gone different, if a cop car had come by or something like that, I would have just left, but when Mr. Williams drove by he looked at me and I just locked in on him. In my paranoia I knew he had seen the gun in my waistband and knew that now he knew what I was thinking to do by robbing the shop downstairs. So when he got out of the car I told Jeff to come on and follow me. At this point Jeff did not know what I was doing and so he wasn't arguing any about it yet. As far as I knew, Jeff did not know that I had a gun. I didn't tell Jeff about my suspicions of Mr. Williams, nor did I say anything to him about what I planned to do.

A02253

Exibit B. (3.)

I followed Mr. Williams up the trail and Jeff was following me. I stopped him by asking him if he had the time. After he told us the time I pulled the gun out and told him to give up everything he had. When he didn't, I hit him and kicked him on the ground. By this time, Jeff was getting very nervous. He was trying to get me to leave, saying, "come on, let's go." But I wasn't about to leave, but I still had the gun in my hand and Jeff knew it.

I told Jeff to keep quiet and I tied the guy up with the tape. Then Jeff and I started back down the trail but when I looked back at him the guy was looking right at me. I turned to go back but Jeff grabbed me by the arm and said, "let's just leave him and get out of here." Jeff kept arguing with me but I yanked free of him holding me. I still had the gun in my hand and Jeff was looking at it as I held it in his direction. Even though Jeff didn't know what it was I was going back up the mountain for, I made sure he knew if he put his hands on me again trying to stop me I would have shot him, too, and it would have been two people left up on that mountain.

So I walked back up the trail and asked the guy if he was going to call the cops. He said no but of course I knew he was lying. So I stood over him and shot him in the chest but one shot was rat shot which I had forgot was in the chamber. I heard Jeff yelling at me to stop, but I turned back around and shot Mr. Williams





Exibit PS (4.)

with the real bullet in the head.

Everything else I believe is already known which followed that.

The gun I got from a burglary off Higden Ferry Road, New Oscar Point and Amity. It was a brown and yellow house and part of the yard was fences. It was in the morning that I broke into the house and found the guns in a closet. I think I recall that they were in a box on the closet floor. I also took some things out of the ice box and some change and silver dollars. Actually I had gotten two guns from there, a .357 and the .38 I used to shoot Mr. Williams. The .357 I had already sold.

Under penalty of perjury I hereby swear that the foregoing is true and correct to the best of my information and belief.

Trinity E. Ingle

Dated this 11 day of February, 2005.



A02255

Exibit Pg. (5.)

- Authenticated in Prison legal visit on 9/17/13 by Atty. at Law, J.A. Morrigan -

Unit Mgr. Bayless; USP Terre Haute, IN.

Will You please review these pgs. (&) note that I did get confirmation from my Attorney that Trinity Ingle did write (&) sign that affidavit, Titled: Declaration of Trinity E. Ingle; (&)

I have a copy of this in my central file.

I would like (BOP) (SIS) or appropriate staff to present the Affidavit (&) certify he confirms the text (&) signature; Because for some reason, not disclosed to me; the courts refusing to acknowledge any obligation to release or lower the penalty; for 7.5 yrs now.

Please confirm my lawyers are my lawyers (&) that this Affidavit is genuine (&) note that I am indigent due to Copyright infringement (&) suffering medical (&) psychological injury due to bad dental, dermal, vision care (&) the rape of my wife estrangement etcetera.

Please respond (&) return papers.

Sincerely, (10517042) Jeffery Paul 4/17cell / C Range

Mr. Paul-
The BOP|SIS is not authorized to authenticate the document. Therefore, the BOP can not state the document is genuine.
MBayless, 8/2/13

Exibit Pg. (6.)

IN THE EIGHTH/8th CIRCUIT COURT OF APPEALS

Jeffery W.Paul
Petitioner

-PRO-SE/CAPITAL-CASE-

Case No-2:13cv304(WTL/WGH)

V.

Superintendent
Respondant

- IN THE SOUTHERN DISTRICT of INDIANA-
UNITED STATES DISTRICT COURT

-Motion for Due Process to redress a Fundamental Miscarriage of Justice in a CAPITAL CASE-

[- TITLE 28,Ch.153-Habeas Corpus§2241-2255
Federal Criminal Code(&)Rulebook -]

---

-IN REM-

IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF ARKANSAS/HSD-
Hot Springs,Division-Garland County

United States of America
Plaintiff

V.

Case No-6:96cr60022-001

Jeffery William Paul
Defendant

(ct.1)18 U.S.C.§1111(a)
(ct.2)18 U.S.C.§924(c)
(ct.3)18 U.S.C.§924(i)(1)
(ct.4)18 U.S.C.§2

- Criminal complaint;June,22 1995-

- Results:Guilty Cts(1(&)2)-Death By Lethal Injection byway of Superseding Indictment under NEW LAW/AEDPA 1996-

---

-In The 8th Circuit Court of Appeals-

Jeffery W.Paul
Petitioner

V. Case No.2:13 cv 304(WTL/WGH)

Superintendent -CAPITAL-CASE/PRO-SE-
Respondant

-Motion for Due-Process to redress a Fundamental Miscarriage of Justice in a CAPITAL CASE-

Comes now The petitioner does submit this Motion pursuant to redress a Wrongful Conviction(via),Title 28,Ch.153,§2241-2255-Habeas Corpus-byway of ACTUAL INNOCENCE-

(1.)Petitioner claims that US District Court/Southern District of Indiana errs by denying Motion for Due Process because it creates a 1st 2nd,3rd,4th,5th,6th,7th,8th(&)14th amendment violation...et al,Articles 4§1(&)2,violation by infringing upon my rights to redress grievance(&) Proceed with the disposition required where there is a Fundamental Miscarriage of Justice.

(2.)Petitioner requests Court should review(&)forgive previously submitted request in Plea/Petition which may have been procedurally default(&)suggests Rule of Lenity would require Court to allow this Pro-Se Petitioner to start over with NEW Case NO#(&)Certificate of Appealibility,see:US V.Lanier,73 F3d 1380(6th Cir.1996),Bilfuco V.US, 447 US 381,65 LEd2d 205,100 SCt2247(1980),US V.Bass,404 US 336,92 SCt 515(1971)(1.)Rule that where there is ambiguity in Criminal statute, Court is obligated to resolve that in favor of Defendant,applies to Penalty as well as Prohibition...So Appeals Court may(&)Should Grant a NEW CERTIFICATE OF APPEALIBILITY due to ACTUAL INNOCENCE Claim,still unresolved...(&)that Court is never in Doubt about entitlement to a Certificate of Appealibility in a Capital Case,especially where there is a Chance that a Fundamental Miscarriage of Justice will occur...see: Sonnier V.Johnson,161 F3d 941(5th Cir.1998).

(3.)Petitioner brings this Motion byway of NEW Supreme Court Cites,see: McQuiggen V.Perkins,133 SCt.1924(2013)...which states that ACTUAL INNOCENCE is the door to get back into Federal Court.

(4.)Petitioner has Currently been in captivity for 17.6 YEARS(&)suffers from ADD/ADHD,but failed to convince B.O.P.that I was having difficulty assisting Councel/receiving effective assistance due to austerity(&)inchoate attempts to Petition for redress PRO-SE,which resulted in a Garnishment for filing fees amounting to 60% of income which is creating a exacerbating burden upon my family(&)causes a diminished quality of life (&)Civil Rights infringement directly responsible for the estrangement(&) impoverishment of my family(&)separation(&)Rape of my Wife...all of which Bureau refuses to redress,violation of my Equal Protection(&)fundamental 1st-14th amendment rights...(&)supporting Policy(&)NEW Supporting cites for Americans With Disabilities,see:Davis V.Goord,320 F3d 346(2nd Cir. 2003)(&)Tennessee V.Lane,Sct.(2004)(&)Rouse V.Benson,193 F3d 936(8th Cir. 1999)...Petitioner requests Court not overlook fact that superficial responses from District Courts do not Constitute redress wherein there is a Plea to redress Captivity(&)Cruel(&)Unusual conditions of Captivity,see: Lerman V.Board of Elections in City of New York,232 F3d 135(2nd Cir.2000), [illegible]

* 7th Circuit *
(Doc.2)

(4.)...(&)Moves Court to Apply appropriate Legal Standard,see: Bateman V.US Postal Service,231 F3d 1220(9th Cir.2000)(&)US V. Dabeit,231 F3d 979(5th Cir.2000),which obligates appeals courts to follow Precedent,esp.,USCt.

(5.)Petitioner Claims that USDC/Southern District of Indiana(&)USDC /Western District of Arkansas have had evidence of my ACTUAL INNOCENCE since 2/11/05 Available(&)Chose to not grant an evidentiary despite qualifying as a Prima Facie claim,by SAWYER STANDARDS,which states that Petitioner must show by Clear Standards that no Jury,but for Constitutional Error wouldve found him Guilty...see;Sawyer V.whitley, 505,U.S.333,336(1992),(&)House V.Bell,547 U.S.518,536-37(2006)quoting Schlup V.Delo,513 U.S.298,327(1995)...accordingly,Petitioner insists that District Courts err when denying Due Process because they cannot fulfill the obligation to redress the grievance(&)offer meaningful statements as to why they chose not to,if they never have a hearing, (&)if they never acknowledge the Duty to redress is to remedy a Fundamental Miscarriage of Justice,see:Cox V.Burger,398 F3d 1025,1031(8th Cir.2005)quoting Coleman V.Thompson,501 US 722,750(1991)...Procedurally barring a Claim that establishes ACTUAL INNOCENCE is a Fundamental Miscarriage of Justice...accordingly,Petitioner does Move Court to order District to review evidence Titled,<u>THE DECLARATION OF TRINITY E. INGLE,</u>Pg's.<u>A02253-55</u>,which is the Confession of the perpetrator,sans allegation of GOVERNMENT MISCONDUCT which was made by him in another statement wherein he also exonerates Petitioner(or)Codefendant...Doc. Attached...see:Biami V.US,144 F3d 1096(7th Cir.1998),Court must grant evidentiary upon claims which involve facts,relevant to MOTION TO VACATE sentence...finally,for the purpose of an evidentiary in this Context, Title 28,Ch.153§2255(h),(ie),supposedly that sentence was a violation of Laws(&)Constitutional Rights(&)relief is warranted...the only requirement to qualify as a PRIMA FACIE Application is to...simply show that claim POSSIBLY has-merit;warrants fuller explanation by Court,see: Johnson V.US,720 F3d 720(8th Cir.2013).

(6.)Petitioner asserts that not only does he have a right to explicitly appeal this wrongful conviction in the appeals Court without permission see:Valona V.US,138 F3d 693(7th Cir.1998)§1(&)2...but that the 1st Amendment trumps abridgement of the Democratic Majority,being a failsafe clause...see:Southworth V.Grebe,151 F3d 717(7th Cir.1998)...(&)that this Court has an obligation to hear my appeals because the Districts have thus far,regularly refused without cause(or)upon suggestion of a false record,allowing Govt.remonstration without rebuttal option which is a due process violation as well,(&)result of Prosecutorial Misconduct,see: US V.Rosa,17 F3d 1531(2nd Cir.1994)(&)US V.Goodson,165 F3d 610(8th Cir. 1999),Hayes V.Woodford,301 F3d 1054(9th Cir.2002)...that Prosecution may not present false/misleading evidence(&)must correct the record if he knows it to be false...(&)that ongoing effect is Obstruction of a Capital Case(&)violates my 6th Amendment right to confirm the nature of the evidence,see:US V.Deering,179 F3d 592(8th Cir.1998).

(7.)Petitioner does hereby cite,move Court to Vacate the Conviction pursuant to Habeas Corpus§2241-55,Title 28,Ch.153,because offense did not rise to level of Federal Offense,see:Howard V.US,135 F3d 506(7th Cir. 1998)(&)that I have a right to have that Conviction vacated statutorialy, see:Garland V.US.837 F2d 1563(11th Cir.1988),because it is unconstituional(&)Court lacked Jurisdiction to impose sentence(&)sentence was excessive [illegible]

* 7th Circuit *
(DOC.3.)

(7.)...(&)Court is empowered(&)can grant redress entirely upon this Claim(&)evidentiary inclusion,as well as other available evidentiary summaries relevant to Prosecutorial Misconduct,Prejudicial Jury instructions(&)Ineffective Assistance,in addition to newly affirmed Standards of Review(LABWORK)reports from the F.B.I.crimelab which I cannot prepare properly but am in Possession of,all of which independently should grant review(&)redress where optional,see:Edwards V.US,114 F3d 1083,(11th Cir.1997)...(&)US V.Colon-Munoz,192 F3d 210(1st Cir.1999),Razzoli V.Federal Bureau of Prisons,230 F3d 371(D.C.Cir.2000),Holly V.Dept.of Veteran Affairs,165 F3d 244(3rd Cir.1999)...Where an equally convincing theory of Guilt/Innocence is supported by evidence,Court of Appeals must reverse Conviction(&)Courts obligated to read Pleadings Liberally.

(8.)Accordingly,Petitioner does Move court to grant a New Certificate of Appealibility(&)review record with respect to CONSTITUTIONAL DUE-PROCESS(&)REDRESS of a Fundamental Miscarriage of Justice already consuming 17.6 YEARS of INNOCENT PERSON's life,liberty(&)having caused an irreconcilable injury to my Posterity byway of Genocide/violation of my Spousal,familial(&)property-rights...Petitioner PRO-SE,claims to have rights,statutorialy to Move this Court(&)fully redress the Grievance,see:Salahuddin V.Mead,174 F3d 271(2nd Cir.1999),US V.Myers,106 F3d 936(10th Cir.1997),it is BASIC CANON of Statutory intent that using the word SHALL,indicates mandatory intent...(&),Court is required to give full force to word of statutory(&)constitutional provisions,WHEREVER POSSIBLE... see:Silviera V.Lockyer,312 F3d 1052(9th Cir.2002),(&)McCormick V.City of Chicago,230 F3d 319(7th Cir.2000),Boag V.MacDougall,454 US 364 70 LEd2d 551 102 SCt 700(1982)(&)Haines V.Kerner,404 Us 519 30 LEd2d 652 92 SCt 594 (1972)...PRO-SE litigants pleadings are to be construed liberally(&)held to less stringent standard than formal plea drafted by Lawyers,if Court can reasonably read Plea,to state a valid claim on which Petitioner COULD prevail,it SHOULD do so despite failure to cite proper Legal Authority,theories,poor syntax(&)sentence construction(or)unfamiliarity with Pleading Requirements..accordingly,Websters Dictionary defines SHOULD,as futurity of SHALL,which is STATUTORY CANON,thus Petitioner asserts that Court Can(&)SHOULD Vacate this Wrongful Conviction...on any Cause it may find or see in a new light...see:Lam V.Kelchner,304 F3d 256(3rd Cir.2002) (&)Ross V.Ward,165 F3d 793(10th Cir.1999)...(&)that Government Errs where Courts refuse to redress Grievance in a timely manner,violating the 5th, 6th Amendments...see:Lee V.City of Los Angeles,250 F3d 668(9th Cir.2001), ...Prisoner SHALL be released when it was known he SHOULD have been released...

Respectfully Submitted,

(-PRO-SE-)

Signed *Jeffery W. Paul* *

Jeffery William Paul
Rg#10517-042
P.O.Box 33
USP TERRE HAUTE/S.C.U.
Terre Haute,IN.
47808-0033

Certificate of service,

I,Jeffery W.Paul,do hereby swear that a True Version of This Motion for Appellate review was placed in the US Postal Service from USP Terre Haute,IN.47808-€3/2/14)-

☆ 7th Circuit ☆
(Doc.4.)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF ARKANSAS/H.S.D.
HOT SPRINGS DIVISION/GARLAND COUNTY

In RE:
United States of America
Plaintiff

V.

Jeffery William Paul
Defendant

CASE NO#-6:96-cr-60022
JLH/BAB

- Objection to US Attorney Steven Snyder(AUSA),Motion to Strike Defense Motion Because its PRO-SE-

Comes now the Petitioner Pro-Se does submit this Motion to disregard/strike AUSA MR.STEVEN SNYDERS Motion to infringe my Appellate rights by exclusionary cites(&)grounds-

(1.)Petitioner does submit Documentary exibits to support Preliminary claim that Court has obligations to resolve Prima-facie violations of my Constitutional rights submitted in inchoate Pleas which were obstructed by communication difficulty(&)austerity.

(2.)Petitioner asserts that AUSA Mr.Snyders Motion to strike is innappropriate where redress is not forthcoming,pursuant to T.28 Ch.153§2241-2255 HABEAS CORPUS(supposedly §2243),due to requirement to apply Constitutional Law in retrospect on Direct Appeal.

(3.)Petitioner asserts that He Suffers from a Learning Disability (&)am indigent,which requires a EQUAL PROTECTION CLAUSE standard of review,constituting Protected Class,see:SHAPIRO V.THOMPSON,(1969) SCt.(&)CRAIG V.BOREN(1976)SCt.."Poverty(&)Indigence is a CLASS(&)as such,DISPARATE-IMPACT is the Standard of review"...Petitioner does have a right to ASSIST DEFENSE COUNCEL,see:FARETTA V.STATE OF CALIFORNIA,422 US 806,45 LEd2d 562,95 SCt 2525(1975),with assistance from Persons Trained in LAW,see:US V.KIND,194 F3d 900(8th Cir.1999)...(&) Petitioner does wish to retain Councel if further Appellate Procedure is required...but intends to receive the DUE-PROCESS Guaranteed by my 1st,2nd,3rd,4th,5th,6th,7th,8th,9th(&)10th Amendments(via)selected INCORPORATED-DOCTRINE of The FOURTEENTH/(14th)Amendment of The U.S. Bill of Rights...(&)ARTICLES OF THE UNITED STATES CONSTITUTION,Article 4,§1(&)2...Comity.

*7th Circuit*
(DOC.5.)

(4.)Petitioner asserts that he intends to submit briefs on appeal(&)has some right to due so,see:VEGA V.JOHNSON,149 F3d 354 (5th Cir.1998)...(&)that I have a right to DUE-PROCESS,but with respect to the COURT,The Rule of LENITY does Grant Court Powers to relieve Petition for Conviction(&)Sentence remedy sua sponte... as well as GUARANTEEING my PRO-SE Pleas are REVIEWED with the most serious solicitude(&)diligence,see:YONG V.I.N.S.,208 F3d 116(9th Cir. 2000)(&)LEE V.CITY OF LOS ANGELES,250 F3d 668(9th Cir.2001)...that Defendants have Right to SWIFT(&)IMPERITIVE REMEDY in Cases of Illegal restraint or confinement...(&)Due Process Clause Guarantees that Prisoner be released when it is known,or SHOULD have been they were entitled to release...STATUTORY CANON...(&)RULE OF LENITY states that Court is obligated to resolve any ambiguity in favor of Defendant,... see:US V.BASS,404 US 336,30 LEd2d 488,92 SCt.515(1971),(1.)"RULE OF LENITY",requires sentencing Court impose lesser of TWO sentencing options to resolve ambiguity...(2.)in favor of DEFENDANT where there is a statute (&)(3.)RULE Applies to Sentencing Guidelines(&)Criminal statutes...

(5.)Petitioner asserts that abridging 1st amendment right to submit PRO SE petitions(&)have meaningful due process violates my EQUAL PROTECTION CLAUSE,rights(&)constitutes EX POST-FACTO LEGISLATION,violation of INCORPORATION DOCTRINE(U.S.Supreme Court),see:SNOWDEN V.LEXMARK INTERN.,INC.237 F3d 620(6th Cir.2001),US V.MIRANDA,197 F3d 1357(11th Cir. 1999).

(6.)Petitioner Asserts that Courts not scrutinizing Appeals with respect to Comity/DUE PROCESS(&)thats because of Inchoate Consultation with Councel(&)subsequent Brief Writing style...dissonance...see: ROSS V.WARD,165 F3d 793(10th Cir.1999)...

(7.)Petitioner believes that Courts have defined statutes(&)do redress Petitions(&)intends for this Appeal to be resolved due to intrinsic unfairness(&)difficulty enduring a wrongfull conviction,(ie)I AM ACTUALLY INNOCENT(&)can submit convincing evidentiary to show that but get no real response,violation of statutory CANON(&)LAW,see:McCormick V.CITY OF CHICAGO,230 F3d 319(7th Cir.2000),BOAG V.Mac DOUGALL,454 US 364,70 LEd2d 551 102 SCt.700(1982),HAINES V.KERNER,404 US 519 30 LEd2d 652 92 SCt 594(1972)...PRO-SE Litigants Pleas are to be liberally construed (&)held to a less stringent standard than formal Pleas drafted by LAWYERS (&)if Court can reasonably read Petition(&)it COULD Prevail....



* 7th Circuit *
(Doc.6.)

(7.)Continued...it SHOULD prevail,despite failure to cite legal authority,confusion of theories,poor syntax(&)sentence construction or litigants unfamiliarity with Pleading requirements...(&)that is statutory canon,see:SALAHUDDIN V.MEAD,174 F3d 271(2nd Cir.1999), US V.MYERS,106 F3d 936(10th Cir.1997),Its basic CANON of statutory construction that use of the word SHALL,indicates mandatory intent.
(8.)Petitioner does object to Mr.Snyders Motion to Strike(&)does hereby respondant Plea,move Court to Dismiss Mr.Snyder(&)The US Attorneys Office due to Misconduct,attempting to violate my 1st Amdt. rights...Mr.Snyder is obligated to respond with respect to jurisprudence(&)can see that Petitioner is Plainly Claiming to be ACTUALLY INNOCENT (&)attempting to get a Meaningful resolution from the district (&)that the District is Plainly obligated to rule for my Motion with respect for STATUTORY INTENT(&)REMEDY of a FUNDAMENTAL MISCARRIAGE OF JUSTICE see:SILVIERA V.LOCKYER,312 F3d 1052(9th Cir.2002),Court is req- WHEREVER POSSIBLE to give force to each word in every statute...with respect to rules of lenity(&)Due-Process...Petitioner is wrongfully convicted(&)Plainly sentenced in violation of the law under statutes he was not eligable for duly,my TRIAL(&)APPELLATE COUNCEL have,to date been inneffective in showing the violation(&)so,Petitioner must submit a PRO SE brief to cure the record on appeal...I was convicted of Aiding (&)Abetting(EQUALLY CULPABLE),Court Plainly refuses to allow petitioner to Cross Codefendant but there is no one else on the indictments for the initial party of note(&)that individual was convicted upon an inculpatory statement attributed to him that I STILL havent heard(&)only had partially in transcript,He was sentenced to Life(&)His Jury found that he was the Perpetrater of the Crime,but Judge refused to depart that(&) Sentenced me,in separate proceedings to DEATH,violating my rights to to Present an Alibi,review content of statements,or receive a departure from the Guidelines,see:US V.McClain,133 F3d 1191(9th Cir.1998),US V. DiFrancesco,449 US 117 66 LEd2d 328,101 SCt 426(1980),DOUBLE JEOPARDY Prohibits increase in sentence when legitimacy of expectation of finality has attached to sentence...which is a PRIMA FACIE claim,see:GREEN V.US, 355 US 184 2 LEd2d 199 87 SCt 221(1961),Constitutional right to not be placed in DOUBLE JEOPARDY is vital to safeguard American society(&) SHOULD not be given a narrow grudging application...(ie)PLAIN ERROR...

*7th Circuit*
(DOC.7.)

IN THE WESTERN DISTRICT OF ARKANSAS
Hot Springs/USDC

(8.)Continued...(&)violates my EQUAL PROTECTION RIGHTS...comity, ...constituting TORTURE viol.Title 18,Ch.113c§2340...the range for my sentencing was from Life,(&)attached from the equally culpable charge on the indictment,the Jury already found the Indictment was insufficient with respect to Article 4,§1(&)2,but was Instructed to consider TORTURE instead(&)did not give Probative value to the evidence in contention...which was diminished by Lack of Funds(&)rebuttal(&) misrepresentation to Trial Counsel about Witness statements,still subject of my complaints on appeal as inchoate or coerced...according to THEM...those are PLAIN ERROR the Govt.still has not addressed which is a violation of the Burden of Proof(FRE)T.18,see:US V.CHARLEY, 189 F3d 1251(10th Cir.1999)(&)constitutes "GOVERNMENT MISCONDUCT"or "GROSS INNEFFECTIVE ASSISTANCE OF COUNCEL".

(9.)Again,Petitioner asserts that Mr.Snyders objection is recalcitrant (&)Petitioner is suffering undue(&)irreconcilable injury for a crime the Government knows I was not eligible to stand trial for,under the new law,AEDPA(1996),due to the violation of protection from any EX-POST FACTO SANCTIONS,see:TURNER V.GLICKMAN,207 F3d 419(7th Cir.2000), where Congress intends to create a sanction for Purpose of Punishment or with effect that may be materially disadvantaging,challenged upon DOUBLE JEOPARDY grounds..."COURT MUST DISREGARD INTENT"...(&),US V. KARRO,257 F3d 112(2nd Cir.2001),to determine which sentencing guidelines were in effect on date of offense ,the last date of THE OFFENSE is the DATE of THE OFFENSE ON THE INDICTMENT"...so June 22,1995,is the controlling date(&)Judge did not Properly instruct jury to the proper guidelines which require,ALSO,more than Presence(&)remiss post-offense activity to determine guilt or innocece...see:HOWARD V.US,135 F3d 506,(7th Cir.1998).

(10.)For those reasons,Concisely,Court is refusing to Rule in a meaningful way to Appellate Plea,despite a Litany of Controlling(&) Authentic,Pertinant cites(&)evidentiary exibits,causing 17.6 YEARS of Delay for an ACTUALLY INNOCENT(&)UNCONSTITUTIONALLY SENTENCED Person on FEDERAL DEATH ROW...Petitioner does move Court to Plea for redress of BOTH DISTRICT(&)APPELLATE COURT Omissions which have infringed upon my Due Process rights to Call Perpetrater for resentencing(&)release(&)restitution for wrongfull Conviction...due to omitted duty relevant to Comity,see;EXIBIT,wherein Judges determine...
[illegible] (Perpetrater) [illegible] been allowed to ...

* 7th circuit *
(DOC.8.)

(10.)Continued...that if Trinity had not been allowed to cross the source of out of Court declarants it wouldve been a violation of his CONFRONTATION CLAUSE rights,see:RAMSEY V.BOWERSOX,149 F3d 749,755 (8th Cir.1998). ..Yet my Councel are not inneffective(or)Court remiss for not applying that standard of review to my Pleas?(SEE,EXIBIT DOC.# )... omitted in 7th Cir.

(11.)Petitioner claims Court should relieve Procedural Bar(&)enter into the record,THE DECLARATION OF TRINITY E.INGLE(Pgs.A02253-55) Dated 2/11/05,as being wholly exonerating,see:US.V.MORENO,102 F3d 994 (9th Cir.1996),US V.ARTHURS,73 F3d 444(1st Cir.1996),Duress has(3)elements(1.)immediate personal threat,(2.)cause to believe threat is real(&) (3.)no way to reasonably remove self from situation...the initial report was made,of a shooting by Person who claimed to have been exposed to to LSD/(other Psycho-active)substances,to Person who had been acting as a vice deputy(YOUTH),but misrepresented the statement due to his own bias(&)was rebutted by LABWORK(&)Eyewitnesses with no effect upon jury despite explicit instruction to weigh evidence...returning verdict of criminal offense not included on Indictment...(&)consequently,a Death-Penalty.(SEE,EXIBIT DOC.# - ). omitted in 7th Cir.

(12.)Councel is impotent or being relegated with an effect that is causing irreconcilable loss(&)injury...for that reason,PRO SE Motions may be Necessary(&)Proper(&)Petitioner requests Court grant Discovery (&)reasonable Budget for composition of Brief with review for PRIMA FACIE Claims still not receiving the LIBERAL DUE PROCESS consideration they deserve....Petitioner has right to initiate this Plea for Title 28, Ch.153,§2241-55(HABEAS CORPUS)Relief in a Manner consistant with the claims I desire to make which best reflect how unfairly Ive been treated (&)how Plainly Innocent I am with respect to the oversight the US Government has(&)what that implies with respect to the violations of my fundamental 14th Amendment rights(&)Posterity of Marriage,Property Ownership (&)Restitution.

Respectfully Submitted,

* Jeffery William Paul

Jeffery William Paul(#10517-042)
PO BOX 33
Terre Haute,IN.
47808-0033

Certificate of service-
I,Jeffery Paul,do hereby US Postal Service submit this respondant motion to the Court of The Western District of AR. on this Day(3 /6 /14)-

*7th Circuit*
(Doc.9.)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 6:96CR60022 |
| | ) | |
| JEFFERY WILLIAM PAUL | ) | |

**UNITED STATES' MOTION TO STRIKE THE DEFENDANT'S *PRO SE* MOTION FOR DISCOVERY**

Comes now the United States of America, acting by and through Conner Eldridge, United States Attorney for the Western District of Arkansas, and for its Motion to Strike the Defendant's *Pro Se* Motion for Discovery states:

***BACKGROUND***

On June 23, 1997, in the United States District Court for the Western District of Arkansas, Jeffery William Paul ("Paul") was convicted of murder in the killing of a man in Hot Springs National Park, Hot Springs, Arkansas. Paul was sentenced to death as a result of that conviction.

This Court appointed counsel to represent Paul on all post-conviction matters. Robert McGlasson was appointed on January 30, 2002 (Doc. 265) and Sean O'Brien was appointed on September 15, 2003. (Doc. 286).

On February 26, 2007, the United States Court of Appeal for the Eighth Circuit appointed Jennifer Merrigan to represent Paul. (Doc. 354).

Beginning on February 17, 2013, Paul filed numerous *pro se* motions including:

1) Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 362);

2) Motion for Order (Doc. 366);



* 7th Circuit *
(Doc. 10)

3) Motion for Order for Effective Assistance (Doc. 367);

4) Motion for Order for Estoppel of Criminal Complaint, to Redact Abstraction of Record and Review Proceedings (Doc. 368);

5) Motion for Order (Doc. 370);

6) Motion for effective assistance of counsel (Doc. 371);

7) Motion for Due Process (Doc. 375);

8) Motion for Due Process (Doc. 376);

9) Motion for Order to revise Chapter 12 Petition (Doc. 377);

10) Motion for Emergency Injunction and Restraining Order (Doc. 378);

11) Motion for Emergency Injunction for Relief and Release in Good Faith (Doc. 379); and

12) MOTION for Emergency Injunction (Doc. 380).

After the Magistrate issued his Order denying Paul's miscellaneous motions (Doc. 381) and his Report and Recommendations (Doc. 382) recommending denial of Paul's § 2255 Motion, Paul again filed numerous motions, including:

1) Motion to Vacate (Doc. 383);

2) Motion for Immediate Relief (Doc. 384);

3) Motion for Relief (Doc. 385);

4) Motion for Hearing (Doc. 387); and

5) Motion to Amend (Doc. 388).

On July 17, 2013, the Court referred these matters to the Honorable Barry A. Bryant, United States Magistrate Judge, for a report and recommendation as to whether the Court should address Paul's *pro se* filings when he appeared to be represented by counsel, namely attorneys



*7th Circuit*
(Doc 11.)

Sean O'Brien, Robert McGlasson, and Jennifer Merrigan. (Doc. 389).

The Honorable Barry A. Bryant issued his Report and Recommendations on July 22, 2013, recommending Paul's motions to be denied, that the Clerk forward copies of his *pro se* filings made since February 7, 2013, to his counsel of record, and for the Clerk not to accept further *pro se* filings by Paul in this matter until further notice of the Court. (Doc. 390).

On August 26, 2013, the Court approved and adopted the Magistrate's Report and Recommendation. (Doc. 392).

Paul now files the instant Motion for Discovery. (Doc. 398).

## *ARGUMENT*

**This Court Should Strike the Defendant's Pro Se Motion Because He Is Represented By Counsel**

"A district court has no obligation to entertain *pro se* motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir.2001). Indeed, in all United States Courts, "parties may plead and conduct their own cases personally <u>or</u> by counsel . . . ." 28 U.S.C. § 1654 (emphasis added). The Eighth circuit has recognized, "[t]here is no constitutional or statutory right to simultaneously proceed *pro se* and with benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir.1994) (holding that a court commits "no error" in refusing to rule on *pro se* motions raised by a represented party). *See also United States v. Oakey*, 853 F.2d 551, 553 (7th Cir. 1988) ("[A] defendant may not engage in 'hybrid' representation by acting as co-counsel along with either a court-appointed attorney or with his own attorney.").

The nature of Paul's motion appears to be one contemplated in Habeas Corpus. While it does not appear that the Eighth Circuit has yet to issue an opinion regarding hybrid representation in habeas corpus cases, other courts have held that no such right exists. In *Lee v. State of*



*7th Circuit*
(Doc. 12.)

*Alabama*, 406 F.2d 466, 469 (5th Cir.1969), the Fifth Circuit found that a habeas petitioner could proceed *pro se* or through counsel but had no right to hybrid representation). Other courts have held similarly. *See Keenan v. Bagley*, No. 1:01CV2139, 2010 WL 1133238, at *1 (N.D.Ohio, Mar.19, 2010) (granting respondent's motion to strike after finding the petitioner was represented by counsel, he could not file a *pro se* supplemental traverse when appointed counsel already had filed one); *Estrada v. Cockrell*, No. 3:01-CV-0371-P, 2003 WL 21488224, at *2 (N.D.Tex., Apr.23, 2003) (following Lee ); *Donovan v. State*, No. 00-268-P-H, 2001 WL 179887, at *1 (D.Me., Feb.16, 2001) (following criminal case jurisprudence and holding that a habeas corpus petitioner was not entitled to hybrid representation under § 1654).

The above findings and holdings are grounded in strong public policy. One purpose of legal counsel is to ensure that only meritorious motions are filed. Allowing defendants to circumvent this process through the filing of *pro se* motions both undermine appointed counsel and wastes precious resources, which is certainly the case here. By its Order of August 26, 2013, this Court recognized Paul has been appointed counsel to represent him on all post-conviction matters. (Doc. 392). The Court further recognized that all three court-appointed counsel remain counsel of record and ordered the Clerk to accept no further *pro se* filings by Paul. (Id.) Thus, this Court should enforce its Order and not allow Paul to proceed *pro se*. Paul will not prejudiced by this Court striking his motion since his counsel can file any non-frivolous motions. Thus, the Court should strike Paul's current motion.

## ***CONCLUSION***

For the foregoing reasons, the United States respectfully requests that this Court **STRIKE** Paul's Motion for Discovery.



*7th Circuit*

(Doc. 13.)

Respectfully Submitted,

Conner Eldridge
United States Attorney

By: /s/ Steven N. Snyder
Steven N. Snyder
Assistant U.S. Attorney
Arkansas Bar No. 72101
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125



☆ 7th Circuit ☆

(Doc. 14.)

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF System which will send notification of such filing and I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/EC. participants:

Jeffery W. Paul
Register No. 10517-042
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

/s/ Steven N. Snyder
Steven N. Snyder
Assistant U.S. Attorney



☆ 7th Circuit ☆
(Doc. 15)

In The Western District of Arkansas
US District Court

IN REM

United States
Plaintiff

V.

Jeffery Paul
Defendant

Case No#6:96-cr-60022
Hot Springs Division

CAPITAL-CASE

PRO-SE/Represented by Counsel

-Motion for Discovery(&)assignment of Case no#-

Comes now the Petitioner does submit this motion to discover (&)recover copies pursuant to the record on appeal(&)enter the new number which was filed in The Southern District of IN. Terre Haute Division,pursuant to Habeas Corpus,Title 28,ch.153 relief/remedy of conviction due to fundamental miscarriage of justice.

1.Petitioner was convicted of Aiding(&)Abetting Murder in a National Park on or about(6/22/95-6/27/97)(&)sentenced to death by Lethal Injection,(&)Appellate Councel Robert L.Mc-Glasson was appointed due to Petitioners Learning Disability.

2.Trial Councel refused to call Material Witness who repeatedly exonerated Petitioner during a Jailhouse confession recorded at Van Buren Cty Jail,April 3,96',during an attempt to get an inform-ant;acting as Jailhouse Counsel,to advise FBI that he wanted to stay in State Court(&)Plea but Person of interest really had no idea what was going to happen(&)did not perpetrate crime or receive thereof,any property removed...trial concel was told that perpetrator Ingle had been instructed to remain silent when US Attorney refused to depart the Offense...(&)then was told that allegations of Physical evidence would not be allowed due to exclusive LABWORK(&),FRE General Provisions Rules 101-6,applicable sections(Rules:103(a)(2)(b)(d) ...);(ie) Plain Error.

3.Petitioner asserts that Trial Councel advised him to remain silent upon the weight of exclusive Physical Evidence but that when Prosecutor announced that expanded testimony would be allowed from confessed accomplice suspect who'd provided LSD/Marijauna,.38 Caliber Pistol(&)Option to convert Stolen Property into Parts to Perpetrator,I asserted that I would have to testify on my own behalf (&)was repeatedly shocked by gaurds(&)struck in the head during a fight in jail over comments about my wifes spousal misconduct(&) aggravated a preexisting condition...resulting in a state of confusion during trial.

4.Trial Councel complained of lack of funds(&)did not present the agreed upon exibits relevant to eyewitnesses(&)timelines(&)supporting affidavits readily available from Public Officials(&)Venues confirming activity of note,including after alerts of gunshots were made(&)miss-ing persons reports were published which excluded consideration of crucial facts.

5.Trial Councel did not properly cross at least 4 eyewitnesses who stated they did not see Physical evidence reported by eyewitness on same day,in same room in same context.

a 7th Circuit a
Doc.16

6.Trial Councel did not adequately relate complaints of leading(&) coercive contact with FBI/Other Law Enforcement Agents reported during phone conversations pretrial with spouse(&)former spouse(&)US Coast Guard detail who was being promised a mere discharge instead of a Court Martial for providing I.D.s to Persons under the impression they were being considered for witness protection(&)for abetting a Possible Sexual Abuse(&)Battery in Florida.

7.Trial Councel did not redress grievance Petitioner made as a result of inhumane conditions of captivity including medical default of a critical nature(&)stalking by other prisoners,pursuant to sexual humiliation of a person in a traditional spousal relationship(&)pursuant to developing options to act as paid informants...during pretrial(&)continuing into post 9/11 orientation for prisoners appealing from Special Confinement Units under NEW LAWS.

8.Petitioner asserts that a copy of Pro-se filings is necessary(&) Proper(&)subject to entitlement cite;Noll V.Carlson,809 F2d 1446 (9th Cir.1987):Pro Se litigant bringing civil rights suit Informa Pauperis is entitled to 5 Procedural Protections,(1.)Process issued (&)Served.(2.)Notice of any motion thereafter made by defendant or Court to dismiss complaint(&)grounds therefore.(3.)Opportunity to submit written opposition to such motion.(4.)Statement for grounds of Dismissal.(5.)Opportunity to aamend complaint to overcome deficiency unless it appears that the deficiency cannot be overcome by amendment.

9.Petitioner asserts as follows;The Court is Obligated to remedy a fundamental miscarriage of justice(&)do so within a reasonable amount of time not to exceed as soon as it can,lawfully do so,see:Lee V. City of Los Angeles 250 F3d 668(9th Cir.2001),which states that a Person has a right to be released when its reasonably known they SHOULD be...also;Salahaddin V.Mead 174 F3d 271(2nd Cir.1999),US V. Meyers 106 F3d 936(10th Cir.1997)..which states that it is basic canon that using the word SHALL/SHOULD indicates the mandatory intent (&)futurity of the statute/law..(&)that;see...Silviera V.Lockyer 312 F3d 1052(9th Cir.2002),Court SHALL give every weight to statutes,(ie) pursuant to Constitutional due process which guarantees liberty interest is the only cure for a fundamental miscarriage of justice.

10.Pursuant to assignments,Please attach new case no#(&)Heading,as described on next page.

*7the Circuit*

In The Western District of Arkansas
US District Court

11. Jeffery W. Paul
Petitioner

V.

Superintendent
Respondent

Case NO#2:13 cv 304
WTL/WGH

Respectfully Submitted

* Jeffery Paul W.

Jeffery W. Paul 10517042
PO Box 33
Terre Haute, IN.
47808-0033

Certificate of service

I, do hereby note, swear that this motion was placed in the US Postal Service on (2 /11 /14) to The Western District Court of AR.

Submitted via, Counsel of Record:
Attorney at Law
Federal Public Defender of Deleware
MS. Jennifer A. Merrigan (et al...)

Signed not available *

At USP Terre Haute, IN. during legal visitation in The Special Confinement Unit.
(2/28 /14)

*7th Circuit*
Doc. 18

THE OFFICE OF THE
CLERK OF THE U.S. DISTRICT COURT
921 OHIO STREET
ROOM 104
TERRE HAUTE, IN 47807

OFFICIAL BUSINESS

(7)

$0.48 0
US POSTAGE
FIRST-CLASS
062S0007939932
47807
B50432.22

X

( 2:13-cv- 304 )
JEFFERY WILLIAM PAUL
10517-042
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE IN 47808

47808003333

Doc.
(7th circuit) appeals

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 2:13-cv-304-WTL-WGH |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**E N T R Y**

A court may, in the exercise of its discretion, revise any non-final order "at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b); *see also Galvan v. Norberg,* 678 F.3d 582, 587 and n.3 (7th Cir. 2012). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence," and should not "serve as the occasion to tender new legal theories for the first time." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F.Supp. 656, 665–66 (N.D.Ill. 1982), *aff'd,* 736 F.2d 388 (7th Cir. 1984)).

This is an action for habeas corpus relief brought by an inmate confined in this District. It appears that the petitioner is entitled to representation in this action pursuant to 18 U.S.C. § 3599, although that appointment has not yet been made. The action has proceeded and will continue to be governed by 28 U.S.C. § 2243, which requires the court "to dispose of the matter as law and justice require."

The rulings to which the motion to reconsider refers were appropriate. The motion to reconsider conflates and many procedures and concepts, some of which may ultimately become

(Doc. 7th circuit) appeals (8)

pertinent in this case, but at present they are not. The motion to reconsider [dkt. 7] is **denied.** The request to proceed *in forma pauperis* [dkt. 7] is **granted**.

**IT IS SO ORDERED.**

Date: 02/27/2014

William T Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffery William Paul
No. 10517-042
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

(Doc. 7th circuit) Appeals

(9)

## Orders on Motions

6:96-cr-60022-JLH USA v. Paul
**CASE CLOSED on 02/01/2005**

CLOSED,AWL,CRT LV to
FILE,DEATH,R/R

**U. S. District Court**

**Western District of Arkansas**

### Notice of Electronic Filing

The following transaction was entered on 3/10/2014 at 10:14 AM CDT and filed on 3/10/2014

**Case Name:** USA v. Paul
**Case Number:** 6:96-cr-60022-JLH
**Filer:**
**Document Number:** 400

**Docket Text:**
**ORDER; based on the Courts previous order, and the fact that Paulremains represented by three attorneys of record, the Court declines toaddress the instant motion and orders that [398] Motion for Discovery be stricken, as pro se filings by Paul will not be accepted in this matter. Signed by Honorable Jimm Larry Hendren on March 10, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (lw)**

**6:96-cr-60022-JLH-1 Notice has been electronically mailed to:**

W. M. Cromwell, AUSA kenny.elser@usdoj.gov, janie.slader@usdoj.gov, kathleen.d.hogan@usdoj.gov

Steven N. Snyder Steve.Snyder@usdoj.gov, Kathleen.D.Hogan@usdoj.gov, janie.slader@usdoj.gov

Robert L McGlasson rlmcglasson@comcast.net

**6:96-cr-60022-JLH-1 Notice has been delivered by other means to:**

Jeffery William Paul(Terminated)
10517-042

TERRE HAUTE-USP
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jennifer Merrigan
Federal Public Defender
District of Delaware
715 N. King St.
Wilmington, DE 19801

Margaret P. Griffey
Chief, Capital Case Unit - Criminal Unit
U.S. Department of Justice
Room 6140, Patrick Henry Bldg.
601 D. Street, N.W.
Washington, DC 20530

Richard Broughton
United States Department of Justice
Capital Case Unit
Criminal Division
1331 F Street, NW
Washington, DC 20530

Sean D. O'Brien
UMKC Law School
500 E. 52nd St.
Kansas City, MO 64110

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1094675213 [Date=3/10/2014] [FileNumber=1028291-0
] [b13d527a49e92d2ac5821af535934797c206f5b31c3e06a753eb8b578df562fa6f0
c8da33cd5ba3a6f44c93f3c5e8009cc5741f5c22b388e32c7ebcf6bb03bbc]]

(7th Circuit)



IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

v. No. 96-60022

JEFFERY WILLIAM PAUL DEFENDANT

**ORDER**

Now on this 10th day of March, 2014, the above referenced matter comes before the Court for consideration of the motion of Jeffery William Paul entitled **Motion for Discovery & Assignment of Case No#** (document #389), and the government's response thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1. On June 23, 1997, Jeffery William Paul was convicted of murder for the killing of a man in Hot Springs National Park, Hot Springs, Arkansas. Paul was sentenced to death as a result of that conviction in the United States District Court for the Western District of Arkansas.

2. A direct appeal and post-conviction proceedings followed. Counsel was appointed by this Court to represent Paul on all post-conviction matters. Specifically, Robert McGlasson was appointed on January 30, 2002; and, Sean O'Brien was appointed on September 15, 2003. In addition, Jennifer Merrigan was appointed on February 26, 2007 by the United States Court of Appeals for the Eighth Circuit.

3. All three court-appointed counsel remain counsel of record for Paul as of this date.

4. On February 7, 2013, Paul filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion to vacate was filed pro se. Following that filing, Paul filed numerous other miscellaneous motions, all acting pro se. His court-appointed

counsel remain his counsel of record in this case, but did not join in any of the pro se filings.

5. On July 17, 2013, this Court referred this matter to Honorable Barry A. Bryant, United States Magistrate Judge, for a report and recommendation as to whether the Court should address the pro se filings of Paul when he remains represented by counsel.

6. Judge Bryant issued a report and recommendation finding that the Court has no obligation to consider pro se filings by litigants represented by counsel and recommends the Court decline to do so in this case going forward.

7. After reviewing the objections to the Report and Recommendation filed by Paul, the Court adopted the Report and Recommendation, and denied the pro se filings as the Court has no obligation to consider such. The Court further directed the Clerk of this Court to accept no further *pro se* filings by Paul in this matter until further notice by this Court.

8. Based on the Court's previous order, and the fact that Paul remains represented by three attorneys of record, the Court declines to address the instant motion and orders that it be stricken, as pro se filings by Paul will not be accepted in this matter.

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 2:13-cv-304-WTL-WGH |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY**

**I.**

The petitioner shall have **through February 14, 2014,** in which to either pay the $5.00 filing fee for this action or demonstrate his financial inability to do so.

**II.**

The petitioner's motion for summary judgment [dkt. 3] and motion to amend [dkt. 4] are **denied** as inapt to the orderly development of case.

**IT IS SO ORDERED.**

Date: 01/29/2014

William T. Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffery William Paul
No. 10517-042
Terre Haute-USP
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 2:13-cv-304-WTL-WGH |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**E N T R Y**

A court may, in the exercise of its discretion, revise any non-final order "at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b); *see also Galvan v. Norberg*, 678 F.3d 582, 587 and n.3 (7th Cir. 2012). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence," and should not "serve as the occasion to tender new legal theories for the first time." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665–66 (N.D.Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)).

This is an action for habeas corpus relief brought by an inmate confined in this District. It appears that the petitioner is entitled to representation in this action pursuant to 18 U.S.C. § 3599, although that appointment has not yet been made. The action has proceeded and will continue to be governed by 28 U.S.C. § 2243, which requires the court "to dispose of the matter as law and justice require."

The rulings to which the motion to reconsider refers were appropriate. The motion to reconsider conflates and many procedures and concepts, some of which may ultimately become

pertinent in this case, but at present they are not. The motion to reconsider [dkt. 7] is **denied.** The request to proceed *in forma pauperis* [dkt. 7] is **granted**.

**IT IS SO ORDERED.**

Date: 02/27/2014

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffery William Paul
No. 10517-042
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL, Petitioner, | ) | |
| v. | ) | Case No. 2:13-cv-304-WTL-WGH |
| SUPERINTENDENT, Respondent. | ) | |

**ENTRY**

The respondent need not respond to the habeas petition unless ordered by the court to do so at some future point. However, the respondent is requested to **appear** by counsel in the case as promptly as possible.

**IT IS SO ORDERED.**

Date: 03/13/2014

William T Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Office of the United States Attorney
10 West Market Street Suite 2100
Indianapolis, IN 46204-3048

Jeffery William Paul
No. 10517-042
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

JEFFERY WILLIAM PAUL, )
)
Petitioner, )
v. ) Case No. 2:13-cv-304-WTL-WGH
)
SUPERINTENDENT, )
)
Respondent. )

**ENTRY**

The issuance of a default judgment in an action for a writ of habeas corpus is rarely warranted. *See Bleitner v. Welborn*, 15 F.3d 652 (7th Cir. 1994). This case is no exception to the general rule. Furthermore, the respondent has not yet been directed to respond to petitioner's petition. Accordingly, the respondent is not in default and the petitioner=s motion for default judgment [11] is **denied.** Discovery has not been authorized in this action. The petitioner's motion for discovery [dkt. 11] is also **denied.**

Damages are not available in an action for habeas corpus relief. *See Nelson v. Campbell*, 541 U.S. 637, 646 (2004) (noting that "damages are not an available habeas remedy"), and *Wilkinson v. Dotson*, 544 U.S. 74, 78–82 (2005) (summarizing the distinctions between 42 U.S.C. § 1983 and habeas actions). Accordingly, the petitioner's request for damages [dkt. 11] is **denied**.

**IT IS SO ORDERED.**

Date: 03/13/2014

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffery William Paul
No. 10517-042
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

APPEAL,HABEAS,PROSE

# U.S. District Court
# Southern District of Indiana (Terre Haute)
# CIVIL DOCKET FOR CASE #: 2:13-cv-00304-WTL-WGH

PAUL v. SUPERINTENDENT et al
Assigned to: Judge William T. Lawrence
Referred to: Magistrate Judge William G. Hussmann, Jr
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 08/20/2013
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas Corpus
Jurisdiction: Federal Question

**Petitioner**

**JEFFERY WILLIAM PAUL**

represented by **JEFFERY WILLIAM PAUL**
10517-042
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808
PRO SE

V.

**Respondent**

**SUPERINTENDENT**
*USP Terre Haute*

**Respondent**

**UNITED STATES OF AMERICA**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/20/2013 | 1 | PETITION for Writ of Habeas Corpus, filed by JEFFERY WILLIAM PAUL. (No fee paid with this filing) (Attachments: # 1 Exhibit Legal Notice, # 2 Exhibit Inmate Request, # 3 Exhibit Letter, # 4 Exhibit Declaration, # 5 Envelope)(JRT) (Entered: 08/21/2013) |
| 08/21/2013 | 2 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (JRT) (Entered: 08/21/2013) |
| 01/14/2014 | 3 | MOTION for Summary Judgment, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Various Documents, # 2 Envelope)(SWM) (Entered: 01/15/2014) |
| 01/24/2014 | 4 | MOTION for Due-Process amending Motion c/s, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Redacted Attachment, # 2 Envelope)(DW) (Entered: 01/27/2014) |

| | | |
|---|---|---|
| 01/24/2014 | 5 | UNREDACTED DOCUMENT regarding 4 MOTION to Amend/Correct. (DW) (Entered: 01/27/2014) |
| 01/29/2014 | 6 | ENTRY - The petitioner shall have through February 14, 2014, in which to either pay the $5.00 filing fee for this action or demonstrate his financial inability to do so. The petitioner's motion for summary judgment 3 and motion to amend 4 are denied as inapt to the orderly development of case. Copy to petitioner via US Mail. Signed by Judge William T. Lawrence on 1/29/2014. (RSF) (Entered: 01/29/2014) |
| 02/10/2014 | 7 | MOTION for Leave to Proceed in forma pauperis and MOTION for Reconsideration of Court's 6 ENTRY, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Supporting Documents, # 2 Inmate Account Documents, # 3 Envelope)(JKS) (Entered: 02/11/2014) |
| 02/27/2014 | 8 | ENTRY - granting 7 Motion for Leave to Proceed in forma pauperis; denying 7 Motion for Reconsideration. (See Entry.) Copy to petitioner via US Mail. Signed by Judge William T. Lawrence on 2/27/2014. (RSF) (Entered: 02/27/2014) |
| 02/28/2014 | 10 | Statement B regarding Habeas Claims by JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 03/03/2014) |
| 03/03/2014 | 9 | Statement A regarding Habeas Claims by JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 03/03/2014) |
| 03/07/2014 | 11 | MOTION for Clerk's Entry of Default and MOTION for Discovery -, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(JKS) (Entered: 03/10/2014) |
| 03/13/2014 | 12 | ENTRY - The respondent need not respond to the habeas petition unless ordered by the court to do so at some future point. However, the respondent is requested to appear by counsel in the case as promptly as possible. Copies distributed pursuant to distribution list. Signed by Judge William T. Lawrence on 3/13/2014.(RSF) (Entered: 03/13/2014) |
| 03/13/2014 | 13 | ENTRY - denying 11 Motion for Clerk's Entry of Default; denying 11 Motion for Discovery. Copy to petitioner via US Mail. Signed by Judge William T. Lawrence on 3/13/2014. (RSF) Modified on 3/18/2014 (RSF). (Entered: 03/13/2014) |
| 03/13/2014 | 15 | AFFIDAVIT in Support of Documents re 14 MOTION to Append Cause of Action & Exhibit, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(JKS) (Entered: 03/14/2014) |
| 03/14/2014 | 14 | MOTION to Append Cause of Action & Exhibit, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Supporting Exhibit, # 2 Envelope)(JKS) (Entered: 03/14/2014) |
| 03/17/2014 | 17 | NOTICE OF APPEAL as to 6 Entry 8 Entry 12 Entry, 13 Entry, filed by Petitioner JEFFERY WILLIAM PAUL. (No fee paid with this filing) (JLM) **Emailed to District Court from USCA with instruction to file as Notice of Appeal with filed date of 3/17/2014.** Modified on 3/27/2014 (JLM). (Entered: 03/27/2014) |
| 03/20/2014 | 16 | MOTION for partial upfront payment of damages, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Various Documents, # 2 Envelope)(SWM) (Entered: 03/21/2014) |

**Case #: 2:13-cv-00304-WTL-WGH**