FILED

SEP 24 1996

BY CHRIS R. JOHNSON, CLERK
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 6:96CR60022-001 |
| | ) | 18 U.S.C. § 1111(a) |
| vs. | ) | 18 U.S.C. § 924(c) |
| | ) | 18 U.S.C. § 924(i)(1) |
| JEFFERY WILLIAM PAUL | ) | 18 U.S.C. § 2 |

INDICTMENT

The Grand Jury charges:

COUNT 1

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, did, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. § 7(3), kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) and § 2.

COUNT 2

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant

to Title 18 U.S.C. § 7(3), during and in relation to a crime of violence, did knowingly use a firearm which caused the death of Sherman Williams, in violation of 18 U.S.C. §§ 924(c), 924(i)(1) and § 2.

A True Bill.

G. L. [signature]

Foreperson

P. K. Holmes III
United States Attorney

By: [signature]
William M. Cromwell
FAUSA/Criminal Chief
Ark. Bar No. 76023
P. O. Box 1524
Fort Smith, AR 72902-1524
(501) 783-5125



(2.)

As discussed elsewhere in this Brief, Paul was only eighteen years old at the time, and was thus younger than Ingle. T. 978, DE 1 (birth certificate of Jeffery Paul); App. 501, 514 (Ingle nineteen years old at time of offense); see also Claim II.

Importantly here, Jeffery Paul's prior criminal history was far less substantial than that of Trinity Ingle. While Paul had a relatively minor criminal history, Ingle had five prior felony convictions, including two burglary convictions and two firearms convictions. T. 567; App. 472-73.

The government charged and tried both Mr. Paul's case, and that of his co-defendant, Trinity Ingle, on a theory of aiding and abetting, 18 U.S.C. §2, although in each trial, the government contradictorily argued that the defendant on trial had actually shot the victim. Mr. Ingle received a life sentence for the same offenses less than three weeks before Mr. Paul received a death sentence.

4. Evidence of Equal Culpability – Trinity Ingle Trial

The government's evidence of Ingle's primary role in the offense was more substantial than that presented or argued by the government during Mr. Paul's trial. At Ingle's trial, government witness Derrick Bell testified that Ingle had repeatedly told him, at least five times, that he personally had hit and shot Sherman Williams, in the head and chest. App. 312-13, 320.[8] Ingle told Bell he was the one who struck the victim immediately after they first confronted him and asked for the time. App. 316.

(1.)

(Doc. 146)

(8.)

# *EQUAL PROTECTION*

(1)

EDMONSON V. LEESVILLE CONCRETE CO. INC., 860 F2d 1308 (5th Cir. 1988)

Principle of equal protection applies to governmental action in civil and criminal matters.

(2) JACOBS. VISONSI & JACOBS CO. V. CITY OF LAWRENCE. KS. 927 F2d 1111 (10th Cir.1991)

CITY OF CLEBURNE V. CLEBURNE LIVING CENTER. 473 US 432, 87 LEd2d 313, 105 SCt 3249 (1985)

1) The equal protection clause essentially requires that all persons similarly situated be treated alike.

2) Equal protection violation occurs when government threats someone differently than another who is similarly situated.

(6) CENTRAL AIRLINES. INC. V. US. 138 F3d 333 (8th Cir. 1988)

Equal Protection clause prohibits government officials from selectively applying law in discriminatory way.

(10) FRATERNAL ORDER OF POLICE V. US. 152 F3d 998 (D.C. Cir. 1998)

Equal protection analysis is substantially identical under the Fifth and Fourteenth Amendments.

EAGLESTON V. GUIDO. 41 F3d 865 (2nd Cir. 1994)

(4) Threshold requirement of equal protection claim is a showing that government discriminated among groups.

(7) ANDERSON V. ROMERO. 72 F3d 518 (7th Cir. 1995)

Equal protection clause forbids state to treat one group, including group of prison inmates, arbitrarily worse than another.

PARADISE V. CCI WARDEN, 136 F3d 331 (2nd Cir. 1998)

Due Process Clause prohibits defendant from being retaliated against through imposition of harsher sentence simply for exercising right to appeal.

BROWN V. NATIONSBANK CORP., 188 F3d 579 (5th Cir. 1999)

The guarantee of due process protects citizens against deliberate harm from government officials.

(4)

(P23)

# *DOUBLE JEOPARDY*

US V. McCLAIN, 133 F3d 1191 (9th Cir. 1998)
US V. DiFRANCESCO, 449 US 117, 66 LEd2d 328, 101 SCt 426 (1980)

Double jeopardy prohibits increase in defendant's sentence when legitimate expectation of finality has attached to sentence.

US V. LANIER, 73 F3d 1380 (6th Cir. 1996)
BIFULCO V. US, 447 US 381, 65 LEd2d 205, 100 SCt 2247 (1980)
US V. BASS, 404 US 336, 92 SCt 515 (1971)

1) Rule that, where there is ambiguity in criminal statute doubts are resolved in favor of defendant, applies to criminal prohibitions as well as penalties.
2) Criminal statutes should normally be construed strictly.

US V. GAY, 240 F3d 1222 (10th Cir. 2001)
HUDDLESTON V. US, 415 US 831, 39 LEd2d 782, 94 SCt 1262 (1974)
US V. BASS, 404 US 336, 30 LEd2d 488, 92 SCt 515 (1971)

1) "Rule of lenity" requires sentencing court to impose lesser of two penalties when there is actual ambiguity over which penalty should apply.
2) Rule of lenity requires that doubts be resolved in favor of defendant when there is ambiguity in criminal statute.
3) Rule of lenity applies to Sentencing Guidelines as well as to penal statutes.

US V. BOUCHA, 236 F3d 768 (6th Cir. 2001)
US V. SANDERS, 162 F3d 396 (6th Cir. 1998)

Courts may apply the rule of lenity to interpret Sentencing guidelines.

US V. FENTON, 309 F3d 825 (3rd Cir. 2002)

When the Sentencing Guidelines do not clearly call for enhancement, the rule of lenity should prevent the application of a significantly increased sentence.

TURNER V. GLICKMAN, 207 F3d 419 (7th Cir. 2000)

If statute challenged on double jeopardy grounds serves as a criminal punishment in purpose and effect, court must disregard Congress' intent to create a civil sanction.

SNOWDEN V. LEXMARK INTERN., INC., 237 F3d 620 (6th Cir. 2001)
US V. MIRANDA, 197 F3d 1357 (11th Cir. 1999)

Ex post facto clause flatly prohibits retroactive application of penal legislation.

US V. KARRO, 257 F3d 112 (2nd Cir. 2001)

For purposes of determining which Sentencing Guidelines were in effect on date of offense, the last date of the offense, as alleged in the indictment, is the controlling date.

Pub.L. 100–204, Title I, § 140(d)(2), Dec. 22, 1987, 101 Stat. 1347, as amended, which is classified to 22 U.S.C.A. § 2656f(d)(2).

101(a)(22) of the Immigration and Nationality Act, referred to in subsec. (b)(1), is Act June 27, 1952, c. 477, Title I, § 101(a)(22), 66 Stat. 166, as amended, which is classified to 8 U.S.C.A. § 1101(a)(22).

Section 101(a)(20) of the Immigration and Nationality Act, referred to in subsec. (b)(1), is Act June 27, 1952, c. 477, Title I, § 101(a)(20), 66 Stat. 166, as amended, which is classified to 8 U.S.C.A. § 1101(a)(20).

# CHAPTER 113C—TORTURE


Sec.
2340. Definitions.
2340A. Torture.
2340B. Exclusive remedies.


### HISTORICAL AND STATUTORY NOTES

**Codifications**

Pub.L. 104–294, Title VI, § 601(j)(1), Oct. 11, 1996, 110 Stat. 3501, which directed that chapter 113B, relating to torture, be redesignated chapter 113C, was incapable of execution due to prior identical amendment by section 303(c)(1) of Pub.L. 104–132.

**Effective and Applicability Provisions**

**2002 Acts.** Amendment by section 4002(c)(1) of Pub.L. 107–273, as therein provided, effective Oct. 11, 1996, which is the date of enactment of Pub.L. 104–294, to which such amendment relates.

## § 2340. Definitions

As used in this chapter—

(1) "torture" means an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control;

(2) "severe mental pain or suffering" means the prolonged mental harm caused by or resulting from—

(A) the intentional infliction or threatened infliction of severe physical pain or suffering;

(B) the administration or application, or threatened administration or application, of mind-altering substances or other procedures calculated to disrupt profoundly the senses or the personality;

(C) the threat of imminent death; or

(D) the threat that another person will imminently be subjected to death, severe physical pain or suffering, or the administration or application of mind-altering substances or other procedures calculated to disrupt profoundly the senses or personality; and

(3) "United States" means the several States of the United States, the District of Columbia, and the commonwealths, territories, and possessions of the United States.

(Added Pub.L. 103–236, Title V, § 506(a), Apr. 30, 1994, 108 Stat. 463, and amended Pub.L. 103–415, § 1(k), Oct. 25, 1994, 108 Stat. 4301; Pub.L. 103–429, § 2(2), Oct. 31, 1994, 108 Stat. 4377; Pub.L. 108–375, Div. A, Title X, § 1089, Oct. 28, 2004, 118 Stat. 2067.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1994 Acts.** Section 506(c) of Pub.L. 103–236 provided that: "The amendments made by this section [enacting this chapter] shall take effect on the later of—

"(1) the date of enactment of this Act [Apr. 30, 1994]; or

"(2) the date on which the United States has become a party to the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment."

[Convention entered into force with respect to the United States Nov. 20, 1994, Treaty Doc. 100–20.]

## § 2340A. Torture

**(a) Offense.**—Whoever outside the United States commits or attempts to commit torture shall be fined under this title or imprisoned not more than 20 years, or both, and if death results to any person from conduct prohibited by this subsection, shall be punished by death or imprisoned for any term of years or for life.

**(b) Jurisdiction.**—There is jurisdiction over the activity prohibited in subsection (a) if—

(1) the alleged offender is a national of the United States; or

(2) the alleged offender is present in the United States, irrespective of the nationality of the victim or alleged offender.

**(c) Conspiracy.**—A person who conspires to commit an offense under this section shall be subject to the same penalties (other than the penalty of death) as the penalties prescribed for the offense, the commission of which was the object of the conspiracy.

(Added Pub.L. 103–236, Title V, § 506(a), Apr. 30, 1994, 108 Stat. 463, and amended Pub.L. 103–322, Title VI, § 60020, Sept. 13, 1994, 108 Stat. 1979; Pub.L. 107–56, Title VIII, § 811(g), Oct. 26, 2001, 115 Stat. 381.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1994 Acts.** Section effective on the later of Apr. 30, 1994, or the date on which the United States has become a party to the Convention Against Torture and Other Cruel, Inhuman



Page 5.

(Doc. 209)(6)