IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:13-cv-304-WTL-WGH |
| | ) | |
| J. F CARAWAY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Comes now the respondent, by counsel, and moves this Court to dismiss the Petitioner's Petition for Writ of Habeas Corpus, § 2255 because the Court lacks jurisdiction to hear the matter. In support thereof, the respondent advises as follows:

## BACKGROUND

On June 25, 1997, in the United States District Court for the Western District of Arkansas ("WDAR"), Jeffrey William Paul ("Paul") was convicted of aiding and abetting the murder of Sherman Williams on federal land and sentenced to death in Criminal No. 6:96CR60022. (WDAR Doc. 238). The evidence adduced at Jeffery Paul's trial established that on June 22,1995, Paul and an acquaintance, Trinity Ingle, followed Mr. Williams, an 82-year-old man, from downtown Hot Springs, Arkansas, to a walking trail in Hot Springs National Park. Paul and Ingle robbed and beat Mr. Williams, and then shot him in the head and shoulder.

On September 25, 1998, Paul filed a notice of appeal. (WDAR Doc. 249). On appeal, Paul contended among other allegations that:

1) the prosecutor took inconsistent actions at his trial and at Ingles trial by arguing that the defendant in each trial pulled the trigger;

2) his rights under the Federal Death Penalty Act and the Constitution were violated because the jury failed to unanimously find and consider as a relevant mitigating factor that Ingle only received a life sentence;

3) the prosecution relied upon unadjudicated bad act evidence at trial and at sentencing in violation of his statutory and constitutional rights;

4) the government presented unnecessary and prejudicial testimony during the guilt phase of the trial regarding Williams life; and

5) there was error in the prosecutor's closing argument.

On June 27, 2000, the Eighth Circuit filed its opinion affirming Paul's conviction. *United States v. Paul*, 217 F.3d 989 (8th Cir.2000).

Paul then sought a *writ of certiorari* with the Supreme Court on January 29, 2001, which was denied on October 1, 2001. *Paul v. United States*, 534 U.S. 829 (2001). Subsequently, on February 19, 2002, the Supreme Court denied Paul's petition for rehearing. *Paul v. United States*, 534 U.S. 1156 (2002).

The WDAR appointed counsel to represent Paul on all post-conviction matters. Robert McGlasson was appointed on January 30, 2002 (WDAR Doc. 265) and Sean O'Brien was appointed on September 15, 2003. (WDAR Doc. 286).

On December 17, 2002, Paul filed a Motion for New Trial or to Vacate Defendant's Conviction and Death Sentence Under 28 U.S.C. § 2255. (WDAR Doc. 271). Among Paul's grounds for relief were:

1) the government relied on inconsistent theories at Paul and Ingle's trials which violated Paul's right to a fair trial and due process;

2) he was actually innocent of killing Mr. Williams;

3) the jury failed to unanimously find and consider as a mitigating factor that Ingle was equally culpable and did not receive a death sentence; and

4) a myriad of conclusory assertions of alleged prosecutorial misconduct only one claim of which he identified any purported factual basis (that witnesses were paid for their testimony).

The United States filed its response on June 2, 2003. (WDAR Doc. 284). The WDAR denied Paul's motion pursuant to 28 U.S.C. § 2255 on January 31, 2005. (WDAR Doc. 323).

On August 24, 2005, Paul filed a notice of appeal. (WDAR Doc. 334). Paul further moved pursuant to 28 U.S.C. § 2253 and Fed. R. App. Pro. 22 (b)(1), for a Certificate of Appealability ("COA"). (WDAR Doc. 338).

On September 6, 2005, the Eighth Circuit remanded Paul's case for consideration in light of *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir.1997), with directions that if granted, the COA specify the issue or issues that are to be considered on appeal. (WDAR Doc. 341).

After reviewing Paul's application for a COA and finding it to be essentially a restatement and re-argument of contentions the WDAR had previously addressed and rejected, the Court, on October 26, 2005, declined to issue a COA. (WDAR Doc. 345).

However, on January 25, 2007, the Eighth Circuit granted Paul a COA to address three issues:

1) Whether trial counsel were ineffective for failing to investigate and present evidence of Appellant's mental, medical and physical history;

2) Whether trial counsel were ineffective for failing to investigate and assert Appellant's incompetence to stand trial; and

3) Whether Appellant has a constitutional right to competence during federal habeas corpus proceedings and, if so, whether that constitutional right was violated.

(WDAR Doc. 351). On appeal, Paul argued:

1) trial counsel were ineffective for failing to investigate and present evidence of his mental, medical, and physical history;

2) trail counsel were ineffective for failing to investigate and assert his incompetence to stand trial;

3) federal law guaranteeing meaningful access to the courts requires that a prisoner challenging a capital conviction and sentence be mentally competent during habeas corpus proceedings and that guarantee was violated in his case;

4) his right to due process of law was violated when key government witnesses clandestinely received cash rewards after the jury was told no such rewards would be forthcoming; and

5) improper *ex parte* communications between the government and the district court warranted assignment of a different judge pursuant to 28 U.S.C. § 2106.

The Eighth Circuit affirmed the Court's denial of Paul's petition on July 22, 2008. *Paul v. United States,* 534 F.3d 832 (8th Cir.2008). Paul then sought a *writ of certiorari* which was denied on October 5, 2009. *Paul v. United States*, 130 S. Ct. 51, 175 L.Ed.2d 43, 78 USLW 3171(2009).

On February 26, 2007, the United States Court of Appeal for the Eighth Circuit appointed Jennifer Merrigan to represent Paul. (WDAR Doc. 354).

On February 7, 2013, Paul, *pro se*, filed another Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (WDAR Doc. 362). In his § 2255 Motion, Paul sought relief based on:

1) His actual innocence;

2) His sentence is unfair because his co-defendant was given a life sentence; and

3) Prosecutorial Misconduct.

The United States filed its response on March 8, 2013. (WDAR Doc. 365). Thereafter, Paul began a flurry of *pro se* filings which included among others:

1) Motions for Order (WDAR Doc. 366 and 370) in which he again raised issues of wrongful conviction and his co-defendant's conviction as defenses to his own sentence;

2) Motion for Effective Assistance, (WDAR Doc. 367) and Motion for Effective Assistance of Counsel (WDAR Doc. 371), in which he argued, amongst others, issues raised in his appeal, first § 2255 Motion and his then current pending second § 2255 motion;

3) Motion for Order of Estoppel of Criminal Complaint, (WDAR Doc. 368) wherein he again raised issues of the alleged illegality of his conviction;

4) Motion for Due Process (WDAR Doc. 375) claiming a right to certify an "exonerating affidavit"; and

5) Motions for Emergency Injunctive Relief, (WDAR Doc. 378, 379, and 380), in which Paul requested his wife be taken into custody and claimed that he would produce evidence of actual innocence and claiming in WDAR Doc. 379 that his co-defendant gave an

affidavit exonerating him from the crime for which he was convicted.

Each of Paul's motions were denied by the Court on June 17, 2013. (WDAR Doc. 381). That same day, the magistrate judge issued his report and recommendation on Paul's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and recommended the motion be denied. (WDAR Doc. 382).

Paul then began another round of filings by first filing another *pro se* motion to vacate on June 27, 2013, claiming, among other issues, that he was under the age of 18 at the time of his conviction and that pursuant to *Roper v. Simmons*, 543 U.S. 551 (2005), minors are not competent to face the death penalty because it is cruel and excessive punishment. (WDAR Doc. 383)

Next Paul filed a *pro se* Motion for Immediate Relief (WDAR Doc. 384) and *pro se* Motion for Relief (WDAR Doc. 385) claiming he was under age and not eligible for conviction under 18 U.S.C. § 1111 and requested a hearing on the issue (WDAR Doc. 386).

Thereafter, Paul filed a *pro se* motion to amend in which he set forth his equations which the court should use to properly determine his age at the time of the murder. (WDAR Doc. 388).

On July 22, 2013, the magistrate issued his report and recommendation regarding Paul's Motion to Vacate (WDAR Doc. 383), Motion for Immediate Relief (WDAR Doc. 384), Motion for Relief (WDAR Doc. 385), Motion for Hearing (WDAR Doc. 387), and Motion to Amend (WDAR Doc. 388), recommending these be denied and recommended the Clerk of the court be directed to accept no further *pro se* filings by Paul in this matter until further notice by the district court. (WDAR Doc. 390). The magistrate based his recommendation on finding the district court has no obligation to consider Paul's *pro se*

filings because he is represented by counsel and has no constitutional or statutory right to simultaneously proceed *pro se* and with benefit of counsel. Paul filed his *pro se* objections to the report and recommendation on July 31, 2013. (WDAR Doc. 391).

On August 26, 2013, the district court issued its order adopting the magistrate's report and recommendation *in toto*. (WDAR Doc. 392).

On August 20, 2013, Paul filed a *pro se* Petition for Writ of Habeas Corpus, § 2255 in this Court, the United States District Court for the Southern District of Indiana, Terre Haute Division, on a claim of actual innocence. (SDIN Doc. 1).

On April 29, 2014, Paul filed a motion for appointment of counsel. (SDIN Doc. 24). This Court granted Paul's motion on May 8, 2014. (SDIN Doc. 25).

On July 9, 2014, Billy H. Nolas and Shawn Nolan entered their notices of appearance on behalf of Paul. (SDIN Docs. 35 & 35).

Counsel immediately filed an Unopposed Motion for Extension of Time to File Amended Petition. (SDIN Doc. 36). According to the motion for extension of time, "the proceedings relevant to this action encompass trial, direct appeal, proceedings under 28 U.S.C. § 2255, the subsequent § 2255 appeal and Petitioner's incarceration and death sentence." (Id.).

On September 17, 2014, counsel filed a Motion for Order Permitting Mental Health Evaluations in which they request this Court to issue an Order directed the U.S.P. at Terre Haute, Indiana, to permit forensic psychiatrists' access to Paul for the purposes of mental health evaluations. (SDIN Doc. 38). According to the motion, Paul's "mental health issues will be relevant to claims raised in any Amended Petition filed on [Paul's] behalf." (Id.).

## ARGUMENT

Paul is a death-sentenced federal inmate currently incarcerated at the U.S.P. at Terre Haute, Indiana. Paul was convicted of aiding and abetting the murder of Sherman Williams on federal land and sentenced to death in Criminal No. 6:96CR60022 on June 25, 1997, in the United States District Court for the Western District of Arkansas. (WDAR Doc. 238). Paul has filed for a Writ of Habeas Corpus challenging the illegality of his sentence due to false conviction. (SDIN Doc. 1). Thus, because Paul is challenging the validity of his conviction, analysis of his claim must begin with 28 U.S.C. § 2255. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir.2003) ("Ordinarily, § 2255 is the exclusive means for a federal prisoner to attack his conviction.").

According to the plain language of 28 U.S.C. § 2255, only prisoners who claim a right to be released from custody can challenge their sentences: "A prisoner in custody under sentence of a [federal court] claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, ***may move the court which imposed the sentence*** to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). Accordingly, a writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him. There is, however, a narrow exception to this general rule that permits a prisoner to proceed under § 2241 if § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C.A. § 2255(e).

Under § 2255(e) a prisoner may petition for a writ of habeas corpus under § 2241 if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit has explained that § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *Kramer*, 347 F.3d at 217 (*citing Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir.2002)). Under *Kramer*, Paul must first show that the legal theory he advances relies on a change in law that both postdates his first § 2255 motion and "eludes the permission in section 2255 for successive motions." *Id.* (citing *In re: Davenport*, 147 F.3d 605, 611 (7th Cir.1998)). Second, he must establish that his theory supports a non-frivolous claim of actual innocence. *Id.* In this case, neither Paul nor appointed counsel have contended that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention due to an intervening change in the law. Rather, it appears Paul and appointed counsel are intent on bringing claims that have been previously raised or could have been raised within the Western District of Arkansas; i.e., "illegal sentence due to false conviction" and "proceedings relevant to this action encompass trial, direct appeal, proceedings under 28 U.S.C. § 2255, the subsequent § 2255 appeal and Petitioner's incarceration and death sentence."

The remedy under § 2255 is adequate and effective so long as a prisoner has had "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction or sentence." *In re: Davenport*, 147 F.3d 605, 609 (7th Cir.1998). As demonstrated above, Paul has already had numerous rounds of collateral review, including chances to raise his "illegal sentence due to false conviction" claim, which provided him with "an unobstructed procedural shot at getting his sentence vacated." *Davenport*, 147 F.3d at

609. Because Paul has had ample opportunities to obtain collateral relief regarding the legality of his sentence, his petition for writ of habeas corpus should be dismissed for lack of jurisdiction in accordance with 28 U.S.C. § 2255(e).

Even if the Court finds it has jurisdiction in this case, then the United States requests the Court to deny appointed counsel's Motion for Order Permitting Mental Health Evaluations. First, appointed counsel cites to no authority showing appointed counsel is entitled to seek a mental health evaluation of a petitioner to aid in the filing of a habeas corpus petition. Secondly, if counsel is requesting such mental health evaluation to present a claim that Paul is incompetent to be executed, then such claim would be premature as no execution date has been set for Paul. *See Panetti v. Quarterman*, 551 U.S. 930 (2007) (Confirming that sanity to be executed claims are not ripe until execution is imminent and holding that such claims would be properly raised for the first time in a federal habeas petition after they become ripe without being treated as successive habeas petitions."); *Stewart v. Martinez–Villareal*, 523 U.S. 637, 644–645 (1998); *Herrera v. Collins*, 506 U.S. 390, 406 (1993) ("[T]he issue of sanity is properly considered in proximity to the execution.").

**CONCLUSION**

Because this Court lacks jurisdiction to hear the Petitioner's claim pursuant to 28 U.S.C. § 2255, his Petition should be dismissed.

Respectfully Submitted,

JOSH J. MINKLER
Acting United States Attorney

By: s/Gerald A. Coraz
Gerald A. Coraz
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Billy H. Nolas
Federal Community Defender
for the Eastern District of Pennsylvania
Billy_nolas@fd.org

Leigh Skipper
Federal Community Defender Office
leigh_skipper@fd.org

Shawn Nolan
FEDERAL COMMUNITY DEFENDER OFFICE
shawn_nolan@fd.org

s/Gerald A. Coraz
Gerald A. Coraz
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048
(317) 226-6333