**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JEFFERY WILLIAM PAUL, Petitioner, | CIVIL ACTION (Capital Habeas Corpus) |
| v. | No. 13-CV-00304-WTL-WGH |
| SUPERINTENDENT, USP Terre Haute, UNITED STATES OF AMERICA Respondents. | **Hon. William T. Lawrence** **United States District Judge** |

## MOTION FOR THE PRODUCTION OF PETITIONER'S PRISON RECORDS WITHIN TEN DAYS

Petitioner, Jeffery William Paul, through counsel, respectfully requests that this Court grant his Motion for the Production of Petitioner's Prison Records within Ten Days, and order the United States Penitentiary at Terre Haute, Indiana ("USP-Terre Haute") to provide Petitioner's counsel with copies of his prison records within ten (10) days of service of this Court's order. In support of his request, Petitioner states as follows:

1. Petitioner is a death-sentenced federal prisoner currently incarcerated at USP-Terre Haute. Petitioner was convicted and sentenced to death in the United States District Court for the Western District of Arkansas. His conviction and sentence were affirmed on appeal. United States v. Paul, 217 F.3d 989 (8th Cir. 2000) (cert. denied Oct. 1, 2001). Petitioner filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255, which was denied. That denial

was affirmed on appeal. United States v. Paul, 534 F.3d 832 (8th Cir. 2008) (cert. denied Oct. 5, 2009).

2. Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus in this Court on August 8, 2013. Dkt. No. 1. On April 18, 2014, Petitioner filed a *pro se* motion requesting that counsel be appointed. Dkt. No. 11. On April 29, 2014, the Federal Community Defender Office for the Eastern District of Pennsylvania ("FCDO") filed a Motion to Appoint Counsel on Petitioner's behalf. Dkt. No. 24. This Court granted Petitioner's April 29, 2014 appointment motion, appointed the FCDO to Petitioner's case, and granted Petitioner through July 11, 2014 to file an Amended Petition for a Writ of Habeas Corpus or take any other action as the case warranted. Dkt. Nos. 25, 26. On July 9, 2014, Petitioner requested additional time to conduct the investigation, research and record review necessary to submit a professionally adequate habeas petition. Dkt. No. 36.

3. On September 17, 2014, Petitioner filed a Motion for Order Permitting Mental Health Evaluations and he requested that this Court order USP-Terre Haute to permit two forensic psychiatrists access to Petitioner for the purpose of evaluating his mental health. Dkt. No. 38. On September 24, 2014, Respondents filed a Motion to Dismiss, wherein they argued that Petitioner's requested mental health evaluations should be denied and his *pro se* habeas petition should be dismissed. Dkt. Nos. 39 and 40. Petitioner filed his Answer in Opposition to Respondents' Motion to Dismiss on October 1, 2014. Dkt. No. 42. In Petitioner's Answer, counsel summarized Petitioner's long history of mental illness, documented the deterioration of Petitioner's mental health over the course of his incarceration, and argued that the mental health evaluations were necessary to investigate Petitioner's habeas claims and document the

progression of his mental illness should his competency to be executed become an issue in the future. Dkt. No. 42 at 12-14. On October 9, 2014, Petitioner requested an additional ninety days to file his amended petition.

4. This Court granted Petitioner's request for mental health evaluations on December 1, 2014. This Court also ordered USP-Terre Haute to grant the experts access "to records pertinent to his [Petitioner's] mental health condition and/or treatment for purposes of these evaluations ... ." Dkt. No. 43. This Court granted Petitioner's requests for extensions of time on December 1, 2014. The petition is currently due on February 4, 2015.

5. Undersigned counsel have an obligation to obtain and review Petitioner's prison records. The American Bar Association's 2003 Guidelines for the Appointment and Performance of Defense Counsel in Capital Cases makes clear that "[c]ounsel at every stage have an obligation to conduct thorough and independent investigations relating to the issues of both guilt and penalty." Guideline 10.7, ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases ("ABA Guidelines") (reprinted in 31 Hofstra L. Rev. 913 (Summer 2003)). This includes gathering all available medical, mental health, and institutional records. ABA Guideline 10.7, Commentary.

6. Additionally, as described in Petitioner's Answer in Opposition to Respondents' Motion to Dismiss, Petitioner has longstanding mental health issues which are deeply integrated into the history of his case. Dkt. No. 42. An investigation into Petitioner's mental health, medical, and prison history is necessary for the undersigned's investigation of Petitioner's habeas claims and necessary to investigate Petitioner's competency to be executed. See id. at 7-14 (discussing Petitioner's mental health history and its potential relevance to section 2241

litigation). After this Court issued its December 1, 2014 Order, both forensic psychiatrists conducted their evaluations of Petitioner in December 2014. However, it is necessary for both experts to review Petitioner's complete prison records as these records may contain information on his medical, mental health, and behavioral functioning.

7. FCDO counsel have diligently attempted to procure Petitioner's BOP records. On September 11, 2014, counsel filed a Freedom of Information Act ("FOIA") request for Petitioner's medical, mental health, and central file records in the possession of the Bureau of Prisons ("BOP"). Counsel asked that this request be expedited. The BOP granted Petitioner's request for expedited status on September 17, 2014. Having failed to receive the records, FCDO counsel requested a status update on the pending records request on October 21, 2014 and the Bureau of Prisons requested a payment of $664.80 for search and copying costs. The FCDO provided a check for this amount, which the BOP deposited on November 25, 2014. On December 16, 2014, FCDO counsel made a second request for a status update from the BOP. That same day, Petitioner made a records request directly to USP-Terre Haute based on this Court's December 1, 2014 Order compelling the disclose of records pertinent to the mental health evaluations. As of today, neither the BOP nor USP-Terre Haute has provided the undersigned with the records requested. Counsel have acquired portions of prison records relating to Petitioner from prior counsel, but have no prison records for Petitioner after 2006.

8. Petitioner respectfully requests that this Court order USP-Terre Haute to disclose Petitioner's medical, mental health, disciplinary, and central file records with ten (10) days. As these records are necessary for counsel's investigation of Petitioner's case, counsel respectfully

request that this Court impose a ten day time limit on the BOP so that the mental health evaluators can review the records in a timely fashion.

WHEREFORE, for the foregoing reasons, Petitioner respectfully requests that this Court grant his Motion for the Production of Petitioner's Prison Records within Ten Days.

Respectfully submitted,

/s/ Shawn Nolan
SHAWN NOLAN
BILLY H. NOLAS
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

Dated: February 3, 2015

**CERTIFICATE OF SERVICE**

I, Shawn Nolan, Esq., hereby certify that on this 3rd day of February, 2015, Motion for the Production of Petitioner's Prison Records within Ten Days has been served via the Electronic Case Filing system on the following counsel of record:

Gerald A. Coraz, Esq.
Assistant United States Attorney
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048

/s/ Shawn Nolan
SHAWN NOLAN