Paul v. Superintendent 2:13-304 (JMS/(GH) 2013
SD/IN (US DC)
Documents Authenticated Paul v. USA 8th Circ. 14-1832 USSCt
(on) 9/17/13 (&) Again on 4/11/14
by Public (Federal) Defender of DE (State)
Jennifer A. Merrigan; at USP Terre Haute, IN
(In Person)

(Pg. 1)

39.

OFFICE OF THE FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE
800 KING STREET, SUITE 200
WILMINGTON, DE 19801

Jeffery Paul, # 10517-042
United States Penitentiary
P.O.Box 33
Terre Haute, IN 47808-0033

X 63-417L

$0.460
US POSTAGE
FIRST-CLASS
062S0007246923
19801

B16341.16

SPECIAL MAIL - OPEN ONLY IN THE
PRESENCE OF THE INMATE PERSON
ENTITLED TO INVOKE PROTECTION OF
SPECIAL MAIL 28 C.F.R. § 540.18

47808X0033

SPECIAL MAIL - OPEN ONLY IN THE
PRESENCE OF THE INMATE PERSON
ENTITLED TO INVOKE PROTECTION OF
SPECIAL MAIL 28 C.F.R. § 540.18

(Pg. 39)

Paul v. Superintendent 2:13 cv 304 (Pg 2)

Paul v USA 8th Cir. 14-1832 USS Ct

40.

OFFICE OF THE FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE

EDSON A. BOSTIC
FEDERAL PUBLIC DEFENDER

KARL D. SCHWARTZ
CHIEF, CAPITAL HABEAS UNIT

JENNIFER A. MERRIGAN
ASSISTANT DEFENDER,
CAPITAL HABEAS UNIT

July 11, 2013

Jeffery Paul, # 10517-042
United States Penitentiary
P.O.Box 33
Terre Haute, IN 47808-0033

Jeff,

It was good to talk to you today. I am enclosing the affidavit you requested. I ordered you the Almanac and Dictionary, you should receive them soon. I know that you have requested other books, and I have let the team know.

Sincerely,

Jennifer Merrigan

Enclosures

Ms. Jennifer Merrigan
800 King Street, Suite 200
Wilmington, DE 19801

(Cell Ph) 302/578/6010

Western District of Arkansas; Hot Springs Division
U.S. v. Ingle
Case no. 97 3443
57 F3d 1147
8th Cir. 1998)

Furthermore, as noted above, evidence presented at both trials established Ingle as the ringleader in these crimes:

»Ingle said he struck the victim first, App. 316;

»Ingle said he taped the victim's hands and feet, App. 319;

»Ingle chose to shoot the victim because he peeked at them, App. 319-20;

»Ingle said he shot the victim himself in the head and chest, App. 320;

»Ingle drove the car, T. 683, App. 258;

»Ingle paid for food and motel afterwards, App. 258;

-40-

»Ingle got rid of the gun, T. 1085, 1107; and,

»Ingle got rid of the car, App. 321.

Confirming Ingle's role as the driver, the only item of direct, physical evidence in the entire case was the fingerprint of co-defendant Trinity Ingle, found on the ashtray of the victim's car. T. 777-780. While Appellant did not argue at trial that this evidence established no involvement on his part, it does highlight the leadership role Ingle played in this offense, including being in command of the car after the incident.

(5th AMDT)
Ineffective Assistance
No Defence!! NONE!

8-258 (Rev. 8-5-91) 501 321 2544 P.02

(Pg. 4)

REPORT OF THE
INFORMATION RESOURCES DIVISION
FEDERAL BUREAU OF INVESTIGATION
WASHINGTON, D.C. 20535

To: SAC, Little Rock (Squad 5)

October 30, 1996

FBI File No. 70A-LR-36698

Lab No. 60417026 E QL

Reference: Communication dated April 12, 1996

Your No.

Re: TRINITY EDWARD INGLES, aka;
JEFFERY WILLIAM PAUL, aka -
FUGITIVE (2);
SHERMAN WILLIAMS (DECEASED) - VICTIM;
HOT SPRINGS NATIONAL PARK,
HOT SPRINGS, ARKANSAS;
CGR - MURDER

Specimens received: April 16, 1996

Q7 One Nagra blue cassette magnetic tape dated "34222"

Result of examination:

Two processed stereo copies of Q7 were prepared in a cassette format. Each copy is contained on two cassette tapes in three parts with an overlap between parts.

SSA George W. Clark, Jr. conducted the examination.

Q7 and the processed copies were forwarded to your office under separate cover via Federal Express on June 13, 1996.

GOVERNMENT EXHIBIT
"H"

AGENT COPY

SEARCHED ____ INDEXED ____
SERIALIZED ____ FILED ____
NOV - 1 1996
FBI - LITTLE ROCK

This Report Is Furnished For Official Use Only

(Doc. 6) (Page 3) (Doc 116) (pg. 54)

SD/IN Paul v. Superintendent 304

Paul v. USA 8th circ. 14.1832 6SS Ct (Pg.5) 41.

County of Jefferson

State of Texas

Declaration of Trinity E. Ingle

My name is Trinity Ingle. I am over the age of 18 and competent to make the declarations contained herein.

On June 22, 1995 me and Jeff were downtown in Hot Springs by the Arlington Hotel. I was wanting to rob a shop downstairs. Jeff was high and was pretty much just following me where I was going to. I was high too otherwise I would not have been wanting to rob a shop in broad daylight. But so we're standing outside of the mall when Mr. Williams drove by. I had not slept for days and was high on Methamphetamine which can make you paranoid and was making me paranoid after ten days of it and not sleeping. It was one of those times where if things had gone different, if a cop car had come by or something like that, I would have just left, but when Mr. Williams drove by he looked at me and I just locked in on him. In my paranoia I knew he had seen the gun in my waistband and knew that now he knew what I was thinking to do by robbing the shop downstairs. So when he got out of the car I told Jeff to come on and follow me. At this point Jeff did not know what I was doing and so he wasn't arguing any about it yet. As far as I knew, Jeff did not know that I had a gun. I didn't tell Jeff about my suspicions of Mr. Williams, nor did I say anything to him about what I planned to do.

A02253

(DHI)

Paul v. USA 8th Circ. 14 1832 USSCt (pg. 6)

42.

I followed Mr. Williams up the trail and Jeff was following me. I stopped him by asking him if he had the time. After he told us the time I pulled the gun out and told him to give up everything he had. When he didn't, I hit him and kicked him on the ground. By this time, Jeff was getting very nervous. He was trying to get me to leave, saying, "come on, let's go." But I wasn't about to leave, but I still had the gun in my hand and Jeff knew it.

I told Jeff to keep quiet and I tied the guy up with the tape. Then Jeff and I started back down the trail but when I looked back at him the guy was looking right at me. I turned to go back but Jeff grabbed me by the arm and said, "let's just leave him and get out of here." Jeff kept arguing with me but I yanked free of him holding me. I still had the gun in my hand and Jeff was looking at it as I held it in his direction. Even though Jeff didn't know what it was I was going back up the mountain for, I made sure he knew if he put his hands on me again trying to stop me I would have shot him, too, and it would have been two people left up on that mountain.

So I walked back up the trail and asked the guy if he was going to call the cops. He said no but of course I knew he was lying. So I stood over him and shot him in the chest but one shot was rat shot which I had forgot was in the chamber. I heard Jeff yelling at me to stop, but I turned back around and shot Mr. Williams



A02254

SD/IN Paul v. Superintendent 13-cv-304 (pg. 7)
Paul v. USA 8th Circ. 14-1832 USSCt

43.

with the real bullet in the head.

Everything else I believe is already known which followed that.

The gun I got from a burglary off Higden Ferry Road, New Oscar Point and Amity. It was a brown and yellow house and part of the yard was fences. It was in the morning that I broke into the house and found the guns in a closet. I think I recall that they were in a box on the closet floor. I also took some things out of the ice box and some change and silver dollars. Actually I had gotten two guns from there, a .357 and the .38 I used to shoot Mr. Williams. The .357 I had already sold.

Under penalty of perjury I hereby swear that the foregoing is true and correct to the best of my information and belief.

Trinity E. Ingle

Dated this 11 day of February, 2005.



A02255

(pg 43)

Paul v. USA 7th circ. 14-1882 USS CT Authenticated on 7/11/13 (4) again on - 4/11/14, by Public Defender 44.

Unit Mgr. Bayless; 5/08/14 & 6/10/14 [Jennifer A. Merrigan]

Will You Please review these pgs. (&) note that I did get confirmation from my Attorney that Trinity Ingle did write (&) sign that affidavit, Titled: Declaration of Trinity E. Ingle; (&)

I have a copy of this in my central file.

I would like (BOP) (SIS) or appropriate staff to present the Affidavit (&) certify he confirms the text (&) signature; Because for some reason, Not disclosed to me; the courts refusing to acknowledge any obligation to release or lower the penalty, for 7.5 yrs now.

Please confirm my lawyers are my lawyers & that this Affidavit is genuine (&) note that I am indigent due to Copyright infringement (&) suffering medical (&) psychological injury due to bad Dental, dermal, vision care (&) the rape of my wife estrangement etcetera.

Please respond (&) return papers.

Sincerely, Jeffery Paul (05172-042) 417cell / C Range

Paul -
The BOP/SIS is not authorized to authenticate the document. Therefore, the BOP can not state the document is genuine.
-M Bayless, 8/2/13

(pg 44)

AIDING & ABETTING

SD/IN Paul v. Superintendent 2:13 cv. 304 (pg. 9)

US V. YOSSUNTHORN, 167 F3d 1267 (9th Cir. 1999)
To support attempt conviction, conduct cannot be mere preparation, but must be a substantial step strongly corroborative of the firmness of a defendant's criminal intent.

US V. HEATH, 188 F3d 916 (7th Cir. 1999)
US V. ANDERSON, 174 F3d 515 (5th Cir. 1999)
Two types of conduct that fail to prove aiding and abetting are "mere presence" and "guilt by association."

US V. ROMERO, 189 F3d 576 (7th Cir. 1999)
Attempt requires the intent to commit a crime plus a substantial step toward its commission.

US V. DADI, 235 F3d 945 (5th Cir. 2000)
US V. BEUTENMULLER, 29 F3d 973 (5th Cir. 1994)

1) To convict defendant of aiding and abetting, government must prove that defendant intentionally associated with criminal venture and sought by his action to make venture succeed.
2) To prove aiding and abetting, government must demonstrate beyond reasonable doubt that each element of offense that defendant is accused of aiding and abetting was committed by some other person.

US V. SAMUELS, 308 F3d 662 (6th Cir. 2002)
Attempt to aid and abet is not a crime.

US V. DOWNS-MOSES, 320 F3D 253 (1st Cir. 2003)
Defendant's mere presence at scene or even knowledge that crime is being committed is generally insufficient to establish aiding and abetting.

US V. LINWOOD, 142 F3d 418 (7th Cir. 1998)
Aiding and abetting by its very nature, requires proof that actor engaged in some type of overt act.

US V. GUERRERO, 114 F3d 332 (1st Cir. 1997)
US V. DAVIS, 61 F3d 291 (5th Cir. 1995)
To prove aiding and abetting liability, government needs to establish that defendants participated in venture and sought by their actions to make it succeed.

---

US V. MORENO, 102 F3d 994 (9th Cir. 1996)
US V. ARTHURS, 73 F3d 444 (1st Cir. 1996)
Duress defense has three elements; (1) immediate threat of serious bodily injury or death; (2) well-grounded belief that threat will be carried out; and (3) no reasonable opportunity to escape or otherwise to frustrate threat.

meaning should, therefore, be spelled out in more detail in the section as is done by the amendment."

**1966 Acts.** Senate Report No. 1797, see 1966 U.S. Code Cong. and Adm. News, p. 3663.

**References in Text**

Section 408 of the Controlled Substances Act, referred to in subsec. (h), is classified to section 848 of Title 21, Food and Drugs.

## § 2255. Federal custody; remedies on motion attacking sentence

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(June 25, 1948, c. 646, 62 Stat. 967; May 24, 1949, c. 139, § 114, 63 Stat. 105; Apr. 24, 1996, Pub.L. 104–132, Title I, § 105, 110 Stat. 1220.)

### HISTORICAL AND STATUTORY NOTES

**References in Text**

Section 408 of the Controlled Substances Act, referred to in text, is classified to section 848 of Title 21, Food and Drugs.

## [§ 2256. Omitted]

### HISTORICAL AND STATUTORY NOTES

**Codifications**

This section as added by Pub. L. 95–598, Title II, § 250(a), Nov. 6, 1978, 92 Stat. 2672, effective June 28, 1984, pursuant to Pub. L. 95–598, Title IV, § 402(b), Nov. 6, 1978, 92 Stat. 2682, as amended by Pub. L. 98–249, § 1(a), Mar. 31, 1984, 98 Stat. 116; Pub. L. 98–271, § 1(a), Apr. 30, 1984, 98 Stat. 163; Pub. L. 98–299, § 1(a), May 25, 1984, 98 Stat. 214; Pub. L. 98–325, § 1(a), June 20, 1984, 98 Stat. 268 [set out as an Effective and Applicability Provisions note preceding section 101 of Title 11, Bankruptcy], read as follows:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(June 25, 1948, c. 646, 62 Stat. 964; May 24, 1949, c. 139, § 112, 63 Stat. 105; Sept. 19, 1966, Pub.L. 89-590, 80 Stat. 811.)

## § 2242. Application

Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known.

It may be amended or supplemented as provided in the rules of procedure applicable to civil actions.

If addressed to the Supreme Court, a justice thereof or a circuit judge it shall state the reasons for not making application to the district court of the district in which the applicant is held.

(June 25, 1948, c. 646, 62 Stat. 965.)

## § 2243. Issuance of writ; return; hearing; decision

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

(June 25, 1948, c. 646, 62 Stat. 965.)

## § 2244. Finality of determination

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

Attached Exhibit Page -

Subject:cite Caselaw delineating The Standard of Review for Pro-Se prisoners litigation,with respect for Liberal-Jurisprudence (&)Due-Process...

---------------------

Case in point-In The United States Supreme Court -2007 -

Lorenzo L.Jones,Petitioner V.Barbara Bock,et al.Warden-(No.05-7058)

Timothy Williams,Petitioner V.William S.Overton,et al.-(No.05-7142)

John H.Walton,Petitioner V.Barbara Bouchard,et al. -(No.549 U.S.-,127 S.Ct.910,166 L.Ed.2d 798 ,2007-U.S.LEXIS 1325

Decision-excerpt:(3)...allows Court to proceed with exhausted claims when initial complaint contains both exhausted(&)unexhausted claims.

(ie).."The US Supreme Court finds that The Congress does maintain that when a complaint contains both "GOOD"(&)"BAD" claims,a Court should proceed with The Good,(&)leave The Bad claims..."

---------------------

Sincerely,

* [signature]

Jeffery W.Paul-10517042
USP Terre Haute,IN.-
Federal Death Row

IN THE SOUTHERN DISTRICT OF INDIANA

Paul V.SUPERINTENDENT Case No.2:13 cv 304 -CAPITAL CASE-

-TABLE OF CONTENTS-

2/TWO PAGES-Motion for Due Process-

4/FOUR PAGES-Exhibits-front(&)back copy-
Marked-Pgs.1-8.at top-highlighted

4/FOUR PAGES-Exhibits-front copy -
Marked-Pgs.9-12.at top-highlighted

----------------

Total of 10/TEN Pages included a Legal Material(&) Form of Plea to The United States District Court for The Southern District of INDIANA-

Mixed Media including Copy of Posted Excerpts(&)Green highlighted marker on handwritten numbers...

-----------------

Done This Day-(3/29/15)

Signed *Jeffery William Paul* *

Jeffery William Paul Rg#10517042
Petitioner(Pro-Se)
USP Terre Haute,IN.-SCU/Death Row