**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JEFFERY WILLIAM PAUL, Petitioner, | CIVIL ACTION (Capital Habeas Corpus) |
| v. | No. 2:13-cv-00304-WTL-WGH |
| SUPERINTENDENT, USP Terre Haute, UNITED STATES OF AMERICA Respondents. | **Hon. William T. Lawrence** **United States District Judge** |

## MOTION FOR EXTENSION OF TIME TO FILE AMENDED PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, Jeffery William Paul, through undersigned counsel, respectfully requests a ninety (90) day extension of time for the filing of an amended petition, and in support submits the following:

1. Petitioner is a death-sentenced federal prisoner currently incarcerated at the United States Penitentiary at Terre Haute ("USP-Terre Haute"). Petitioner was convicted and sentenced to death in the United States District Court for the Western District of Arkansas. His conviction and sentence were affirmed on appeal. United States v. Paul, 217 F.3d 989 (8th Cir. 2000) (cert. denied Oct. 1, 2001). Petitioner filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255, which was denied. That denial was affirmed on appeal. United States v. Paul, 534 F.3d 832 (8th Cir. 2008) (cert. denied Oct. 5, 2009).

2. Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus in this Court on August 8, 2013. Dkt. No. 1. On April 18, 2014, Petitioner filed a *pro se* motion requesting that

counsel be appointed. Dkt. No. 11. On April 29, 2014, the Federal Community Defender Office for the Eastern District of Pennsylvania ("FCDO") filed a Motion to Appoint Counsel on Petitioner's behalf. Dkt. No. 24. This Court granted Petitioner's April 29, 2014 appointment motion, appointed the FCDO to Petitioner's case, and granted Petitioner through July 11, 2014 to file an Amended Petition for a Writ of Habeas Corpus or take any other action as the case warranted. Dkt. Nos. 25, 26.

3. On July, 9, 2014, Petitioner filed an Unopposed Motion for Extension of Time to File Amended Petition for a Writ of Habeas Corpus and requested an additional ninety (90) days in which to conduct the research and investigation necessary to file a professionally adequate amended petition. Dkt. No. 36.

4. On September 17, 2014, Petitioner filed a Motion for Order Permitting Mental Health Evaluations and requested that this Court order USP-Terre Haute to permit two forensic psychiatrists access to Petitioner for the purpose of evaluating his mental health. Dkt. No. 38. On September 24, 2014, Respondents filed a Motion to Dismiss, wherein they requested that Petitioner's requested mental health evaluations be denied and his *pro se* habeas petition be dismissed. Dkt. Nos. 39 and 40. On October 1, 2014, Petitioner filed his Answer in Opposition to Respondents' Motion to Dismiss. Dkt. No. 42. On October 9, 2014, Petitioner also requested an additional ninety days in which to complete his habeas petition. Dkt. No. 43.

5. On December 1, 2014, this Court granted Petitioner's request for mental health evaluations and denied Respondents' Motion to Dismiss. Dkt. Nos. 44, 45 The Court also granted Petitioner's then-pending extension motions, ordered that Petitioner had until February 4, 2015 to file his Amended Petition for writ of Habeas Corpus, and ordered USP-Terre Haute to

grant the mental health experts access to "records pertinent to his mental health condition and/or treatment ... ." Dkt. Nos. 44, 45.

6. On February 3, 2015, Petitioner requested an additional ninety days to research, investigate, and file his amended petition. Dkt. No. 46. Petitioner simultaneously filed a Motion for the Production of Petitioner's Prison Records within Ten Days, and requested that the Bureau of Prisons ("BOP") be ordered to disclose Petitioner's prison records within ten days of the Court's order. Dkt. No. 47. In both of his motions, FCDO counsel averred that Petitioner had a significant history of mental illness and that counsel were obligated to investigate Petitioner's mental health status. See Dkt. No. 46 at 3; Dkt. No. 47 at 3. Pursuant to this obligation, the undersigned arranged for mental health evaluations of Petitioner, which were scheduled and completed in December 2014. It was also necessary for counsel to obtain and review a complete copy of Petitioner's prison records from the Bureau of Prisons ("BOP"), as these records contained information on his medical, mental health, and behavioral functioning. Dkt. No. 46 at 3; Dkt No. 47 at 3-4.

7. Both of Petitioner's February 3, 2015 motions also explained that FCDO counsel had diligently attempted to procure Petitioner's complete BOP records, but that their requests for Petitioner's prison records had gone unanswered. Petitioner noted in his motions that, on September 11, 2014, counsel had filed a Freedom of Information Act ("FOIA") request for Petitioner's medical, mental health, and central file records in the possession of the Bureau of Prisons ("BOP"). Counsel had asked that this request be expedited. The BOP granted Petitioner's request for expedited status on September 17, 2014. Having failed to receive the records, FCDO counsel requested a status update on the pending records request on October 21,

2014 and the Bureau of Prisons requested a payment of $664.80 for search and copying costs. The FCDO provided a check for this amount, which the BOP deposited on November 25, 2014. On December 16, 2014, FCDO counsel made a second request for a status update from the BOP. That same day, Petitioner made a records request directly to USP-Terre Haute based on this Court's December 1, 2014 Order compelling the disclosure of records pertinent to the mental health evaluations. Despite counsel's efforts, as of February 3, 2015, the BOP had failed to provide the requested records. See Dkt. No. 46 at 3-4; Dkt No. 47 at 3-4.

8. On February 17, 2015, the Government filed the United States' Response to Petitioner's Motion for the Production of Petitioner's Prison Records within Ten Days. Dkt. No. 48. In its Response, the Government indicated that it had communicated with BOP Deputy Regional Counsel Richard Winter, Esquire, who had stated that the records that Petitioner had requested from his FOIA request were sent to counsel by First Class Mail on February 11, 2015. Dtk. No. 48 at 2.

9. FCDO counsel did not receive any February 11, 2015 correspondence from the BOP, or any other correspondence from the BOP in February. When counsel had still not received the requested records as of March 4, 2015, FCDO personnel contacted Mr. Winter directly and inquired as to the status of the records. In response to the FCDO's inquiry, Mr. Winter stated that the records had been sent on February 11, 2015. When Mr. Winter was informed that counsel had received neither a February 11, 2015 correspondence nor the records, Mr. Winter arranged for BOP personnel to send a copy of Petitioner's records by Federal Express on March 9, 2015. Counsel received a copy of the BOP's response to Petitioner's record request on March 10, 2015.

10. However, although the BOP disclosed 2692 pages of Petitioner's prison file, the BOP's disclosure did not comply with Petitioner's FOIA request in full. Claiming that five FOIA exemptions applied to portions of the requested records, the BOP withheld 105 pages in their entirety and withheld portions of 131 additional pages.[1]

11. Both of Petitioner's February 3, 2015 motions are still pending before this Court. If Petitioner's pending extension request was granted, then his Amended Petition would be due on May 5, 2015.

12. Petitioner requests an additional ninety (90) days to file Petitioner's Amended Petition for a Writ of Habeas Corpus. As noted above, the BOP recently disclosed over 2600 pages of Petitioner's prison records. Petitioner respectfully requests an additional ninety (90) days to file his Amended Petition so that the mental health experts can review and comment on these records.

13. Additionally, BOP has failed to disclose Petitioner's entire BOP file. As discussed in Petitioner's Motion for the Production of Petitioner's Prison Records with Ten Days, in order to conduct a complete analysis of Petitioner's mental health functioning, counsel and the mental health experts require access to *all* of Petitioner's available institutional, medical, and mental health records. Dkt. No. 47 at 3-4. The BOP has withheld over 105 pages in of records in their entirety and also withheld portions of 131 additional pages. Counsel intend to

---

[1] The exemptions claimed by the BOP are as follows: 5 U.S.C. §§ 552 (b)(3) (records are specifically exempted from disclosure by statute); (b)(6) (constitutes a clearly unwarranted invasion of personal privacy), (b)(7)(C) (constitutes an unwarranted invasion of personal privacy), (b)(7)(E) (discloses investigative techniques and procedures); and (b)(7)(F) (could reasonably be expected to endanger the life or physical safety of any individual). See BOP Correspondence (attached as Exhibit A).

file a Renewed Motion for the Production of Petitioner's Prison Records within Ten Days so that the BOP will comply with this Court's December 1, 2015 order and disclose the remaining records to counsel. Petitioner requires an additional ninety (90) days to acquire the missing records, review them, and provide them to the mental health experts.

WHEREFORE, Petitioner respectfully requests leave for an extension of ninety (90) days, until August 3, 2015, to file his Amended Petition for a Writ of Habeas Corpus. (A proposed Order accompanies this motion.)

Respectfully submitted,

/s/ Shawn Nolan
SHAWN NOLAN
BILLY H. NOLAS
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

Dated: May 4, 2015

**CERTIFICATE OF SERVICE**

I, Shawn Nolan, hereby certify that on this 4th day of May, 2015, this Motion for Extension of Time to File Amended Petition for a Writ of Habeas Corpus has been served via the Electronic Case Filing system on the following counsel of record:

Winfield D. Ong, Esq.
Assistant United States Attorney
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048

/s/ Shawn Nolan
SHAWN NOLAN