**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JEFFREY WILLIAM PAUL,<br>Petitioner,<br>v.<br>SUPERINTENDENT, USP Terre Haute,<br>UNITED STATES OF AMERICA<br>Petitioner | CIVIL ACTION<br>(Capital Habeas Corpus)<br>2:13-CV-00304-WTL-WGH<br>**Hon. William T. Lawrence**<br>**United States District Judge** |

**RENEWED MOTION FOR THE PRODUCTION OF PETITIONER'S PRISON RECORDS**

Petitioner, Jeffery William Paul, through counsel, respectfully requests that this Court grant his Renewed Motion for the Production of Petitioner's Prison Records, and order the Bureau of Prisons to provide Petitioner's counsel with a complete copy of his prison records within thirty (30) days of service of this Court's Order. In support of his request, Petitioner states as follows:

**INTRODUCTION**

1. Petitioner is a death-sentenced federal prisoner currently incarcerated at the United States Penitentiary at Terre Haute ("USP-Terre Haute"). The Federal Community Defender Office for the Eastern District of Pennsylvania ("FCDO") was appointed to represent Petitioner in habeas corpus proceedings before this Court. As a part of the FCDO's representation of Petitioner, FCDO counsel are obligated to conduct an investigation into Petitioner's mental health history and functioning. This investigation includes arranging for mental health evaluations (which counsel have done) and the review of all prison records relating

to Petitioner's mental health. Consistent with this obligation, on December 1, 2014, this Court ordered USP-Terre Haute to grant the mental health experts access to all of Petitioner's records that were pertinent to his mental health condition and treatment. Counsel has attempted to obtain a complete copy of these records from the Bureau of Prisons ("BOP") through a Freedom of Information Act ("FOIA") request filed with the BOP in September 2014 and then by making a records request on December 16, 2014 to USP-Terre Haute based on this Court's December 1, 2014 Order. Although the BOP responded to Petitioner's FOIA request with a disclosure of records, this disclosure omitted at least 105 pages of records in their entirety and redacted portions of an additional 131 pages. To date, the BOP has not responded to Petitioner's December 16, 2014 records request. Based on Petitioner's long mental health history and a review of the records that the BOP did disclose, it is apparent that the BOP failed to provide counsel with all records pertinent to his mental health evaluations. Because the BOP has failed to respond to Petitioner's December 16, 2014 request for records relevant to his mental health, failed to disclose relevant records in response to Petitioner's FOIA request, and does not have sufficient ability to discern what records are relevant to Petitioner's mental health evaluation, Petitioner respectfully requests that the BOP be compelled to disclose all of Mr. Paul's prison records to counsel, including any records that the BOP withheld in its response to Petitioner's FOIA request.

## FACTUAL AND PROCEDURAL HISTORY

2. Petitioner is a death-sentenced federal prisoner currently incarcerated at the United States Penitentiary at Terre Haute ("USP-Terre Haute"). Petitioner was convicted and sentenced to death in the United States District Court for the Western District of Arkansas. His conviction and sentence were affirmed on appeal. United States v. Paul, 217 F.3d 989 (8th Cir.

2000) (cert. denied Oct. 1, 2001). Petitioner filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255, which was denied. That denial was affirmed on appeal. United States v. Paul, 534 F.3d 832 (8th Cir. 2008) (cert. denied Oct. 5, 2009).

3. Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus in this Court on August 8, 2013. Dkt. No. 1. On April 18, 2014, Petitioner filed a *pro se* motion requesting that counsel be appointed. Dkt. No. 11. On April 29, 2014, the FCDO filed a Motion to Appoint Counsel on Petitioner's behalf. Dkt. No. 24. This Court granted Petitioner's April 29, 2014 appointment motion, appointed the FCDO to Petitioner's case, and granted Petitioner through July 11, 2014 to file an Amended Petition for a Writ of Habeas Corpus or take any other action as the case warranted. Dkt. Nos. 25, 26.

4. On July, 9, 2014, Petitioner filed an Unopposed Motion for Extension of Time to File Amended Petition for a Writ of Habeas Corpus and requested an additional ninety (90) days in which to conduct the research and investigation necessary to file a professionally adequate amended petition. Dkt. No. 36.

5. On September 17, 2014, Petitioner filed a Motion for Order Permitting Mental Health Evaluations and requested that this Court order USP-Terre Haute to permit two forensic psychiatrists access to Petitioner for the purpose of evaluating his mental health. Dkt. No. 38. On September 24, 2014, Respondents filed a Motion to Dismiss, wherein they requested that Petitioner's requested mental health evaluations be denied and his *pro se* habeas petition be dismissed. Dkt. Nos. 39 and 40. On October 1, 2014, Petitioner filed his Answer in Opposition to Respondents' Motion to Dismiss. Dkt. No. 42. In it, counsel argued that Mr. Paul had an extensive history of mental illness, and the evaluations were necessary to prepare his amended petition and to investigate his competency to be executed. Id. Counsel also argued that

Respondents' dismissal request lacked merit as Petitioner had not yet filed a counseled petition and Respondents were only speculating as to what Petitioner's habeas claims would ultimately be. Id. On October 9, 2014, Petitioner also requested an additional ninety days in which to complete his habeas petition. Dkt. No. 43.

6. On December 1, 2014, this Court granted Petitioner's request for mental health evaluations and denied Respondents' Motion to Dismiss. Dkt. Nos. 44, 45 The Court also granted Petitioner's then-pending extension motions, ordered that Petitioner had until February 4, 2015 to file his Amended Petition for writ of Habeas Corpus, and ordered USP-Terre Haute to grant the mental health experts access to "records pertinent to his mental health condition and/or treatment ... ." Dkt. Nos. 44, 45.

7. On February 3, 2015, Petitioner requested an additional ninety days to research, investigate, and file his amended petition. Dkt. No. 46. Petitioner simultaneously filed a Motion for the Production of Petitioner's Prison Records within Ten Days, and requested that the BOP be ordered to disclose Petitioner's prison records within ten days of the Court's order. Dkt. No. 47.

8. Both of Petitioner's February 3, 2015 motions also explained that FCDO counsel had diligently attempted to procure Petitioner's complete BOP records, but that their requests for Petitioner's prison records had gone unanswered. Petitioner noted in his motions that, on September 11, 2014, counsel had filed a Freedom of Information Act ("FOIA") request for Petitioner's medical, mental health, and central file records in the possession of the BOP. Counsel had asked that this request be expedited. The BOP granted Petitioner's request for expedited status on September 17, 2014. Having failed to receive the records, FCDO counsel requested a status update on the pending records request on October 21, 2014 and the Bureau of

Prisons requested a payment of $664.80 for search and copying costs. The FCDO provided a check for this amount, which the BOP deposited on November 25, 2014. On December 16, 2014, FCDO counsel made a second request for a status update from the BOP. That same day, Petitioner made a records request directly to USP-Terre Haute based on this Court's December 1, 2014 Order compelling the disclose of records pertinent to the mental health evaluations. Despite counsel's efforts, as of February 3, 2015, the BOP had failed to provide the requested records. See Dkt. No. 46 at 3-4; Dkt No. 47 at 3-4.

9. On February 17, 2015, the Government filed the United States' Response to Petitioner's Motion for the Production of Petitioner's Prison Records within Ten Days. Dkt. No. 48. In its Response, the Government indicated that it had communicated with BOP Deputy Regional Counsel Richard Winter, Esquire, who had stated that the records that Petitioner had requested from his FOIA request were sent to counsel by First Class Mail on February 11, 2015. Dkt. No. 48 at 2. Respondents further indicated that, as Petitioner was receiving his requested records in response to his FOIA request, the pending records motion was moot. Id.

10. FCDO counsel did not receive any February 11, 2015 correspondence from the BOP, or any other correspondence from the BOP in February. When counsel had still not received the requested records as of March 4, 2015, FCDO personnel contacted Mr. Winter directly and inquired as to the status of the records. In response to the FCDO's inquiry, Mr. Winter stated that he believed that the records had been sent on February 11, 2015. When Mr. Winter was informed that counsel had received neither a February 11, 2015 correspondence nor the records, Mr. Winter arranged for BOP personnel to send a copy of Petitioner's records by Federal Express on March 9, 2015. Counsel received a copy of the BOP's response to Petitioner's record request on March 10, 2015.

11. Although the BOP disclosed 2692 pages of Petitioner's prison file, the BOP's disclosure did not comply with Petitioner's FOIA request in full. Claiming that five FOIA exemptions applied to portions of the requested records, the BOP withheld 105 pages in their entirety and withheld portions of 131 additional pages.[1] See Dkt. No. 55, Exh. A.

12. On May 4, 2015, Petitioner requested an additional ninety days so that the experts could review the new prison records and so that counsel could acquire the remainder of Petitioner's prison records. Dkt. No. 55.

13. To date, the BOP has not directly responded to Petitioner's December 16, 2014 records request based on this Court's December 1, 2014 Order granting the mental health experts access to "records pertinent to [Mr. Paul's] mental health condition and/or treatment ... ." Dkt. No. 45.

## ARGUMENT

**THE BUREAU OF PRISONS SHOULD BE COMPELLED TO DISCLOSE PETITIONER'S ENTIRE PRISON RECORD TO FCDO COUNSEL SO THAT COUNSEL AND THE MENTAL HEALTH EXPERTS CAN REVIEW ALL BOP RECORDS RELEVANT TO PETITIONER'S MENTAL HEALTH CONDITION AND TREATMENT.**

14. Undersigned counsel have an obligation to obtain and review Petitioner's prison records. The American Bar Association's 2003 Guidelines for the Appointment and Performance of Defense Counsel in Capital Cases makes clear that "[c]ounsel at every stage have an obligation to conduct thorough and independent investigations relating to the issues of both guilt and penalty." Guideline 10.7, ABA Guidelines for the Appointment and Performance

[1] The exemptions claimed by the BOP are as follows: 5 U.S.C. §§ 552 (b)(3) (records are specifically exempted from disclosure by statute); (b)(6) (constitutes a clearly unwarranted invasion of personal privacy), (b)(7)(C) (constitutes an unwarranted invasion of personal privacy), (b)(7)(E) (discloses investigative techniques and procedures); and (b)(7)(F) (could reasonably be expected to endanger the life or physical safety of any individual). See Dkt. No. 55.

of Defense Counsel in Death Penalty Cases ("ABA Guidelines") (reprinted in 31 Hofstra L. Rev. 913 (Summer 2003)). See, also, ABA Guideline 10.11 ("counsel at every stage have a continuing duty to investigate issues bearing upon penalty and to seek information that supports mitigation or rebuts the prosecution's case in aggravation"). This duty to investigate includes gathering all available medical, mental health, and institutional records. ABA Guideline 10.7, Commentary.

15. Furthermore, as described in Petitioner's Answer in Opposition to Respondents' Motion to Dismiss and his initial Motion for Order Permitting Mental Health Evaluations, Petitioner has longstanding mental health issues which are deeply integrated into the history of his case. Dkt. No. 38 at 2-3; Dkt. No. 42 at 7-10. An investigation into Petitioner's mental health, medical, and prison history is necessary for the undersigned's investigation of Petitioner's habeas claims and necessary to investigate Petitioner's competency to be executed. See id. at 7-14 (discussing Petitioner's mental health history and its potential relevance to section 2241 litigation). After this Court issued its December 1, 2014 Order, both forensic psychiatrists conducted their evaluations of Petitioner in December 2014. It is necessary for both experts to review Petitioner's complete prison records in connection with their analyses.

16. Consistent with counsel's obligation to investigate Petitioner's mental health functioning and gather all records relevant to this inquiry, this Court ordered USP-Terre Haute to provide the mental health experts evaluating Petitioner with access "to records pertinent to [Petitioner's] mental health condition and/or treatment ... ." Dkt. No. 45.

17. However, the BOP has not complied with this Court's December 1, 2014 Order. The BOP's March 9, 2015 disclosure withheld 105 pages of Mr. Paul's records in their entirety and redacted portions of 131 additional pages pursuant to a number of FOIA exemptions.

Neither the records nor the correspondence that accompanied this disclosure contained any indication that an attempt was made to review Mr. Paul's prison records for materials relevant to his mental health. Moreover, there is no indication that the BOP personnel who determined what materials would be redacted had any mental health training, were familiar with Mr. Paul's mental health issues, or were otherwise able to discern what materials would be relevant to his mental health functioning. This is not surprising, as the BOP's response did not purport to answer this Court's December 1, 2014 Order, but rather Petitioner's September 2014 FOIA request. The determination of what records were provided to counsel was apparently based solely on FOIA and nothing else. Given the forgoing, as well as the extensive nature of Mr. Paul's mental health history, see, e.g., Dkt. No. 42 at 7-10, Petitioner submits that the BOP has failed to disclose all records that are relevant to Mr. Paul's mental health.

18. FCDO counsel's review of the prison records further strengthens Petitioner's claim that the BOP's disclosure was incomplete. These new records contain repeated references to Petitioner's worsening mental health condition. These include, *inter alia*, diagnoses of Schizophrenia, Psychosis, Anxiety Disorder, Depression, and Schizotypal Personality Disorder with paranoid traits. See, e.g., BOP Health Services, Clinical Encounter, 10/24/13 (attached as Exhibit A); BOP Health Services, Clinical Encounter, 10/9/14 (attached as Exhibit B); BOP Psychological Data System, Clinical Intervention – Treatment Plan, 1/17/14 (attached as Exhibit C). They also include descriptions of Mr. Paul's delusional beliefs, emotional instability, erratic behavior, disorganized and tangential thinking, and tendency to engage in rapid, illogical speech that jumps from topic to topic. See, e.g., Exhs. A and B. Given the contents of these records, there is every reason to believe that the undisclosed records contain information relevant to the mental health evaluations.

19. Indeed, a review of the 131 pages with redacted portions reflects that information relevant to Mr. Paul's mental health functioning has, in fact, been withheld. For example, the redacted pages included a May 3, 2013 email that was sent from Melissa Bayless, a member of BOP staff, who was reviewing a call between Mr. Paul and one of his attorneys. See Email of Melissa Bayless, 5/3/13 (attached as Exhibit D).[2] Per the email, during this phone call, Mr. Paul made a suicidal statement to the attorney, who "continues to speak with him, although the things he is discussing with her *are delusional at best*, she seems to de-escalate the situation." Id. (emphasis added). The email requests that the correctional and psychological staff discuss what steps can be taken to "get [Mr. Paul] out of this mania he seems to be in. Every interaction, even when listening to him, is a screaming battle on his part and there is no reasoning with him." Id. Ms. Bayless comments that Mr. Paul appears to be in "some mental health unrest" and requests guidance. Id. The BOP redacted what appear to be 5-10 lines of text that immediately followed Ms. Bayless' discussion of Mr. Paul's delusional speech and that immediately preceded Ms. Bayless' discussion of Mr. Paul's mania, erratic behavior, and "mental health unrest." Id. Given the content of his email and the location of the redaction, Petitioner submits that the redacted portion of this email constitutes a record that is pertinent to his mental health status and/or treatment.

20. Additionally, Petitioner points out that Exhibit D is the sole email from correctional staff to the psychology department that FCDO counsel have received. Given the depth and duration of Mr. Paul's mental health issues as described in prior filings, Petitioner

[2] Undersigned counsel note with concern that BOP staff recorded and monitored an attorney-client communication when it recorded and reviewed this 2013 phone call. The undersigned are still investigating the BOP's conduct and reserve the right to address it in future filings.

submits that other emails of this nature have been generated, and are presumably contained in the missing 105 pages of records.

21. Mr. Paul's extensive mental health history, the extent to which these issues permeate his prison records, and that the BOP has redacted mental health evidence on the materials that counsel received all establish that the BOP has withheld evidence relating to Mr. Paul's mental health treatment and condition. As the BOP has failed to comply with the Court's December 1, 2014 Order and is not in a position to determine what records are relevant to Mr. Paul's mental health evaluation, Petitioner submits that the only way that counsel and the experts can be provided with all evidence relevant to a mental health evaluation is for counsel to review Petitioner's complete prison file themselves. Accordingly, Petitioner respectfully requests that the BOP be compelled to produce any and all records in its possession relating to Petitioner, including the 105 pages that the BOP failed to produce, unredacted versions of the 131 pages that had only been provided to counsel in part, and any emails that have been sent by BOP personnel regarding Mr. Paul. Counsel respectfully request that this Court impose a thirty (30) day time limit on the BOP.

WHEREFORE, for the foregoing reasons, Petitioner respectfully requests that this Court grant his Renewed Motion for the Production of Petitioner's Prison Records.

Respectfully Submitted,

/s/ Shawn Nolan
SHAWN NOLAN
BILLY H. NOLAS
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Dated: May 19, 2015

**CERTIFICATE OF SERVICE**

I, Shawn Nolan, Esq., hereby certify that on this 19th day of May, 2015, a copy of the forgoing was served via the Electronic Case Filing system on the following counsel of record:

Winfield D. Ong, Esquire
Assistant United States Attorney
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048

/s/ Shawn Nolan
SHAWN NOLAN