**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JEFFREY WILLIAM PAUL,<br><br>Petitioner,<br><br>v.<br><br>SUPERINTENDENT, USP Terre Haute,<br>UNITED STATES OF AMERICA<br><br>Petitioner | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>(Capital Habeas Corpus)<br><br>2:13-CV-00304-WTL-WGH<br><br>**Hon. William T. Lawrence**<br>**United States District Judge** |

**UNOPPOSED MOTION FOR EXTENSION OF TIME**
**TO FILE AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, Jeffery William Paul, through counsel, respectfully requests a ninety (90) day extension of time for the filing of an Amended Petition for Writ of Habeas Corpus. In support of his request, Petitioner states as follows:

1. Petitioner is a death-sentenced federal prisoner currently incarcerated at the United States Penitentiary at Terre Haute ("USP-Terre Haute"). Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus in this Court on August 8, 2013. Dkt. No. 1. On May 8, 2014, this Court appointed the Federal Community Defender Office for the Eastern District of Pennsylvania to represent Mr. Paul in these proceedings and directed counsel to file an amended petition on his behalf or take any other action as the case warranted. Dkt. Nos. 25, 26.

2. On September 17, 2014, Petitioner filed a Motion for Order Permitting Mental Health Evaluations and requested that this Court order USP-Terre Haute to permit two forensic psychiatrists access to Petitioner for the purpose of evaluating his mental health. Dkt. No. 38.

Respondents opposed this request.[1] Dkt. Nos. 39, 40. In support of his request for mental health evaluations, counsel argued that Mr. Paul had an extensive history of mental illness, and that the evaluations were necessary to prepare his amended petition and to investigate his competency to be executed. Dkt. Nos. 38, 42.

3. On December 1, 2014, this Court granted Petitioner's request for mental health evaluations and also ordered USP-Terre Haute to grant the mental health experts access to "records pertinent to his mental health condition and/or treatment ... ." Dkt. Nos. 44, 45.

4. On February 3, 2015, Petitioner requested an additional ninety days to research, investigate, and file his Amended Petition, which was due on February 4, 2015. Dkt. No. 46. Petitioner simultaneously filed a Motion for the Production of Petitioner's Prison Records within Ten Days, and requested that the BOP be ordered to disclose Petitioner's prison records within ten days of the Court's order. Dkt. No. 47.

5. Both of Petitioner's February 3, 2015 motions explained that FCDO counsel had diligently attempted to procure Petitioner's complete Bureau of Prisons ("BOP") records, but that their requests for Petitioner's prison records had gone unanswered. Petitioner noted in his motions that, on September 11, 2014, counsel had filed a Freedom of Information Act ("FOIA") request for Petitioner's medical, mental health, and central file records in the possession of the BOP. Counsel had asked that this request be expedited. The BOP granted Petitioner's request for expedited status on September 17, 2014. Having failed to receive the records, FCDO counsel requested a status update on the pending records request on October 21, 2014 and the Bureau of Prisons requested a payment of $664.80 for search and copying costs. The FCDO provided a check for this amount, which the BOP deposited on November 25, 2014. On December 16,

[1] Respondents had also moved to dismiss these habeas proceedings. This Court denied Respondents' Motion to Dismiss on December 1, 2014 as well. Dkt. Nos. 44, 45.

2014, FCDO counsel made a second request for a status update from the BOP. That same day, Petitioner made a records request directly to USP-Terre Haute based on this Court's December 1, 2014 Order compelling the disclose of records pertinent to the mental health evaluations. Despite counsel's efforts, as of February 3, 2015, the BOP had failed to provide the requested records. See Dkt. No. 46 at 3-4; Dkt No. 47 at 3-4.

6. On February 17, 2015, the Government filed the United States' Response to Petitioner's Motion for the Production of Petitioner's Prison Records within Ten Days. Dkt. No. 48. In its Response, the Government indicated that it had communicated with BOP Deputy Regional Counsel Richard Winter, Esquire, who had stated that the records that Petitioner had requested from his FOIA request were sent to counsel by First Class Mail on February 11, 2015. Dkt. No. 48 at 2. Respondents further indicated that, as Petitioner was receiving his requested records in response to his FOIA request, the pending records motion was moot. Id.

7. FCDO counsel did not receive any February 11, 2015 correspondence from the BOP, or any other correspondence from the BOP in February. When counsel had still not received the requested records as of March 4, 2015, FCDO personnel contacted Mr. Winter directly and inquired as to the status of the records. In response to the FCDO's inquiry, Mr. Winter stated that he believed that the records had been sent on February 11, 2015. When Mr. Winter was informed that counsel had received neither a February 11, 2015 correspondence nor the records, Mr. Winter arranged for BOP personnel to send a copy of Petitioner's records by Federal Express on March 9, 2015. Counsel received a copy of the BOP's response to Petitioner's record request on March 10, 2015.

8. Although the BOP disclosed 2692 pages of Petitioner's prison file, the BOP's disclosure did not comply with Petitioner's FOIA request in full. Claiming that five FOIA

exemptions applied to portions of the requested records, the BOP withheld 105 pages in their entirety and withheld portions of 131 additional pages.[2] See Dkt. No. 55, Exh. A. The BOP's March 9, 2015 submission addressed only counsel's FOIA request and did not purport to respond to this Court's December 1, 2014 Order granting access to records pertinent to Mr. Paul's mental health condition and/or treatment.

9. On May 4, 2015, Petitioner requested an additional ninety days so that the experts could review the new prison records and so that counsel could acquire the remainder of Petitioner's prison records. Dkt. No. 55. On May 19, 2015, Petitioner filed a Renewed Motion for the Production of Petitioner's Prison Records and requested that the BOP be compelled to disclose the remainder of Mr. Paul's prison records pursuant to this Court's December 1, 2014 Order. Petitioner's February 3, 2015 and May 19, 2015 motions for the production of prison records are still pending, as are his February 3, 2015 and May 5, 2015 extension requests. If the extension requests are granted, then his Amended Petition will be due on August 3, 2015.

10. Petitioner requests an additional ninety (90) days to file his Amended Petition for a Writ of Habeas Corpus. As noted above and discussed in prior pleadings, this Court has ordered the production of prison records which are necessary for counsel's investigation of this case. Petitioner and Respondents are currently in negotiations regarding Petitioner's outstanding records request. The parties are close to negotiating a resolution to the Renewed Motion for the Production of Petitioner's Prison Records that would obviate the need for additional litigation on

[2] The exemptions claimed by the BOP are as follows: 5 U.S.C. §§ 552 (b)(3) (records are specifically exempted from disclosure by statute); (b)(6) (constitutes a clearly unwarranted invasion of personal privacy), (b)(7)(C) (constitutes an unwarranted invasion of personal privacy), (b)(7)(E) (discloses investigative techniques and procedures); and (b)(7)(F) (could reasonably be expected to endanger the life or physical safety of any individual). See Dkt. No. 55, Exh. A.

this issue. As such, Petitioner requests this additional time so that the parties can complete their negotiations and so that counsel can complete work on the Amended Petition.

11. On July 29, 2015, counsel for the Government indicated that Respondents have no objection to Petitioner's extension request.

WHEREFORE, for the foregoing reasons, Petitioner respectfully request leave for an extension of ninety (90) days to file his Amended Petition for a Writ of Habeas Corpus.

Respectfully Submitted,

/s/ Shawn Nolan
SHAWN NOLAN
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Dated: July 30, 2015

**CERTIFICATE OF SERVICE**

I, Shawn Nolan, Esq., hereby certify that on this 30th day of July, 2015, a copy of the forgoing was served via the Electronic Case Filing system on the following counsel of record:

Winfield D. Ong, Esquire
Assistant United States Attorney
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048

Jeffrey A. Zick, Esquire
Trial Attorney
U.S. Department of Justice, Criminal Division
Capital Case Section
1331 F Street, NW, 6th Floor
Washington, DC 20005

/s/ Shawn Nolan
SHAWN NOLAN