(8th Circ Appeals Court)

1.

## JURISDICTIONAL STATEMENT

Appellant Jeffery Paul was convicted and sentenced to death for the crime of murder on federal land, and the use of a firearm in relation to a crime of violence. See 18 U.S.C. §§1111, 924. This Court affirmed his conviction on appeal, *United States v. Paul,* 217 F.3d 989 (8th Cir. 2000). Mr. Paul on December 17, 2002, moved pursuant to 28 U.S.C. § 2255 to set aside his conviction and sentence in the United States District Court for the Western District of Arkansas, alleging that his conviction and sentence were obtained in violation of the laws and Constitution of the United States. The district court denied the motion, without a hearing, in an order and judgment issued on January 31, 2005, and on June 27, 2005, denied appellant's timely filed motion to reconsider filed pursuant to Federal Rule of Civil Procedure 59(e). A timely notice of appeal to this Court was filed by appellant on August 24, 2005. This Court, on January 25, 2007, issued a certificate of appealability. The district court order denying relief is unpublished and is reproduced in the Addendum at 1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

(pg.#)

OFFICE OF THE FEDERAL PUBLIC DEFENDI
FOR THE DISTRICT OF DELAW,

EDSON A. BOSTIC
FEDERAL PUBLIC DEFENDER

KARL D. SCHWARTZ
CHIEF, CAPITAL HABEAS UNIT

JENNIFER A. MERRIGAN
ASSISTANT DEFENDER,
CAPITAL HABEAS UNIT

July 11, 2013

Jeffery Paul, # 10517-042
United States Penitentiary
P.O.Box 33
Terre Haute, IN 47808-0033

Jeff,

It was good to talk to you today. I am enclosing the affidavit you requested. I ordered you the Almanac and Dictionary, you should receive them soon. I know that you have requested other books, and I have let the team know.

Sincerely,

Jennifer Merrigan

Enclosures

Ms. Jennifer Merrigan
800 King Street, Suite 200
Wilmington, DE 19801

(Cell Ph) 302/573/6010

Western District of
Arkansas; Hot Springs Division
U.S. v. Ingle
Case no. 97 3443
157 F3d 1147
(8th Cir. 1998)

8-258 (Rev. 8-5-91)

(9-5)

REPORT OF THE
INFORMATION RESOURCES DIVISION
~~FEDERAL BUREAU OF INVESTIGATION~~
WASHINGTON, D. C. 20535

To: SAC, Little Rock (Squad 5) October 30, 1996

FBI File No. 70A-LR-36698

Lab No. 60417026 E QL

Reference: Communication dated April 12, 1996

Your No.

Re: TRINITY EDWARD INGLES, aka;
JEFFERY WILLIAM PAUL, aka -
FUGITIVE (a);
SHERMAN WILLIAMS (DECEASED) - VICTIM;
HOT SPRINGS NATIONAL PARK,
HOT SPRINGS, ARKANSAS;
CGR - MURDER

Specimens received: April 16, 1996

Q7 One Nagra blue cassette magnetic tape dated "34222"

Result of examination:

Two processed stereo copies of Q7 were prepared in a cassette format. Each copy is contained on two cassette tapes in three parts with an overlap between parts.

SSA George W. Clark, Jr. conducted the examination.

Q7 and the processed copies were forwarded to your office under separate cover via Federal Express on June 13, 1996.

GOVERNMENT EXHIBIT "H"

AGENT COPY

SEARCHED ______ INDEXED ______
SERIALIZED ______ FILED ______
NOV - 1 1996
FBI - LITTLE ROCK

This Report Is Furnished For Official Use Only

Furthermore, as noted above, evidence presented at both trials established Ingle as the ringleader in these crimes:

»Ingle said he struck the victim first, App. 316;

»Ingle said he taped the victim's hands and feet, App. 319;

»Ingle chose to shoot the victim because he peeked at them, App. 319-20;

»Ingle said he shot the victim himself in the head and chest, App. 320;

»Ingle drove the car, T. 683, App. 258;

»Ingle paid for food and motel afterwards, App. 258;



»Ingle got rid of the gun, T. 1085, 1107; and,

»Ingle got rid of the car, App. 321.

Confirming Ingle's role as the driver, the only item of direct, physical evidence in the entire case was the fingerprint of co-defendant Trinity Ingle, found on the ashtray of the victim's car. T. 777-780.

(A-7)

County of Jefferson

State of Texas

Declaration of Trinity E. Ingle

My name is Trinity Ingle. I am over the age of 18 and competent to make the declarations contained herein.

On June 22, 1995 me and Jeff were downtown in Hot Springs by the Arlington Hotel. I was wanting to rob a shop downstairs. Jeff was high and was pretty much just following me where I was going to. I was high too otherwise I would not have been wanting to rob a shop in broad daylight. But so we're standing outside of the mall when Mr. Williams drove by. I had not slept for days and was high on Methamphetamine which can make you paranoid and was making me paranoid after ten days of it and not sleeping. It was one of those times where if things had gone different, if a cop car had come by or something like that, I would have just left, but when Mr. Williams drove by he looked at me and I just locked in on him. In my paranoia I knew he had seen the gun in my waistband and knew that now he knew what I was thinking to do by robbing the shop downstairs. So when he got out of the car I told Jeff to come on and follow me. At this point Jeff did not know what I was doing and so he wasn't arguing any about it yet. As far as I knew, Jeff did not know that I had a gun. I didn't tell Jeff about my suspicions of Mr. Williams, nor did I say anything to him about what I planned to do.

I followed Mr. Williams up the trail and Jeff was following me. I stopped him by asking him if he had the time. After he told us the time I pulled the gun out and told him to give up everything he had. When he didn't, I hit him and kicked him on the ground. By this time, Jeff was getting very nervous. He was trying to get me to leave, saying, "come on, let's go." But I wasn't about to leave, but I still had the gun in my hand and Jeff knew it.

I told Jeff to keep quiet and I tied the guy up with the tape. Then Jeff and I started back down the trail but when I looked back at him the guy was looking right at me. I turned to go back but Jeff grabbed me by the arm and said, "let's just leave him and get out of here." Jeff kept arguing with me but I yanked free of him holding me. I still had the gun in my hand and Jeff was looking at it as I held it in his direction. Even though Jeff didn't know what it was I was going back up the mountain for, I made sure he knew if he put his hands on me again trying to stop me I would have shot him, too, and it would have been two people left up on that mountain.

So I walked back up the trail and asked the guy if he was going to call the cops. He said no but of course I knew he was lying. So I stood over him and shot him in the chest but one shot was rat shot which I had forgot was in the chamber. I heard Jeff yelling at me to stop, but I turned back around and shot Mr. Williams

(pg 9.)

with the real bullet in the head.

Everything else I believe is already known which followed that.

The gun I got from a burglary off Higden Ferry Road, New Oscar Point and Amity. It was a brown and yellow house and part of the yard was fences. It was in the morning that I broke into the house and found the guns in a closet. I think I recall that they were in a box on the closet floor. I also took some things out of the ice box and some change and silver dollars. Actually I had gotten two guns from there, a .357 and the .38 I used to shoot Mr. Williams. The .357 I had already sold.

Under penalty of perjury I hereby swear that the foregoing is true and correct to the best of my information and belief.

Trinity E. Ingle

Dated this 11 day of February, 2005.

---

FROM: Berg, Laura
TO: 10517042
SUBJECT: RE: Doc's
DATE: 06/22/2015 01:21:15 PM

Hi jeff,

It's ok to be redundant. I had been out a couple days, so it took me a little while to respond. I'm really sorry about the shakedown. I'm sure it was upsetting. We'll see if we can help get your clothes back. I requested a legal call for later this week and we can talk about all this.

The short answer about the documents: Yes, Trinity's affidavit is authentic. But we need all your case records and prison records before filing a liberal brief. The government gave us some records, but they were redacted. We are working hard to get them ASAP.

I know you are eager to move forward. I don't blame you.

We'll talk soon, ok?

Laura

JEFFERY WILLIAM PAUL on 6/21/2015 6:34:18 PM wrote
Dear laura,
Sorry if this is redundant,Ive had a bad couple days-please resp-to this one okay?What doc's is Pete looking for if he already authenticated the affidavit from Trinity-isnt that enough-w/the Double jeopary issue(incrim)from trial counsel to RUSH(&) Guarantee a Statutory NEW TRIAL-?

[- Exhibit for: R. 60 FCR - AFFIDAVIT -] (9/11)

SPECIAL REPORT

# Decades of life stolen from men facing death



execution chamber in Huntsville, Texas

PAUL BUCK, AFP/GETTY IMAGES

USA TODAY WEDNESDAY, SEPTEMBER 16, 2015

## Journey from execution sentence to exoneration

Several condemned men recently exonerated from death row bring to life the issues raised in Justice Stephen Breyer's dissent from the Supreme Court ruling that upheld lethal injection:

▶ **Henry Lee McCollum** was a black teenager with an intellectual disability when he was convicted of raping and murdering an 11-year-old girl in North Carolina. He spent 30 years in prison before DNA found on a cigarette butt led to his exoneration. This month, he won $750,000 in compensation from a state commission. "I represented him for 20 years and could not get anyone's attention," says Ken Rose, senior staff attorney at the Center for Death Penalty Litigation in Durham. "It is the most frustrating experience to know that you might have an innocent client and that there's nothing you can do about it."

▶ **Ricky Jackson** served 39 years in prison for murder in Ohio based on the false testimony of a 12-year-old boy. He holds the record for time in prison before being exonerated, though his death sentence eventually was commuted to life without parole. "If Ricky's sentence had not been commuted, he already would have been executed by the time we proved his innocence," says Brian Howe, one of his lawyers at the Ohio Innocence Project.

▶ **Glenn Ford** languished on death row for nearly 30 years in Caddo Parish, La. — home to half the death sentences rendered in the state — after inexperienced lawyers couldn't convince an all-white jury in 1984 that he did not murder a Shreveport jeweler. His exoneration produced a mea culpa from one of the prosecutors, A.M. "Marty" Stroud. "At the time this case was tried, there was evidence that would have cleared Glenn Ford," Stroud wrote in *The Times* of Shreveport. After 15 months of freedom, Ford died of lung cancer June 29, the same day the Supreme Court upheld lethal injection.

**Richard Wolf**

Hilal v. USA 8th Cir. 14-1832 USSCt

[redacted] (Pg. 12) [redacted]

FCC Terre Haute

# Inmate Bulletin

## Institutional Operations for All Inmates

Due to an aggressive inmate on staff assault and recent intelligence concerning possible inmate on inmate and inmate on staff assaults all inmates will remain in Secured Cell status and scheduled visits in the General Population visiting Room will be suspended.

We will continue the Secured Cell status throughout the weekend in order to further evaluate security issues and concerns.

The reason for continued in cell activity throughout the weekend is to conduct interviews and evaluate the security issues and concerns prior to allowing the unit to return to normal operations.

On Monday, July 1, 2013, Executive Staff will re-evaluate and develop a progressive release plan base on the security needs of the institution.

6/30/2013
Date

J. F. Caraway, Warden

LEE V. CITY OF LOS ANGELES, 250 F3d 668 (9th Cir. 2001)
A detainee has a right under the Due Process Clause to be free from continued detention after it was or should have been known that the detainee was entitled to release.

ESTELLE V. GAMBLE, 429 US 97, 50 LEd2d 251, 97 SCt 285 (1976)
Detention beyond the termination of the sentence constitutes cruel and unusual punishment when it results from "deliberate indifference" to the prisoners interest in liberty.

YONG V. I.N.S., 208 F3d 1116 (9th Cir. 2000)
Special solicitude is required from courts with respect to habeas proceedings because the writ is intended to be a swift and imperative remedy in all cases of illegal restraint or confinement.

(913)

FROM: Legal
TO: 10517042
SUBJECT: RE:***Inmate to Staff Message***
DATE: 06/17/2015 10:32:01 AM

Mr. Paul,
If you need access to the discovery computer, the Electronic Law Library, or additional time in the law library to work on your appeals, please let staff know. You have access to a typewriter in the SCU. We do not provide word processing software. Additionally, we are not able to intervene in your court proceedings and we cannot assist you with any changes to your counsel. You will have to address those issues with the court.
~K. Siereveld

>>> ~^!"PAUL, ~^!JEFFERY WILLIAM" <10517042@inmatemessage.com> 6/17/2015 10:41 AM >>>
To: na
Inmate Work Assignment: na

Dear Sirs,

Please note that I am in my 19th YEAR of Captivity(&)still dont have my trial transcripts on disc or access to a word processor-which is direct cause of discursive correspondence which the USCA(8th )(&)WD/AR District(&)apparently SD/IN-construed as inculpatory-despite the fact that the corresp-was responsive(&)ref.points in contention being denied,rele.to an INNEFECTIVE ASSISTANCE OF COUNSEL-incrimination claim-if the court does not get a brief resolving the misunderstanding it will murder an innocent person,(&)currently-has wasted 10 YEARS of my life despite possessing MATERIAL EVIDENCE of My ABSOLUTE RIGHT to a new trial-please contact the appropriate desk at DOJ-est.a responsible Office(&)submit a memo on my behalf requesting a review of the procedural history(&)status of the case-I have a learning disability(&)thought I made my points clar on context but apparently am off points repeatedly...You know they have Jury Polls which reveal what the ruling is,from the GUILTY verdict...so when the Court says-Your Counsel was not inneffective-the answer is..."thats not true,clearly I am fully aware(&)participating in the crime...",obviously I plead not guilty-(&)am ref.a incriminiating viol.of my 4th,5th,6th(&)7th amdts-which is PRIMA Facie Evidence,but they obviously misread that/dont stay on point-point is I Plead NOT GUILTY-because I am innocent(&)Counsel repeatedly incriminated me...can you please contact someone because the SCU has procrastinated for 13 Consecutive YEARS!!!despite knowing I need to cross ref-transcripts(&)have a learning disability-I will be dead in 3 days from the date of exec-issued by judge(&)still havent had a Jury trial!This is a malicious violation of both my Constitutional rights(&)several legal codes under T-18.(&)I realy need to contact an UNBIASED Office of Federal Law-ive been unduly detained w/no effective grievance/process for 19 YEARS in PLAIN SIGHT(&)still dont have simple filing equipment upgrades rele-to a LEARNING DISABILITY,(&)am in real risk of death...theres no accountibility for this BUREAU(&)The Officers sincerely do not associate constitutional rights-ccrim.code as cognizable claims for persons accused of crimes/convicted...despite the fact that the USC was drafted to protect against that exact situation...(ie)the 1st amendment...to petition for redress...especially if your being unduly detained/tortured-discriminated against...this has been going on for decades in plain sight...I am being murdered,(&)suffering extreme deprivation.