In The U.S. Southern District of INDIANA

Pg.1.

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2016 OCT 14 PM 3:37
SOUTHERN DISTRICT OF INDIANA
LAURA A. BRIGGS
CLERK

Jeffery William Paul (Pro Se)
Appellant

VS.

Superintendent(et al)
Respondant

Case No#2:13 cv 304(WTL/MJD)

"HABEAS CORPUS"USC-Title 28-Ch.153-§2241-2255-Pro Se-Counsel Appointed-
-AMICUS PLEADING-

-------------------

- MOTION for ENTRY INTO THE RECORD Pursuant to EXTENT(&)SCOPE of PLEADING by The DEFENDANT byway of AMICUS,for Appointed Counsel to Redress a FUNDAMENTAL MISCARRIAGE OF JUSTICE,resulting in the conviction of an ACTUALLY INNOCENT Person -

Comes now the petitioner-Pro Se-does hereby amicus Plea,submit the abovestyled Motion pursuant to-Due Process-in a CAPITAL CASE,byway of FRCP-Rule 7(a),10(a,b,c)(&)8(e)-

(1.)The petitioner does submit Exhibit pgs.1.through 4.,cite:Cunningham V.California-Sct.(2007)-which clearly established the petitioners claim that violating my 7th amendment right to Jurisprudence was a fatal error,which clearly constitutes a statutory cause of action to reverse(&)remand,which the petitioner moves the Court to do now,because failing to do so,without a liberal disposition available,effectively maintains my imprisonment which is not lawfully imposed.

(2.)The petitioner does submit Exhibit pgs.5 through 7.,copy of the cover of the package received via LEGAL MAIL,from appointed Counsels Office,containing a complete copy of TRIAL TRANSCRIPTS from Case No# 6:96 cv 60022-001-USA VS. PAUL-Western District of ARKANSAS(1997)(JLH)-CAPITAL CASE/Death Sentence-the content of the transcripts,as well as other documents which prove my conviction/penalty are illegal,were impugned,but have since been authenticated,(&)contain CLEAR(&)CONVINCING evidence proving beyond any reasonable doubt that this petitioner had Plead NOT GUILTY,(&)intended to Present a DEFENSE,which was entirely omitted during Trial Counsels attempt to comply with terms of a Plea-

Continued...

Bargain,despite knowing this DEFENDANT had already refused such,(&) denied exactly that,allegation in the testimony,provided by my Trial Counsel in concurrence with the US Attorneys Perjured accusations... which means my Case/Conviction was unlawfully returned(&)requires a reversal(&)remand for a NEW TRIAL because its unfair,where clearly,none could consider I was innocent(&)I can prove I denied the crime.

(3.)The petitioner does submit Exhibit pgs.8 through 11.,copy of cite books,including most recently from,The 9th Circuit-U.S.VS.Miguel,338 F3d 995(2003)-showing collateral cause includes preventing the defendant from arguing theory of case...regardless of the attorneys opinion of the merits of the alibi,elsewhere...violates the defendants rights to to present their own defense,(&)in this case,constitutes a fatal error under RULE 61-preventing the Jury from considering innocence,(&)then on direct appeal from that,giving the Judge the right to adjudge the Guilt or Innocence to my detriment,again,with no defense,(&)in fact,a repititious admission of guilt entered by Counsel over my Objection,(&) in direct contradiction of my Claim that the case was premised upon a Conspiracy I was acquitted of(&)had eyewitness testimony available that was exhonerating,as well as demonstrable proffer proving beyond a reasonable doubt that the US Attorneys allegation was MATERIALLY PERJURED... meaning my case was Unlawfully affirmed on appeal(&)requires a reversal (&)remand for a NEW TRIAL.

Done This Day-10/10/16-

Respectfully Submitted,

Signed Jeffery William Paul

Jeffery William Paul Rg#10517042
USP Terre Haute,IN.
P.O.Box 33
Terre Haute,IN.
47808-0033

Certificate of service-

I,Jeffery Paul,do swear a true(&)correct copy of this motion was placed in The US Postal Service for The USDC/Southern District,relevant to the case no#2:13 cv 304(WTL/MJD)on 10/10 /2016-1st class postage-from USP-Terre Haute,IN.47808-

JOHN CUNNINGHAM, Petitioner
v
CALIFORNIA

549 U.S. —, 127 S. Ct. 856, 166 L. Ed. 2d 856, 2007 U.S. LEXIS 1324

[No. 05-6551]

Argued October 11, 2006.
Decided January 22, 2007.

**Decision:** California's determinate-sentencing system held to place sentence-elevating factfinding within trial judge's province, in violation of right to jury trial under Federal Constitution's Sixth and Fourteenth Amendments.

**Prior history:** 2005 Cal. LEXIS 7128

## SUMMARY

In Apprendi v. New Jersey (2000) 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435, 2000 U.S. LEXIS 4304, the United States Supreme Court held that, under the Federal Constitution's Sixth Amendment, any fact (other than a prior conviction) that exposes a defendant to a sentence in excess of the relevant statutory maximum must—unless admitted by the defendant—be (1) found by a jury, not a judge; and (2) established beyond a reasonable doubt, not merely by a preponderance of the evidence. Subsequently, the Supreme Court applied the Apprendi rule to facts permitting a sentence in excess of the "standard range" under a state's sentencing scheme (Blakely v. Washington (2004) 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403, 2004 U.S. LEXIS 4573). In United States v. Booker

(Pg.2)



(2005) 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621, 2005 U.S. LEXIS 628, (1) the Apprendi rule was applied to facts triggering a sentence-range elevation under the then-mandatory Federal Sentencing Guidelines, and (2) those Guidelines were made advisory only.

Under a determinate-sentencing system enacted by California in 1977, (1) most offenses were punishable by imprisonment for one of three fixed terms of years (lower term, middle term, or upper term); (2) the trial judge had no discretion to select a sentence within a range of years between those terms; (3) the judge was obligated to sentence a defendant to the middle term, unless the judge found facts that (a) were beyond the elements of the charged offense, (b) related to either the offense or the offender, and (c) would allow imposition of an upper-term or lower-term sentence; (4) the judge, and not the jury, had the authority to find aggravating facts that would permit a sentence to be elevated to an upper-term sentence; and (5) such aggravating facts needed to be established by only a preponderance of the evidence, not beyond a reasonable doubt.

Rules of Lenity

A defendant was tried and convicted in a California trial court of continuous sexual abuse of a child under the age of 14, an offense that was punishable by imprisonment for a lower-term sentence of 6 years, a middle-term sentence of 12 years, or an upper-term sentence of 16 years. In a post-trial sentencing hearing in 2003, the judge (1) found six aggravating circumstances by a preponderance of the evidence, (2) concluded that the aggravating circumstances outweighed a sole mitigating circumstance, and (3) sentenced the defendant to the upper term. The Court of Appeal of California affirmed.

(A.3)



The Supreme Court of California denied review (2005 Cal. LEXIS 7128), having decided in another case, 9 days earlier, that the judicial factfinding that occurred when a judge exercised discretion to impose an upper-term sentence under California's determinate-sentencing system did not implicate a defendant's Sixth Amendment right to a jury trial (People v. Black (2005) 35 Cal. 4th 1238, 113 P.3d 534, 29 Cal. Rptr. 3d 740, 2005 Cal. LEXIS 6566).

On certiorari, the United States Supreme Court reversed in part and remanded. In an opinion by GINSBURG, J., joined by ROBERTS, Ch. J., and STEVENS, SCALIA, SOUTER, and THOMAS, JJ., it was held that:

- California's determinate-sentencing system violated the jury-trial right under the Federal Constitution's Sixth and Fourteenth Amendments by (1) placing sentence-elevating factfinding within the judge's province, and (2) providing that circumstances in aggravation needed to be established only by a preponderance of the evidence, not beyond a reasonable doubt.
- California's system could not be justified as assertedly resembling the advisory federal sentencing-guidelines system installed by United States v. Booker.
- For Sixth Amendment purposes, it was beside the point that California's system required judge-determined sentences to be reasonable.

KENNEDY, J., joined by BREYER, J., dissenting, expressed the view that (1) the Apprendi line of cases was incorrect; (2) it might nonetheless be proper to distinguish between (a) sentencing enhancements based on the nature of the offense, where the Apprendi principle would apply, and (b) sentencing enhancements based on the nature of the offender, where the Apprendi principle would not apply; and (3) California's system had attempted to make this distinction.

(Pg. 4)



ALITO, J., joined by KENNEDY and BREYER, JJ., dissenting, expressed the view that California's sentencing system was indistinguishable in any constitutionally significant respect from the advisory guidelines scheme—with sentences subject to appellate review for reasonableness—that had been approved in United States v. Booker.

## COUNSEL

Peter Gold argued the cause for petitioner.

Jeffrey M. Laurence argued the cause for respondent.

(Pg. 5)

NEOPOST PRIORITY
08/16/2016
US POSTAGE $014.
ZIP 19
041L1125

8-18-16 1000
8-18-16 1030

8-18-16

X03-313L

Shawn Nolan, Attorney-At-Law

FEDERAL COMMUNITY DEFENDER OFFICE
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Capital Habeas Unit
FEDERAL COURT DIVISION - DEFENDER ASSOCIATION OF PHILADELPHIA
SUITE 545 WEST - CURTIS BUILDING
601 WALNUT STREET
PHILADELPHIA, PA 19106

**To**

Jeffery Paul, #10517042
U.S.P. Terre Haute
P.O. Box 33
Terre Haute, IN 47808

Counselor Sutton!

nly in the

l 28 C.S.R.

**SPECIAL MAIL-Open only i**
**presence of the inmate.**
**Person entitled to invoke**
**protection of special mail 28 C**
**Section 540.18**

USA v. Paul 6 96 CR 6,0022
WD / AR 1997
– CAPITAL CASE –

Rec'd 8/18/2016

(Pg. 6)

COPY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

VS. NO. 96-60022-001

JEFFERY WILLIAM PAUL DEFENDANT

---

Before HONORABLE JIMM LARRY HENDREN, U. S. District Judge, as follows:

JURY TRIAL
June 17 - 27, 1997
Hot Springs, Arkansas

VOLUME 2

---

APPEARANCES:

MR. STEPHEN SNYDER
U. S. Attorney's Office
P. O. Box 1524
Fort Smith, Arkansas 72902

ON BEHALF OF THE UNITED STATES OF AMERICA

MR. MARK WEBB
U. S. Attorney's Office
P. O. Box 1524
Fort Smith, Arkansas 72902

MR. STEVEN D. OLIVER
Bachelor, Newell & Oliver, P.
P. O. Box 1620
Hot Springs, Arkansas 71913

ON BEHALF OF THE DEFENDANT

MR. LYNN WILLIAMS
Wood, Smith, Schnipper & Clay
123 Market Street
Hot Springs, Arkansas 71901

---

WD/AR 6.96 - 6.22 ... Jeffery (pg. 7)

— Trial Transcripts - Excerpt



commission or perpetration of a robbery; that the said robbery and killing took place on federal property and that, therefore, such crimes amount to violations of federal law.

The second count may be summarized by saying that it alleg that on or about the twenty-second day of June, 1995, the defendant, Jeffery William Paul, and another individual known to the grand jury, while aiding and abetting each other, did knowingly carry and use a firearm during and in relation to a robbery, a crime of violence; that he did so on about June 22, 1995, as set forth in count one of the indictment; that in the course of the robbery, he caused the death of Sherman Williams by shooting him with the firearm in the commission or perpetration of the said robbery and attempted commission or perpetration of the robbery that the said robbery, carrying and use of the firearm, and killing took place on federal property and that, therefore, such crime amounts to a violation of federal law.

Keep in mind that each count charges a separate crime. You must therefore consider each count separately and return a separate verdict for each count.

✓ The defendant has plead not guilty to these charges. You will notice that both counts in the indictment allege that the defendant committed crimes mentioned therein while aiding and abetting another individual known to the grand jury. You were told that one Trinity Edward Ingle has been tried and convicted by another jury of similar charges relating to the death of the

TERRE HAUTE LAW LIBRARY
PROPERTY OF U.S.P.

# Federal Convictions Reversed

August/2010



PROPERTY OF U.S.P.
TERRE HAUTE LAW LIBRARY

The following are cases from United States Courts of Appeal and the United States Supreme Court. The opinions contain at least one point favorable to criminal defendants.

The purpose is to give Criminal Justice Act Panel Attorneys a shortcut to case law favoring their clients. All cases should be read in full and researched to be certain they are still viable. A precedent in one jurisdiction is not necessarily the law elsewhere. A one-line summary is insufficient to cite these cases without reading each first.

Editions that precede the date of this issue may be discarded. The collection is cumulative. New cases are added. Cases are removed when they have been overruled or superseded.

Editor
Alexander Bunin
Federal Public Defender
Northern District of New York

39 North Pearl Street, 5th Floor
Albany, New York 12207

Updates can be found at www.nynd-fpd.org. Editions are distributed by e-mail in Acrobat. An Acrobat reader can be downloaded free at www.adobe.com.

PROPERTY OF U.S.P.
TERRE HAUTE LAW LIBRARY

United ... 666
(5th Cir ... not
have be...
defend...

## Conflicts

United States v. Shorter, 54 F.3d 1248 (7th Cir.), cert. denied. 516 U.S. 896 (1995) (Actual conflict when the defendant accused counsel of improper behavior).

United States v. Malpiedi, 62 F.3d 465 (2d Cir. 1995) (Conflict for counsel representing witness who gave damaging evidence against his defendant).

[redacted]

United States v. Kayser, 488 F.3d 1070 (9th Cir. 2007) (Defendant is due a charge on his theory of defense despite the strength or weakness of the evidence).

United States v. [redacted] F.3d 1002 [redacted] 2007) (District court erroneously excluded on defendant's testimony as hearsay that would have comprised a critical element of defendants good faith defense).

United States v. Canty, 499 F.3d 729 (7th Cir. 2007) (Failure to give notice of public authority defense did not justify barring defendant's testimony of his state of mind).

United States v. Ricks, 573 F.3d 198 (4th Cir. 2009) (Defendant properly raised self-defense justification in firearm possession case).

## Jury Instructions

commented on the credibility of another witness).

United States v. Paguio, 114 F.3d 928 (9th Cir. 1997) (Missing witness's self-incriminating statement should have been admitted).

United States v. Montilla-Rivera, 115 F.3d 1060 (1st Cir. 1997) (Exculpatory affidavits of co-defendants were newly discovered evidence regarding a motion for new trial).

United States v. Lis, 120 F.3d 28 (7th Cir. 1997) ([redacted] connecting another to the crime was not hearsay).

[redacted] 985 (9th Cir. 1997) (Unavailable witness's

[redacted]

Haynes v. Cain, 298 F.3d 375 (5th Cir. 2002) (Counsel conceded defendant's guilt on several counts over objection).

Pirtle v. Morgan, 313 F.3d 1160 (9th Cir.), cert. denied, 539 U.S. 916 (2003) (Counsel failed to request diminished capacity jury instruction).

[redacted]

United States v. Smith, 217 F.3d 746 (9th Cir. 2000) (Court failed to instruct upon defendant's theory of the case).

United States v. Chanthadara, 230 F.3d 1237 (10th Cir.), cert. denied, [redacted] a "smoke screen").

United States v. Mason, 233 F.3d 619 [redacted] instruction that firearm was briefly possessed for legal purpose).

United States v. Crowley, 236 F.3d 104 [redacted] charged on voluntary intoxication).

United States v. Miguel, 338 F.3d 995 (9th Cir. 2003) (Defendant was prevented from arguing theory of the case).

...enied, 549 U.S. 1186 (2007) ... medication was not

..., 418 F.3d 444 (5th Cir. ... dant made prima facie ... etardation without expert).

...s v. Rivera-Guerrero, 426 ... Cir. 2005) (Abuse of ... deny continuance of ... cibly administer anti- ...s).

... Allen, 449 F.3d 1121 ... (Insanity defense was ... hibited in firearm ...se).

United States v. Long, 562 F.3d 325 (5th Cir. 2009) (Defendant's personality ... raise defense of insanity).

...ates v. Ruston, 565 F.3d 892 ... 2009) (Defendant's erratic ... required judge to hold ... y hearing).

...ege

...ited States, 52 F.3d 223 (9th ... Fee information was ... intertwined with privileged ... tions).

...es v. Sindel, 53 F.3d 874 ...5) (Fee information could ...ed without disclosing other ... information).

...Gertner, 65 F.3d 963 ... S summons of ... a pretext to ...ient).

...e Inc., 68 F.3d 38 (2d ... misapplied the crime-

... Rowe, 96 F.3d 1294 ... n-house investigation ... ociated with the ... was covered by the ... rivilege).

... Bauer, 132 F.3d 504 ... Questioning of ... kruptcy attorney ... y-client privilege).

... Glass, 133 F.3d 1356 ... (Defendant's ... patient privilege was

(Pg. 10)

([redacted])




✓ U.S. V. Bello, 194 F3d 18 (1st Cir. 1999) –
"Plea of "NOT GUILTY", places All ISSUES in dispute, even the most PATENT TRUTHS."

✓ U.S. V. Hubbell, 167. F3d 552 (D.C. Cir. 1999) –
"5th Amdt. protects against (1.) COMPULSION (2.) OF TESTIMONY (3.) That INCRIMINATES."

✓ U.S. V. MAJORS, 329 F3d 791 (5th Cir. 2003) –
"Denial of a DEFENDANTS RIGHT to Represent himself, if Established, requires reversal without need for a HARMLESS ERROR TEST."

# RULE 61

# HARMLESS ERROR

Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

## 2007 AMENDMENTS ROADMAP

**STYLE PROJECT CHANGES:** The densely complex first sentence of this Rule was reworded. The bulky "inconsistent with substantial justice" standard was thinned to "justice requires".

**NON-STYLE CHANGES:** None.

***NOTE: The Federal Rules "Style Project" is explained in Part III-A.***

## AUTHORS' COMMENTARY ON RULE 61

### PURPOSE AND SCOPE

Rule 61 codifies the principle that "harmless" errors by the district court—those errors that do not affect the parties' substantial rights—will not justify a new trial, setting aside a verdict, or vacating, modifying, or otherwise disturbing the court's order.

### APPLICATIONS

#### Standard for "Harmlessness"

Rule 61 defines a harmless error as one that does not affect the substantial rights of the parties or does not defeat substantial justice.[1] But an error will not be discounted as harmless if the court is left with a grave doubt as to whether the error had a substantial influence in the ultimate result.[2] [redacted]

1. Rule 61. *See Brandt v. Vulcan, Inc.*, 30 F.3d 752 (7th Cir.1994)(harmless error calls into question the fundamental fairness of the trial).

2. *See Krulewitch v. United States*, 336 U.S. 440, 444–45, 69 S.Ct. 716, 718–19, 93 L.Ed. 790 (1949)(defining harmlessness in criminal context); *Sims v. Great American*