# EXHIBIT

# "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:13-cv-00304-WTL-WGH |
| | ) | |
| SUPERINTENDENT USP Terre Haute, *et al.* | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER FOR INFORMATION DISCOVERED BY THE DEFENDANT**

THIS MATTER comes before the Court as the result of the Joint Motion to Maintain Confidentiality of Federal Bureau of Prisons' Files Produced for Discovery. Upon a showing of good cause in support of entry of a Protective Order to protect the dissemination of information obtained through discovery that if further disseminated could jeopardize the safety and security of the Federal Bureau of Prisons' institutions, its inmates, and staff, it is hereby ORDERED:

1. The Bureau of Prisons shall provide Petitioner's counsel with any and all records in its possession relating to Petitioner Jeffrey Paul, including the 105 pages that the Bureau of Prisons withheld from the Bureau of Prisons' March 9, 2015 FOIA disclosure, unredacted versions of the 131 pages that had only been disclosed in part in the March 9, 2015 FOIA disclosure, and any emails that have been sent by Bureau of Prisons personnel regarding Petitioner.

2. This Protective Order shall apply to all records maintained by the Federal Bureau of Prisons, which are provided to the defense through this order, through the Court's December 1, 2014 and August 11, 2015 discovery orders, formal discovery requests and/or in response to subpoenas issued pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.

3. The information covered by this Protective Order shall not, without the written consent of a Federal Bureau of Prisons' official, or further Order of the Court, be disclosed to anyone *except that* such information may be disclosed to:

a. attorneys actively working on this case, Petitioner's clemency proceedings, or any additional 28 U.S.C. § 2255 proceedings held in connection with Petitioner's capital case;

b. persons regularly employed or associated with the attorneys, including mental health experts, investigators, and paralegals, actively working on the case whose assistance is required by said attorneys in this proceeding, clemency proceedings, or any additional 28 U.S.C. § 2255 proceedings held in connection with Petitioner's capital case.

4. Prior to the disclosure of this information to any individual listed above, Petitioner's counsel shall provide such person a copy of this Protective Order and shall obtain a written acknowledgement stating that he or she agrees to be bound by the provisions of this Protective Order, agrees not to copy this material, and agrees to return the material to Petitioner's counsel at the conclusion of the proceedings in this case. All such acknowledgements shall be retained by Petitioner's counsel for review by the Court if good cause is shown by the opposing party. Any mental health experts retained by or working with Petitioner's counsel may discuss the aforementioned records in reports, declarations, or affidavits to be provided to Petitioner's counsel. Additionally, in filings before this Court or in any additional 28 U.S.C. § 2255 proceedings held in connection with Petitioner's capital case, Petitioner's counsel shall be permitted to discuss information contained in the aforementioned records, append to his filings any of the aforementioned records, and append to his filings any expert reports, affidavits, or declarations discussing information in the aforementioned records. However, any filings discussing the aforementioned records shall be made under seal.

5. The information covered by the Protective Order shall not be used for any purpose other than in this proceeding, clemency proceedings, or any additional 28 U.S.C. § 2255 proceedings held in connection with Petitioner's capital case. Further, the information covered by the Protective Order shall not be provided to the Petitioner to retain in his possession while he remains an inmate in the custody of the Federal Bureau of Prisons.

6. Within thirty (30) days of the conclusion of the proceedings in this case, unless other arrangements are agreed upon by the parties and absent an additional order from this Court, the records covered by this Protective Order shall be returned to the Federal Bureau of Prisons.

7. This Protective Order may be modified by the Court at any time for good cause shown, following notice to all parties and an opportunity to be heard.

IT IS SO ORDERED.

Date: 9/14/15

William T. Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution: Electronically Registered Counsel