FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2017 JAN -5 PM 4:10
SOUTHERN DISTRICT OF INDIANA
LAURA A. BRIGGS
CLERK

Inre:Paul V.Superintendent 2:13 cv 304(WTL/MJD)

PRO SE/Counsel Appointed-CAPITAL HABEAS-

-Motion to OBJECT to Further delay(&)Request for entry upon the record(&)request for relief to previous Motions to expedite (&)Appoint Business Lawyer to evaluate infringement of Intellectual Propertyrights for Special Damages as well as Disparate Treatment from The DOJ/BOP on Appeal-

RULE 7 FRCP-(6 pgs.EXHIBITS)-

Comes now The Petitioner PRO SE-does hereby uncounseled correspondence,submit the abovestyled form of plea,pursuant to my right to enter such(&)be relieved-

-SUMMARY-

(1.)The Petitioner claims that Appointed Counsel did state over the Prison Phone during LEGAL Consult that he submitted a Petition for Writ,per YOUR Order,on 10/18/2016-(&)I did receive a 65pg.copy titled that,with a relief section,which I want to amend to include the following Trademarks(&)accompanying ARTICLES OF INCORPORATION-

(§#1.)Clearsystems(Debt Consolidation)Corp.®
(2.)Ford Financial Systems®
(3.)Bakers Fieldman®
(4.)AXIS/ATLAS®
(5.)Highrise Suites®
(6.)Play(x)Play®
(7.)Compix®
(8.)Sta(+)ix®
(9.)Wright Gauge®
(10.)Sky(Y)®
(11.)Maritime Freightliner®
(12.)Amernational Rail®
(13.)Titusville Capital Mgt®
(14.)Industrial Food Preparation(&)Service Corp®

(2.)The Petitioner further claims that The BOP/DOJ's behavior is a primary cause for the injustice I am appealing,resulting in a innocent person being imprisoned without a trial by law,that the JUDICIAL RECORD unequivically that TRIAL Counsel attempted to comply with terms of a Plea Bargain I refused because I did not commit the crime(&)profferred a number of options for defense points in contention...none of which were developed or used because I could not pay accordingly...which resulted in no less than 6 Admissions of Guilt during Counsels open,(&)a request that the jury could only consider a 1st degree murder conviction because of a codefendants conviction...which was more than enough to satisfy the burden showing a compelling cause to VACATE on §2255(Habeas)appeal...but was repeatedly (&)inexplicably denied,leaving me in fear of my life,losing my property(&)posterity,suffering age related symptoms(&)lingering effects of of physical Torture...see:Pg.1.,2.,(&)3.,the Petitioner requests the Court expedite(&)order The BOP to Release me NOW.

(3.)The Petitioner claims The BOP/DOJ refuses to process my grievvance to any relevant or satisfactory result,even though I filed for equitable sentence modification to relieve conditions from The MAX/Special Confinement Unit,(&)the responses are all Lip Service,resulting in harrassment repeatedly,despite The BOP/DOJ clearly having purview over a Petition in GOOD FAITH(&)CONSENSUS,knowing I am not legally detained...see: Pg.4.(&)5...Im requesting The Court review(&)sanction them accordingly.

(4.)The Petitioner claims That the denials/refusal of The Courts to remand under §2255,established a illegal precedent(&)violated my right to prompt(&)EQUITABLE RELIEF,causing more captivity,in violation of the Law,(&)Constitution,explicitly,see:Pg.6.,not exclusively a Civil Matter... I am requesting The Court order restitution in Treble,at $60.000.000(mn) (&)that I own my Intellectual Property(&)a Business Lawyer be appointed.

Respectfully Submitted,

Signed [signature]

Jeffery W.Paul(Rg#10517042)

Submitted this day-1/2/2017-UNCOUNSELED CORRESPONDENCE -

Sincerely-

signed *[signature]*

Jeffery W.Paul(Rg#10517042)
USP Terre Haute,IN.
P.O.Box 33
Terre Haute,IN.
47808

Certificate of service-

I,Jeffery W.Paul do swear that a TRUE(&)Correct Copy of the motion to The USDC/Southern District of IN. was placed in the Institutional Mailbox,via staff on 1/2/2017-

(pg 1)

COPY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

VS. NO. 96-60022-001

JEFFERY WILLIAM PAUL DEFENDANT

---

Before HONORABLE JIMM LARRY HENDREN, U. S. District Judge, as follows:

JURY TRIAL
June 17 - 27, 1997
Hot Springs, Arkansas

VOLUME 1

---

APPEARANCES:

MR. STEPHEN SNYDER
U. S. Attorney's Office
P. O. Box 1524
Fort Smith, Arkansas 72902

ON BEHALF OF THE UNITED STATES OF AMERICA

MR. MARK WEBB
U. S. Attorney's Office
P. O. Box 1524
Fort Smith, Arkansas 72902

MR. STEVEN D. OLIVER
Bachelor, Newell & Oliver, P.
P. O. Box 1620
Hot Springs, Arkansas 71913

ON BEHALF OF THE DEFENDANT

MR. LYNN WILLIAMS
Wood, Smith, Schnipper & Clay
123 Market Street
Hot Springs, Arkansas 71901

---

meaning should, therefore, be spelled out in more detail in the section as is done by the amendment."

1966 Acts. Senate Report No. 1797, see 1966 U.S. Code Cong. and Adm. News, p. 3663.

References in Text

Section 408 of the Controlled Substances Act, referred to in subsec. (h), is classified to section 848 of Title 21, Food and Drugs.

## § 2255. Federal custody; remedies on motion attacking sentence

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

Court must prove not Effective by Adm. of Guilt! (Vacate) and set aside







1/25/07 8th circ.

## § 2253. Appeal

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(June 25, 1948, c. 646, 62 Stat. 967; May 24, 1949, c. 139, § 113, 63 Stat. 105; Oct. 31, 1951, c. 655, § 52, 65 Stat. 727; Apr. 24, 1996, Pub.L. 104-132, Title I, § 102, 110 Stat. 1217.)

§ 2254

## PROCEDURAL HISTORY

1. Mr. Paul is a death sentenced inmate currently incarcerated at the United States Penitentiary at Terre Haute ("USP-Terre Haute"). After a jury trial, he was convicted of aiding and abetting another in a homicide and for knowing use of a firearm in relation to a crime of violence under 18 U.S.C. §§ 2, 1111(a), and 924 in the United States District Court for the Western District of Arkansas in connection with the shooting death of Sherman Williams ("decedent") on June 23, 1997. After a contested penalty phase before the same jury, Mr. Paul was sentenced to death on June 25, 1997. His conviction and sentence were affirmed on appeal. *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000) ("*Paul-1*"). Mr. Paul filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255, which was denied. The denial was affirmed on appeal. *See United States v. Paul*, 534 F.3d 832 (8th Cir. 2008) (*cert. denied* Oct. 5, 2009) ("*Paul-2*").

2. Mr. Paul filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on August 8, 2013. Dkt. No. 1. On April 18, 2014, Petitioner filed a *pro se* motion requesting that counsel be appointed. Dkt. No. 11. On April 29, 2014, counsel from the Federal Community Defender Office for the Eastern District of Pennsylvania ("FCDO") filed a Motion to Appoint Counsel on Mr. Paul's behalf. Dkt. No. 24.

3. This Court granted the counseled appointment motion, appointed the FCDO to Mr. Paul's case, and directed the FCDO file a counseled amended petition on Petitioner's behalf. Dkt. Nos. 25 and 26.

4. On May 25, 2016, Mr. Paul, represented by the Federal Public Defender for the District of Delaware, filed an Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255 with the United States Court of Appeals for the Eighth Circuit. Mr. Paul's application was based on a new rule of constitutional law announced in *Johnson v. United States*,

SUBCHAPTER D—IMPRISONMENT

SUBCHAPTER D—IMPRISONMENT[1]

Sec.
3581. Sentence of imprisonment.
3582. Imposition of a sentence of imprisonment.
3583. Inclusion of a term of supervised release after imprisonment.
3584. Multiple sentences of imprisonment.
3585. Calculation of a term of imprisonment.
3586. Implementation of a sentence of imprisonment.

[1] So in original. Subchapter analysis probably should appear at the chapter head.

## § 3581. Sentence of imprisonment

(a) **In general.**—A defendant who has been found guilty of an offense may be sentenced to a term of imprisonment.

(b) **Authorized terms.**—The authorized terms of imprisonment are—

(1) for a Class A felony, the duration of the defendant's life or any period of time;

(2) for a Class B felony, not more than twenty-five years;

(3) for a Class C felony, not more than twelve years;

(4) for a Class D felony, not more than six years;

(5) for a Class E felony, not more than three years;

(6) for a Class A misdemeanor, not more than one year;

(7) for a Class B misdemeanor, not more than six months;

(8) for a Class C misdemeanor, not more than thirty days; and

(9) for an infraction, not more than five days.

(Added Pub.L. 98–473, Title II, § 212(a)(2), Oct. 12, 1984, 98 Stat. 1998.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

1984 Acts. Section effective on the first day of first calendar month beginning thirty-six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98–473, and except as otherwise provided for therein, see section 235 of Pub.L. 98–473, as amended, set out as a note under section 3551 of this title.

## § 3582. Imposition of a sentence of imprisonment

(a) **Factors to be considered in imposing a term of imprisonment.**—The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. In determining whether to make a recommendation concerning the type of prison facility appropriate for the defendant, the court shall consider any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2).

(b) **Effect of finality of judgment.**—Notwithstanding the fact that a sentence to imprisonment can subsequently be—

(1) modified pursuant to the provisions of subsection (c);

(2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

(3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

(c) **Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28

(18.5.)

Name: Paul, Jeffery
Reg. No.: 10517-042
Unit: SCU

---

This is in response to your Inmate Request to a Staff Member received on November 9, 2016, in which you request staff contact the North Central Region Office or authority acting on your behalf as Legal Counsel concerning your current case.

Program Statement 1315.07, Legal Activities, Inmate states "An inmate is responsible for submitting his documents to court." Therefore, the Warden or Regional Office is prohibited from notifying the court on your behalf.

I trust this response adequately addresses your concerns.

11-14-16
Date

Charles A. Daniels, Complex Warden

(P6)



## § 1343. Civil rights and elective franchise

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

(b) For purposes of this section—