(Pg. 1)

# RULE 60

# RELIEF FROM A JUDGMENT OR ORDER

**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

Judge ✓ (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void; !!

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(Re) Counsel ($) Misprision of fel.; Resolution of case; Torture Prejudice! Judge w/o A.R. Denies Const. Error on Inv. Plea Bargain-

# RULE 61

# HARMLESS ERROR

Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

## 2007 AMENDMENTS ROADMAP

**STYLE PROJECT CHANGES:** The densely complex first sentence of this Rule was reworded. The bulky "inconsistent with substantial justice" standard was thinned to "justice requires".

**NON-STYLE CHANGES:** None.

*NOTE: The Federal Rules "Style Project" is explained in Part III-A.*

## AUTHORS' COMMENTARY ON RULE 61

### PURPOSE AND SCOPE

Rule 61 codifies the principle that "harmless" errors by the district court—those errors that do not affect the parties' substantial rights—will not justify a new trial, setting aside a verdict, or vacating, modifying, or otherwise disturbing the court's order.

### APPLICATIONS

#### Standard for "Harmlessness"

Rule 61 defines a harmless error as one that does not affect the substantial rights of the parties or does not defeat substantial justice.[1] But an error will not be discounted as harmless if the court is left with a grave doubt as to whether the error had a substantial influence in the ultimate result.[2] A more exacting definition is

1. Rule 61. *See Brandt v. Vulcan, Inc.*, 30 F.3d 752 (7th Cir.1994)(harmless error calls into question the fundamental fairness of the trial).

2. *See Krulewitch v. United States*, 336 U.S. 440, 444–45, 69 S.Ct. 716, 718–19, 93 L.Ed. 790 (1949)(defining harmlessness in criminal context); *Sims v. Great American*

probably impossible, just as it is impossible to ignore the subjectivity inherent in the inquiry itself.[3] Some baseline principles exist, however. In testing for harmlessness, the court considers the entire record, and applies the standard on a case-by-case basis.[4] Every reasonable possibility of prejudice need not be disproved.[5] At its core, the harmless error inquiry asks whether the trial error "affected the outcome of a case to the substantial disadvantage of the losing party".[6] Unsurprisingly, this risk is considered greater in close cases, than in more one-sided cases.[7]

### Burden of Proof

The party moving for relief bears the burden of establishing that a trial error affected that party's substantial rights and, thus, was not harmless.[8] (Note, however, that the standard for harmlessness (as articulated by some courts) seems to suppose that harm is presumed, rather than proved.[9])

### Applies to All Errors

The harmless error rule applies to all types of errors, including most constitutional errors. The courts of appeals review rulings of

*Life Ins. Co.*, 469 F.3d 870, 886 (10th Cir. 2006) (court must reverse unless it finds that jury's verdict more probably than not was unaffected by error); *General Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 329 (3d Cir.2001) (non-constitutional legal errors are harmless if it is "highly probable that the error did not affect the judgment"); *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 102 (1st Cir.1997) (court assumes error affected the verdict if court is in "grave doubt" about its effect on verdict). *See also Barber v. Ruth*, 7 F.3d 636, 641 (7th Cir.1993)(in bench trial, trial error is harmless if the record indicates that trial court would have reached the same judgment regardless of the error).

**3.** *See United States v. O'Keefe*, 169 F.3d 281, 287 n. 5 (5th Cir.1999) (citing formulations by Judge Traynor and Justice Rutledge as among the clearest formulations) (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2883, at 445–47 (2d ed. 1995)). *Cf.* Roger Traynor, *The Riddle of Harmless Error* 35 (1970) ("[U]nless the appellate court believes it highly probable that the error did not affect the judgment, it should reverse"); *Kotteakos v. United States*, 328 U.S. 750, 760, 66 S.Ct. 1239, 1245, 90 L.Ed. 1557 (1946) (Rutledge, J.) ("Do not be technical, where technicality does not really hurt the party whose rights in the trial and in its outcome the technicality affects").

**4.** *See Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 886 (10th Cir. 2006); *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 102 (1st Cir.1997); *Brewer v. Jeep Corp.*, 724 F.2d 653 (8th Cir.1983).

**5.** *See General Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 329 (3d Cir. 2001).

**6.** *See United States v. O'Keefe*, 169 F.3d 281, 287 n. 5 (5th Cir.1999). *See also Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 168 (D.C.Cir. 2007); *Pelletier v. Main St. Textiles, LP*, 470 F.3d 48, 52–53 (1st Cir. 2006); *SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006).

**7.** *See Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 886 (10th Cir. 2006).

**8.** *See Palmer v. Hoffman*, 318 U.S. 109, 116, 63 S.Ct. 477, 481–82, 87 L.Ed. 645 (1943)(moving party bears the burden of showing resulting prejudice); *SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006) (same); *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 842 (5th Cir. 2004) (same).

**9.** *See Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 886 (10th Cir. 2006) (court must reverse unless it finds that jury's verdict was, more probably than not, unaffected by error).

the district courts under this standard as well.[10]

### Federal Law Controls

Under *Erie* principles,[11] the federal (not State) construction of the harmless error rule usually controls where the federal and State standards are inconsistent.[12]

### Errors in Rulings on Pleadings

Technical errors in pleadings will generally be discounted as harmless.[13] Likewise, errors in granting parties the right to intervene are not overturned unless they affected the substantial rights of the parties.[14]

### Errors in Ruling on Motions

The same "substantial rights" standard applies to errors in ruling upon motions. Thus, the improper dismissal of co-defendants may be deemed harmless where the plaintiffs, for other reasons, were already barred from any recovery,[15] and the improper dismissal of counterclaims may be deemed harmless where those same claims could be readily asserted in another proceeding.[16] Similarly, in ruling upon a motion for summary judgment, the improper consideration of unsworn and inadmissible exhibits may be deemed harmless where that error is, in context, unlikely to have been prejudicial.[17]

### Errors in Admitting or Excluding Evidence

The district court enjoys broad discretion to admit or exclude evidence.[18] Errors in such rulings are harmless if the party raises no objection,[19] if the evidence wrongfully admitted or excluded was cumulative,[20] if adequate curative instructions are given[21], or if the rulings are otherwise determined not to have caused substantial

**10.** *See* 28 U.S.C.A. § 2111 (fixing harmlessness standard for appeals). *See also McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554, 104 S.Ct. 845, 849, 78 L.Ed.2d 663 (1984)(noting that appellate courts must act in accordance with the salutary policy embodied in Rule 61); *General Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 329 n.18 (3d Cir.2001) (same).

**11.** *See Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)(in diversity cases, the federal courts will apply federal rules of procedure but State substantive law). *See* discussion of the *Erie* Doctrine in Part II of this text.

**12.** *See Sokol Crystal Prods., Inc. v. DSC Commc'ns Corp.*, 15 F.3d 1427 (7th Cir.1994); *Smith v. Chesapeake & Ohio Ry.*, 778 F.2d 384 (7th Cir.1985).

**13.** *See Toth v. Corning Glass Works*, 411 F.2d 912 (6th Cir.1969)(refusal to strike a pleading's claim deemed harmless).

**14.** *See Prete v. Bradbury*, 438 F.3d 949, 959–60 (9th Cir.2006).

**15.** *See Lippoldt v. Cole*, 468 F.3d 1204, 1221 (10th Cir. 2006).

**16.** *See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1340 (Fed.Cir. 2007).

**17.** *See Harnden v. Jayco, Inc.*, 496 F.3d 579, 583 (6th Cir. 2007).

**18.** *See Kight v. Auto Zone, Inc.*, 494 F.3d 727, 732–733 (8th Cir. 2007); *Nimely v. City of New York*, 414 F.3d 381, 399–400 (2d Cir.2005); *United States v. Kim*, 111 F.3d 1351, 1363 (7th Cir.1997).

**19.** *See Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir.1995); *Sokol Crystal Prods., Inc. v. DSC Commc'ns Corp.*, 15 F.3d 1427, 1435 (7th Cir.1994).

**20.** *See In re Air Crash Disaster*, 86 F.3d 498, 531 (6th Cir.1996); *La Crosse County v. Gershman, Brickner & Bratton, Inc.*, 982 F.2d 1171, 1175 (7th Cir.1993).

**21.** *See Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 269 (5th Cir. 1994)(court must consider curative instructions when assessing harmlessness). In

prejudice or to have substantially influenced the jury.[22] However, evidentiary rulings that affected the substantial rights of a party are *not* harmless, and the rulings must be reversed.[23] Thus, if the trial evidence is not sufficient to support the verdict without the wrongfully admitted evidence, the ruling is prejudicial.[24] In making this "harmlessness" evaluation, the court considers the centrality of the evidence and the prejudicial effect of the inclusion or exclusion of the evidence.[25] The court also examines whether other evidence is "sufficiently strong" to support a conclusion that the evidentiary error had no effect on the outcome.[26] The courts often begin with a "presumption of prejudice"[27]–thus, only if the court can say "with fair assurance" that the judgment was not substantially affected by the wrongfully admitted or excluded evidence, the error will be considered harmless.[28] The courts are particularly careful in discounting an error as harmless in close cases.[29]

*Expert Testimony:* This same harmless error standard applies to challenges to expert testimony as well.[30]

*Effect of Multiple Errors:* Although each individual evidentiary error might not, standing alone, have affected a party's substantial rights, the court may find that the collective effect of

ruling on the effect of the curative instructions, a court will assume that the jury obeyed the court and followed its instructions. *Trademark Research Corp. v. Maxwell Online, Inc.*, 995 F.2d 326, 340 (2d Cir.1993). *Compare Davidson v. Smith*, 9 F.3d 4 (2d Cir.1993)(improper testimony not cured by trial instructions) *with Trademark Research Corp. v. Maxwell Online, Inc.*, 995 F.2d 326 (2d Cir.1993) (trial error deemed cured by court's instructions).

**22.** *See Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 168 (D.C.Cir. 2007); *Fort v. C.W. Keller Trucking, Inc.*, 330 F.3d 1006 1013 (7th Cir. 2003); *Blake v. Pellegrino*, 329 F.3d 43, 49 (1st Cir.2003); *Anderson v. WBMG–42*, 253 F.3d 561, 563 (11th Cir.2001). *See also Hynes v. Coughlin*, 79 F.3d 285, 291 (2d Cir.1996)(tests for whether improperly admitted evidence substantially influenced the jury include: examining whether evidence was unimportant in relation to all other issues jury considered, whether evidence bore on an issue that was plainly critical to the jury's deliberations, and whether the evidence was emphasized during jury argument).

**23.** *See Kight v. Auto Zone, Inc.*, 494 F.3d 727, 732–733 (8th Cir. 2007); *Becker v. ARCO Chem. Co.*, 207 F.3d 176, 180 (3d Cir.2000); *Costantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164, 174 (2d Cir.2000).

**24.** *See S.E.C. v. Happ*, 392 F.3d 12, 28 (1st Cir.2004); *Havrum v. United States*, 204 F.3d 815, 818 (8th Cir.2000).

**25.** *See Nieves–Villanueva v. Soto–Rivera*, 133 F.3d 92, 102 (1st Cir.1997).

**26.** *See Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1089 (10th Cir.2000).

**27.** *See Jerden v. Amstutz*, 430 F.3d 1231, 1240–41 (9th Cir.2005).

**28.** *See Pelletier v. Main St. Textiles, LP*, 470 F.3d 48, 52–53 (1st Cir. 2006); *Tesser v. Board of Educ. of City Sch. Dist. of New York*, 370 F.3d 314, 319–20 (2d Cir.2004); *Blake v. Pellegrino*, 329 F.3d 43, 49 (1st Cir.2003). *See also Mihailovich v. Laatsch*, 359 F.3d 892, 913–14 (7th Cir. 2004) (errors in evidence satisfy standard only if significant chance exists that errors affected trial's outcome); *Goodman v. Pennsylvania Turnpike Com'n*, 293 F.3d 655, 667 (3d Cir.2002) (evidentiary admission error is harmless, and not grounds for reversal, if it is "highly probable" that jury would have reached same result otherwise).

**29.** *See Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 886 (10th Cir. 2006); *Nimely v. City of New York*, 414 F.3d 381, 400 (2d Cir.2005).

**30.** *See Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 842 (5th Cir. 2004).

multiple evidentiary errors deprived the moving party of a fair trial.[31]

### Errors in Jury Instructions

Jury instructions must be considered in their entirety.[32] If the charging errors would not have changed the trial result,[33] or if the parties waived the errors by failing to timely object,[34] challenges to jury instructions will be rejected as harmless.[35] Conversely, if the jury may have based their verdict on an erroneous instruction, a new trial is warranted.[36]

### Errors in Ruling on Counsel's Conduct During Trial

Misconduct by counsel during trial will be deemed harmless unless the court determines that the misconduct affected the verdict.[37]

### Errors in Bench Judgments

A court's error in applying a method of damages valuation (one to which there was no testimony or other record basis) may be

**31.** *See Jerden v. Amstutz*, 430 F.3d 1231, 1240–41 (9th Cir.2005); *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 118 (1st Cir. 2003); *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 105 (2d Cir.1995); *Kopf v. Skyrm*, 993 F.2d 374, 381 (4th Cir.1993).

**32.** *See Elwell v. University Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir.2002); *Dadian v. Village of Wilmette*, 269 F.3d 831, 839 (7th Cir.2001).

**33.** *See Richards v. Relentless, Inc.*, 341 F.3d 35, 48 (1st Cir.2003) (new trial necessary only if instruction error could have affected jury's deliberation); *Elwell v. University Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir.2002) (assessing ruling in context of instructions as a whole, ruling "harmless because risk of jury confusion was minimal"); *Dadian v. Village of Wilmette*, 269 F.3d 831, 839 (7th Cir.2001) (testing whether instructions, as a whole, sufficiently informed jury correctly as to applicable law and thus did not affect substantial rights of parties).

**34.** *See Foley v. Commonwealth Elec. Co.*, 312 F.3d 517, 520 (1st Cir.2002) (if party properly objects to jury instruction, harmless error Rule 61 applies; if proper objection not made, plain error rule applies which requires proof of: (1) error, (2) that error was plain, (3) that error likely altered outcome, and (4) that error was sufficiently fundamental to threaten fairness, integrity, or public reputation of judicial proceedings).

**35.** *See Terminate Control Corp., Nu-Life Const. Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir.1994)(jury instructions warrant a new trial only if the court is persuaded, based on the record as a whole, that the error was prejudicial or the charge was highly confusing).

**36.** *See Dossett v. First State Bank*, 399 F.3d 940, 950 (8th Cir.2005) (ruling was not harmless where it eliminated potentially viable avenue to establish liability); *S.E.C. v. Yun*, 327 F.3d 1263, 1282 (11th Cir.2003) (granting new trial due to court's erroneous jury instruction, reinforced in counsel's closing argument); *Jannotta v. Subway Sandwich Shops, Inc.*, 125 F.3d 503, 515 (7th Cir.1997) (holding that instructional error was not harmless if it provided jury with inadequate understanding of the law and caused prejudice to the complaining party); *Coleman v. B-G Maintenance Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1204–05 (10th Cir.1997)(because the jury, in all probability, based its verdict on erroneous instruction, jury's verdict must be reversed).

**37.** *Cf.* Rule 39(c)(relating to advisory juries). *See Peterson v. Willie*, 81 F.3d 1033, 1036 (11th Cir.1996)(noting that statements made during oral arguments will not constitute reversible error unless they are plainly unwarranted and clearly injurious); *Westfarm Assocs. Ltd. Partnership v. Washington Suburban Sanitary Com'n*, 66 F.3d 669, 685 n. 10 (4th Cir. 1995)(inappropriate allusion made during closing argument, followed by proper instructions from the court, is not basis for reversal).

deemed harmless if the effect of the error caused no prejudice.[38]

### Error in Granting or Denying Jury Trial

The court's mistaken decision to grant a jury trial is generally harmless error,[39] but an improper denial of a jury trial is usually grounds for reversal.[40]

---

### ADDITIONAL RESEARCH REFERENCES

Wright & Miller, *Federal Practice and Procedure* §§ 2881–88.

C.J.S. Federal Civil Procedure §§ 1062–1100 et seq., 1241–1247 et seq.

West's Key No. Digests, Federal Civil Procedure ⚷2333–2353, 2651–2656.

**38.** *See United States v. 191.07 Acres of Land*, 482 F.3d 1132, 1137 (9th Cir. 2007) (finding valuation error was harmless as to appellants because it resulted in a higher award than appellants (using other method) would otherwise have received).

**39.** *See Mateyko v. Felix*, 924 F.2d 824, 828 (9th Cir.1990). *See also Venture Properties, Inc. v. First Southern Bank*, 79 F.3d 90, 92 (8th Cir.1996)(movant demonstrated no prejudice from court's decision to conduct a jury trial rather than a bench trial).

**40.** *See Burns v. Lawther*, 53 F.3d 1237, 1241–42 (11th Cir.1995) (harmless error rule may be applied to improper denials of trial by jury, but only if the issues could have been resolved by summary judgment or judgment as a matter of law); *King v. United Benefit Fire Ins. Co.*, 377 F.2d 728, 731 (10th Cir.1967)(denial will be deemed harmless where only a question of law is involved or where a verdict for the movant would have been set aside). *See also Sailor v. Hubbell, Inc.*, 4 F.3d 323 (4th Cir. 1993)(denial of jury trial harmless if it did not affect party's rights, such as where no reasonable jury could have found in that party's favor).

(Pg 6)



Sec.
241. Conspiracy against rights.
242. Deprivation of rights under color of law.
243. Exclusion of jurors on account of race or color.
244. Discrimination against person wearing uniform of armed forces.
245. Federally protected activities.
246. Deprivation of relief benefits.
247. Damage to religious property; obstruction of persons in the free exercise of religious beliefs.
248. Freedom of access to clinic entrances.

## § 241. Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(June 25, 1948, c. 645, 62 Stat. 696; Apr. 11, 1968, Pub.L. 90–284, Title I, § 103(a), 82 Stat. 75; Nov. 18, 1988, Pub.L. 100–690, Title VII, § 7018(a), (b)(1), 102 Stat. 4396; Sept. 13, 1994, Pub.L. 103–322, Title VI, § 60006(a), Title XXXII, §§ 320103(a), 320201(a), Title XXXIII, § 330016(1)(L), 108 Stat. 1970, 2109, 2113, 2147; Oct. 11, 1996, Pub.L. 104–294, Title VI, §§ 604(b)(14)(A), 607(a), 110 Stat. 3507, 3511.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1996 Acts.** Amendment by section 604 of Pub.L. 104–294 effective Sept. 13, 1994, see section 604(d) of Pub.L. 104–294, set out as a note under section 13 of this title.

**Short Title**

**1996 Amendments.** Pub.L. 104–155, § 1, July 3, 1996, 110 Stat. 1392, provided that: "This Act [amending section 247 of

Complete Annotation Materials...

## § 242. Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(June 25, 1948, c. 645, 62 Stat. 696; Apr. 11, 1968, Pub.L. 90–284, Title I, § 103(b), 82 Stat. 75; Nov. 18, 1988, Pub.L. 100–690, Title VII, § 7019, 102 Stat. 4396; Sept. 13, 1994, Pub.L. 103–322, Title VI, § 60006(b), Title XXXII, §§ 320103(b), 320201(b), Title XXXIII, § 330016(1)(H), 108 Stat. 1970, 2109, 2113, 2147; Oct. 11, 1996, Pub.L. 104–294, Title VI, §§ 604(b)(14)(B), 607(a), 110 Stat. 3507, 3511.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1996 Acts.** Amendment by section 604 of Pub.L. 104–294 effective Sept. 13, 1994, see section 604(d) of Pub.L. 104–294, set out as a note under section 13 of this title.

Pub.L. 100–204, Title I, § 140(d)(2), Dec. 22, 1987, 101 Stat. 1347, as amended, which is classified to 22 U.S.C.A. § 2656f(d)(2).

101(a)(22) of the Immigration and Nationality Act, referred to in subsec. (b)(1), is Act June 27, 1952, c. 477, Title I, § 101(a)(22), 66 Stat. 166, as amended, which is classified tc U.S.C.A. § 1101(a)(22).

Section 101(a)(20) of the Immigration and Nationality A referred to in subsec. (b)(1), is Act June 27, 1952, c. 477, Ti I, § 101(a)(20), 66 Stat. 166, as amended, which is classifi to 8 U.S.C.A. § 1101(a)(20).

## CHAPTER 113C—TORTURE


Sec.
2340. Definitions.
2340A. Torture.
2340B. Exclusive remedies.


### HISTORICAL AND STATUTORY NOTES

**Codifications**

Pub.L. 104–294, Title VI, § 601(j)(1), Oct. 11, 1996, 110 Stat. 3501, which directed that chapter 113B, relating to torture, be redesignated chapter 113C, was incapable of execution due to prior identical amendment by section 303(c)(1) of Pub.L. 104–132.

**Effective and Applicability Provisions**

**2002 Acts.** Amendment by section 4002(c)(1) of Pub.L. 107–273, as therein provided, effective Oct. 11, 1996, which is the date of enactment of Pub.L. 104–294, to which such amendment relates.

## § 2340. Definitions

As used in this chapter—

(1) "torture" means an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control;

(2) "severe mental pain or suffering" means the prolonged mental harm caused by or resulting from—

(A) the intentional infliction or threatened infliction of severe physical pain or suffering;

(B) the administration or application, or threatened administration or application, of mind-altering substances or other procedures calculated to disrupt profoundly the senses or the personality;

(C) the threat of imminent death; or

(D) the threat that another person will imminently be subjected to death, severe physical pain or suffering, or the administration or application of mind-altering substances or other procedures calculated to disrupt profoundly the senses or personality; and

(3) "United States" means the several States of the United States, the District of Columbia, and the commonwealths, territories, and possessions of the United States.

(Added Pub.L. 103–236, Title V, § 506(a), Apr. 30, 1994, 1 Stat. 463, and amended Pub.L. 103–415, § 1(k), Oct. 25, 19 108 Stat. 4301; Pub.L. 103–429, § 2(2), Oct. 31, 1994, 1 Stat. 4377; Pub.L. 108–375, Div. A, Title X, § 1089, Oct. 2 2004, 118 Stat. 2067.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1994 Acts.** Section 506(c) of Pub.L. 103–236 provided th: "The amendments made by this section [enacting this cha ter] shall take effect on the later of—

"(1) the date of enactment of this Act [Apr. 30, 1994];

"(2) the date on which the United States has become party to the Convention Against Torture and Other Cru Inhuman or Degrading Treatment or Punishment."

[Convention entered into force with respect to the Unit States Nov. 20, 1994, Treaty Doc. 100–20.]

## § 2340A. Torture

**(a) Offense.**—Whoever outside the United Stat commits or attempts to commit torture shall be fin under this title or imprisoned not more than 20 yea or both, and if death results to any person frc conduct prohibited by this subsection, shall be pu ished by death or imprisoned for any term of years for life.

**(b) Jurisdiction.**—There is jurisdiction over the a tivity prohibited in subsection (a) if—

(1) the alleged offender is a national of the Un ed States; or

(2) the alleged offender is present in the Unit States, irrespective of the nationality of the vict or alleged offender.

**(c) Conspiracy.**—A person who conspires to co mit an offense under this section shall be subject the same penalties (other than the penalty of death) the penalties prescribed for the offense, the comm sion of which was the object of the conspiracy.

(Added Pub.L. 103–236, Title V, § 506(a), Apr. 30, 1994, 1 Stat. 463, and amended Pub.L. 103–322, Title VI, § 600 Sept. 13, 1994, 108 Stat. 1979; Pub.L. 107–56, Title VI § 811(g), Oct. 26, 2001, 115 Stat. 381.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1994 Acts.** Section effective on the later of Apr. 30, 19 or the date on which the United States has become a party the Convention Against Torture and Other Cruel, Inhum