1/10/2018

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
18 JAN 17 PM 4:31
SOUTHERN DISTRICT OF INDIANA
LAURA A. BRIGGS CLERK

In Re: Paul v. Superintendent (JTL / MJD) pg 1.
Case No# 2:13 cv. 304 (Capital Habeas)

- Legal Letter (&) Exhibit - Attached

Dear Sirs; Judge Lawrence / Dinsmore

I am writing to you to implore that you give me the priority of civil action this case deserves compared to other cases which are resolved before mine (&) are often heinous sex crimes; see, attached cite for: "Hernandez" (Los Angeles) (2017); that case is a sentence hearing for (1 / one); sentence mitigator for a Defendant that does NOT deny he committed the crime.

Please understand what the psychological effect is to me, KNOWING these cases are regularly resolved as unfair etc... while I am suffering an Epic disparate / Disfranchisement that seems contrived, (&) cannot be discovered; I assure you; I have no spouse; futures adequate to my posterity; am going blind (&) suffering a litany of injury from NOAS / Malfeasance (&) All my business has been relegated to nil; which causes a destitution to my family; a situation causing extreme injury to people who did nothing (&) have been accused of no crime; as a person

USDC / Southern District IND



Cont...

wrongfully accused; I suffer the consequences of the accusation; but as an innocent person being tortured while so many are NOT; I cannot "learn" this lesson & decline any option to waive rights to complain criminally for any crime I can prove occurred to maintain my conviction & exacerbate the conditions of captivity & obstruct discovery of criminal offenses & redress.

I spoke w/ Attorney Shawn Nolan on 1/9/2018 & he assures me will be filing a reply on 1/26/2018 - relevant to YOUR order; on my petition for writ due to ACTUAL INNOCENSE - which is superceding & should release me.

I want the records preserved showing counsel repeatedly incriminated me during trial; & omitted my defense, attempting to comply w/ a Involuntary Plea & NO Court admitted I prove I am not duly convicted when clearly counsels representation was a fatal error by plain standard of evidence on Appellate review; I also need treble damages & review of my business loss, & assessment for compound crimes occurring against me & my family

Respectfully,

Jeffery Paul

Jeffery W. Paul 10517042
USP Terre Haute IN.
PO Box 33 / T.H. IN.
47808

Atty. Shawn Nolan 1/9/2018
E. Dist. PA. Call
Fed. Def. Office

# Court Decisions

*Criminal Law*

## Ineffective Counsel Argument Gets Murder Convictions Vacated

A death-row inmate's murder convictions must be vacated, the U.S. Court of Appeals for the Ninth Circuit ruled Dec. 29.

Trial counsel's failure to present evidence of the defendant's mental impairments was prejudicial and ineffective assistance, the court said in an opinion by Judge Stephen Reinhardt.

The defendant was being convicted of two counts of first degree murder, rape, and forcible sodomy.

During the trial, defense counsel relied on the relatively weak strategy that the defendant was drunk when he committed the crimes. Had he educated himself, however, counsel would have learned that the defendant had genetic mental impairments that were exasperated by being raised by abusive adoptive parents, the court said.

Based on the strong expert testimony explaining the defendant's diminished capacity and how it would have impacted his behavior when he committed the crimes, it's likely that at least one juror would have declined to convict the defendant of first degree murder, the court said, granting his writ for habeas corpus.

Judge Harry Pregerson was on the panel and concurred in the opinion prior to his death.

Dissenting Judge Jacqueline H. Nguyen argued that the defendant confessed and the evidence was overwhelming that he had specific intent to rape and kill.

The Federal Public Defender's Office, Los Angeles, represented the defendant. The California Attorney General's Office represented the state.

The case is (*Hernandez v. Chappell*, 2017 BL 467007, 9th Cir., No. 11-99013, 12/29/17).

By Bernie Pazanowski

To contact the reporter on this story: Bernie Pazanowski in Washington at bpazanowski@bloomberglaw.com

To contact the editor responsible for this story: Jessie Kokrda Kamens at jkamens@bloomberglaw.com

*Full text at http://src.bna.com/vlD.*

*Right to Counsel*

## Right to Counsel Violated During Motion to Compel DNA Test

A criminal defendant had a Sixth Amendment right to counsel during proceedings to compel him to submit to a DNA test, the New York Court of Appeals ruled Dec. 19.

The trial court's refusal to allow Dwight Smith to confer with new counsel prior to submitting to the test violated that right, the court said in an opinion by Judge Jenny Rivera.

Smith wasn't in court but was represented by counsel when the prosecutor moved for him to submit to the DNA test. At that time, Smith's counsel asked to be removed from the case. Inferring consent from counsel's silence about the test, the court granted both motions.

When Smith appeared in court later, he was denied permission to speak to new counsel about the test. Instead, the judge said there was no legal basis to fight the test, adding, "I know the law." Smith took the test and pleaded guilty to first degree manslaughter.

"On these facts," the court said, the lower court correctly determined that the pretrial proceedings over the DNA test were "critical," and Smith was deprived of his right to counsel.

Dissenting, Judge Michael Garcia, joined by Judges Leslie Stein and Eugene M. Fahey, argued that all critical motions practice surrounding the DNA test was completed while Smith was represented by counsel. Thus, Smith's claim amounted to an inadequate representation claim beyond the scope of the appeal.

The Bronx County District Attorney's Office represented the state. Matthew Bova, New York, represented Smith.

The case is *People v. Smith*, 2017 BL 452799, N.Y., No. 123, 12/19/17.

By Bernie Pazanowski

To contact the reporter on this story: Bernie Pazanowski in Washington at bpazanowski@bloomberglaw.com

To contact the editor responsible for this story: Tom P. Taylor at ttaylor@bloomberglaw.com

*Full text at http://src.bna.com/u7U.*

*Evidence*

## 'Criminal Profile' Evidence Thwarts Murder Convictions

Wrongly admitting expert "criminal profile" testimony and other errors led to an unfair murder trial, the U.S. Court of Appeals for the Ninth Circuit held Dec. 19.

Citing the U.S. Supreme Court's admonition from last term's *Buck v. Davis*—which chastised racist expert testimony—that "our law punishes people for what they do, not who they are," the appeals court said the testimony here was improperly used to show James Michael Wells's guilt.

A jury convicted Wells of murdering two of his coworkers. He was sentenced to consecutive life terms.

But the trial judge shouldn't have allowed testimony on the characteristics of those who commit targeted workplace violence, the appeals court said. The testi-

 COPYRIGHT © 2018 BY THE BUREAU OF NATIONAL AFFAIRS, INC. 

PAUL, JEFFERY 10517042