USDC / Southern District, IN.

FILED
2018 MAY 29 PM 4:04

Jeffery W. Paul
Reg. 10517-042
USP Terre Haute, IN.
PO Box 33
Terre Haute, IN.
47808

(In Rem) Paul v. Superintendent,
Case no #2:13 cv. 304 (WTL/MJD)
Capital-Habeas (§2241 )

! UNCOUNSELED-CORRESPONDENCE !

- Legal-Letter w/ EXHIBIT -(Pro Se)-[3 pgs total -]

— Dear Sirs;

Please review the enclosed Article, detailing the USSCt Case, McCoy v. Louisiana U.S.; 16.8255 Reversed Rmd. [5/14/18] — NOTICE !!!

The Case guarantees my right to remedial redress is a-Compelling Cause of Action - in both Majority (&) Dissent, the case is reversed due to incrimination of an attempt to Plea Bargain (&) the Dissent supposedly means Justice Alito would've agreed in my Case; because my Lawyer did admit guilt to felony murder, NOT a lesser crime; as in the McCoy Case.

- Done this Day -

Sincerely,

[signature]

5/21/2018

# Lead Reports

*Due Process*

## Lawyer Couldn't Concede Guilt in Death Penalty Case

A lawyer was wrong to admit his client's involvement in a triple-murder, even if it was part of a strategy to try to keep him off death row, the U.S. Supreme Court held May 14.

"With individual liberty—and, in capital cases, life—at stake, it is the defendant's prerogative, not counsel's, to decide on the objective of his defense," Justice Ruth Bader Ginsburg wrote for herself and five other justices.

The decision delved into defendants' autonomy and, for some, highlighted what's wrong with criminal justice in Louisiana.

Larry English hoped that by telling a Louisiana jury upfront that Robert McCoy killed three people, he might get mercy in the face of strong evidence and a likely penalty phase. The strategy didn't work. McCoy was convicted of three counts of first-degree murder and sentenced to death.

McCoy objected to the concession strategy, maintaining his innocence and demanding that English put on an alibi defense that his attorney believed was a conspiracy theory contradicted by the evidence.

On appeal, McCoy said it should've been his choice, regardless of whether the lawyer thought the concession was a good idea or even the only way to save McCoy's life.

McCoy is correct, Ginsburg wrote for the majority. To hold otherwise would violate the Sixth Amendment right to counsel, she wrote.

The majority's opinion "restores in Louisiana the constitutional right of every individual to present their defense to a jury," McCoy's Supreme Court lawyer Richard Bourke said in an emailed statement to Bloomberg Law.

The high court threw out McCoy's conviction and sentence, setting the stage for a retrial.

"Mr. McCoy's case will now, for the first time, be investigated and litigated by a legal team intent on honoring his vehement protestations of innocence, rather than conceding his guilt," Bourke, director of the Louisiana Capital Assistance Center, said.

The state of Louisiana sees it differently.

"We are disappointed in today's ruling that grants a new trial in a case where overwhelming evidence of guilt is present and where the entire Supreme Court acknowledges the result is not likely to be different," Louisiana Attorney General Jeff Landry said in an emailed statement to Bloomberg Law.

The majority made "a policy decision, not a constitutional one," Landry said.

**'Straightforward,' But Potential 'Danger'** A leading death penalty proponent told Bloomberg Law he agreed with McCoy's position generally.

"Admitting guilt, even of a lesser degree of offense, should be the client's decision as long as he is mentally competent," Kent S. Scheidegger, legal director of the Criminal Justice Legal Foundation, said.

Yet he didn't fully praise the opinion.

"The danger that I see is that this decision may be exploited to attack convictions when the defendant did not express his disagreement in court, and the facts are all shielded by the attorney-client privilege," Scheidegger said.

"The objection could be fabricated after the trial. We do need some safeguards to ensure that does not occur," he said.

Robert Dunham, executive director of the Death Penalty Information Center in Washington, called the majority's decision "straightforward."

"The court has long said that defendants have the right to make particular choices and one of the most important of those choices is how to plead," Dunham told Bloomberg Law.

Another lawyer described the case through the lens of what some see as Louisiana's idiosyncratic justice system.

"The case is another clarifying example of Louisiana's broken death penalty system," G. Ben Cohen told Bloomberg Law. He's of counsel at The Promise Of Justice Initiative in New Orleans, where he filed an amicus brief supporting McCoy.

"It may not happen very often in the rest of the country, but it's a real problem in Louisiana, with undertrained and overworked lawyers making decisions that undermine their clients autonomy, while judges simultaneously ignore or override complex questions about competency and mental illness," Cohen said.

Competency wasn't directly at issue in McCoy's appeal.

**Not All-or-Nothing** To get the assistance of counsel required by the Sixth Amendment, "a defendant need not surrender control entirely to counsel," Ginsburg wrote for the majority.

"The choice is not all or nothing," she said.

It's true that some decisions are up to the lawyer, like what objections to raise about evidence, Ginsburg noted.

But some decisions belong to the client, and maintaining innocence is one of them, Ginsburg said.

A client "may hold life in prison not worth living and prefer to risk death for any hope, however small, of exoneration," she said.

**Nixon is Different** The justices decided McCoy's case against the backdrop of a somewhat similar one: *Florida v. Nixon*.

In that 2004 decision, also authored by Ginsburg, the court said a lawyer could concede a client's guilt in a


PAUL, JEFFERY 10517042

'death penalty case when the defendant doesn't say whether he wants to pursue that strategy.

But the defendant there didn't object, so "Nixon's attorney did not negate Nixon's autonomy," Ginsburg said.

That's not what happened here.

McCoy "opposed English's assertion of his guilt at every opportunity, before and during trial, both in conference with his lawyer and in open court," Ginsburg said.

McCoy's supporters are pleased that the majority recognized the distinction.

"Today's decision vindicates the principle of defendant autonomy and the long-standing maxim that the Sixth Amendment guarantees the right to a personal defense," Jay Schweikert of the Cato Institute told Bloomberg Law. He was the principle author of an amicus brief supporting McCoy.

Lawrence Fox told Bloomberg Law that he's happy with the result but that he thinks the majority didn't go far enough in terms of client autonomy. Fox, the George W. and Sadella D. Crawford Visiting Lecturer in Law at Yale, likewise filed an amicus brief supporting McCoy, on behalf of law professors and the Ethics Bureau at Yale.

**Prejudice Presumed** Another question was what legal test to apply to McCoy's claim.

Typically in an ineffective assistance case, a defendant has to show he was prejudiced by the lawyer's ineffectiveness under *Strickland v. Washington*.

But because McCoy's autonomy, not his lawyer's competence, is at issue here, the majority didn't apply the *Strickland* test.

The error here was "structural," Ginsburg wrote. That means McCoy gets a new trial without having to show prejudice.

**Dissent Tries to Keep it Real** Justice Samuel A. Alito Jr. dissented, joined by Justices Clarence Thomas and Neil M. Gorsuch. The trio has on multiple occasions voted together to dissent from execution stay grants this term.

The dissent accused the majority of skewing the facts to "achieve a desired result."

That echoed the Louisiana attorney general's sentiments.

"We were always concerned that the actual facts of this case would be eclipsed by fiction. Unfortunately, that's exactly what happened," Landry said.

Alito pointed out that McCoy was charged with first-degree murder and that English didn't concede that McCoy committed that particular crime.

Rather the lawyer admitted that McCoy killed the victims but "strenuously argued" that McCoy was guilty of a lesser degree of murder.

"So the court's newly discovered fundamental right simply does not apply to the real facts of this case," Alito charged.

The case is *McCoy v. Louisiana*, U.S., 16-8255, reversed and remanded, 5/14/18.

To contact the reporter on this story: Jordan S. Rubin in Washington at jrubin@bloomberglaw.com

To contact the editor responsible for this story: C. Reilly Larson at rlarson@bloomberglaw.com

*Search and Seizure*

## Justices Hand Driver Win On Rental Car Searches

A driver not listed on the rental agreement may still have a reasonable expectation of privacy in the vehicle, the U.S. Supreme Court ruled May 14.

The justices unanimously rejected the argument that Terrence Byrd couldn't challenge the search of a rental car he was driving simply because he wasn't an authorized driver.

The court takes "an expansive reading of the Fourth Amendment, with the conclusion being that the Constitution trumps contractual terms," Colin Miller, of the University of South Carolina College of Law, Columbia, S.C., told Bloomberg Law in an email. Miller filed an amicus brief in support of Byrd.

Orin Kerr, of the University of Southern California Gould School of Law, Los Angeles, who has written about the case on The Volokh Conspiracy, nevertheless described the court's decision as "narrow."

The court didn't lay out the "precise test for when a person has sufficient rights in a rental car to have Fourth Amendment rights," Kerr told Bloomberg Law in an email. It simply said that being an unauthorized driver, by itself, wasn't enough to defeat a driver's Fourth Amendment interest.

The court sent the case back to the U.S. Court of Appeals for the Third Circuit to examine the contours of the appropriate test.

That court previously rejected Byrd's motion to suppress the 49 bricks of heroin and body armor found in the trunk, noting a split existed in the federal courts on whether drivers like Byrd have expectations of privacy in rental vehicles.

***Your Stuff?*** The court took what it called a "property-based" look at the Fourth Amendment.

In "the main, 'one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of the right to exclude,' " Justice Anthony M. Kennedy wrote for the court.

There's "no reason why the expectation of privacy that comes from lawful possession and control" would "differ depending on whether the car in question is rented" by "someone other than the person in current possession of it," Kennedy said.

The court's core reasoning seems to be that the ability to challenge a search of "property comes from it being treated as your stuff, and whether your name is on the rental car contract doesn't seem that important to whether it's treated as your stuff," Kerr said on Twitter.

**No Lines** The decision leaves open "the hard line-drawing question as applied to this case," Kerr said.

The government argued that Byrd procured the rental car by a fraud. He used "a straw renter to allow him to take sole control of a rental car that he would not have been able to rent himself" because of his criminal background, the government said in its brief.

The government likened Byrd to a car thief, whom all parties deemed to agree would not have a reasonable expectation of privacy in the car.

But the court was unclear if "law should distinguish between one who obtains a vehicle through subterfuge


COPYRIGHT © 2018 BY THE BUREAU OF NATIONAL AFFAIRS, INC. CRL
ISSN 0011-134
PAUL, JEFFERY 10517042