UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL,<br><br>Petitioner,<br><br>v.<br><br>SUPERINTENDENT,<br>UNITED STATES OF AMERICA,<br>J. F. CARAWAY,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>No. 2:13-cv-00304-WTL-MJD |

**ORDER ON MOTION TO SEAL**

This matter comes before the Court on Petitioner Jeffery William Paul's Motion for Permission to File and Maintain Documents Under Seal [Dkt. 195], which seeks leave to file Petitioner's Reply in Support of Petition for Writ of Habeas Corpus [Dkt. 194] under seal. No response to the motion was filed. Motions to seal are governed by Local Rule 5-11. S.D. Ind. L.R. 5-11.

In the Seventh Circuit, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Thus, a party may only file a document under seal if it has "good cause" for doing so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3 943, 945 (7th Cir. 1999). A party has "good cause" to seal a document if it meets "the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs,* 297 F.3d 544, 545 (7th Cir. 2002).

Local Rule 5-11 provides in relevant part as follows:

**(d)(2)** Unless the sealed filing is authorized by statute, rule, or prior court order (other than a protective order), a party filing a document under seal must contemporaneously:

**(A)** file a Motion to Maintain Document(s) Under Seal, and

**(i)** if the filing party designated the subject information confidential, a Brief in Support that complies with the requirements of subsection (e), and a redacted (confidential portions blacked out) public version of the document that is being filed under seal; and/or

**(ii)** if the filing party did not designate the subject information confidential, an identification of the designating party(ies); and

**(B)** serve an unredacted and complete version of the document upon all counsel and pro se parties.

**(3)** The designating party(ies) identified according to subsection (2)(A)(ii) must, within 14 days of service of the Motion to Maintain Document(s) under Seal, file a Statement Authorizing Unsealing of Document (or specific portions thereof) and/or a Brief in Support that complies with the requirements of subsection (e) and a redacted (confidential portions blacked out) public version of the document that was designated as confidential and filed under seal. If the designating party fails to file a supporting Statement or Brief, then the filing party must notify the court of that failure. The court may summarily rule on the (d)(2)(A) motion to seal if the designating party does not file the required Statement or Brief.

**(e) Brief in Support**. A Brief in Support must not exceed 10 pages in length, without prior leave of court, and must include:

**(1)** identification of each specific document or portion(s) thereof that the party contends should remain under seal;

**(2)** the reasons demonstrating good cause to maintain the document, or portion(s) thereof, under seal including:

**(A)** why less restrictive alternatives to sealing, such as redaction, will not afford adequate protection;

**(B)** how the document satisfies applicable authority to maintain it under seal; and

**(C)** why the document should be kept sealed from the public despite its relevance or materiality to resolution of the matter; and

**(3)** a statement as to whether maintenance of the document under seal is opposed by any party; and

**(4)** a proposed order as an attachment.

S.D. Ind. L.R. 5-11(d)(2)-(3) & (e).

Petitioner did not file either a brief in support of his motion or a public copy of the Reply brief with only the portions of the document Petitioner contends are properly subject to sealing redacted therefrom, as required by Local Rule 5-11. In fact, far from meeting the stringent Seventh Circuit standards required to seal a document, Petitioner's motion states only that: "Counsel for Petitioner do not believe that Petitioner's Reply discusses the records encompassed by the protective order, but wish to place the Reply under seal in an abundance of caution." [Dkt. 195 ¶ 4.] Even a cursory review of the Reply brief demonstrates that most (if not all) of the contents of that document are not subject to being sealed.

The Court is entirely unable to evaluate Petitioner's motion absent a brief articulating how the motion complies with strict Seventh Circuit authority disfavoring the sealing of documents filed with the Court, or without a redacted copy of the document in question to allow the Court to determine what portions of Docket No. 194 Petitioner actually seeks to maintain under seal. Accordingly, Petitioner's motion to seal [Dkt. 195] is **DENIED**. The Clerk is directed to **UNSEAL** Docket No. 194 on or after September 19, 2018, absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal, or a further order of the Court.

SO ORDERED.

Dated: 28 AUG 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.