USDC/SOUTHERN DISTRICT OF IN.

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2018 OCT 12 PM 2:17
SOUTHERN DISTRICT OF INDIANA
LAURA A. BRIGGS
CLERK

Inrem:PAUL V.SUPERINTENDANT(WTL/MJD)
Case No#2:13 cv 304(CAPITAL CASE/PRO-SE)
COUNSEL APPOINTED-

----------------

-MOTION TO ENTER DEMAND FOR JUDGEMENT,PURSUANT TO FRCP-
TITLE 7-Rule 54(a)(b)(c)-(via)UNCOUNSELED CORRESPONDENCE-

SUMMARY-Attached Pgs.1-11.-

The Petitioner PRO-SE does hereby move the Court to grant affirmitive relief from illegal restraint hereby UNCOUNSELED CORRESPONDENCE pursuant to due-process for counseled petition...

The petitioner asserts that FEDERAL CRIMINAL CODE proscribes my captivity(&)other non/malfeasances under criminal code(&)the BOP/DOJ has long ignored my attempts to complain,see:Pg.1.-4.,the administrative remedy process is unavailable because I have a Learning-Disability,(&) my rights,categorically to prompt(&)equitable relief have been denied in one manner or another,by persons acting as a class/custom(&)under color of law...leaving me disfranchised entirely...see:Pg.5.-11.

The petioner does hereby demand relief of Judgement byway of Rules(&) proof,in proffer that my conviction(&)sentence were UNDULY Rendered(&) that I can prove(via)eyewitness testimony(&)forensic reports that I am innocent by ANY given STANDARD OF REVIEW!

The petitioner moves the Court to expedite(&)act w/PRIORITY OF CIVIL ACTION to vacate(&)remand a FUNDAMENTAL MISCARRIAGE OF JUSTICE.

RESPECTFULLY SUBMITTED,

Signed [signature]

Jeffery William Paul Rg#10517042
USP TERRE HAUTE,IN.
PO BOX 33/TERRE HAUTE,IN.
47808-0033

Done this Day-
10/ 9 /2018-

2008 Edition

Supersedes 2007 Edition and Supplement

# *Federal*
# CRIMINAL CODE and RULES

THOMSON
WEST

(13.2)

# TITLE 18

# CRIMES AND CRIMINAL PROCEDURE

**Act June 25, 1948, c. 645, § 1, 62 Stat. 683**

**Enactment of Title 18**

Section 1 of Act June 25, 1948, c. 645, 62 Stat. 683, provided in part that: "Title 18 of the United States Code, entitled 'Crimes and Criminal Procedure', is hereby revised, codified and enacted into positive law, and may be cited as 'Title 18, U.S.C. § ___.'"

Sections 2 to 17, inclusive, of Act June 25, 1948, made enumerated conforming amendments to sections in other Titles of the United States Code.

Sections 18 to 20 of Act June 25, 1948, provided as follows:

"Sec. 18. If any part of Title 18, Crimes and Criminal Procedure as set out in section 1 of this Act, shall be held invalid the remainder shall not be affected thereby.

"Sec. 19. No inference of a legislative construction is to be drawn by reason of the chapter in Title 18, Crimes and Criminal Procedure, as set out in section 1 of this Act, in which any particular section is placed, nor by reason of the catchlines used in such title.

"Sec. 20. This Act shall take effect September 1, 1948".

Section 21 of Act June 25, 1948, repealed enumerated provisions of the Revised Statutes or Statutes at Large, and provided that any rights or liabilities now existing under such repealed provisions shall not be affected by this repeal.


| Part | | Section |
|---|---|---|
| I. | CRIMES | 1 |
| II. | CRIMINAL PROCEDURE | 3001 |
| III. | PRISONS AND PRISONERS | 4001 |
| IV. | CORRECTION OF YOUTHFUL OFFENDERS | 5001 |
| V. | IMMUNITY OF WITNESSES | 6001 |
| APPENDIX [1] | | |
| I. | UNLAWFUL POSSESSION OR RECEIPT OF FIREARMS | |
| II. | INTERSTATE AGREEMENT ON DETAINERS | |
| III. | CLASSIFIED INFORMATION PROCEDURES ACT | |


[1] Appendix analysis editorially added.

## HISTORICAL AND STATUTORY NOTES

**1970 Amendments.** Pub.L. 91–452, Title II, § 201(b), Oct. 15, 1970, 84 Stat. 928, added Part V.

## PART I—CRIMES


| Chapter | | Section |
|---|---|---|
| 1. | General provisions | 1 |
| 2. | Aircraft and motor vehicles | 31 |
| 3. | Animals, birds, fish, and plants | 41 |
| 5. | Arson | 81 |
| 7. | Assault | 111 |
| 9. | Bankruptcy | 151 |
| 10. | Biological weapons | 175 |
| 11. | Bribery, graft, and conflicts of interest | 201 |
| 11A. | Child support | 228 |
| 11B. | Chemical Weapons [1] | 229 |
| 12. | Civil disorders | 231 |
| 13. | Civil rights | 241 |
| 15. | Claims and services in matters affecting government | 281 |
| 17. | Coins and currency | 331 |
| 17A. | Common carrier operation under the influence of alcohol or drugs | 341 |
| 18. | Congressional, Cabinet, and Supreme Court assassination, kidnapping, and assault | 351 |
| 19. | Conspiracy | 371 |
| 21. | Contempts | 401 |
| 23. | Contracts | 431 |
| 25. | Counterfeiting and forgery | 470 |
| 26. | Criminal street gangs | 521 |
| 27. | Customs | 541 |
| 29. | Elections and political activities | 591 |
| 31. | Embezzlement and theft | 641 |
| 33. | Emblems, insignia, and names | 700 |
| 35. | Escape and rescue | 751 |
| 37. | Espionage and censorship | 791 |
| 39. | Explosives and combustibles [2] | 831 |
| 40. | Importation, manufacture, distribution and storage of explosive materials | 841 |
| 41. | Extortion and threats | 871 |
| 42. | Extortionate credit transactions | 891 |
| 43. | False personation | 911 |
| 44. | Firearms | 921 |
| 45. | Foreign relations | 951 |
| 46. | Forfeiture | 981 |

(Pg. 3)




| Chapter | | Section |
|---|---|---|
| 47. | Fraud and false statements | 1001 |
| 49. | Fugitives from justice | 1071 |
| 50. | Gambling | 1081 |
| 50A. | Genocide | 1091 |
| 51. | Homicide | 1111 |
| 53. | Indians | 1151 |
| 55. | Kidnapping | 1201 |
| 57. | Labor | 1231 |
| 59. | Liquor traffic | 1261 |
| 61. | Lotteries | 1301 |
| 63. | Mail fraud | 1341 |
| 65. | Malicious mischief | 1361 |
| 67. | Military and Navy | 1381 |
| [68. | Repealed.] | |
| 69. | Nationality and citizenship | 1421 |
| 71. | Obscenity | 1460 |
| 73. | Obstruction of justice | 1501 |
| 74. | Partial-birth abortions | 1531 |
| 75. | Passports and visas | 1541 |
| 77. | Peonage, slavery, and trafficking in persons | 1581 |
| 79. | Perjury | 1621 |
| 81. | Piracy and privateering | 1651 |
| 83. | Postal service | 1691 |
| 84. | Presidential and Presidential staff assassination, kidnapping, and assault | 1751 |
| 85. | Prison-made goods | 1761 |
| 87. | Prisons | 1791 |
| 88. | Privacy | 1801 |
| 89. | Professions and occupations | 1821 |
| 90. | Protection of trade secrets | 1831 |
| 90A. | Protection of unborn children | 1841 |
| 91. | Public lands | 1851 |
| 93. | Public officers and employees | 1901 |
| 95. | Racketeering | 1951 |
| 96. | Racketeer Influenced and Corrupt Organizations | 1961 |
| 97. | Railroad carriers and mass transportation systems on land, on water, or through the air | 1991 |
| [99. | Repealed.] | |
| 101. | Records and reports | 2071 |
| 102. | Riots | 2101 |
| 103. | Robbery and burglary | 2111 |
| 105. | Sabotage | 2151 |
| 107. | Seamen and stowaways | 2191 |
| 109. | Searches and seizures | 2231 |
| 109A. | Sexual abuse | 2241 |
| 109B. | Sex offender and crimes against children registry | 2250 |
| 110. | Sexual exploitation and other abuse of children | 2251 |
| 110A. | Domestic violence and stalking | 2261 |
| 111. | Shipping | 2271 |
| 111A. | Destruction of, or interference with, vessels or maritime facilities | 2290 |
| 113. | Stolen property | 2311 |
| 113A. | Telemarketing fraud | 2325 |
| 113B. | Terrorism | 2331 |
| 113C. | Torture | 2340 |
| 114. | Trafficking in contraband cigarettes and smokeless tobacco | 2341 |
| 115. | Treason, sedition and subversive activities | 2381 |
| 117. | Transportation for illegal sexual activity and related crimes | 2421 |
| 118. | War crimes | 2441 |
| 119. | Wire and electronic communications interception and interception of oral communications [3] | 2510 |
| 121. | Stored wire and electronic communications and transactional records access | 2701 |
| 123. | Prohibition on release and use of certain personal information from State motor vehicle records | 2721 |


1 So in original. "Weapons" probably should not be capitalized.

2 Heading of chapter 39 amended without amending Part I analysis to reflect the change.

3 Editorially supplied. Chapter 119 added without corresponding amendment to Part I analysis.

## HISTORICAL AND STATUTORY NOTES

### Codifications

Pub.L. 104–294, Title VI, § 601(j)(2)(A), Oct. 11, 1996, 110 Stat. 3501, which directed that item for chapter relating to torture be redesignated from 113B to 113C, was incapable of execution due to prior identical amendment by section 303(c)(2) of Pub.L. 104–132.

Amendment by section 40221(b) of Pub.L. 103–322, adding item for chapter 110A, was executed to chapter analysis despite directory language referring to "part analysis", as the probable intent of Congress.

Section 506(b) of Pub.L. 103–236, directing that the item relating to chapter 113B, Torture, be inserted after the item relating to chapter 113A, was executed instead by inserting the item relating to chapter 113B, Torture, after the item relating to chapter 113B, Terrorism, as the probable intent of Congress.

# CHAPTER 1—GENERAL PROVISIONS


Sec.

[ 1. Repealed.]

2. Principals.

3. Accessory after the fact.

4. Misprision of felony.

5. United States defined.

6. Department and agency defined.

7. Special maritime and territorial jurisdiction of the United States defined.

8. Obligation or other security of the United States defined.

9. Vessel of the United States defined.

10. Interstate commerce and foreign commerce defined.

11. Foreign government defined.

12. United States Postal Service defined.

13. Laws of States adopted for areas within Federal jurisdiction.

(Pg. 4)

**Attachment 1**

FCC Terre Haute

Administrative Remedy – Informal Resolution

| | |
|---|---|
| Inmate Name: | Register #: |
| Unit: | Date Submitted: |

Section 1: NOTICE TO INMATE - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

Section 1a: Briefly state your specific single complaint:

Section 1b: Briefly state the resolution you request:

Inmate Signature:

Counselor Printed Name/Signature:

Section 2: Department Assigned

| | |
|---|---|
| Date Assigned: | Date Due: |

| | | | |
|---|---|---|---|
| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

Section 3: Department Head Response

| | |
|---|---|
| | Issue Resolved Comments: |
| | Issue Un-resolved Comments: |
| | Unable to Address Issue Comments: |

| | |
|---|---|
| Inmate Signature if Resolved: | Date: |
| Staff Signature: | Date: |

Section 4: Tracking

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | | | | | | |
| Time | | | | | | |
| Staff | | | | | | |

(pg. 5)

# CHAPTER 13—CIVIL RIGHTS

Sec.
241. Conspiracy against rights.
242. Deprivation of rights under color of law.
243. Exclusion of jurors on account of race or color.
244. Discrimination against person wearing uniform of armed forces.
245. Federally protected activities.
246. Deprivation of relief benefits.
247. Damage to religious property; obstruction of persons in the free exercise of religious beliefs.
248. Freedom of access to clinic entrances.

## § 241. Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(June 25, 1948, c. 645, 62 Stat. 696; Apr. 11, 1968, Pub.L. 90–284, Title I, § 103(a), 82 Stat. 75; Nov. 18, 1988, Pub.L. 100–690, Title VII, § 7018(a), (b)(1), 102 Stat. 4396; Sept. 13, 1994, Pub.L. 103–322, Title VI, § 60006(a), Title XXXII, §§ 320103(a), 320201(a), Title XXXIII, § 330016(1)(L), 108 Stat. 1970, 2109, 2113, 2147; Oct. 11, 1996, Pub.L. 104–294, Title VI, §§ 604(b)(14)(A), 607(a), 110 Stat. 3507, 3511.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1996 Acts.** Amendment by section 604 of Pub.L. 104–294 effective Sept. 13, 1994, see section 604(d) of Pub.L. 104–294, set out as a note under section 13 of this title.

**Short Title**

**1996 Amendments.** Pub.L. 104–155, § 1, July 3, 1996, 110 Stat. 1392, provided that: "This Act [amending section 247 of

(1976)



this title and section 10602 of Title 42, The Public Health and Welfare, enacting provisions set out as a note under section 247 of this title, and amending provisions set out as a note under section 534 of Title 28, Judiciary and Judicial Procedure] may be cited as the 'Church Arson Prevention Act of 1996'."

**Repeals**

Pub.L. 103–322, Title XXXII, § 320103(a)(1), Sept. 13, 1994, 108 Stat. 2109, appearing in the credit of this section, was repealed by Pub.L. 104–294, Title VI, § 604(b)(14)(A), Oct. 11, 1996, 110 Stat. 3507.

## § 242. Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(June 25, 1948, c. 645, 62 Stat. 696; Apr. 11, 1968, Pub.L. 90–284, Title I, § 103(b), 82 Stat. 75; Nov. 18, 1988, Pub.L. 100–690, Title VII, § 7019, 102 Stat. 4396; Sept. 13, 1994, Pub.L. 103–322, Title VI, § 60006(b), Title XXXII, §§ 320103(b), 320201(b), Title XXXIII, § 330016(1)(H), 108 Stat. 1970, 2109, 2113, 2147; Oct. 11, 1996, Pub.L. 104–294, Title VI, §§ 604(b)(14)(B), 607(a), 110 Stat. 3507, 3511.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

1996 Acts. Amendment by section 604 of Pub.L. 104–294 effective Sept. 13, 1994, see section 604(d) of Pub.L. 104–294, set out as a note under section 13 of this title.

**Repeals**

Pub.L. 103–322, Title XXXII, § 320103(b)(1), Sept. 13, 1994, 108 Stat. 2109, appearing in the credit of this section, was repealed by Pub.L. 104–294, Title VI, § 604(b)(14)(B), Oct. 11, 1996, 110 Stat. 3507.

## § 243. Exclusion of jurors on account of race or color

No citizen possessing all other qualifications which are or may be prescribed by law shall be disqualified for service as grand or petit juror in any court of the United States, or of any State on account of race, color, or previous condition of servitude; and whoever, being an officer or other person charged with any duty in the selection or summoning of jurors, excludes or fails to summon any citizen for such cause, shall be fined not more than $5,000.

(June 25, 1948, c. 645, 62 Stat. 696.)

## § 244. Discrimination against person wearing uniform of armed forces

Whoever, being a proprietor, manager, or employee of a theater or other public place of entertainment or amusement in the District of Columbia, or in any Territory, or Possession of the United States, causes any person wearing the uniform of any of the armed forces of the United States to be discriminated against because of that uniform, shall be fined under this title.

(June 25, 1948, c. 645, 62 Stat. 697; May 24, 1949, c. 139, § 5, 63 Stat. 90; Sept. 13, 1994, Pub.L. 103–322, Title XXXIII, § 330016(1)(G), 108 Stat. 2147.)

## § 245. Federally protected activities

(a)(1) Nothing in this section shall be construed as indicating an intent on the part of Congress to prevent any State, any possession or Commonwealth of the United States, or the District of Columbia, from exercising jurisdiction over any offense over which it would have jurisdiction in the absence of this section, nor shall anything in this section be construed as depriving State and local law enforcement authorities of responsibility for prosecuting acts that may be violations of this section and that are violations of State and local law. No prosecution of any offense described in this section shall be undertaken by the United States except upon the certification in writing of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any Assistant Attorney General specially designated by the Attorney General that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice, which function of certification may not be delegated.

(2) Nothing in this subsection shall be construed to limit the authority of Federal officers, or a Federal grand jury, to investigate possible violations of this section.

(b) Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—

(1) any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from—

(A) voting or qualifying to vote, qualifying or campaigning as a candidate for elective office, or qualifying or acting as a poll watcher, or any

(pg. 7)



legally authorized election official, in any primary, special, or general election;

(B) participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States;

(C) applying for or enjoying employment, or any perquisite thereof, by any agency of the United States;

(D) serving, or attending upon any court in connection with possible service, as a grand or petit juror in any court of the United States;

(E) participating in or enjoying the benefits of any program or activity receiving Federal financial assistance; or

(2) any person because of his race, color, religion or national origin and because he is or has been—

(A) enrolling in or attending any public school or public college;

(B) participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof;

(C) applying for or enjoying employment, or any perquisite thereof, by any private employer or any agency of any State or subdivision thereof, or joining or using the services or advantages of any labor organization, hiring hall, or employment agency;

(D) serving, or attending upon any court of any State in connection with possible service, as a grand or petit juror,

(E) traveling in or using any facility of interstate commerce, or using any vehicle, terminal, or facility of any common carrier by motor, rail, water, or air;

(F) enjoying the goods, services, facilities, privileges, advantages, or accommodations of any inn, hotel, motel, or other establishment which provides lodging to transient guests, or of any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility which serves the public and which is principally engaged in selling food or beverages for consumption on the premises, or of any gasoline station, or of any motion picture house, theater, concert hall, sports arena, stadium, or any other place of exhibition or entertainment which serves the public, or of any other establishment which serves the public and (i) which is located within the premises of any of the aforesaid establishments or within the premises of which is physically located any of the aforesaid establishments, and (ii) which holds itself out as serving patrons of such establishments; or

(3) during or incident to a riot or civil disorder, any person engaged in a business in commerce or affecting commerce, including, but not limited to, any person engaged in a business which sells or offers for sale to interstate travelers a substantial portion of the articles, commodities, or services which it sells or where a substantial portion of the articles or commodities which it sells or offers for sale have moved in commerce; or

(4) any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from—

(A) participating, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described in subparagraphs (1)(A) through (1)(E) or subparagraphs (2)(A) through (2)(F); or

(B) affording another person or class of persons opportunity or protection to so participate; or

(5) any citizen because he is or has been, or in order to intimidate such citizen or any other citizen from lawfully aiding or encouraging other persons to participate, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described in subparagraphs (1)(A) through (1)(E) or subparagraphs (2)(A) through (2)(F), or participating lawfully in speech or peaceful assembly opposing any denial of the opportunity to so participate—

shall be fined under this title, or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined under this title, or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death. As used in this section, the term "participating lawfully in speech or peaceful assembly" shall not mean the aiding, abetting, or inciting of other persons to riot or to commit any act of physical violence upon any individual or against any real or personal property in furtherance of a riot. Nothing in subparagraph (2)(F) or (4)(A) of this subsection shall apply to the proprietor of any establishment which provides lodging to transient guests, or to any employee acting on behalf of such proprietor, with respect to the enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of such establishment if such establishment is located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor as his residence.

(c) Nothing in this section shall be construed so as to deter any law enforcement officer from lawfully

carrying out the duties of his office; and no law enforcement officer shall be considered to be in violation of this section for lawfully carrying out the duties of his office or lawfully enforcing ordinances and laws of the United States, the District of Columbia, any of the several States, or any political subdivision of a State. For purposes of the preceding sentence, the term "law enforcement officer" means any officer of the United States, the District of Columbia, a State, or political subdivision of a State, who is empowered by law to conduct investigations of, or make arrests because of, offenses against the United States, the District of Columbia, a State, or a political subdivision of a State.

**(d)** For purposes of this section, the term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

(Added Pub.L. 90–284, Title I, § 101(a), Apr. 11, 1968, 82 Stat. 73, and amended Pub.L. 100–690, Title VII, § 7020(a), Nov. 18, 1988, 102 Stat. 4396; Pub.L. 101–647, Title XII, § 1205(b), Nov. 29, 1990, 104 Stat. 4830; Pub.L. 103–322, Title VI, § 60006(c), Title XXXII, § 320103(c), Title XXXIII, § 330016(1)(H), (L), Sept. 13, 1994, 108 Stat. 1971, 2109, 2147; Pub.L. 104–294, Title VI, § 604(b)(14)(C), (37), Oct. 11, 1996, 110 Stat. 3507, 3509.)

## HISTORICAL AND STATUTORY NOTES

### Effective and Applicability Provisions

**1996 Acts.** Amendment by section 604 of Pub.L. 104–294 effective Sept. 13, 1994, see section 604(d) of Pub.L. 104–294, set out as a note under section 13 of this title.

### Repeals

Pub.L. 103–322, Title XXXII, § 320103(c)(1), (3), Sept. 13, 1994, 108 Stat. 2109, appearing in the credit of this section, was repealed by Pub.L. 104–294, Title VI, § 604(b)(14)(C), Oct. 11, 1996, 110 Stat. 3507.

### Fair Housing

Section 101(b) of Pub.L. 90–284 provided that: "Nothing contained in this section [enacting this section] shall apply to or affect activities under title VIII of this Act [sections 3601–3619 of Title 42, The Public Health and Welfare]."

### Riots or Civil Disturbances, Suppression and Restoration of Law and Order; Acts or Omissions of Enforcement Officers and Members of Military Service Not Subject to This Section

Section 101(c) of Pub.L. 90–284 provided that: "The provisions of this section [enacting this section] shall not apply to acts or omissions on the part of law enforcement officers, members of the National Guard, as defined in section 101(9) of title 10, United States Code [section 101(9) of Title 10], members of the organized militia of any State or the District of Columbia, not covered by such section 101(9), or members of the Armed Forces of the United States, who are engaged in suppressing a riot or civil disturbance or restoring law and order during a riot or civil disturbance."

## § 246. Deprivation of relief benefits

Whoever directly or indirectly deprives, attempts to deprive, or threatens to deprive any person of any employment, position, work, compensation, or other benefit provided for or made possible in whole or in part by any Act of Congress appropriating funds for work relief or relief purposes, on account of political affiliation, race, color, sex, religion, or national origin, shall be fined under this title, or imprisoned not more than one year, or both.

(Added Pub.L. 94–453, § 4(a), Oct. 2, 1976, 90 Stat. 1517, and amended Pub.L. 103–322, Title XXXIII, § 330016(1)(L), Sept. 13, 1994, 108 Stat. 2147.)

## § 247. Damage to religious property; obstruction of persons in the free exercise of religious beliefs

**(a)** Whoever, in any of the circumstances referred to in subsection (b) of this section—

(1) intentionally defaces, damages, or destroys any religious real property, because of the religious character of that property, or attempts to do so; or

(2) intentionally obstructs, by force or threat of force, any person in the enjoyment of that person's free exercise of religious beliefs, or attempts to do so;

shall be punished as provided in subsection (d).

**(b)** The circumstances referred to in subsection (a) are that the offense is in or affects interstate or foreign commerce.

**(c)** Whoever intentionally defaces, damages, or destroys any religious real property because of the race, color, or ethnic characteristics of any individual associated with that religious property, or attempts to do so, shall be punished as provided in subsection (d).

**(d)** The punishment for a violation of subsection (a) of this section shall be—

(1) if death results from acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, a fine in accordance with this title and imprisonment for any term of years or for life, or both, or may be sentenced to death;

(2) if bodily injury results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this section, and the violation is by means of fire or an explosive, a fine under this title or imprisonment for not more that 40 years, or both;

(3) if bodily injury to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this section, results from the acts committed in violation of

(pg 9)



this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, a fine in accordance with this title and imprisonment for not more than 20 years, or both; and

(4) in any other case, a fine in accordance with this title and imprisonment for not more than one year, or both.

(e) No prosecution of any offense described in this section shall be undertaken by the United States except upon the certification in writing of the Attorney General or his designee that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice.

(f) As used in this section, the term "religious real property" means any church, synagogue, mosque, religious cemetery, or other religious real property, including fixtures or religious objects contained within a place of religious worship.

(g) No person shall be prosecuted, tried, or punished for any noncapital offense under this section unless the indictment is found or the information is instituted not later than 7 years after the date on which the offense was committed.

(Added Pub.L. 100–346, § 1, June 24, 1988, 102 Stat. 644, and amended Pub.L. 103–322, Title VI, § 60006(d), Title XXXII, § 320103(d), Sept. 13, 1994, 108 Stat. 1971, 2110; Pub.L. 104–155, § 3, July 3, 1996, 110 Stat. 1392; Pub.L. 104–294, Title VI, §§ 601(c)(3), 605(r), Oct. 11, 1996, 110 Stat. 3499, 3511; Pub.L. 107–273, Div. B, Title IV, § 4002(c)(1), (e)(4), Nov. 2, 2002, 116 Stat. 1808, 1810.)

## HISTORICAL AND STATUTORY NOTES

**Codifications**

Due to prior amendment by Pub.L. 104–155, which redesignated former subsec. (d) as (e), subsequent amendments by sections 601(c)(3) and 605(r) of Pub.L. 104–294, both directing that "certification" be substituted for "notification" in subsec. (d), were executed to subsec. (e), as the probable intent of Congress.

**Effective and Applicability Provisions**

**2002 Acts.** Amendments by section 4002(c)(1) and (e)(4) of Pub.L. 107–273, as therein provided, effective Oct. 11, 1996, which is the date of enactment of Pub.L. 104–294, to which such amendments relate.

**Repeals**

Section 605(r) of Pub.L. 104–294, cited in the credit of this section, was repealed by Pub.L. 107–273, Div. B, Title IV, § 4002(c)(1), Nov. 2, 2002, 116 Stat. 1808, effective Oct. 11, 1996.

**Congressional Findings**

Section 2 of Pub.L. 104–155 provided that: "The Congress finds the following:

"(1) The incidence of arson or other destruction or vandalism of places of religious worship, and the incidence of violent interference with an individual's lawful exercise or attempted exercise of the right of religious freedom at a place of religious worship pose a serious national problem.

"(2) The incidence of arson of places of religious worship has recently increased, especially in the context of places of religious worship that serve predominantly African-American congregations.

"(3) Changes in Federal law are necessary to deal properly with this problem.

"(4) Although local jurisdictions have attempted to respond to the challenges posed by such acts of destruction or damage to religious property, the problem is sufficiently serious, widespread, and interstate in scope to warrant Federal intervention to assist State and local jurisdictions.

"(5) Congress has authority, pursuant to the Commerce Clause of the Constitution, to make acts of destruction or damage to religious property a violation of Federal law.

"(6) Congress has authority, pursuant to section 2 of the 13th amendment to the Constitution, to make actions of private citizens motivated by race, color, or ethnicity that interfere with the ability of citizens to hold or use religious property without fear of attack, violations of Federal criminal law."

## § 248. Freedom of access to clinic entrances

(a) **Prohibited activities.**—Whoever—

(1) by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services;

(2) by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship; or

(3) intentionally damages or destroys the property of a facility, or attempts to do so, because such facility provides reproductive health services, or intentionally damages or destroys the property of a place of religious worship,

shall be subject to the penalties provided in subsection (b) and the civil remedies provided in subsection (c), except that a parent or legal guardian of a minor shall not be subject to any penalties or civil remedies under this section for such activities insofar as they are directed exclusively at that minor.

(b) **Penalties.**—Whoever violates this section shall—

(1) in the case of a first offense, be fined in accordance with this title, or imprisoned not more than one year, or both; and

(2) in the case of a second or subsequent offense after a prior conviction under this section, be fined

in accordance with this title, or imprisoned not more than 3 years, or both;

except that for an offense involving exclusively a nonviolent physical obstruction, the fine shall be not more than $10,000 and the length of imprisonment shall be not more than six months, or both, for the first offense; and the fine shall, notwithstanding section 3571, be not more than $25,000 and the length of imprisonment shall be not more than 18 months, or both, for a subsequent offense; and except that if bodily injury results, the length of imprisonment shall be not more than 10 years, and if death results, it shall be for any term of years or for life.

(c) **Civil remedies.**—

(1) **Right of action.**—

(A) **In general.**—Any person aggrieved by reason of the conduct prohibited by subsection (a) may commence a civil action for the relief set forth in subparagraph (B), except that such an action may be brought under subsection (a)(1) only by a person involved in providing or seeking to provide, or obtaining or seeking to obtain, services in a facility that provides reproductive health services, and such an action may be brought under subsection (a)(2) only by a person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship or by the entity that owns or operates such place of religious worship.

(B) **Relief.**—In any action under subparagraph (A), the court may award appropriate relief, including temporary, preliminary or permanent injunctive relief and compensatory and punitive damages, as well as the costs of suit and reasonable fees for attorneys and expert witnesses. With respect to compensatory damages, the plaintiff may elect, at any time prior to the rendering of final judgment, to recover, in lieu of actual damages, an award of statutory damages in the amount of $5,000 per violation.

(2) **Action by Attorney General of the United States.**—

(A) **In general.**—If the Attorney General of the United States has reasonable cause to believe that any person or group of persons is being, has been, or may be injured by conduct constituting a violation of this section, the Attorney General may commence a civil action in any appropriate United States District Court.

(B) **Relief.**—In any action under subparagraph (A), the court may award appropriate relief, including temporary, preliminary or permanent injunctive relief, and compensatory damages to persons aggrieved as described in paragraph (1)(B). The court, to vindicate the public interest, may also assess a civil penalty against each respondent—

(i) in an amount not exceeding $10,000 for a nonviolent physical obstruction and $15,000 for other first violations; and

(ii) in an amount not exceeding $15,000 for a nonviolent physical obstruction and $25,000 for any other subsequent violation.

(3) **Actions by State Attorneys General.**—

(A) **In general.**—If the Attorney General of a State has reasonable cause to believe that any person or group of persons is being, has been, or may be injured by conduct constituting a violation of this section, such Attorney General may commence a civil action in the name of such State, as parens patriae on behalf of natural persons residing in such State, in any appropriate United States District Court.

(B) **Relief.**—In any action under subparagraph (A), the court may award appropriate relief, including temporary, preliminary or permanent injunctive relief, compensatory damages, and civil penalties as described in paragraph (2)(B).

(d) **Rules of construction.**—Nothing in this section shall be construed—

(1) to prohibit any expressive conduct (including peaceful picketing or other peaceful demonstration) protected from legal prohibition by the First Amendment to the Constitution;

(2) to create new remedies for interference with activities protected by the free speech or free exercise clauses of the First Amendment to the Constitution, occurring outside a facility, regardless of the point of view expressed, or to limit any existing legal remedies for such interference;

(3) to provide exclusive criminal penalties or civil remedies with respect to the conduct prohibited by this section, or to preempt State or local laws that may provide such penalties or remedies; or

(4) to interfere with the enforcement of State or local laws regulating the performance of abortions or other reproductive health services.

(e) **Definitions.**—As used in this section:

(1) **Facility.**—The term "facility" includes a hospital, clinic, physician's office, or other facility that provides reproductive health services, and includes the building or structure in which the facility is located.

(2) **Interfere with.**—The term "interfere with" means to restrict a person's freedom of movement.

(3) **Intimidate.**—The term "intimidate" means to place a person in reasonable apprehension of bodily harm to him- or herself or to another.

(4) **Physical obstruction.**—The term "physical obstruction" means rendering impassable ingress to or egress from a facility that provides reproductive health services or to or from a place of religious worship, or rendering passage to or from such a facility or place of religious worship unreasonably difficult or hazardous.

(5) **Reproductive health services.**—The term "reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

(6) **State.**—The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

(Added Pub.L. 103–259, § 3, May 26, 1994, 108 Stat. 694, and amended Pub.L. 103–322, Title XXXIII, § 330023(a)(2), (3), Sept. 13, 1994, 108 Stat. 2150.)

## HISTORICAL AND STATUTORY NOTES

### Effective and Applicability Provisions

**1994 Acts.** Section 330023(b) of Pub.L. 103–322 provided that: "The amendments made by this subsection (a) [amending this section] shall take effect on the date of enactment of the Freedom of Access to Clinic Entrances Act of 1994 [May 26, 1994]."

Section 6 of Pub.L. 103–259 provided that: "This Act [enacting this section and provisions set out as notes under this section] takes effect on the date of enactment of this Act [May 26, 1994], and shall apply only with respect to conduct occurring on or after such date."

### Severability of Provisions

Section 5 of Pub.L. 103–259 provided that: "If any provision of this Act [enacting this section and provisions set out as notes under this section], an amendment made by this Act, or the application of such provision or amendment to any person or circumstance is held to be unconstitutional, the remainder of this Act, the amendments made by this Act, and the application of the provisions of such to any other person or circumstance shall not be affected thereby."

### Short Title

**1996 Acts.** Section 1 of Pub.L. 103–259 provided that: "This Act [enacting this section and provisions set out as notes under this section] may be cited as the 'Freedom of Access to Clinic Entrances Act of 1994'."

### Congressional Statement of Purpose

Section 2 of Pub.L. 103–259 provided that: "Pursuant to the affirmative power of Congress to enact this legislation under section 8 of article I of the Constitution, as well as under section 5 of the fourteenth amendment to the Constitution, it is the purpose of this Act [enacting this section and provisions set out as notes under this section] to protect and promote the public safety and health and activities affecting interstate commerce by establishing Federal criminal penalties and civil remedies for certain violent, threatening, obstructive and destructive conduct that is intended to injure, intimidate or interfere with persons seeking to obtain or provide reproductive health services."