Judge Lawrence | Dinsmore

(Pg. 1)

TRULINCS 26190177 - ROBINSON, JULIUS OMAR - Unit: THP-X-A

---

FROM: Research Team-, Leading Ed
TO: 26190177
SUBJECT: Alert Update U. S. Supreme Court Happenings for June 24, 2019 United States v. Davis, Ruling 5-4, Finds Part of 924(c) Uncon
DATE: 06/24/2019 01:37:17 PM

Today, the Supreme Court released orders from the June 20th conference. The Justices granted eight new cases, for a total of five hours of oral argument next term: Guerrero-Lasprilla v. Barr, Ovalles v. Barr, Dex Media Inc. v. Click-To-Call Technologies, LP, Maine Community Health Options v. United States, Moda Health Plan Inc. v. United States, Land of Lincoln Mutual Health Insurance Co. v. United States, Georgia v. Public.Resource.Org Inc. and Banister v. Davis (see below).

Also today, the Justices released their opinions in four argued cases: United States v. Davis (see below), Food Marketing Institute v. Argus Leader Media, Iancu v. Brunetti and The Dutra Group v. Batterton.

The Supreme Court will release opinions in one or more argued cases on Wednesday at 10 a.m.

Banister v. Davis, (No. 18-6943) (S. Ct. Cert Granted June 24, 2019)

The motion of petitioner for leave to proceed in forma pauperis is granted, and the petition for a writ of certiorari is granted limited to the following question: Whether and under what circumstances a timely Rule 59(e) motion should be recharacterized as a second or successive habeas petition under Gonzalez v. Crosby, 545 U.S. 524 (2005).

This morning the Supreme Court in United States v. Davis has also issued another huge ruling finding an important federal criminal statute unconstitutionally vague.

United States v. Davis, (No. 18-431) (S. Ct. June 24, 2019)--The majority opinion in Davis is authored by Justice Gorsuch and starts and ends this way:

In our constitutional order, a vague law is no law at all. Only the people's elected representatives in Congress have the power to write new federal criminal laws. And when Congress exercises that power, it has to write statutes that give ordinary people fair warning about what the law demands of them. Vague laws transgress both of those constitutional requirements. They hand off the legislature's responsibility for defining criminal behavior to unelected prosecutors and judges, and they leave people with no sure way to know what consequences will attach to their conduct. When Congress passes a vague law, the role of courts under our Constitution is not to fashion a new, clearer law to take its place, but to treat the law as a nullity and invite Congress to try again.

Today we apply these principles to 18 U. S. C. §924(c). That statute threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes. But which other federal crimes? The statute's residual clause points to those felonies "that by [their] nature, involv[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). Even the government admits that this language, read in the way nearly everyone (including the government) has long understood it, provides no reliable way to determine which offenses qualify as crimes of violence and thus is unconstitutionally vague. So today the government attempts a new and alternative reading designed to save the residual clause. But this reading, it turns out, cannot be squared with the statute's text, context, and history. Were we to adopt it, we would be effectively stepping outside our role as judges and writing a new law rather than applying the one Congress adopted.

After the Fifth Circuit vacated Mr. Davis and Mr. Glover's convictions and sentences on one of the two §924(c) counts at issue, both men sought rehearing and argued that the court should have vacated their sentences on all counts. In response, the government conceded that, if §924(c)(3)(B) is held to be vague, then the defendants are entitled to a full resentencing, not just the more limited remedy the court had granted them. The Fifth Circuit has deferred ruling on the rehearing petitions pending our decision, so we remand the case to allow the court to address those petitions. The judgment below is affirmed in part and vacated in part, and the case is remanded for further proceedings consistent with this opinion.

OTHER NEWS

Will Lawyers Be Drafting "Rehaif Motions" Seeking Relief for "Tens of Thousands of Prisoners" Potentially Impacted by the Supreme Court Decision?

This question is prompted by the dire claims appearing in Justice Alito's dissent in Friday's Supreme Court ruling in Rehaif v. United States, (No. 17-9560) (S. Ct. June 21, 2019) (previously reported). At the start of his dissent, Justice Alito frets that the Court's ruling in Rehaif "will create a mountain of problems with respect to the thousands of prisoners currently serving terms for §922(g) convictions" and that "[a]pplications for relief by federal prisoners sentenced under §922(g) will swamp the lower courts." At the end of his dissent, he returns to this lament as follows:

Although the majority presents its decision as modest, its practical effects will be far reaching and cannot be ignored. Tens of thousands of prisoners are currently serving sentences for violating 18 U.S.C. § 922(g). It is true that many pleaded guilty, and for most direct review is over. Nevertheless, every one of those prisoners will be able to seek relief by one route or another. Those for whom direct review has not ended will likely be entitled to a new trial. Others may move to have their convictions vacated under 28 U.S.C. § 2255, and those within the statute of limitations will be entitled to relief if they can show that they are actually innocent of violating §922(g), which will be the case if they did not know that they fell into one of the

Judge Jane Dinsmore

(pg. 2)



---

categories of persons to whom the offense applies. If a prisoner asserts that he lacked that knowledge and therefore was actually innocent, the district courts, in a great many cases, may be required to hold a hearing, order that the prisoner be brought to court from a distant place of confinement, and make a credibility determination as to the prisoner's subjective mental state at the time of the crime, which may have occurred years in the past. This will create a substantial burden on lower courts, who are once again left to clean up the mess the Court leaves in its wake as it moves on to the next statute in need of "fixing."...

The majority today opens the gates to a flood of litigation that is sure to burden the lower courts with claims for relief in a host of cases where there is no basis for doubting the defendant's knowledge.

COMMENT:

Though we are not sure that the litigation following the Court's decision in Rehaif will amount to a flood, we are sure that it will be interesting to see just how this ruling echoes through the lower courts in the weeks and months ahead. Anyone charged under 18 U.S.C. § 922(g) should opt for a Free Quick Look to see if Rehaif applies to them.

We are going to need some time (days and weeks) to fully process the latest huge vagueness ruling in United States v. Davis. However, the Davis case will also have a big bearing for all of the cases held in abeyance such as United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). In Simms, the Fourth Circuit has held the mandate in abeyance pending Davis. As such, the cases pending will now be favorably decided. Anyone with a §924(c) case should request a Free Look Up to see if they may gain relief.

We also still await two more notable criminal rulings this Term United States v. Haymond and Mitchell v. Wisconsin. Stay tuned.

FOR FREE QUICK LOOKS FOR ALL KINDS OF FEDERAL CRIMINAL CASES INCLUDING § 922(g) AND 924(c)(3)(B) CASES, PLEASE SUBMIT THE FOLLOWING:
(1) FULL NAME & REG. NUMBER; (2) WHERE YOU WENT TO COURT (City & State); and (2) OUTSIDE CONTACT'S INFORMATION (Name, Telephone Number and they must know why we are calling). WE HANDLE ALL KINDS OF FEDERAL CRIMINAL CASES FROM PRE-INDICTMENT TO POST CONVICTION. WE HAVE A HIGH SUCCESS RATE.
Outside Contacts please call 800-401-3290. please make sure they have your information for above. They can also email: Mimi Harper [mhalert1759@gmail.com]; Julia Sims [juliasimsalert@gmail.com]; or Kane Adams [kanealert11@gmail.com] for English; and Carina Garcia [carina.garcia2@yahoo.com] for Spanish.