**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| **JEFFREY WILLIAM PAUL**,<br><br>Petitioner,<br><br>v.<br><br>**SUPERINTENDENT**, USP-Terre Haute<br>**UNITED STATES OF AMERICA**,<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 2:13-cv-00304-JMS-MJD |

---

**RESPONDENT'S SUPPLEMENTAL BRIEFING**

---

**PRELIMINARY STATEMENT**

On June 22, 1995, Petitioner Jeffrey Paul and an acquaintance, Trinity Ingle, followed 82-year-old Sherman Williams onto a trail in Hot Springs National Park. Paul and Ingle robbed, beat, and fatally shot Williams. They pulled the victim's body about thirty feet from the trail in an effort to conceal it. But four days later, a hiker found the remains under logs and rocks, with hands and ankles tightly bound in duct tape. A piece of tape presumed to have gagged Williams was found around his neck. Williams died from a gunshot wound to the head and had suffered near decapitation. *United States v. Paul*, 217 F.3d 989, 994 (8th Cir. 2000).

On December 4, 1996, a federal grand jury in the Western District of Arkansas returned a superseding indictment that charged Paul with aiding and abetting murder within the special territorial jurisdiction of the United States (18 U.S.C. §§ 1111 & 2), and aiding and abetting firearm-use murder during and in relation to a crime of violence (18 U.S.C. §§ 924(j) & 2). Ex.

A. (Crim. Dkt. 86).[1] Count 1 alleged, in pertinent part, "On or about the 22nd day of June, 1995, . . . [Paul] did, with malice aforethought, kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery." *Id*. Count 2 charged,

> On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, Jeffery William Paul, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to title 18 U.S.C. § 7(3), did knowingly carry and use a firearm, during an in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995, as set forth in Court 1 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18 U.S.C. § 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18 U.S.C. § 1111, in that the defendant, did unlawfully kill Sherman Williams by shooting him with the firearm in the perpetration of the robbery and attempted perpetration of the robbery in violation of 18 U.S.C. § 924(i)(1) and § 2.

*Id*. In 1997, a petite jury convicted Paul, as charged. *Paul*, 217 F.3d at 994.

Following a penalty phase trial, the jury recommended a death sentence, which the trial court imposed. *Paul*, 217 F.3d at 994. On appeal, the Eighth Circuit Court of Appeals affirmed the judgment (*id*. at 1005), and the Supreme Court subsequently denied certiorari (*Paul v. United States*, 534 U.S. 829 (2001)). Paul unsuccessfully sought collateral relief under 28 U.S.C. § 2255. Crim. Dkt. 322. He appealed, but the Eighth Circuit affirmed, and the Supreme Court denied certiorari. *Paul v. United States*, 534 F.3d 832 (8th Cir. 2008), *cert. denied*, 558 U.S. 828 (2009). Acting pro se, Paul later filed an unsuccessful second and successive § 2255 motion (Crim. Dkt. 362, 392), and four unsuccessful requests for permission to file second and successive § 2255 motions. *Paul v. United States*, No. 19-1994 (8th Cir. June 21, 2019); *Paul v.*

---

[1] "Crim. Dkt." refers to docket entries in *United States v. Paul*, W.D. Ark. case no. 96-60022-001. "Dkt." refers to entries on the docket in this case.

*United States*, No. 16-2330 (8th Cir. Aug. 5, 2016); *In re: Paul*, No. 14-1832 (8th Cir. Apr. 22, 2014); *Paul v. United States*, No. 13-2987 (8th Cir. Oct. 1, 2013).

On August 20, 2013, Paul filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. The petition asserts, among other things, that Paul is entitled to a new sentencing hearing on his § 924(c) conviction in view of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government moved to dismiss the petition for lack of jurisdiction. Dkt. 39. The Court denied the motion and permitted Paul to file an amended § 2241 motion. Dkt. 44. The amended motion alleged—among other things—that the court should vacate the defendant's § 924 conviction under *Johnson*. Dkt. 103 at 42-57. In response, the government argued that this Court should deny the petition under 28 U.S.C. § 2244 and § 2255(e). Dkt. 158. Without ruling on the response, the Court stayed the proceedings pending a decision in the Supreme Court case of *United States v. Davis* (No. 18-431), concerning the constitutionality of § 924. Dkt. 220. On June 24, 2019, the Supreme Court issued an opinion in *Davis*, declaring a provision of § 924 unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2042 (2019). Two days later, this Court ordered the government to file a supplemental brief addressing *Davis*. Dkt. 224. This brief follows.

## ARGUMENT

### I. NO IDENTIFIABLE DEFECT JUSTIFIES HABEAS RELIEF IN THIS CASE: PAUL COULD HAVE RAISED THIS CLAIM IN A COLLATERAL PROCEEDING, THOUGH IT FAILS ON ITS MERITS

Paul asserts this Court should vacate his § 924 conviction for firearm-use murder in view of the statute's flaws, which the Supreme Court recognized in *Davis*. Dkt. 103 at 42-57. However, as previously argued, Paul has failed to state a claim upon which this Court can grant § 2241 relief. Even assuming Paul's challenge falls within the ambit of § 2241, it should fail,

because he was convicted under a provision of § 924 unaffected by the *Davis* decision. *Davis* identified a defect in the language of § 924(c)(3)(B), which defines as violent crimes those offenses that innately involve "a substantial risk" of physical force against a person or property. But *Davis* did not address the alternate definition of a violent crime, in § 924(c)(3)(A), which contemplates whether the elements of an offense require the use, attempted use, or threatened use of force. Under that subdivision, the predicate crime of robbery qualifies as a crime of violence that satisfies the prerequisite for a conviction under § 924(j).

A. Paul improperly raised his claim under § 2241, rather than § 2255

As argued in the government's Return to Order to Show Cause (Dkt. 158), § 2255 provides the presumptive means by which federal prisoners may challenge their convictions and sentences. *Davis v. United States*, 417 U.S. 333, 343 (1974); *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). A prisoner may utilize § 2241 when § 2255, under its "savings clause," is "inadequate or ineffective to test the legality of his detention."[2] § 2255(e); *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1028 (2018); *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016); *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). In other words, courts turn to § 2241 "only when a fundamental defect exists . . . which cannot be corrected under § 2255." *Cooper v.*

---

[2] Recognizing Seventh Circuit authority to the contrary, the government maintains § 2255(e) erects a test of subject matter jurisdiction, as agreed by every other appellate court to consider the issue. *Compare Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005), *cert. denied*, 546 U.S. 1145 (2006); *with United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018), *cert. denied*, 139 S.Ct. 1318 (2019); *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017); *Williams v. Warden*, 713 F.3d 1332, 1338-1340 (11th Cir. 2013), *cert. denied*, 135 S. Ct. 52 (2014); *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013), *cert. denied*, 572 U.S. 1063 (2014); *Harrison v. Ollison*, 519 F.3d 952, 961 (9th Cir.), *cert. denied*, 555 U.S. 911 (2008); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir.), *cert. denied*, 540 U.S. 1085 (2003); *Cephas v. Nash*, 328 F.3d 98, 105 (2d Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir.), *cert. denied*, 534 U.S. 1008 (2001).

*United States*, 199 F.3d 898, 901 (7th Cir. 1999). Section 2241 petitioners bear the burden of "affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Roberts v. Krueger*, no. 2:18cv45, 2018 WL 6110933, at *2 (S.D. Ind. Nov. 21, 2018) (internal quotation marks omitted); *see Prevatte v. Merlak*, 865 F.3d 894, 900- 01 (7th Cir. 2017).

A § 2255 remedy is "inadequate" when the limitations on multiple requests for relief prevent a prisoner from obtaining review of a legal theory that demonstrates actual innocence. *Abdullah v. Hedrick*, 392 F.3d 357, 961–64 (8th Cir. 2004) (following other circuits regarding claims of legal innocence, but not explicitly finding claims of factual innocence fall within § 2241); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc). For example, § 2255 is inadequate when a petitioner (1) relies on a new, retroactive case not available when he sought § 2255 relief that (2) interprets a statute in a way that (3) decriminalizes the crime of conviction. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). But a mere procedural barrier to § 2255 relief, such as a time bar, will not demonstrate inadequacy of the remedy for purposes of enabling a § 2241 proceeding. *See Abdullah*, 392 F.3d at 959; *see also Hill*, 349 F.3d at 1091–92; *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir.2000) (citations omitted) (rejecting as a showing of inadequacy based on the prohibition against successive § 2255 motions). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied."[3] *Webster*, 784 F.3d at 1136.

In this case, Paul cannot show that § 2255 provides an inadequate vehicle for testing his challenge to § 924 under *Davis*. In *Davis*, the Court concluded that § 924(c)(3)(B) was

---

[3] Paul's argument fails on its merits (*see, supra*, Arg. I, B), but the futility of his position under § 2255, does not confer a right to adjudication here. *See Webster*, 784 F.3d at 1136.

unconstitutionally vague. 139 S. Ct. at 2336. Because *Davis* arises on the basis of purely constitutional authority, two appeals courts have already recognized—without dispute from the government—that § 2255 permits claims in successive motions. *In re Matthews*, -- F.3d --, No. 16-2027, 2019 WL 3808351, at *4 (3d Cir. Aug. 14, 2019); *In re Hammoud*, 931 F.3d 1032, 1036-41 (11th Cir. 2019). The availability of a successive motion forecloses the argument that § 2255 is inadequate or ineffective to raise a *Davis* claim. Whether Paul's constitutional argument about § 924(c)(3)(B) would succeed, a court could address it in a properly presented § 2255 motion. As a result, Paul should not have access to § 2241 relief.

B. *Davis* nullified the residual clause, but did not impact the elements clause

Assuming, arguendo, this Court disagreed with the government's jurisdictional argument, it still should deny Paul's request to vacate his § 924 conviction. Whether considered under § 2241 or § 2255, Paul's claim should fail, given that his predicate offense, robbery, satisfies § 924's valid definition of a "crime of violence." Section 924 contains two provisions, set forth in the disjunctive, that define a "crime of violence" as a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3) (emphasis added). Of these provisions, the *Davis* court invalidated only the "residual clause," subdivision (B). 139 S. Ct. at 2336. *Davis* did not invalidate the definition of a "crime of violence" found in subdivisions (A)'s "elements clause." Thus, after *Davis*, a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," remains a properly-defined crime of violence. *See* § 924(c)(3)(A).

As noted, the jury convicted Paul of felony murder and firearm-use murder. It found that he committed the murder during a robbery and that he killed the victim with a firearm during the course of that robbery. *See* Exs. A, D. The crime of robbery, as repeatedly recognized by the courts of appeals, satisfies § 924(c)(3)'s the elements clause, whether committed "by force and violence" or by simple "intimidation." *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (finding armed robbery under 18 U.S.C. § 2118 satisfies § 924(c)(3)(A)); *Estell v. United States*, 924 F.3d 1291, 1292-93 (8th Cir. 2019) (holding bank robbery and carjacking (18 U.S.C. §§ 2113 & 2119) satisfy § 924(c)(3)(A)); *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018) (finding Hobbs Act robbery (18 U.S.C. § 1951) satisfies § 924(c)(3)(A)); *Warrick v. United States*, 2019 WL 2299252, *2 (6th Cir. 2019) (holding armed bank robbery (§ 2113) satisfies § 924(c)(3)(A)); *United States v. Hendricks*, 921 F.3d 320, 328 & n.35 (2d Cir. 2019) (citing cases for the proposition that "every circuit to have addressed the issue has held that bank robbery 'by intimidation' under § 2113(a) involves the threatened use of physical force and thus constitutes a crime of violence within the meaning of § 924(c)(3)(A)"); *Lipsey v. United States*, no. 3:18-CV-417 RLM, 2019 WL 2451073 (N.D. Ind. June 11, 2019).

The Eighth Circuit's *Kidd* and *Estell* decisions control here, because "courts should apply the law of the circuit of conviction" when reviewing judgments under § 2241. *Salazar v. Sherrod*, No. 09–cv–619–DRH–DGW, 2012WL 3779075 at *3 (S.D. Ill. Aug. 31, 2012) (citing cases); *Hernandez v. Gilkey*, 242 F.Supp.2d 549, 554 (S.D. Ill. 2001); *see Moss v. Atkinson*, 767 F. App'x 466, 468 (4th Cir. 2019); *Eames v. Jones*, 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011). But even assuming this Court looked to the Seventh Circuit for guidance, it would find multiple opinions that concluded Hobbs Act robbery is a crime of violence under § 924's elements clause. *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of

violence' within the meaning of § 92[4](c)(3)(A)."), v*acated on other grounds, Anglin v. United States*, 138 S. Ct. 126 (2017); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017) ("We reaffirm today that Hobbs Act robberies are crimes of violence under Section 924(c)(3)(A)"). In this case, Paul's robbery of Williams qualifies as a crime of violence under § 924(c)(3)(A), as it involved the same essential elements as all the offenses consistently held to satisfy the statute—a taking accomplished by force, violence or intimidation. *Compare* 18 U.S.C. § 2111; *with, e.g.*, §§ 1951, 2113 and 2119.

In fact, the jury's finding of robbery rested on even narrower legal ground, as the trial court defined robbery as a taking "by force or violence," omitting any mention of intimidation as a possible means of committing the crime.[4] Ex. B (Tr. at 845). Paul seizes on this language and asserts that the phrase "force or violence" appears in the definitions of several state offenses that federal courts have rejected as satisfying the § 924 elements clause, or its equivalent. Dkt. 103 at 50-51 (citing *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015); *United States v. Leal-Rex*, 594 Fed. App'x 844, 850 (5th Cir. 2014), *overruled as stated in United States v. Castro-Castro*, 772 Fed. App'x 186 187 (5th Cir. 2019); *United States v. Smith*, 652 F.3d 1244 (10th Cir. 2011); *Flores-Lopez v. Holder*, 685 F.3d 857, 863 (9th Cir. 2012); *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012)).

The opinions Paul cites turn on analyses of state statutes as understood within the meaning of state law, rather than on any universal meaning attached to the phrase "force or violence." *See Ortiz*, at 936 (relying, inter alia, on *State v. Conlin*, No. A14–0069, 2014 WL 7011171, at *4 (Minn.Ct.App. Dec. 15, 2014)); *Leal-Rex*, at 850 (relying on the "plain language"

[4] The trial testimony demonstrated that Paul accomplished the theft through force, not intimidation. Ex. C (Tr. p. 668).

of Utah state statutes); *Smith*, at 1247 (relying, inter alia, on *Steele v. State*, 778 P.2d 929, 931 (Okla. Crim. App. 1989)); *Flores-Lopez*, at 862-63 (relying, inter alia, on state decisional law and model jury instructions); *Miranda-Ortegon*, at 663 (relying, inter alia, on *Steele v. State*, 778 P.2d 929, 931 (Okla.Crim.App. 1989) and model jury instructions). Indeed, the *Ortiz* court plainly explained, "To determine whether the words 'force or violence' encompass only the 'force capable of causing physical pain or injury to another person' as required to be a 'crime of violence' under *Johnson*, we look to both the statutory language and how the statute is applied in judicial opinions. *See Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007)." *Ortiz*, at 936.

Judicial interpretation of the language at issue in this case defeats any argument that the Paul's robbery did not constitute a crime of violence. The judiciary has consistently construed the term "force," as used in federal robbery statutes, as satisfying the definition of a violent crime. As noted, the Seventh Circuit held that Hobbs Act robbery, which criminalizes takings by "force, or violence, or fear of injury," constitutes a crime of violence. *Anglin*, 846 F.3d at 965. The Eighth Circuit has as well, defeating any implication that the disjunctive listing of the terms "force" and "violence" in the jury instructions (*see* Ex. B) precludes classification of Paul's robbery as a violent crime. *See Diaz v. United States*, 863 F.3d 781, 883-84 (8th Cir. 2017); *see generally Estell*, 924 F.3d at 1292-93 (upholding as crimes of violence robbery offenses with a conjunctive "force" and "violence" element). Further demonstrating the inconsequence of the disjunctive, myriad courts—including the Eighth Circuit in *Kidd*—have held that § 2118, which defines controlled substance robbery as a taking by "force or violence or by intimidation" qualifies as a crime of violence under the elements clause. *E.g., Perkins v. Vereen*, No. 8:19-cv-0047-MGL-JDA, 2019 WL 1411105, *5 (D.S.C. Feb. 4, 2019); *Cain v. United States*, No. 3:16-

cv-8129-LSC, No. 3:10-cr-171-LSC-JEO, 2017 WL 1953426, at *2 (N.D. Ala. May 11, 2017); *United States v. Malarkey*, No. CR 11–45–M–DWM, 2017 WL 1316935, *3-4 (D. Mont. Apr. 7, 2017); *United States v. Peters*, No. 1:12-CR-76-TLS, 2017 WL 430728, *2-3 (N.D. Ind. Feb. 1, 2017); *Daniels v. United States*, Nos.: 3:13-CR-5-TAV-CCS-1, 3:16-CV-413-TAV, 2016 WL 5875003, *1-2 (E.D. Tenn. Oct. 7, 2016).[5] In short, the decisional law consistently classifies robbery as a crime of violence, and Paul cannot show that jury's finding in his case in any way falls outside the ambit of those opinions.

In a parting fillip, Paul argues that the robbery he committed does not satisfy the elements clause of a crime of violence because the jury did not determine that he intentionally used force. Dkt. 103 at 51. Paul analogizes the robbery to offenses rejected as crimes of violence because a defendant could commit them by way of accident. *Id*. at 51-52. That argument has already failed repeatedly, in this circuit and others, because the courts have consistently held that general intent offenses like robbery can constitute crimes of violence. *Campbell*, 865 F.3d at 856-57 (regarding § 2113); *accord United States v. Garcia-Ortiz*, 904 F.3d 102, 108 (1st Cir. 2018) (regarding § 1951); *United States v. Deiter*, 890 F.3d 1202, 1212-13 (10th Cir. 2018) (regarding § 2113). In fact, an appellate panel in the Eighth Circuit held that bank robbery constituted a crime of violence over a dissent that observed the law did not require knowing or intentional use of force or violence. *Allen*, 836 F.3d at 894-95.

[5] One district court held otherwise, reasoning a defendant can violate § 2118 through "intimidation." *Bolar v. United States*, No. C16-986-RSL, 2017 WL 1543166, at *4 (W.D. Wash. Apr. 28, 2017). Among other courts, the Seventh and Eighth Circuits have rejecting that position. *See Hendricks*, 921 F.3d at 328 & n.35 (citing, inter alia, *United States v. Williams*, 864 F.3d 826, 830 (7th Cir. 2017); *Allen v. United States*, 836 F.3d 894, 894-95 (8th Cir. 2016). Moreover, the decision has no application here, because the trial court omitted "intimidation" from its definition of robbery in Paul's case. Ex. B.

Accordingly, the law defeats Paul's position that his robbery of Sherman Williams did not constitute a crime of violence for purposes of establishing a violation of § 924. Paul has fallen far short of his obligation to identify a fundamental defect that would justify the granting of § 2241 relief, and the decision in Davis does nothing to assist him.

## CONCLUSION

Based on the foregoing reasoning and authority, the government respectfully urges this court to dismiss and deny Paul's § 2241 motion.

Dated: September 6, 2019:

Respectfully submitted,

JOSH MINKLER
United States Attorney,
Southern District of Indiana

*S/James R. Wood*
JAMES R. WOOD
Chief, Appeals Division
United States Attorney's Office
10 W. Market St.; Ste. 2100
Indianapolis, Indiana 46204-3048
(702) 616-3942
Bob.Wood@usdoj.gov

*S/Jeffrey B. Kahan*
JEFFREY B. KAHAN
Deputy Chief, Capital Case Section
U.S. Dept. of Justice
1331 F. Street, NW; 6th Fl.
Washington, D.C. 20530
(202) 305-8910
(202) 353-9779 fax
Jeffrey.Kahan@usdoj.gov

**Proof of Service**

I certify that on September 6, 2019, I electronically filed this Supplemental Briefing with the Clerk of Court using the CM/ECF system, which will send notification to

Leigh Skipper
Email:Leigh_Skipper@fd.Org

Peter Konrad Williams
Email:Pete_Williams@fd.Org

Shawn Nolan
Email:Shawn_Nolan@fd.Org

*S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN
Deputy Chief, Capital Case Section