IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF INDIANA

| | | |
|---|---|---|
| JEFFREY WILLIAM PAUL, Petitioner, | : | CIVIL ACTION (Capital Habeas Corpus) |
| V. | : | 2:13-CV-00304-JMS-MJD |
| SUPERINTENDENT, USP-Terre Haute, UNITED STATES OF AMERICA, Respondents. | : | **Honorable Jane Magnus-Stinson** |

**SUPPLEMENTAL BRIEF BASED**
**ON *UNITED STATES V. DAVIS*, 139 S. CT. 2319 (2019)**

Petitioner Jeffery William Paul, a prisoner in the custody of the United States sentenced to death and housed at the United States Penitentiary, Terre Haute, Indiana, respectfully offers this supplemental briefing relating to *United States v. Davis*, 139 S. Ct. 2319 (2019) in support of his Amended Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, as directed by the Court in its June 26, 2019 Order. Dkt. No. 224.

**INTRODUCTION**

Counsel for Mr. Paul have filed an Amended Petition for Writ of Habeas Corpus, submitted pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), which is currently pending before this Court. Dkt. No. 103. The Habeas Petition included, inter alia, a claim for relief which (1) asked this Court to vacate Mr. Paul's conviction under 18 U.S.C. § 924(c) as a clause of this statute was void for vagueness under *United States v. Johnson*, 135 S. Ct. 2551 (2015); and (2) challenged Mr. Paul's § 924(c) conviction and resulting death sentence because the conduct of which he was convicted did not constitute a crime under § 924(c), as the predicate crime of violence upon which the conviction was based was not tied to any criminal statute. In

opposition, the Government argued that Mr. Paul was not entitled to § 2241 review, and that *Johnson* did not apply to § 924(c) and was limited to § 924(e), a similar section of the same statute. On June 24, 2019, the Supreme Court issued an opinion in *Davis*, which vindicated Mr. Paul's position and found the residual clause of § 924(c) to be void for vagueness. In the wake of *Davis*, the Government has shifted its position and claims that Mr. Paul's § 924(c) conviction can be supported by the elements of § 924(c) that were unaffected by the *Davis* Court's ruling.[1] The Government also argues that Mr. Paul is not entitled to § 2241 review because Mr. Paul can now seek to file a successive § 2255 motion under *Davis*. Both of these arguments lack merit. No part of § 924(c) supports Mr. Paul's conviction under this statue and, independently of *Johnson* and *Davis*, he is entitled to relief because he has been convicted of a non-offense. Given *Johnson*, *Davis*, and the additional challenge that Mr. Paul has made, Mr. Paul requests that his conviction under 18 U.S.C. § 924(c) and death sentence be vacated. In the alternative, if this Court finds that this request is premature because Mr. Paul has not filed a § 2255 motion based on *Davis*, Mr. Paul requests that these proceedings be stayed so that Mr. Paul can file an application for a successive § 2255 motion on his *Johnson/Davis* claim.

## ARGUMENT

### I. SUMMARY OF CLAIM IN PRIOR PLEADINGS.

Claim III of the Habeas Petition avers that Mr. Paul's § 924(c) conviction and his death sentence should be vacated pursuant to *Johnson*, 1325 S. Ct. 2551. Section 924(c) criminalizes the use of a firearm in a crime of violence. To qualify as a crime of violence under § 924(c), the

---

[1] The Government's September 6, 2019 supplemental briefing (Dkt. No. 231) shall be cited as "GB" followed by the relevant page number. Mr. Paul's April 23, 2018 Reply in Support of Petition for Writ of Habeas Corpus (Dkt. No. 194) shall be cited as "Reply" followed by the relevant page number. As noted above, Mr. Paul's Amended Petition for Writ of Habeas Corpus (Dkt. No. 103) shall be cited as "Amended Petition" followed by the relevant page number. Mr. Paul's November 7, 2016 Appendix shall be cited as "A" followed by the relevant page number.

underlying offense must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." The residual clause is satisfied if the predicate offense "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). *Johnson*, followed by *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), invalidated similarly-worded residual clauses contained in § 924(e) (the Armed Career Criminal Act ("ACCA")) and 18 U.S.C. § 16(b) (an immigration statute), respectively, because the relevant sections required reviewing courts to assess risk of injury based on the type of conduct involved in the "ordinary case" of the predicate crime. *Johnson*, 1325 S. Ct. at 2563; *Dimaya*, 138 S. Ct. at 1223. Mr. Paul's capital conviction under § 924(c)(3)(B) cannot be upheld because that section's residual clause contains the same two defects that the Supreme Court found unconstitutional in *Johnson*: the requirement that the reviewing court (1) conduct an assessment of risk; and (2) that this analysis of risk be based on the "ordinary case" of the offense. Because Mr. Paul's § 924(c) conviction cannot be sustained under the force clause either, it must be vacated and Petitioner is entitled to a new penalty phase as a result. *See* Habeas Petition at 46-57; Reply at 19-25.

Mr. Paul has also averred that his § 924 conviction and death sentence should be vacated because he was convicted of conduct that does not constitute a crime under § 924(c). A § 924(c) violation does not occur unless the crime of violence in question is a crime "for which the person [defendant] may be prosecuted in a court of the United States." § 924(c)(1)(A). While the crime of violence listed in Mr. Paul's indictment was a "robbery," he was not charged under, and his § 924(c) indictment did not invoke, any robbery statute at all. *See* Count Two of the Superseding Indictment, *United States v. Paul*, 96-CR-60022 (W.D. Ark. Dec. 4, 1996), at GB, Exh. A. In failing to identify any robbery statute, the indictment did not allege - and the jury did not find -

that Mr. Paul possessed the firearm while committing a crime that could be "prosecuted in a court of the United States." *See* Habeas Petition at 55-56; Reply at 16-17.

Review is appropriate for this claim under § 2241. A defendant is entitled to § 2241 review under § 2255(e) (the "savings clause") when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "The essential function [of Section 2241] is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998) (internal quotations omitted); *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (same). *See also Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013) (§2241 applies to challenges to a habeas petitioner's sentence, in addition to his conviction). The Government concedes that "[a] § 2255 remedy is 'inadequate' when the limitations on multiple requests for relief prevent a prisoner from obtaining review of a legal theory that demonstrates actual innocence." GB at 5. In addition to the savings clause, § 2241 is also appropriate when it challenges the *execution* as opposed to the *imposition* of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Either with or without *Johnson* and *Davis*, Mr. Paul is entitled to relief under § 2241. He has been convicted of a non-offense; he is actually innocent of his § 924(c) conviction; and the trial court was without jurisdiction to sentence him. However, he is unable to vindicate either of his claims for relief under § 2255. As to Mr. Paul's claim that he has been convicted of a non-offense because the Government did not tie the predicate offense of "robbery" to a statute, Mr. Paul cannot pursue his claim for relief through § 2255 proceedings as this claim does not fall under either category that would authorize a successor motion. *See* § 2255(h) (authorizing § 2255 motions only when the movant relies on new evidence of innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable"). Because the conduct of which he was convicted is not criminal under § 924(c) and § 2241 is the only avenue with which he can pursue this claim, he is entitled to § 2241 review. *See* Habeas Petition at 55-57.

As to his *Johnson* claim, Mr. Paul sought permission to file a successive § 2255 application with the United States Court of Appeals for the Eighth Circuit in 2016. In contrast to the Courts of Appeal for the Second, Fourth, Seventh, Ninth, Eleventh, and District of Columbia Circuits, the United States Court of Appeals for the Eight Circuit denied him permission to file a successive § 2255 motion and based its opinion on the finding that *Johnson* did not apply to § 924(c). Mr. Paul was statutorily prohibited from challenging this determination on appeal or by request for rehearing. Accordingly, because § 2255 denied him the ability to litigate his *Johnson* claim – in stark contrast to defendants in the majority of other circuits, Mr. Paul is entitled to pursue this claim through § 2241. *Id.*

## II. *DAVIS* CONFIRMS THAT 18 U.S.C. § 924(C)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE.

The *Davis* Court re-affirmed that the two defects discussed in *Johnson* rendered a statute void for vagueness whenever they are present and specifically ruled that the residual clause of § 924(c)(3)(B) was void for vagueness. *Davis*, 139 S. Ct. at 2323-24, 2326-27.

In addition to affirming Mr. Paul's claim that § 924(c)(3)(B) was unconstitutionally vague, the ruling in *Davis* also strengthens his claim for § 2241 review. In 2016, Mr. Paul was denied § 2255 review based on the Eighth Circuit's conclusion that the rationale in *Johnson* did not apply to § 924(c) – a conclusion that has now been rejected by *Davis*. This contradiction demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

## III. MR. PAUL IS ENTITLED TO RELIEF AS HE HAS BEEN CONVICTED AND SENTENCED TO DEATH BASED ON A NON-OFFENSE.

The Government notes that the Courts of Appeal for Third and Eleventh Circuits have recognized *Davis* as a new rule of constitutional law that should be retroactively applied and contends that the potential availability of a successive § 2255 motion "forecloses the argument that § 2255 is inadequate or ineffective to raise a *Davis* claim." GR at 3-4.

As set forth below, these arguments lack merit.

### A. Mr. Paul Is Entitled to § 2241 Relief Regardless of *Davis* and *Johnson* Because He Has Been Convicted and Sentenced to Death Based on Conduct That Does Not Constitute a Crime under § 924(c).

The Government's argument ignores that Mr. Paul's § 924(c) conviction is invalid because the Government did not charge, and the jury did not find, that Petitioner used a firearm in the commission of a crime "for which the person [defendant] may be prosecuted in a court of the United States." § 924(c)(1)(A). This argument exists independently of *Johnson* and *Davis*, does not rely on a new, retroactive rule of constitutional law or new evidence of innocence, and – as a result – cannot be pursued under a successive § 2255 motion. *See* Section I, *supra*.

This defect in Mr. Paul's § 924(c) conviction is significant. In *United States v. Peter*, 310 F.3d 709 (11th Cir. 2002), the Eleventh Circuit considered the case of a defendant who had pled guilty to mail fraud, but whose conviction was invalidated by a Supreme Court opinion determining that the conduct for which he was indicted was no longer criminal under that statute. *Id.* at 711. "Since jurisdictional error implicates a court's power to adjudicate the matter before it, such error can never be waived by parties to litigation." *Id.* Even though the defendant had pled guilty to the offense and waived all challenges to his conviction, the Eleventh Circuit excused the procedural default and vacated his conviction with a writ of coram nobis because "a district court is without jurisdiction to accept a guilty plea to a 'non-offense,'" *id.* at 713 (citing

*United States v. Meacham*, 626 F.2d 504 (5th Cir. 1980)). *See also United States v. Miguel Rose-Ortiz*, 348 F.3d 33, 35 (1st Cir. 2003) (vacating conviction despite unconditional guilty plea because the indictment and evidence failed to establish the crime charged and "[a] federal court similarly lacks jurisdiction to enter a judgment when the indictment charges no offense under federal law whatsoever" and "jurisdictional challenges to an indictment may be raised at any time . . . ."). Similarly, in *United States v. Adams*, 814 F.3d 178, 180 (4th Cir. 2016), the Fourth Circuit vacated a defendant's guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) because the predicate felony convictions were later ruled to not to be felonies. *Id.* at 180. As the conduct to which he had pled guilty no longer constituted the crime charged, the Fourth Circuit vacated his § 922(g) conviction because he was actually innocent of the crime charged. *Id.* at 183.

Here, Mr. Paul has demonstrated that he has been convicted of a non-offense as the facts alleged by the Government and found by the jury do not establish a crime under § 924(c). Because the Government did not identify the "robbery" statute implicated by § 924(c), it has failed to establish that Mr. Paul committed the predicate offense necessary to establish § 924(c). Just as in *Adams*, he is innocent of § 924(c) and, just as in *Peter*, the trial court had no jurisdiction to convict and sentence him under this statute. As the Government concedes, that "[a] § 2255 remedy is 'inadequate' when the limitations on multiple requests for relief prevent a prisoner from obtaining review of a legal theory that demonstrates actual innocence." CB at 5. Accordingly, relief under § 2241 is appropriate here.

### B. Mr. Paul Is Entitled to Relief under His Challenge to His § 924(c) Conviction. In the Alternative, Mr. Paul's § 2241 Proceedings Should be Stayed So That He May File a Second Application to File a Successive § 2255 Motion.

The Government's argument that *Davis* and the "availability of a successive motion forecloses the argument that § 2255 is inadequate or ineffective to raise a *Davis* claim" also lacks

merit. Mr. Paul requested permission to file a successor in 2016. This application was denied and he was prevented from receiving merits review under § 2255. *See* Sections I, *supra*. To counsel's knowledge, the Eighth Circuit has not yet recognized that *Davis* is a new rule that will be retroactively applied, which is a necessary precursor for Mr. Paul to file a successive § 2255 motion under *Davis*. Having requested merits review of this issue on a successive motion once and been rejected, Mr. Paul submits that he should not be required to request permission to file a successor § 2255 motion a second time. Moreover, Mr. Paul is entitled to relief independently of his *Johnson/Davis* claim as the Government failed to tie the "robbery" which was the predicate offense for the § 924(c) conviction to a statute that would satisfy that section's definition of a crime of violence. *See* Sections I and III(A), *supra*, If this Court disagrees and does not grant relief at this time, Mr. Paul respectfully requests that the Court stay these proceedings so that Mr. Paul can file an application to file a successive § 2255 motion with the Eighth Circuit on his *Johnson/Davis* claim.

## IV. MR. PAUL'S § 924(C) CONVICTION CANNOT BE UPHELD UNDER THE FORCE CLAUSE.

### A. The "Robbery" Invoked in Connection with Petitioner's § 924(c) Conviction Is Not a Crime of Violence under the Force Clause.

As § 924(c)'s residual clause is invalid in the wake of *Johnson* and *Davis*, Mr. Paul's § 924(c) conviction must be overturned because the predicate offense does not satisfy the force clause either. To determine whether a predicate offense qualifies as a crime of violence under § 924(c), reviewing courts must use the categorical approach. *Decamps v. United States*, 113 S. Ct. 2276, 2283 (2013). This approach requires that courts "look only to the statutory definitions – i.e. the elements – of a defendant's [offense] and not the particular facts underlying [the offense] in determining whether the offense qualifies as a crime of violence." *Id.* at 2283 (citation omitted). The categorical approach focuses "on the elements, rather than the facts, of a

crime," because "the only facts the court can be sure the jury … found are those constituting elements of the offense." *Id.* at 2285, 2288. *Davis* re-affirmed that the categorical approach must be employed in determining whether an offense was a crime of violence under § 924(c), and rejected the Government's request that a fact-specific approach be used to make such determinations. *Davis*, 139 S. Ct. at 2328. Because courts are only concerned with what an offense necessarily involves, courts must presume that the predicate offense "rested upon nothing more than the least of the acts criminalized" by the statute in question. *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) (alterations omitted) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1680 (2013).

To satisfy the force clause under the categorical approach, the offense in question must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The level of force in question must be "*violent* force – i.e. force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 113, 140 (2010). Furthermore, this violent force must be intentional, not merely reckless or negligent. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (use, attempted use, or threatened use of force under § 16(b) requires "a higher *mens rea* than merely accidental or negligent conduct" and that "[t]he 'use … of physical force against the person or property of another' – most naturally suggests a higher degree of intent than negligent or merely accidental conduct") (quoting § 16(b)); *United States v. Campbell*, 865 F.3d 853, 856-87 (7th Cir. 2017) (citing *United States v. Rutherford*, 54 F.3d 370 (1995) ("reckless and negligent conduct" does not constitute a crime of violence under the sentencing guidelines); *Jimenez-Gonzalez v. Mukazey*, 548 F.3d 557, 558 (7th Cir. 2008) (crimes requiring only recklessness are not crimes of violence under § 16(b)).

Here, the force clause cannot be met because the Government failed to identify any robbery statute upon which the § 924(c) charge was based.[2] Because the "robbery" which constituted the predicate offense for Mr. Paul's § 924(c) conviction does not implicate a robbery statute, there are no statutory elements to consider and Mr. Paul's 924(c) conviction cannot be sustained under the force clause.

Although the Supreme Court has also authorized courts to "consult a limited class of documents, such as indictments and jury instructions," under the modified categorical approach, the Court has confined the use of these documents to divisible statutes. *Descamps*, 570 U.S. at 257-58. A statute is divisible when it "sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building *or* an automobile." *Id.* at 257. Statutes of this type should not be confused with offenses that define alternative ways of satisfying the same element, which are not divisible and where review of supplemental documents is not permissible. *Mathis v. United States*, 136 S. Ct. 2243, 2253-54 (2016). Divisible statutes and indivisible statutes containing alternate ways of satisfying the same element are differentiated based on what is needed for a conviction: if the factfinder must agree on one of the alternatives, then the statute is divisible; if no agreement is necessary, then the statute is not divisible and it is merely setting out alternative ways of satisfying the same element. *Id.* at 2250-54.

Here, as Mr. Paul was not charged with using a firearm to violate any particular statute, there is no indication that he was charged under a divisible offense. As a result, *Descamps* and

---

[2] For example, the Government quotes from Count Two of the Second Superseding Indictment in its supplemental brief. GB at 2. Neither the quote from the indictment nor the brief itself identify any statute that formed the basis for the "robbery" constituting Mr. Paul's predicate offense.

*Mathis* prohibit the consideration of additional documents such as jury instructions for a categorical analysis.

However, even assuming, *arguendo*, that it would be appropriate to consider jury instructions, these instructions would still not satisfy the force clause. The trial court defined robbery to the jury was follows:

> The crime of robbery has three essential elements which are:
>
> One; that Sherman Williams had in his possession or on his person or presence anything of value.
>
> Two; that the defendant took and carried away anything of value from Sherman Williams by force or violence, and
>
> Three; that the taking occurred within the boundaries of the Hot Springs National Park.

Tr. 6/20/97 at 845 (A001246). Thus, the "robbery" considered by the jury could be committed by force *or* violence, and the instructions did not define either term. As these instructions did not require the jury to find "force capable of causing physical pain or injury to another person," *Johnson (Curtis)*, 559 U.S. at 140, in order to find that the "robbery" has been established, they do not satisfy § 924(c)'s force clause.

Furthermore, even when defendants have been charged and convicted of statutorily defined offenses – as opposed to the judge-defined offense set forth in Mr. Paul's trial – courts have repeatedly held that offenses requiring "force or violence" do not satisfy the force clause. *See, e.g., Ortiz*, 796 F.3d at 935 (Minnesota statute for obstructing legal process "by force or violence" did not qualify as a crime of violence under 18 U.S.C. § 16 because "the minimum degree of force necessary to sustain a conviction . . . does not necessarily involve force capable of inflicting pain or causing injury to another."); *United States v. Smith*, 652 F.3d 1244 (10th Cir. 2011) (Oklahoma battery law requiring "force or violence" not crime of violence under ACCA's

force clause because "mere offensive touching satisfies the requirement for force in a battery"); *Flores-Lopez v. Holder*, 685 F.3d 857, 863 (9th Cir. 2012) ("force or violence" element in California's battery statute and resisting an executive officer statute "is broader than the term 'physical force' in 18 U.S.C. § 16" and therefore not a crime of violence under the force clause); *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012) ("use of 'force or violence'" element of Oklahoma's assault and battery domestic violence statute does not make it a crime of violence under sentencing guidelines because "only the slightest touching is necessary to constitute the force or violence element of battery").

Accordingly, even if the jury instructions are considered, the requirements of the force clause have not been met.

**B. The Government's Response.**

Citing opinions interpreting federal bank robbery, carjacking, Hobbs Act robbery, and robbery of a controlled substance, the Government argues that Mr. Paul's conviction should be upheld because various courts have found the offenses under those statutes to satisfy the force clause and those statutes refer to some combination of force, violence, and intimidation. GB at 7-9. The Government acknowledges that courts have found numerous state statutes containing "force or violence" language not to satisfy the force clause, but claims that these cases are distinguishable because the predicate offenses in those cases are state offenses and those offenses "are understood within the meaning of state law, rather than on any universal meaning" attached to that phrase. GB at 8. The Government further argues that "[j]udicial interpretation" of this language in federal robbery statutes "defeats any argument that Paul's robbery did not constitute a crime of violence." CB at 9.

All of the Government's arguments lack merit as set forth below.

### C. Seventh Circuit Precedent Governs the Disposition of this Claim.

Citing *Hernandez v. Gilkey*, 242 F. Supp. 2d 549 (S. D. Ill. 2001), *Salazar v. Sherrod*, 2012 WL 3779075 (S.D. Ill. Aug. 31, 2012), and *Moss v. Atkinson*, 767 F.App'x 466, 468 (4th Cir. 2019), the Government argues that Eighth Circuit law must apply to Petitioner's legal claims as he was convicted in the Eighth Circuit.

The Government errs. The Seventh Circuit does not require that precedent from the appellate circuit where the § 2241 petitioner was convicted by imported into the circuit where the § 2241 is being litigated. To the contrary, the Seventh Circuit has consistently applied its own precedent to the issues brought to bear in the § 2241 proceedings. *See Webster*, 784 F.3d at 1142-43 (citing Seventh Circuit decisional law when considering a conviction and sentence originating from the Fifth Circuit); *see also, Garza*, 253 F.3d at 924 (same); *Chazen v. Marske*, 938 F.3d 851, 860 (7th Cir. 2019) (accepting the Government's concession that Seventh Circuit precedent governs a § 2241 petition filed by a defendant convicted in the Eighth Circuit). *Hernandez, Salazar,* and *Moss* are either district court or – in the case of *Moss* – out-of-circuit and unreported cases. They are not binding on this Court, and contrary to Seventh Circuit practice. However, as set forth below, regardless of which circuit's precedent is applied, Mr. Paul is entitled to relief.

### D. The Government's Arguments Should Be Rejected Because They Rely on Jury Instructions in Violation of *Descamps* and *Mathis*.

The Government relies entirely on the jury instructions to argue that the "robbery" offered as the predicate offense satisfied the force clause. As discussed *supra*, categorical determinations are made only on the statutory elements of the crime. In *Descamps* and *Mathis*, the Supreme Court made clear that underlying documents such as jury instructions should be considered only when the statute is divisible and only to determine what part of the divisible

offense was used to convict the defendant. *See* Section IV(A), *supra* (discussing *Descamps* and *Mathis*); *see also Mathis*, 136 S. Ct. at 2253. Here, there is no statute – divisible or otherwise – so there are no elements to consider, no reason to consult with the jury instructions, and no actual predicate offense at the core of the § 924(c) conviction. All of the arguments put forward by the Government fail to deal with this defect in the conviction and should be rejected.

**E. The Trial Court's Description of Robbery Does Not Require the Use of Violent Physical Force.**

Even if the jury instructions are considered, the Government's argument that the "force or violence" instruction satisfies the force clause fails. The Government concedes, as it must, that courts have found multiple statutes employing the "force or violence" requirement not to satisfy the force clause. The Government argues that these cases do not apply because they analyze state statutes, and must be judged within the state court opinions interpreting "force or violence." GB at 7-9. The Government argues that – because Hobbs Act robbery, bank robbery, robbery of a controlled substance, and carjacking have been found to be crimes of violence and those statutes employ similar language, then the non-offense underlying Mr. Paul's § 924(c) must also be a crime of violence. GB at 9.

This argument is meritless. That "we look to both the statutory language and how the statute is applied in judicial opinions," GB at 9, is precisely the point. The statutes relied on by the Government have all been dubbed crimes of violence in the context of past judicial analyses. *See, e.g.*, *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (relying on precedent to determine that intimidation necessarily meant the threatened infliction of force under federal armed robbery of a controlled substance); *Estell v. United States*, 924 F.3d 1291, 1292-93 (8th Cir. 2019) (same for federal bank robbery and carjacking); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1055-56 (10th Cir. 2018) (relying on precedent to determine that Hobbs Act robbery

includes violent physical force and cannot be satisfied by unwanted touching); *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) (relying on judicial opinions to determine if putting someone in fear of bodily injury during a Hobbs Act robbery necessarily includes the use, attempted use, or threat of physical force); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017) (same for determining if Hobbs Act robberies are crimes of violence under the force clause); *Warrick v. United States*, 2019 WL 2299252, *2 (6th Cir. 2019) (relying on judicial opinions to determine that federal armed bank robbery was a crime of violence under the force clause); *United States v. Hendricks*, 921 F.3d 320, 328 & n.35 (2d Cir. 2019) (relying on Supreme Court precedent to determine that armed bank robbery could not include negligent conduct); *Perkins v. Vereen*, 2019 WL 1411105, at *5 (D.S.C. Feb. 4, 2019) (relying on prior judicial opinions to determine that robbery of a controlled substance was a crime of violence); *United States v. Malarkey*, 2017 WL 1316935, *3-4 (D. Mont. Apr. 7, 2017) (same); *United States v. Peters*, 2017 WL 430728 at *2-3 (N.D. Ind. Feb. 1, 2017) (same); *Daniels v. United States*, 2016 WL 5875003, at *1-2 (E.D. Tenn. Oct. 7, 2016).[3]

That these particular federal crimes satisfy the force clause does not mean that *every* crime requiring "force or violence" necessarily satisfies the force clause. Indeed, as set forth above, many statutes with that terminology do not require the use, attempted use, or threatened use of violent force. *See* Section IV(A), *supra*. Here, the "force or violence" instruction issued to the jury was not tied to any statute or judicial opinions interpreting a statute. As a result, there

[3] *Cain v. United States*, 2017 WL 1953426 (N.D. Ala. May 11, 2017), which the Government also cites, does not rely on prior opinions interpreting the robbery of a controlled substance statute, but instead departs from the categorical approach and relies on the facts of the case in violation of *Descamps* and *Davis*. This should be rejected as contrary to *Descamps* and *Davis*. *See* Section IV(A), *supra*.

is no text or authority demonstrating that violent force – much less the intentional use of that level of force – is a necessary element of this "offense."

The Government's argument that the "decisional law consistently classifies robbery as a crime of violence" is similarly unsupportable. This argument is, in essence, a claim that any crime with the word "robbery" in the title necessarily involves the use, attempted use, or threatened use of intentional violent force.

This claim lacks merit. In 2019, the Supreme Court re-affirmed that the standard for force means "force capable of causing physical pain and injury" and considered Florida's robbery statute. *Stokeling v. United States*, 139 S. Ct. 544, 554-55 (2019). The *Stokeling* Court found the statute to be a crime of violence specifically because it excluded such lesser uses of force during a robbery such as the "mere snatching of property," and shunted those offenses into a separate, lesser robbery statute. *Id.* (citing Fla. Stat. § 812.131 (1999) which codifies "robbery by sudden snatching"). There are other robbery statutes, in addition to the one cited in *Stokeling*, that include conduct that does not constitute violent force. For example, the Ninth Circuit found that a Massachusetts armed robbery statute did not satisfy the force clause because, under that statute, the "degree of force [was] immaterial so long as the victim [was] aware of it." *United States v. Parnell*, 818 F.3d 974, 981 (9th Cir. 2016). *See also, United States v. Bong*, 913 F.3d 1252, 1266 (10th Cir. 2019) (Kansas aggravated robbery statute was not a crime of violence under ACCA because it included crimes such as purse snatchings that did not involve violent force); *United States v. Shelby*, 939 F.3d 975, 979 (9th Cir. 2019) (Oregon third-degree robbery statute is not a crime of violence because it did not require physically violent force); *United States v. Castro-Vazquez*, 802 F.3d 28, 37-38 (1st Cir. 2015) (remanding case to district court because Puerto Rico's robbery statute appears not to constitute a crime of violence as its two

divisible elements could be satisfied by "the slightest use of force" or "mere moral or psychological pressure," neither of which met the threshold of force under *Johnson (Curtis)*).

Here, there is no indication in the jury instructions that the judge-made robbery that was used as a predicate offense for the § 924(c) conviction excluded lesser uses of force such as the "mere snatching of property," "the slightest use of force," or other robberies that do not involve violent force under the force clause. Accordingly, the Government's reliance on other federal robbery statutes as a category of offenses fails.

Furthermore, the majority of the statutes relied on by the Government do not include the "force or violence" language. Hobbs Act robbery requires the unlawfully taking of property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951. Federal carjacking requires the taking to be of a motor vehicle and that this taking to occur "by force *and* violence or by intimidation." 18 U.S.C. § 2119 (emphasis added). Federal bank robbery requires the robbery to occur "by force *and* violence, or by intimidation." 18 U.S.C. § 2113 (emphasis added). *Estell*, *Melgar-Cabrera*, *Anglin*, *Fox*, *Warrick*, and *Hendricks* all relate to Hobbs Act robbery, carjacking, or bank robbery. Accordingly, the only Court of Appeals opinion cited by the Government with the "force or violence" language is *Kidd*, which is an out-of-circuit case that has no precedential value here.

**F. The Trial Court's Description of Robbery Does Not Require the Intentional Use of Violent Force.**

Citing *Campbell*, 865 F.3d 853, *United States v. Garcia-Ortiz*, 904 F.3d 102 (1st Cir. 2018), and *United States v. Deiter*, 890 F.3d 1202 (10th Cir. 2018), the Government argues that

the force clause's intent requirement is satisfied because "the courts have consistently held that general intent offenses like robbery can constitute crimes of violence." GB at 10. Citing *Allen v. United States*, 836 F.3d 894 (8th Cir. 2016), the Government also argues that "an appellate panel in the Eighth Circuit held that bank robbery constituted a crime of violence over a dissent that observed the law did not require knowing or intentional use of force or violence." *Id.*

This argument is meritless. To the extent the Government is arguing that there is no *mens rea* requirement for the predicate offense to constitute a crime of violence under the force clause, this position is contradicted by binding Supreme Court precedent. The *Leocal* court made clear that the force clause necessarily requires a higher level of *mens rea* than "accidental or negligent conduct." *Leocal*, 543 U.S. at 9. Similarly, the Seventh Circuit, whose precedent governs the disposition of this case, *see* Section C, *supra*, has found that that recklessness and negligence are not sufficient to establish a crime of violence, and either intentional or knowing use of violent force is required for a statute to satisfy the force clause. *See, e.g., Campbell*, 865 F.3d at 856-67 ("crimes based on negligent or reckless conduct" were not crimes of violence) (citing *Rutherford*, 54 F.3d at 373).

The authorities relied on by the Government do nothing to undermine the *mens rea* requirement set forth by *Leocal* and its progeny. Indeed, *Campbell*, *Garcia-Ortiz,* and *Deiter* are all based on the premise that bank robbery requires general intent and this general intent requires "knowingly engaging in acts of using force and taking money" as opposed to "negligent or reckless conduct." *Campbell*, 865 F.3d at 856; *Garcia-Ortiz,* 904 F.3d at 108 (finding that the federal bank robbery statute required "general intent, i.e., knowledge on the part of the defendant that his actions were objectively intimidating"); *Deiter*, 890 F.3d at 1212-13 (finding that Hobbs Act robbery requires "general intent," which requires – at a minimum – that the "defendant must

have at least known his actions were objectively intimidating"). Similarly, although the dissent in *Allen* maintained that there was no intent requirement in the bank robbery statute, the majority in *Allen* made no such finding and did nothing to undermine the precedent requiring the intentional or knowing use of force. *Allen*, 836 F.3d at 894. Finally, as noted *supra*, Eighth Circuit law does not govern this Court's disposition of Mr. Paul's § 2241 claim, so the Eighth Circuit's ruling in *Allen* is irrelevant.

To the extent the Government is arguing that, because a general intent requirement has been found in federal bank and Hobbs Act robberies, then a general intent argument must be present in the "robbery" referred to in Mr. Paul's case, this argument also fails. The authorities cited by the Government base their determinations on the fact that those statutes have been found to have a general intent requirement on pre-existing judicial opinions interpreting the requirements of that statute. *See Campbell*, 865 F.3d at 856-57 (relying on prior opinions establishing federal bank robbery as a general intent crime); *Garcia-Ortiz*, 904 F.3d at 109 (same for Hobbs Act robbery); *Deiter*, 890 F.3d at 1212 (same). As the "robbery" invoked in Mr. Paul's § 924(c) conviction is tied to no statute, there is no statutory history or body of judicial opinions setting forth what conduct satisfied the elements of that "offense." Furthermore, the jury instructions did not specify any kind of intentionality – general or otherwise – regarding the "robbery." So, the jury could have easily concluded that the negligent or reckless use of force was sufficient to establish this "offense." For these reasons, the force clause determinations cited by the Government have no bearing here.

**CONCLUSION**

WHEREFORE, for the reasons set forth in his Habeas Petition, Reply, and this supplemental brief Petitioner respectfully requests that this Court grant his petition for writ of habeas corpus and vacate his convictions and or sentences or, in the alternative, hold these proceedings in abeyance so that Mr. Paul can file and litigate an application to file a successive § 2255 motion.

Respectfully Submitted,

/s/ Peter Williams
LEIGH SKIPPER
Federal Defender
SHAWN NOLAN
Chief, Capital Habeas Unit
PETER WILLIAMS
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, Pennsylvania 19106
(215) 928-0520

Counsel for Petitioner, Jeffrey William Paul

Dated: November 6, 2019

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that on this date I caused the foregoing was served via ECF filing on the following counsel of record:

James Robert Wood, Esquire
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048

Jeffrey Bradford Kahan
U.S. Department of Justice, Criminal Division
Capital Case Section
1331 F Street, NW, 6th Floor
Washington, DC 20530

/s/ Peter Williams
Peter Williams

Dated: November 6, 2019