(Pg. 1)

**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution ☐ Region ☒ Central

SCU ______________ Unit

# Receipt of Administrative Remedy

| Inmate Name: | **Paul** | Reg. No.: | **10517-042** |
| --- | --- | --- | --- |
| Administrative Remedy No.: | **982558-A1** | | |

Received on this 11th day of February, 2020.

[signature]
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by ______________, 2020.

Edits received by Unit Team on this __________ day of ______________, 2020.

______________________________
Signature/Title of Staff

**Inmate Copy**

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal** (Pg. 2)

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal. IN,

From: Paul Jeffery W. | 10517042 | SCU | USP Terre Haute

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL**

I am learning disabled from injury (&) am being Tortured so need to Contact an appropriate F.B.I. office for a Confidential Report of Violations of T. 18 USC Ch. 13 - Civ. Rights - resulting in obstructing. My lawyers are Curtailed in their capacity (&), cannot facilitate the request, but should be present, I am innocent.

11/14/19

DATE

Jeffery W Paul

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 982555-A1

**Part C - RECEIPT**

CASE NUMBER:

Return to:

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

(Pg 3.)

**Administrative Remedy No. 982558-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal where you state you are "learning disabled from injury and you are being tortured," so you need to contact an appropriate FBI office for a confidential report of violations of Title 18 U.S.C., Chapter 13 - Civil Rights, resulting in obstruction of your lawyers in their capacity. You state you cannot facilitate the request, but should be present, as you are innocent.

It is not clear what your actual complaint is about nor do you elaborate on your claims of being "tortured." However, you have been in contact with your attorney of record via telephone and visiting. You have also been provided with the address of the local FBI office and have not been prevented from contacting your attorney or FBI if desire.

If you are alleging "torture" at USP Terre Haute, please provide more specific information to the SIA at the institution so a thorough review can be conducted and proper action taken. If you are appealing your instant offense and sentence of Death, that matter should be addressed directly to the appropriate Court through your legal counsel.

This response is provided for informational purposes.

1\16\20
Date

Ian Connors, Administrator
National Inmate Appeals

Paul v. Superintendent 2:13 cv 304 (USDC/SD, Ind) - (pg 4)

| | | |
|---|---|---|
| 12/03/2018 | 210 | MOTION to Attach Documents to Counseled Petitions Request for Relief Section, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DMW) (Entered: 12/04/2018) |
| 12/03/2018 | 211 | MOTION to File Emergency Motion, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DMW) (Entered: 12/04/2018) |
| 12/03/2018 | 212 | Emergency MOTION for Permission to Exhaust Original Petition, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Envelope)(DMW) (Entered: 12/04/2018) |
| 12/14/2018 | 213 | Entry Regarding Pending Motions - The petitioner's pro se motions are denied. Dkt. No. 207 ; Dkt. No. 209 ; Dkt. No. 210 ; Dkt. No. 211 ; Dkt. No. 212 . The petitioner is reminded that filings in this action are to be made only through his counsel. Signed by Judge William T. Lawrence on 12/14/2018. (DMW) (Entered: 12/14/2018) |
| 12/21/2018 | 214 | Letter to the Court from Jeffery W. Paul regarding certified mail. (Attachments: # 1 Envelope) (RSF) (Entered: 12/21/2018) |
| 01/29/2019 | 215 | Letter to the Court from JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (DMW) (Entered: 01/30/2019) |
| 02/22/2019 | 216 | Letter to the Judge from JEFFERY WILLIAM PAUL. (Attachments: # 1 Cover Letter, # 2 Envelope) (DMW) (Entered: 02/25/2019) |
| 02/22/2019 | 217 | Letter to the Clerk of Court from JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (DMW) (Entered: 02/25/2019) |
| 02/22/2019 | 218 | MOTION for Order to Counsel to File Amendments, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DMW) (Entered: 02/25/2019) |
| 03/05/2019 | 219 | Entry Regarding Pending Motion - The petitioner's pro se motion is denied. Dkt. No. 218 . The petitioner is reminded that filings in this action are to be made only through his counsel. Signed by Judge William T. Lawrence on 3/5/2019. (DMW) (Entered: 03/05/2019) |
| 03/20/2019 | 220 | Entry Staying Case - This action is stayed pending the Supreme Court's decision in United States v. Davis, No. 18-431. Petitioner shall have fourteen days from the date the Supreme Court issues a decision in Davis to file a notice with the Court. The clerk is directed to administratively close this action on the docket. Once Petitioner files the ordered notice, the Court will administratively open this action and direct how this action will proceed to resolution. (See Entry.) Signed by Judge William T. Lawrence on 3/20/2019. (DMW) (Entered: 03/20/2019) |
| 04/11/2019 | 221 | Legal Letter to the Judges from Jeffery Paul. (Attachments: # 1 Envelope) (LBT) (Entered: 04/12/2019) |
| 05/07/2019 | 222 | Letter to the Judge from JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (DMW) (Entered: 05/08/2019) |
| 05/13/2019 | 223 | Letter from Petitioner, JEFFERY WILLIAM PAUL, Stating Claims. (Attachments: # 1 Envelope) (DMW) (Entered: 05/14/2019) |
| 06/26/2019 | 224 | Order Lifting Stay and Directing Further Proceedings - The Court stayed this action pending the Supreme Court's resolution of United States v. Davis, No. 18-431. The Supreme Court issued a decision in Davis on June 24, 2019. Accordingly, this action is no longer stayed. Respondent shall have through August 9, 2019, in which to file a supplemental brief addressing how the Supreme Court's decision in Davis impacts the issues in this action. Petitioner shall have through September 6, 2019, to file a responsive supplemental brief. The clerk is directed to re-open this action on the docket. Signed by Judge William T. Lawrence on 6/26/2019. (DMW) (Entered: 06/26/2019) |
| 07/01/2019 | 225 | ORDER REASSIGNING CASE - Pursuant to 28 U.S.C. Section 137 and Local Rule 40-1(f), this matter has been reassigned from Judge William T. Lawrence to newly assigned Judge Jane Magnus- |

(P95)

Criminal Legal News

PUBLISHED BY THE HUMAN RIGHTS DEFENSE CENTER

VOL. 3 No. 1
ISSN 2576-9987 (Print)
ISSN 2577-0004 (Online)

*Dedicated to Protecting Human Rights*

January 2020

# Insurance Companies Are Paying Cops To Investigate Their Own Customers

***A cozy alliance between insurers and law enforcement has turned the justice system into the industry's hired gun and left innocent customers facing prison.***

*by Kendall Taggart, BuzzFeed News Reporter*

When police showed up at Harry Schmidt's home on the outskirts of Pittsburgh, he thought they were there to help. He was still mourning the disappearance of the beloved forest green Ford F-150 pickup that he'd customized with a gun storage cabinet, and he hoped the cops had solved the crime.

Instead, the officers accused him of faking the theft. The Vietnam veteran was now facing up to seven years in prison.

Schmidt was stunned, but he was even more upset when he found out who had turned him in.

Erie Insurance, one of the nation's largest auto insurers, had not only provided the cops with evidence against its own loyal customer — it had actively worked with them to try to convict him of insurance fraud.

Erie had even paid part of the salary of the lead detective who knocked on Schmidt's door that day, as well as that of the prosecutor who went on to charge him with felony insurance fraud. And it would also secretly cover the costs of an expert witness to testify against Schmidt in court.

Schmidt, a grandfather living on disability benefits from his war-related injuries, had no history of theft or fraud. But he found himself the target of an extraordinary alliance between private insurers and public law enforcement agencies — one that transforms routine claims into criminal evidence, premium-paying customers into suspects, and the justice system into a hired gun for a multibillion-dollar industry. It's an arrangement essentially unheard of in other businesses, and one rife with potential conflicts of interest, as well as grave consequences for law-abiding customers.

"It made me really feel like the law is nothing but another racket," said Schmidt, who said he had to sell many of his possessions to cover his mounting legal bills and stay out of prison.

A BuzzFeed News investigation has found that Erie, State Farm, Farmers, and other giant home and auto insurers around the country have co-opted law enforcement to intimidate and prosecute their own customers — tactics that can help companies boost their profits and avoid paying claims.

Insurance companies provide financial incentives to scores of police departments, prosecutors, and other public agencies to encourage them to focus on insurance fraud, a crime that has traditionally not been a priority for local law enforcement. In some cases, insurance giants even cover the salaries of dedicated prosecutors, detectives, and investigators whose caseloads consist primarily of referrals from those same companies.

The result is that dozens of premium-paying customers across the United States have faced jail for doing nothing more than filing insurance claims for damages to their property.

State Farm and Farmers Insurance both declined to comment on their companies' fraud-fighting tactics.

David Rioux, vice president of special investigations for Erie Insurance, said only a small percentage of claims were flagged as potentially suspicious and that he wasn't aware of any instances where the company had falsely accused someone of fraud. He declined to comment on specific cases, but said the company follows laws requiring it to report fraud to law enforcement and it's up to those agencies to decide whether to bring criminal charges.

BuzzFeed News examined 27 cases around the country in which people were falsely charged with felonies based in whole

## INSIDE


| | |
|---|---|
| HI S Ct: New Rule Witness ID | 10 |
| From the Editors | 12 |
| USDC: Hobbs Act Robbery, § 924(c) | 12 |
| Column: If It Saves More Than One Child | 14 |
| 10th Cir: Davis Retroactive | 16 |
| Harmless Error: Explained | 20 |
| 3d Cir: GBMI, New Rule | 24 |
| NJ S Ct: Involuntary Confession | 26 |
| CO S Ct: New Proportionality Review Standard | 28 |
| HI S Ct: False Lie Detector Results Coercive | 31 |
| CA Ct App: Pretrial Home Confinement Credits | 36 |
| GA S Ct: Overhaul Appeals of Guilty Pleas | 37 |
| News in Brief | 43 |