(Pg. 1)

**DEMARIO WINSTON, Petitioner, v. UNITED STATES OF AMERICA, Respondent.**
**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION**
**2019 U.S. Dist. LEXIS 170554**
**Case Number 16-00865,Criminal Case Number 11-00012**
**September 27, 2019, Decided**
**September 30, 2019, Filed**

**Editorial Information: Prior History**

United States v. Simons, 2012 U.S. Dist. LEXIS 99078 (M.D. Tenn., July 17, 2012)

**Counsel** **{2019 U.S. Dist. LEXIS 1}**Demario Winston, Petitioner, Pro se, PINE KNOT, KY.

For United States of America, Respondent: Cecil W. VanDevender, Lynne T. Ingram, U.S. Attorney's Office (Nashville Office) Middle District of Tennessee, Nashville, TN.

**Judges:** Honorable David M. Lawson, United States District Judge.

**Opinion**

**Opinion by:** David M. Lawson

**Opinion**

**OPINION AND ORDER GRANTING MOTION TO VACATE SENTENCE**

The term "violent felony" as used in several statutes to denominate certain sentencing-enhancing predicate offenses has been the subject of several appellate decisions that are critical of the definitional language. *See generally Plagued By Vagueness: The Effect of* Johnson v. United States *and the Constitutionality of 18 U.S.C. §* ***924****(c)(3)(B)*, 54 No. 4 Crim. Law Bulletin ART 3 (Summer 2018). The Supreme Court declared one component defining the term - the so-called "residual clause" - void for vagueness in the context of predicate offenses used to enhance sentences under the Armed Career Criminal Act. *See Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (invalidating part of 18 U.S.C. § **924**(e)(2)(B)(ii)). The Court also invalidated part of the definition of "crime of violence" found in the criminal code, which lent that definition to the Immigration and Nationality Act. *See Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018) (finding 18 U.S.C. § 16(b) void for vagueness). The**{2019 U.S. Dist. LEXIS 2}** identical offending language is found in 18 U.S.C. § **924**(c), which punishes, among other things, the possession of a firearm in furtherance of a crime of violence. The Supreme Court last term followed form and held that the residual clause, which defined an element of that crime, also was void for vagueness. *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019) (holding that 18 U.S.C. § **924**(c)(3)(B) is unconstitutional).

Petitioner Demario Winston pleaded guilty to conspiracy to commit Hobbs Act Robbery, contrary to 18 U.S.C. § 1951, and using a firearm during and in relation to a "crime of violence" resulting in death, 18 U.S.C. § **924**(c), **(j)** (Count 12 of the Second Superseding Indictment). The Hobbs Act



© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(Pg. 2)

conspiracy was alleged by the government to constitute the crime-of-violence element for the section **924**(c) conviction, which was aggravated by the death resulting circumstance under subsection (**j**). Winston now moves to vacate his substantial prison sentence on Count 12 - 336 months - under 28 U.S.C. § 2255, arguing that the Hobbs Act conspiracy could qualify as a crime of violence only under the residual clause, which the Supreme Court has found unconstitutional. After reviewing the petitioner's motion, the Court must agree. The section **924**(c), (**j**) conviction will be vacated, and Winston will be resentenced on the remaining conviction.

I

Winston pleaded guilty to one count**{2019 U.S. Dist. LEXIS 3}** of using a firearm in furtherance of a crime of violence, resulting in death, and one count of conspiracy to commit Hobbs Act Robbery. He was sentenced on September 2, 2015 to prison terms of 240 months on the conspiracy count and 336 months on the **924**(**j**) count, with those sentences to run concurrently. He did not appeal his convictions or sentence.

On May 9, 2016, Winston filed a motion to vacate his sentence under 28 U.S.C. § 2255 in which he argued that the crime of conspiracy to commit Hobbes Act Robbery no longer qualifies as a "crime of violence," as that term is defined in section **924**(c), because the language of the statutory definition is unconstitutionally vague under the rule of *Johnson v. United States*. The petitioner also initially raised a claim that his trial counsel was ineffective, but the Court dismissed that claim after the petitioner subsequently filed a renewed response stating that he wished to abandon the ineffective assistance argument. The petitioner also raised certain other jurisdictional challenges to the convictions in his opening motion. In his prayer for relief, he asked that the Court either vacate the convictions and sentences and his guilty plea or vacate his judgment of sentence**{2019 U.S. Dist. LEXIS 4}** and promptly resentence him so that he could file a direct appeal. Because the section **924**(c), (**j**) conviction now is unquestionably constitutionally unsound, the Court will grant the alternative relief sought and resentence the petitioner on the surviving conspiracy count.

II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The only "crime of violence" predicate offense for the section **924**(c), (**j**) conviction in this case was the contemporaneous conviction for conspiracy to commit Hobbs Act Robbery. Section **924**(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence or drug trafficking crime.'" *Davis*, 139 S. Ct. at 2324**{2019 U.S. Dist. LEXIS 5}** (quoting 18 U.S.C. § **924**(c)(1)(A)). "The statute proceeds to define the term 'crime of violence' in two subparts - the first known as the elements clause [section **924**(c)(3)(A)], and the second the residual clause [section **924**(c)(3)(B)]." *Ibid.* "According to § **924**(c)(3), a crime of violence is 'an offense that is a felony' and '(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" *Ibid.* (quoting 18 U.S.C. § **924**(c)(3)). Section **924**(**j**) further enhances the penalty for a **924**(c) violation where the crime results



© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

10517042

(Pg. 3.)

in the death of a person.

In *Davis*, the Supreme Court scrutinized the language of section **924**(c)(3)(B), applying the principles announced by it in *Johnson* and *Dimaya*. Based on those principles, the Supreme Court held that the identically worded penalty provision in section **924**(c)(3)(B) also is unconstitutionally vague. *Id.* at 2336. Thus, deprived of any constitutionally sound footing under the now defunct residual clause, Winston's **924**(c), (**j**) conviction presently can stand only if the crime of conspiracy to commit Hobbs Act Robbery qualifies as a "crime of violence" under the elements clause in section **924**(c)(3)(A).

"Since 1990, the Supreme Court has instructed federal sentencing courts to use the 'categorical approach' to determine whether a defendant's [predicate convictions] have as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Burris*, 912 F.3d 386, 392 (6th Cir. 2019) (citing *Descamps v. United States*, 570 U.S. 254, 260-61, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013)) (quotations omitted). "The question for the [Court] in the elements-clause context is whether every defendant convicted of [the offense] must have used, attempted to use, or threatened to use physical force against the person of another in order to have been convicted,**{2019 U.S. Dist. LEXIS 6}** not whether the particular defendant actually used, attempted to use, or threatened to use physical force against the person of another in that particular case." *Ibid.* Thus, "[u]nder the categorical approach, courts look only to the statutory definitions (or elements) of the statute of conviction - not to the particular facts of the defendant's crime." *United States v. Johnson*, 933 F.3d 540, 543 (6th Cir. 2019) (citing *Descamps*, 570 U.S. at 260-61). When doing so, the Court must "assume that the defendant's conduct rested on nothing more than the least of the acts criminalized," and "[i]f the least of those acts constitutes a crime of violence, the conviction qualifies." *Ibid.* (citations omitted).

Under section 1951(a) of Title 28, persons may be convicted of conspiracy to commit Hobbs Act Robbery where they "conspire to 'in any way or degree obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce, by robbery.'" *United States v. Ledbetter*, 929 F.3d 338, 360-61 (6th Cir. 2019) (quoting 18 U.S.C. § 1951(a)). The *Ledbetter* court observed that "conspiracy to commit Hobbs Act robbery qualifies only if it meets § **924**(c)(3)(B)'s residual definition," and, following the invalidation of that clause in *Davis*, held that the **924**(c) convictions predicated on the conspiracy offense must be vacated. *Id.* at 361.

Other courts of appeals that squarely have addressed**{2019 U.S. Dist. LEXIS 7}** the issue similarly have concluded that conspiracy to commit Hobbs Act Robbery cannot qualify under the elemental clause in section **924**(c)(3)(A), because it does not require proof of any element directly implicating the use of force. In *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), the Fourth Circuit sitting *en banc* held that "conspiracy to commit Hobbs Act robbery [] does not categorically qualify as a crime of violence under the elements-based categorical approach[,] because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act[, and] such an agreement does not invariably require the actual, attempted, or threatened use of physical force," *id.* at 233-34. Similarly, in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), the Fifth Circuit held that "conspiracy to commit an offense is merely an agreement to commit an offense. Therefore . . . the conspiracy offense does not necessarily require proof that a defendant used, attempted to use, or threatened to use force," *id.* at 485. The Fifth Circuit went on to conclude that section **924**(c)(3)(B) was unconstitutionally vague, and its holding on that point was affirmed by the Supreme Court in *Davis*, 139 S. Ct. 2319, 204 L. Ed. 2d 757, although the judgment was vacated on other grounds.

III.

The petitioner's conviction**{2019 U.S. Dist. LEXIS 8}** for conspiracy to commit Hobbs Act Robbery



© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

10517042

does not qualify as a crime of violence under the elements clause of section **924**(c)(3)(A), and it cannot qualify under the now invalidated residual clause of section **924**(c)(3)(B). There is no other qualifying predicate offense to support the conviction under section **924**(c), (j). The petitioner therefore has established that he is in custody in violation of the federal constitution, and his motion to vacate his sentence will be granted.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence is **GRANTED**.

It is further **ORDERED** that the petitioner's conviction of and sentence for possession of a firearm in furtherance of a crime of violence, contrary to 18 U.S.C. § **924**(j), is **VACATED**.

It is further **ORDERED** that the petitioner shall be resentenced on the remaining conviction, and the probation department is directed to prepare a new presentence report.

/s/ David M. Lawson

DAVID M. LAWSON

United States District Judge

Sitting by special designation

Date: September 27, 2019

**JUDGMENT**

In accordance with the opinion and order granting the motion to vacate sentence entered on this date, it is **ORDERED AND ADJUDGED** that the motion to vacate sentence pursuant to 28 U.S.C. § 2255 is **GRANTED** and the judgment of sentence issued on September**{2019 U.S. Dist. LEXIS 9}** 3, 2015 is **VACATED**.

/s/ David M. Lawson

DAVID M. LAWSON

United States District Judge

Sitting by special designation

Date: September 27, 2019



© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

10517042