Exhibit Pg. 1

# Federal Court Grants Default Summary Judgment in Favor of Indiana Prisoner as Sanction for State's Lies

*by Dale Chappell*

IN A RARE MOVE, THE U.S. DISTRICT Court for the Southern District of Indiana on January 3, 2020 granted default judgment in favor of a prisoner who sued Wabash Valley Correctional Facility, after prison staff and the Indiana Attorney General's (AG) Office "blatantly" lied to the Court and refused to turn over evidence that exposed their falsities.

The prisoner, Phillip Littler, who acted *pro se* for much of the lawsuit, sued Wabash Valley guards for the use of excessive force committed on December 27, 2015. On that day, they shot him in the face with a pepper-ball gun and sprayed him with pepper spray when he refused to submit to a strip search, which he said was a ruse to humiliate him. He suffered a head injury, including a possible broken nose.

In response to Littler's lawsuit, the AG Office represented prison staff and moved for summary judgment, arguing that Littler's claims had no basis and that there were no material facts in dispute that would warrant further action by the Court.

In support of the summary judgment motion, the State offered sworn statements by guards that Littler's claims were not only baseless, but that the guards had nothing to do with the attack. Furthermore, the State argued that while the use of force was video recorded, it showed nothing but the backside of a guard.

The state gave Littler access to that video, but when he asked for the range video from the overhead cameras that recorded the whole unit — and which showed the pepper-ball gunshot — the state said that video had been recorded over. This was false. Littler proved this by obtaining prison staff emails that said the range video was preserved.

Littler did this through the discovery process, whereby the State must turn over evidence requested and not make any attempts to destroy it, lest it face sanctions. When the video was handed over, the Court denied summary judgment, finding that a factual dispute existed, which precluded summary judgment in favor of the state.

Exhibit Pg 2

Several hearings were held on Littler's motions for sanctions against the state defendants for lying to the Court and covering up the video evidence. What was revealed at those hearings "disturbed" District Judge Jane Magnus-Stinson.

Numerous false statements by prison staff amounted to what Judge Magnus-Stinson called "gross misconduct," which their lawyer, Amanda Fiorini, of the Indiana Attorney General's Office had allowed. What bothered her, she said, was that the state did this as an attempt to prevent Littler, a *pro se* prisoner, from having his claims heard in court. The judge made no reservations in her statements about why she was imposing sanctions:

"In almost every prisoner civil rights case, the State Defendants and their counsel know that the *pro se* plaintiff will only be able to rebut their evidence with his own lay testimony and whatever evidence they provide during discovery. Prisoners rarely are able to conduct depositions, and untestable or untested defense affidavits are almost always the foundation of a defense motion for summary judgment. Under these circumstances, it is paramount for the Court to be able to trust that the information and sworn statements provided by defendants are truthful. This case has shattered that trust."

The Judge then proceeded to impose severe sanctions on the State. She noted that the State had asked the Court to ignore the rules and commit an "obvious legal error" by asking for summary judgment when it knew it wasn't entitled to it. She also noted that State counsel "rarely make such a request when the plaintiff is not a *pro se* prisoner." Under the summary judgment rule, there has to be no dispute of a material fact. The Court found that the state had purposely covered up a dispute of the facts to falsely seek summary judgment.

A district court has the power to issue sanctions, which includes the severe and rare sanction of default judgment in favor of a party. This essentially means that the party automatically wins the case, which is what happened for Littler. "Perjury is among the worst kinds of conduct," the Court said.

In addition to the default sanction, the Court ordered Fiorini to take at least six hours of legal education classes. The Court found that she was not solely at fault: She was a new attorney who had learned her methods by observing other attorneys at the Attorney General's Office. The Court also ordered that *every* attorney for the Office attach a discovery certification to their filings in all prisoner civil rights cases for the next two years.

"Unfortunately, Ms. Fiorini's approach in this case is not unique," the Court said. "It is an all-too-common path for attorneys litigating against *pro se* plaintiffs," filing for summary judgment in hopes that the court will grant it without much thought. "This case has significantly undermined the Court's confidence that certain defendants and their counsel in *pro se* prisoner civil rights cases are litigating in good faith," the Court stated in concluding its 75-page opinion.

Accordingly, the Court ordered the sanctions imposed against the State and submitted the case to a magistrate judge for a settlement conference. The Court declined to refer the case to the U.S. Attorney's Office for investigation into charges of perjury, but said that Littler's counsel could. See: *Littler v. Martinez*, U.S.D.C. (S.D. Ind.), Case no. 2:26-cv-00472.

PINIX&SOUKUP LLC



**Real Lawyers. Real Results.**

**Criminal**
*Appeals. Postconviction. Habeas.*

**Civil**
*Personal Injury. Civil Rights.*

Handling cases throughout Wisconsin & Illinois

1200 East Capitol Drive, Suite 360
Milwaukee, Wisconsin 53211
414-963-6164

Listed by Super Lawyers
Client reviews at avvo.com
Better Business accredited

LOOK WHAT WE FOUND
MORE PEN PALS
MORE FREE STUFF
NEW LOWER PRICE
HOW TO WRITE STUFF
FREE LEGAL STUFF
LAW BOOKS & FREE RESEARCH
FREE CASE LAW
FREE PHOTOS, BOOKS, NEWSLETTERS
FREE SEMINARY DEGREES & MUCH MORE
Do not write us for free stuff. You need to BUY the
OFFLINE SHOPPER
PUBLICATION
$8.95 + $2.00 S/H Pay to:
PRISON LIVING
P.O. Box 10302, Glendale AZ, 85318