Pg. 1

OFFICE OF THE
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE
800 KING STREET, SUITE 200
WILMINGTON, DE 19801

Jeffery Paul, # 10517-042
United States Penitentiary
P.O.Box 33
Terre Haute, IN 47808-0033

SPECIAL MAIL - OPEN ONLY IN THE PRESENCE OF THE INMATE PERSON ENTITLED TO INVOKE PROTECTION OF SPECIAL MAIL 28 C.F.R. § 540.18

47808X0033

SPECIAL MAIL - OPEN ONLY IN THE PRESENCE OF THE INMATE PERSON ENTITLED TO INVOKE PROTECTION OF SPECIAL MAIL 28 C.F.R. § 540.18

Pg. 2.

OFFICE OF THE FEDERAL PU[illegible]NDI[illegible]
LAW,

EDSON A. BOSTIC
FEDERAL PUBLIC DEFENDER

KARL D. SCHWARTZ
CHIEF, CAPITAL HABEAS UNIT

JENNIFER A. MERRIGAN
ASSISTANT DEFENDER,
CAPITAL HABEAS UNIT

July 11, 2013

Jeffery Paul, # 10517-042
United States Penitentiary
P.O.Box 33
Terre Haute, IN 47808-0033

Jeff,

It was good to talk to you today. I am enclosing the affidavit you requested. I ordered you the Almanac and Dictionary, you should receive them soon. I know that you have requested other books, and I have let the team know.

Sincerely,

Jennifer Merrigan

Enclosures

Ms. Jennifer Merrigan
800 King Street, Suite 200
Wilmington, DE 19801

(Cell Ph) 302/578/6010

[illegible]stern District of
[illegible]rkansas; Hot Springs Division
U.S. v. Ingle
Case no. 97 3443
157 F.3d 1147
8th Cir. 1998)

---

FROM: Berg, Laura
TO: 10517042
SUBJECT: RE: Doc's
DATE: 06/22/2015 01:21:15 PM

Hi jeff,

It's ok to be redundant. I had been out a couple days, so it took me a little while to respond. I'm really sorry about the shakedown. I'm sure it was upsetting. We'll see if we can help get your clothes back. I requested a legal call for later this week and we can talk about all this.

The short answer about the documents: Yes, Trinity's affidavit is authentic. But we need all your case records and prison records before filing a liberal brief. The government gave us some records, but they were redacted. We are working hard to get them ASAP.

I know you are eager to move forward. I don't blame you.

We'll talk soon, ok?

Laura

JEFFERY WILLIAM PAUL on 6/21/2015 6:34:18 PM wrote
Dear laura,
Sorry if this is redundant,Ive had a bad couple days-please resp-to this one okay?What doc's is Pete looking for if he already authenticated the affidavit from Trinity-isnt that enough-w/the Double jeopary issue(incrim)from trial counsel to RUSH(&) Guarantee a Statutory NEW TRIAL-?

Pg. 4.

County of Jefferson

State of Texas

Declaration of Trinity E. Ingle

My name is Trinity Ingle. I am over the age of 18 and competent to make the declarations contained herein.

On June 22, 1995 me and Jeff were downtown in Hot Springs by the Arlington Hotel. I was wanting to rob a shop downstairs. Jeff was high and was pretty much just following me where I was going to. I was high too otherwise I would not have been wanting to rob a shop in broad daylight. But so we're standing outside of the mall when Mr. Williams drove by. I had not slept for days and was high on Methamphetamine which can make you paranoid and was making me paranoid after ten days of it and not sleeping. It was one of those times where if things had gone different, if a cop car had come by or something like that, I would have just left, but when Mr. Williams drove by he looked at me and I just locked in on him. In my paranoia I knew he had seen the gun in my waistband and knew that now he knew what I was thinking to do by robbing the shop downstairs. So when he got out of the car I told Jeff to come on and follow me. At this point Jeff did not know what I was doing and so he wasn't arguing any about it yet. As far as I knew, Jeff did not know that I had a gun. I didn't tell Jeff about my suspicions of Mr. Williams, nor did I say anything to him about what I planned to do.

Pg. 5.

I followed Mr. Williams up the trail and Jeff was following me. I stopped him by asking him if he had the time. After he told us the time I pulled the gun out and told him to give up everything he had. When he didn't, I hit him and kicked him on the ground. By this time, Jeff was getting very nervous. He was trying to get me to leave, saying, "come on, let's go." But I wasn't about to leave, but I still had the gun in my hand and Jeff knew it.

I told Jeff to keep quiet and I tied the guy up with the tape. Then Jeff and I started back down the trail but when I looked back at him the guy was looking right at me. I turned to go back but Jeff grabbed me by the arm and said, "let's just leave him and get out of here." Jeff kept arguing with me but I yanked free of him holding me. I still had the gun in my hand and Jeff was looking at it as I held it in his direction. Even though Jeff didn't know what it was I was going back up the mountain for, I made sure he knew if he put his hands on me again trying to stop me I would have shot him, too, and it would have been two people left up on that mountain.

So I walked back up the trail and asked the guy if he was going to call the cops. He said no but of course I knew he was lying. So I stood over him and shot him in the chest but one shot was rat shot which I had forgot was in the chamber. I heard Jeff yelling at me to stop, but I turned back around and shot Mr. Williams

Pg. 6.

with the real bullet in the head.

Everything else I believe is already known which followed that.

The gun I got from a burglary off Higden Ferry Road, New Oscar Point and Amity. It was a brown and yellow house and part of the yard was fences. It was in the morning that I broke into the house and found the guns in a closet. I think I recall that they were in a box on the closet floor. I also took some things out of the ice box and some change and silver dollars. Actually I had gotten two guns from there, a .357 and the .38 I used to shoot Mr. Williams. The .357 I had already sold.

Under penalty of perjury I hereby swear that the foregoing is true and correct to the best of my information and belief.

Trinity E. Ingle

Dated this 11 day of February, 2005.



409355

8-258 (Rev. 3-5-91)

Pg. 7.

REPORT OF THE
INFORMATION RESOURCES DIVISION
FEDERAL BUREAU OF INVESTIGATION
WASHINGTON, D. C. 20535

To: SAC, Little Rock (Squad 5)

October 30, 1996

FBI File No. 70A-LR-36698

Lab No. 60417026 E QL

Reference: Communication dated April 12, 1996

Your No.

Re: TRINITY EDWARD INGLES, aka;
JEFFERY WILLIAM PAUL, aka -
FUGITIVE (a);
SHERMAN WILLIAMS (DECEASED) - VICTIM;
HOT SPRINGS NATIONAL PARK,
HOT SPRINGS, ARKANSAS;
CGR - MURDER

Specimens received: April 16, 1996

Q7 One Nagra blue cassette magnetic tape dated "34222"

Result of examination:

Two processed stereo copies of Q7 were prepared in a cassette format. Each copy is contained on two cassette tapes in three parts with an overlap between parts.

SSA George W. Clark, Jr. conducted the examination.

Q7 and the processed copies were forwarded to your office under separate cover via Federal Express on June 13, 1996.

GOVERNMENT EXHIBIT "H"

AGENT COPY

SEARCHED ____ INDEXED ____
SERIALIZED ____ FILED ____

NOV - 1 1996

Pg. 8.

Furthermore, as noted above, evidence presented at both trials established Ingle as the ringleader in these crimes:

- »Ingle said he struck the victim first, App. 316;
- »Ingle said he taped the victim's hands and feet, App. 319;
- »Ingle chose to shoot the victim because he peeked at them, App. 319-20;
- »Ingle said he shot the victim himself in the head and chest, App. 320;
- »Ingle drove the car, T. 683, App. 258;
- »Ingle paid for food and motel afterwards, App. 258;



- »Ingle got rid of the gun, T. 1085, 1107; and,
- »Ingle got rid of the car, App. 321.

Confirming Ingle's role as the driver, the only item of direct, physical evidence in the entire case was the fingerprint of co-defendant Trinity Ingle, found on the ashtray of the victim's car. T. 777-780.