(Pg-1)

**IN RE: SHERMAN LAMONT FIELDS, Movant.**
**UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**
**2020 U.S. App. LEXIS 33521**
**No. 20-50351**
**October 23, 2020, Filed**

**Notice:**

**PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.**

**Editorial Information: Prior History**

Motion for an order authorizing the United States District Court for the Western District of Texas to consider a successive 28 U.S.C. § 2255**{2020 U.S. App. LEXIS 1}** motion.United States v. **Fields**, 483 F.3d 313, 2007 U.S. App. LEXIS 7413 (5th Cir. Tex., Mar. 29, 2007)

**Counsel** In re: **Sherman** Lamont **Fields** (Federal Prisoner: #15651-180), Movant: Florence Italia Patti, Jean Elizabeth Giles, Indiana Federal Community Defenders, Indianapolis, IN.

For United States of America, Respondent: Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX; Zachary Carl Richter, Assistant U.S. Attorney, U.S. Attorney's Office, Austin, TX.

**Judges:** Before HIGGINBOTHAM, GRAVES, and COSTA, Circuit Judges.

**Opinion**

PER CURIAM:*

**Sherman** Lamont **Fields**, who was sentenced to death, moves for authorization to file a successive 28 U.S.C. § 2255 motion in which he intends to challenge three convictions under 18 U.S.C. § 924(c)(1). We may authorize such a motion only if Fields's claims rely on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

**Fields** invokes the**{2020 U.S. App. LEXIS 2}** latter ground. He argues that, in light of *United States v. Davis*, 139 S. Ct. 2319, 2336, 204 L. Ed. 2d 757 (2019), he was erroneously convicted and sentenced under section 924(c) based on predicate offenses that are not "crimes of violence." *Id.* at 2336. And he contends that *Davis* has been made retroactive to cases on collateral review by the Supreme Court. The government agrees that Supreme Court precedent makes *Davis* retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268, 194 L. Ed. 2d 387 (2016) (holding that rulings that "alter[] the range of conduct . . . that the law punishes" are



© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

substantive and have "retroactive effect in cases on collateral review" (quotation omitted)); *Tyler v. Cain*, 533 U.S. 656, 666, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (stating that multiple cases taken together can "render a new rule retroactive" if logic so dictates); *see also In re Sparks*, 657 F.3d 258, 262 (5th Cir. 2011) (applying *Tyler* to find that the combined effect of previous Supreme Court cases taken together rendered a new rule retroactive "as a matter of logical necessity"). Indeed, we have authorized a number of successive petitions based on *Davis. See, e.g., United States v. Dixon*, 799 F. App'x 308, 308-09 (5th Cir. 2020) (per curiam); *In re Bocanegra*, No. 20-10311 (5th Cir. June 2, 2020) (per curiam); *In re Woods*, No. 19-30731 (5th Cir. Oct. 23, 2019) (per curiam).

While agreeing that *Davis* can serve as the basis for a successive motion, the parties disagree about how many of Fields's convictions**{2020 U.S. App. LEXIS 3}** are affected by *Davis*. We agree with the government that two of them are. Those two section 924(c) convictions stem from the predicate "crimes of violence" of conspiracy to escape and/or escape from federal custody. **Fields** has made a prima facie showing that neither is a crime of violence after *Davis. See United States v. Robinson*, 783 F. App'x 401, 402-03 (5th Cir. 2019) (holding that conspiring to escape from federal custody is not a crime of violence after *Davis*) (per curiam); *United States v. Taylor*, 933 F.2d 307, 309 (5th Cir. 1991) (listing elements of escape offense).

Fields's third challenged section 924(c) conviction, is based on a predicate offense of carjacking. Carjacking remains a crime of violence post-*Davis*, as it "has as an element the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(c)(3)(A); *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017). Thus **Fields** has not demonstrated that the district court need review this conviction in light of *Davis*.

Accordingly, IT IS ORDERED that Fields's motion for authorization is GRANTED IN PART and DENIED IN PART. Our grant of authorization is tentative, however, in that the district court must dismiss the motion without reaching its merits if the court determines that **Fields** has failed to satisfy the requirements of section 2255(h). *See* 28 U.S.C. § 2244(b)(4); *Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001).

**Footnotes**

*

Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.



© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(Pg. 3)

U.S. District Court
Southern District of Indiana (Terre Haute)
CIVIL DOCKET FOR CASE #: 2:13-cv-00304-JMS-MJD

PAUL v. SUPERINTENDENT et al
Assigned to: Judge Jane Magnus-Stinson
Referred to: Magistrate Judge Mark J. Dinsmore
Case in other court: 7th Circuit, 14-01652 - Mandate
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)

Date Filed: 08/20/2013
Date Terminated: 06/01/2020
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas Corpus
Jurisdiction: Federal Question

**Petitioner**

**JEFFERY WILLIAM PAUL**

represented by **Leigh Skipper**
FEDERAL COMMUNITY DEFENDER
Curtis Center, Suite 540 West
601 Walnut Street
Philadelphia, PA 19106
215-928-1100
Fax: 215-928-0826
Email: leigh_skipper@fd.org
*ATTORNEY TO BE NOTICED*

**Peter Konrad Williams**
Federal Community Defender Office
601 Walnut St.
Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Email: pete_williams@fd.org
*ATTORNEY TO BE NOTICED*

**Shawn Nolan**
FEDERAL COMMUNITY DEFENDER OFFICE
Capital habeas Unit
Curtis Center, Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Fax: 215-928-0826
Email: shawn_nolan@fd.org
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**SUPERINTENDENT**
*USP Terre Haute*

represented by **James Robert Wood**
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street

(pg. 4)

U. S. DISTRICT COURT
WESTERN DIST. ARKANSAS
FILED

DEC 4 1996

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA )
) Criminal No. 6:96CR60022-001
vs. ) 18 U.S.C. § 1111(a)
) 18 U.S.C. § 924(c)(1)
JEFFERY WILLIAM PAUL ) 18 U.S.C. § 924(i)(1)
18 U.S.C. § 2

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT 1

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. § 7(3), did, with malice aforethought, kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) and § 2.

### COUNT 2

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another individual known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant

8
6

Case 6:96-cr-60022-RTD Document 831-1 Filed 12/04/06 Page 2 of 2 PageID #: 3539
(Pg. 5)

to Title 18 U.S.C. § 7(3), did knowingly carry and use a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to-wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995, as set forth in Count 1 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18 U.S.C. § 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18 U.S.C. § 1111, in that the defendant, did unlawfully kill Sherman Williams by shooting him with the firearm in the perpetration of the robbery and attempted perpetration of the robbery in violation of Title 18 U.S.C. § 924(i)(1) and Title 18 U.S.C. § 2.

A True Bill.

Foreperson

P. K. Holmes III
United States Attorney

By: Steven N Snyder
Steven N. Snyder
Senior Litigation Counsel
Assistant U.S. Attorney
Ark. Bar No. 72101
P. O. Box 1524
Fort Smith, AR 72902-1524
(501) 783-5125

MENU

BIDEN HARRIS

DONATE

# THE BIDEN PLAN FOR STRENGTHENING AMERICA'S COMMITMENT TO JUSTICE

The Biden Plan for Strengthening America's Commitment to Justice

Eliminate the death penalty. Over 160 individuals who've been sentenced to death in this country since 1973 have later been exonerated. Because we cannot ensure we get death penalty cases right every time, Biden will work to pass legislation to eliminate the death penalty at the federal level, and incentivize states to follow the federal government's example. These individuals should instead serve life sentences without probation or parole.

Joe.biden.com/JusTice

The letter went on to warn the governor that the Attorney General "may initiate a lawsuit under CRIPA [Civil Rights of Institutionalized Persons Act] to correct the alleged conditions," and that "[t]he Attorney General may also move to intervene in related private suits...."

The district court's May 2019 ruling concluded with a somber statement: "The defendants argue that they cannot prevent all suicides in ADOC. It is true that, as in the free world, not all suicides can be prevented. But this reality in no way excuses ADOC's substantial and pervasive suicide-prevention inadequacies. Unless and until ADOC lives up to its Eighth Amendment obligations, avoidable tragedies will continue." The case remains pending. See: *Braggs v. Dunn*, U.S.D.C. (M.D. Ala.), Case No. 2:14-cv-00601-MHT-WO.

On October 1, 2019, the Alabama News Network reported that ADOC officials were investigating the September 26 death of prisoner Marco Dewayne Tolbert at the William Donaldson Correctional Facility as a suicide, after he was found hanging from a light fixture in his cell. ■

Additional sources: *al.com, scribd.com, alabamanews.net*

# Federal Prisoner Challenges Constitutionality of Death Penalty; Gets Plea Deal for Life Without Parole

*by Matt Clarke*

On September 28, 2018, a Vermont federal judge approved a plea bargain to grant life without parole to a death-sentenced federal prisoner who had challenged the constitutionality of the death penalty in post-conviction proceedings.

Donald Fell was convicted of the interstate kidnapping and murder of Teresca King, which he and codefendant Robert Lee committed in 2000. Fell was convicted and sentenced to death in 2005, while Lee killed himself in jail before going to trial.

Fell filed a post-conviction challenge to the federal death penalty in November 2015, claiming disparate racial and geographic application caused it to be applied in an unreliable, arbitrary and discriminatory manner.

U.S. District Court Judge Geoffrey W. Crawford agreed that the federal death penalty "operates in an arbitrary manner in which chance and bias play leading roles," and that it "falls short of the [constitutional] standard ... for identifying defendants who meet objective criteria for imposition of the death penalty." Nonetheless, he left the possibility of the death penalty in place on retrial, feeling he lacked "authority to rewrite the law so as to overrule the majority of the Supreme Court." Judge Crawford overturned Fell's death sentence because the prosecution had used what he determined were unreliable statements made by Lee, which attempted to shift the blame for the murder to Fell. The government appealed.

In July 2018, the Second Circuit Court of Appeals upheld the district court's ruling prohibiting the use of Lee's statements at trial, calling them "unreliable."

Without that key evidence to prove the extent of Fell's involvement in the murder, federal prosecutors were open to a plea bargain for life without parole. Judge Crawford accepted that agreement, and Fell became the 10th federal prisoner to be permanently removed from death row, leaving 62 federal death-sentenced prisoners. See: *United States v. Fell*, U.S.D.C. (D. Vt.), Case No. 5:01-cr-00012-01.

The Department of Justice recently announced that it plans to resume executions, and has set execution dates for five federal prisoners. [See related article in this issue of *PLN*, p.18]. ■

Source: *deathpenaltyinfo.org*

NARSOL
Fighting to restore dignity and constitutional rights to millions
Don't miss a single edition!!
Learn what's happening in the fight to change our nation's approach to sex offender registries & restrictions!
Subscribe to the Digest!
Bi-monthly @ $9/year
P.O. Box 36123
Albuquerque, NM 87176
888.997.7765 | NARSOL.ORG

**Words to Ponder v. 2.0**

A collection of thought-provoking quotations, sayings, proverbs and verses!

Add some interesting and useful quotes and sayings to your writing! **Words to Ponder** is a 60-page booklet with over 400 fully-indexed entries in more than 50 categories. A few examples:

*"Justice is the highest of all virtues." – Aristotle*

*"An avidity to punish is always dangerous to liberty. It leads men to stretch, to misinterpret, and to misapply even the best of laws." – Thomas Paine*

Categories include: Change, Difficulty, Equality, Fate, Freedom, Friendship, Good & Evil, Intelligence, Justice, Love & Hate, Politics, Power, Punishment, Right & Wrong, Suffering & Sorrow, Time, Truth, and Victory and Defeat, among others.

Compiled and published by *Prison Legal News* managing editor Alex Friedmann. **$16.00 with shipping included**. Make orders payable & send to: A&A Publishing, 5331 Mt. View Road #130, Antioch, TN 37013. Phone orders: 615-601-2153.

# Know Your Rights: Environmental Hazards and Toxic Materials

**Important Note:** The law is always evolving. If you have access to a prison law library, it is a good idea to confirm that the cases and statutes cited below are still good law. This information was last updated April 2010.

## What rights do prisoners have?

Exposing prisoners to dangerous conditions or toxic substances may violate the Eighth Amendment of the Constitution, which prohibits cruel and unusual punishment. Prison officials violate the Eighth Amendment if, with deliberate indifference, they expose a prisoner to a condition that poses an unreasonable risk of serious harm to the prisoner's present or future health or safety. See Helling v. McKinney, 509 U.S. 25, 35 (1993). Deliberate indifference is more difficult to prove than negligence or carelessness. Some prison conditions may establish an Eighth Amendment violation collectively, even if each condition would not do so individually, provided that all of the conditions have a "mutually enforcing effect that produces the deprivation of a single, identifiable human need," such as food or warmth. Wilson v. Seiter, 501 U.S. 294, 304 (1991).

## What types of conditions have courts found to violate the Eighth Amendment?



- **Defective plumbing**
  See Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992); McCord v. Maggio, 927 F.2d 844, 847 (5th Cir. 1991); Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991).

Also Food Case Law

- **Denial of adequate toilet facilities**
  See Gates v. Cook, 376 F.3d 323, 340-41 (5th Cir. 2004); Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000); Mitchell v. Newryder, 245 F. Supp. 2d 200 (D. Me. 2003). But see Knop v. Johnson, 977 F.2d 996, 1013 (6th Cir. 1992) (required use of nonflushable toilets on occasion did not violate the Eighth Amendment).

- **Deprivation of appropriate bedding**
  See Townsend v. Fuchs, 522 F.3d 765, 773-74 (7th Cir. 2008) (moldy and wet mattress).

- **Deprivation of basic sanitation**
  See Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006) (a lack of sanitation can violate a prisoner's Eighth Amendment rights); Gates v. Cook, 376 F.3d 323, 337-38 (5th Cir. 2004) (filthy cell conditions); McBride v. Deer, 240 F.3d 1287, 1292 (10th Cir. 2001); Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000) (inmates were not allowed to clean themselves after being denied access to toilets and soiling themselves); Harper v. Showers, 174 F.3d 716, 717, 720 (5th Cir. 1999); Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999); Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996) (long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights); Williams v. Adams, 935 F.2d 960, 961 (8th Cir. 1991) (denial of personal hygiene items and clean clothes); Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989) (two-year confinement to a cell covered in filth and human waste and denial of access to cleaning supplies or laundry service); Johnson v. Pelker, 891 F.2d 136, 139 (7th Cir. 1989) (lack of running water, feces on the wall and ignored requests for cleaning supplies). But see Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994) (24-hour delay in providing requested hygiene supplies was not an Eighth Amendment violation); Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (denial of toilet paper for five days and soap, toothbrush, and toothpaste for ten days was not an Eighth Amendment violation).

- **Excessive cold**

# ow Your Rights: Environmental Hazards and Toxic Materials

### noke

See Helling v. McKinney, 509 U.S. 25, 35 (1993) (prisoner's cellmate smoked 5 packs of cigarettes per day); Powers v. Snyder, 484 F.3d 929, 933 (7th Cir. 2007) (prisoner was denied a smoke-free cell); Lehn v. Holmes, 364 F.3d 862, 872 (7th Cir. 2004) (non-smoking prisoners were housed with smokers); Atkinson v. Taylor, 316 F.3d 257, 268-69 (3d Cir. 2003) (inmate was housed for over seven months with "constant" smokers and suffered from numerous medical symptoms as a result); Davis v. New York, 316 F.3d 93, 100-01 (2d Cir. 2002); Reilly v. Grayson, 310 F.3d 519, 521 (6th Cir. 2002). But see Powers v. Snyder, 484 F.3d 929, 932 (7th Cir. 2007) (a prison is not required to provide a completely smoke-free environment, except in the case of prisoners who have asthma or other serious respiratory conditions that even a low level of smoke would aggravate; normal prisoners must prove they are exposed to unreasonably high levels of smoke to show an Eighth Amendment violation); Caldwell v. Quinlan, 729 F. Supp. 4, 6 (D.D.C. 1990) (no Eighth Amendment violation where smoke occasionally drifted over to a prisoner's cell from designated smoking areas), aff'd, 923 F.2d 200 (D.C. Cir. 1990).

- **Exposure to the extreme behavior of severely mentally ill prisoners**

  See Gates v. Cook, 376 F.3d 323, 343 (5th Cir. 2004) (exposure to the constant screaming and feces-smearing of mentally ill prisoners).

- **Inadequate food or unsanitary food service**

  See Phelps v. Kanoplas, 308 F.3d 180, 186 (2d Cir. 2002); Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000); Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989); Ramos v. Lamm, 639 F.2d 559, 570-71 (10th Cir. 1980); Wilson v. VanNatta, 291 F. Supp. 2d 811, 817 (N.D. Ind. 2003); Drake v. Velasco, 207 F. Supp. 2d 809, 812 (N.D. Ill. 2002).

- **Inadequate lighting or constant lighting**

  See Gates v. Cook, 376 F.3d 323, 341-42 (5th Cir. 2004) (inadequate lighting); Keenan v. Hall, 83 F.3d 1083, 1090-91 (9th Cir. 1996) (constant illumination).

- **Inadequate ventilation**

  See Board v. Farnham, 394 F.3d 469, 485-86 (7th Cir. 2005); Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996); Ramos v. Lamm, 639 F.2d 559, 569-70 (10th Cir. 1980).

- **Lack of drinkable water**

  See Hearns v. Terhune, 413 F.3d 1036, 1042-43 (9th Cir. 2005) (lack of cold water where yard temperatures reached 100 degrees); Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000); Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992); Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989) (polluted drinking water).



- **Lack of fire safety**

  See Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004); Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985) (prisoners need not wait until actual casualties occur to obtain relief from an unreasonable threat of injury or death by fire); Gates v. Collier, 501 F.2d 1291, 1300, 1305 (5th Cir. 1974). But see Coniglio v. Thomas, 657 F. Supp. 409, 414 (S.D.N.Y.1987) (the Eighth Amendment does not require sprinkler systems where there are limited amounts of flammable materials and insufficient heat to trigger fires unless intentionally contrived).

- **Risk of injury or death in the event of an earthquake**

  See Jones v. City and County of San Francisco, 976 F. Supp. 896, 909-10 (N.D. Cal. 1997).

- **Sleep deprivation**

  See Gates v. Cook, 376 F.3d 323, 340 (5th Cir. 2004); Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999).

- **Sleeping on the floor**