(Pg 1)



Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.*, 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## BORDEN *v.* UNITED STATES

CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 19–5410. Argued November 3, 2020—Decided June 10, 2021

The Armed Career Criminal Act (ACCA) mandates a 15-year minimum sentence for persons found guilty of illegally possessing a firearm who have three or more prior convictions for a "violent felony." An offense qualifies as a violent felony under ACCA's elements clause if it necessarily involves "the use, attempted use, or threatened use of physical force against the person of another." 18 U. S. C. §924(e)(2)(B)(i). In *Leocal* v. *Ashcroft*, 543 U. S. 1, the Court held that offenses requiring only a negligent *mens rea* fall outside a relevantly identical definition. *Id.*, at 9. The "critical aspect" in determining the relevant *mens rea*, the Court explained, was the statute's demand that the perpetrator use physical force "*against the person or property of another*." *Ibid* (emphasis in original). Then in *Voisine* v. *United States*, 579 U. S. 686, the Court held that reckless crimes fall within a different statutory definition—this one requiring the "use of physical force," but lacking the "against" phrase *Leocal* deemed "critical." In both decisions, the Court left open whether reckless offenses would satisfy ACCA's elements clause.

Petitioner Charles Borden, Jr., pleaded guilty to a felon-in-possession charge, and the Government sought an enhanced sentence under ACCA. One of the three convictions alleged as predicates was for reckless aggravated assault in violation of Tennessee law. Borden argued that this offense is not a violent felony under ACCA's elements clause because a mental state of recklessness suffices for conviction. In his view, only purposeful or knowing conduct satisfies the clause's demand for the use of force "against the person of another." The District Court disagreed and sentenced Borden as a career offender. The Sixth Circuit affirmed.

*Held*: The judgment is reversed, and the case is remanded.

(Pg 2)



Syllabus

769 Fed. Appx. 266, reversed and remanded.

JUSTICE KAGAN, joined by JUSTICE BREYER, JUSTICE SOTOMAYOR, and JUSTICE GORSUCH, concluded that a criminal offense with a *mens rea* of recklessness does not qualify as a "violent felony" under ACCA's elements clause. Pp. 4–23.

(a) That conclusion follows from the statutory text. The phrase "against another," when modifying a volitional action like the "use of force," demands that the perpetrator direct his force at another individual. Reckless conduct is not aimed in that prescribed manner. *Leocal* confirms that conclusion. When read against the words "use of force," the Court explained, the "against" phrase—the definition's "critical aspect"—"suggests a higher degree of intent" than (at least) negligence. 543 U. S., at 9. That understanding of "against" contradicts the Government's view that the phrase here does not incorporate a *mens rea* requirement. Pp. 8–15.

(b) The ordinary meaning of the term "violent felony"—which the elements clause defines—also informs this construction. As *Leocal* explained, "we cannot forget that we ultimately are determining the meaning of the term 'crime of violence.'" 543 U. S., at 11. The Court said the same in *Johnson* v. *United States*, 559 U. S. 133, when construing language in ACCA's definition of "violent felony." *Id.*, at 139–140. With that focus in place, both decisions construed the definitions at issue to mark out a narrow "category of violent, active crimes." *Id.*, at 140; 543 U. S., at 11. And those crimes are best understood to involve a purposeful or knowing mental state—a deliberate choice of wreaking harm on another, rather than mere indifference to risk. P. 16.

(c) Classifying reckless crimes as "violent felonies" would also conflict with ACCA's purpose. Congress enacted ACCA to address "the special danger created when a particular type of offender—a violent criminal[ ]—possesses a gun." *Begay* v. *United States*, 553 U. S. 137, 146. An offender who has repeatedly committed "purposeful, violent, and aggressive" crimes poses an uncommon danger of "us[ing a] gun deliberately to harm a victim." *Id.*, at 145. But that is not so of someone convicted of a crime, like a DUI offense, revealing only a "degree of callousness toward risk." *Id.*, at 146. However blameworthy, the reckless (or negligent) conduct involved in such a crime is "far removed" from the "deliberate kind of behavior associated with violent criminal use of firearms." *Id.*, at 147. The Government's contrary view would label as ACCA predicates a range of common offenses—like reckless driving—that Congress did not mark "for heightened punishment." 543 U. S., at 11. Pp. 17–20.

(d) The Government's main response is this Court's decision in

(PG-3)



*Voisine*, which interpreted the phrase "use of force" in defining a "misdemeanor crime of domestic violence" to cover reckless conduct. But that argument ignores the textual difference between the two statutes—the "against" clause. That phrase, as *Leocal* recognized, is not window dressing: It is the "critical" text for deciding the level of *mens rea* needed. 543 U. S., at 9. And as the Court has explained, "against the person of another," when modifying the "use of physical force," introduces that action's conscious object. So too, the Government's argument disregards how the context and purpose of the statute in *Voisine* diverge from those of ACCA's elements clause. The provision in *Voisine* defines not a "violent felony" but a "misdemeanor crime of domestic violence." It focuses on those convicted not of serious felony offenses, but instead of "garden-variety assault or battery misdemeanors." 579 U. S., at ___ (slip op., at 8). And it captures not "violent, active" conduct alone, but also "acts that one might not characterize as 'violent' in a nondomestic context." *United States* v. *Castleman*, 572 U. S. 157, 165. Given those surrounding differences in coverage, it makes sense that the domestic violence provision would include reckless behavior when ACCA's elements clause does not. Pp. 20–23.

JUSTICE THOMAS concluded that ACCA's elements clause does not encompass Borden's conviction for reckless aggravated assault for the reasons stated in his dissenting opinion in *Voisine*, 579 U. S., at ___ (slip op., at 2). A crime that can be committed through mere recklessness does not have as an element the "use of physical force" because that phrase "has a well-understood meaning applying only to intentional acts designed to cause harm." *Id.*, at ___ (slip op., at 2, 16). Borden's reckless offense would fall within ACCA's residual clause had that provision not been declared unconstitutional in *Johnson* v. *United States*, 576 U. S. 591. Though *Johnson* was wrongly decided, it must be accepted in this case because to do otherwise would create further confusion and division about whether state laws prohibiting reckless assault satisfy the elements clause. Pp. 1–5.

KAGAN, J., announced the judgment of the Court and delivered an opinion in which BREYER, SOTOMAYOR, and GORSUCH, JJ., joined. THOMAS, J., filed an opinion concurring in the judgment. KAVANAUGH, J., filed a dissenting opinion, in which ROBERTS, C. J., ALITO, and BARRETT, JJ., joined.

U. S. DISTRICT COURT
WESTERN DIST. ARKANSAS
FILED

DEC 4 1996

CHRIS R. JOHNSON, CLERK
BY [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 6:96CR60022-001 |
| vs. | ) | 18 U.S.C. § 1111(a) |
| | ) | 18 U.S.C. § 924(c)(1) |
| JEFFERY WILLIAM PAUL | ) | 18 U.S.C. § 924(i)(1) |
| | | 18 U.S.C. § 2 |

(PG 4)

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

**COUNT 1**

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. § 7(3), did, with malice aforethought, kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) and § 2.

**COUNT 2**

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another individual known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant

86

(PJ5)

to Title 18 U.S.C. § 7(3), did knowingly carry and use a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to-wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995, as set forth in Count 1 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18 U.S.C. § 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18 U.S.C. § 1111, in that the defendant, did unlawfully kill Sherman Williams by shooting him with the firearm in the perpetration of the robbery and attempted perpetration of the robbery in violation of Title 18 U.S.C. § 924(i)(1) and Title 18 U.S.C. § 2.

A True Bill.

Foreperson

P. K. Holmes III
United States Attorney

By: Steven N. Snyder
Steven N. Snyder
Senior Litigation Counsel
Assistant U.S. Attorney
Ark. Bar No. 72101
P. O. Box 1524
Fort Smith, AR 72902-1524
(501) 783-5125

Case 2:13-cv-00304-JMS-MJD Document 231-2 Filed 09/06/19 Page 11 of 22 PageID #: 3550

(136)

845

consider the manner in which the death was caused.

You may not find the defendant guilty of first degree murder by reason of killing during the perpetration of a robbery unless you find beyond a reasonable doubt that at the time of the killing, the defendant was engaged in the perpetration of a robbery as defined in these instructions.

The crime of robbery has three essential elements which are:

One; that Sherman Williams had in his possession or on his person or presence anything of value.

Two; that the defendant took and carried away anything of value from Sherman Williams by force or violence, and

Three; that the taking occurred within the boundaries of the Hot Springs National Park.

Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find in light of surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

Possession of property recently stolen, if not satisfactorily explained, is also ordinarily a circumstance from which the jury may reasonably draw the inferences and find in light of the surrounding circumstances shown by the evidence in the case that the person in possession not only knew it was stolen property but also participated in some way in the theft of the property.