**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JEFFERY WILLIAM PAUL,<br><br>Petitioner,<br><br>v.<br><br>SUPERINTENDENT, USP Terre Haute,<br>UNITED STATES OF AMERICA,<br><br>Respondents. | CIVIL ACTION<br>(Capital Habeas Corpus)<br><br>2:13-CV-00304-JMS-MJD<br><br>**Hon. Jane Magnus-Stinson** |

**NOTICE AND REQUEST TO DELAY ADJUDICATION OF PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, Jeffery William Paul, through counsel, respectfully submits this Notice and Request to Delay Adjudication of Petition for Writ of Habeas Corpus, and avers as follows:

1. Mr. Paul's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is currently pending. In his petition, Mr. Paul has averred that his firearms conviction under 18 U.S.C. § 924(c) and death sentence should be vacated pursuant to *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019). To sustain a conviction under § 924(c), the firearm must be used in a crime of violence as defined by either § 924(c)'s "residual clause" or its "force clause." The residual clause is invalid under *Johnson* and *Davis*. Mr. Paul has averred, inter alia, that his § 924(c) conviction is not sustainable under the force clause because the predicate offense for Mr. Paul's § 924(c) conviction does not require the purposeful or intentional use of violent force.

2. On June 10, 2021, the Supreme Court issued *Borden v. United States*, 141 S. Ct. 1817 (2021). Consistent with Mr. Paul's position in these proceedings, *Borden* held that the similarly worded force clause of 18 U.S.C. § 924(e) requires the purposeful and intentional use

of violent force, and that predicate offenses requiring a *mens rea* of recklessness did not constitute crimes of violence.

3. Counsel for Mr. Paul are in the process of researching the implications of *Borden* and determining if an amendment to Mr. Paul's habeas petition is warranted. If it is consistent with the Court's schedule, Mr. Paul's counsel intend make that determination within sixty days (by September 7, 2021) and, if appropriate, request permission to file an amendment at that time.

4. Additionally, on June 29, 2021, this Court lifted the stay of Mr. Paul's proceedings and indicated that it would rule on Mr. Paul's petition in due course. Counsel for Mr. Paul respectfully request that this Court delay its adjudication of this matter until counsel have submitted a request to amend the habeas petition or determined that an amendment is unnecessary.

Respectfully submitted,

/s/ Peter Williams
SHAWN NOLAN
Chief, Capital Habeas Unit
PETER WILLIAMS
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Dated: July 9, 2021

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that on this 9th day of July, 2021, a copy of the foregoing was served via the Electronic Case Filing system on the following counsel of record:

Jeffrey B. Kahan, Esquire
Trial Attorney
U.S. Department of Justice, Capital Case Section
1331 F Street, NW
Washington, DC 20005

/s/ Peter Williams
PETER WILLIAMS