**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JEFFERY WILLIAM PAUL,<br><br>Petitioner,<br><br>v.<br><br>SUPERINTENDENT, USP Terre Haute,<br>UNITED STATES OF AMERICA,<br><br>Respondents. | CIVIL ACTION<br>(Capital Habeas Corpus)<br><br>2:13-CV-00304-JMS-MJD<br><br>**Hon. Jane Magnus-Stinson** |

**MOTION FOR LEAVE TO FILE AMENDMENT**
**TO PETITION FOR WRIT OF HABEAS CORPUS**
**WITHIN THIRTY DAYS**

Petitioner, Jeffery William Paul, through counsel, respectfully submits this Motion for Leave to File Amendment to Petition for Writ of Habeas Corpus within Thirty Days, and avers as follows:

1. Mr. Paul's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is currently pending. In his petition, Mr. Paul has averred that his firearms conviction under 18 U.S.C. § 924(c) and death sentence should be vacated pursuant to *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019). To sustain a conviction under § 924(c), the firearm must be used in a crime of violence as defined by either § 924(c)'s "residual clause" or its "force clause." The residual clause is invalid under *Johnson* and *Davis*. Mr. Paul has averred that his § 924(c) conviction is not sustainable under the force clause because the predicate offense for Mr. Paul's § 924(c) conviction does not require the purposeful or intentional use of violent force.

2. Mr. Paul filed a counseled § 2241 petition on October 18, 2016. Filing No. 107. The parties have submitted briefing, including supplemental briefing on *Davis*, which concluded on November 6, 2019. Filing No. 234. On June 1, 2020, this Court stayed the instant proceedings so that Petitioner could file an application to pursue his claim for relief under *Johnson* and *Davis* in a successive 28 U.S.C. § 2255 motion. Filing No. 244. After the application for a successive § 2255 motion was denied by the United States Court of Appeals for the Eight Circuit, this Court lifted the stay on June 29, 2021, and indicated that it would rule on Mr. Paul's petition in due course. Filing No. 265.

3. On June 10, 2021, the Supreme Court issued *Borden v. United States*, 141 S. Ct. 1817 (2021). *Borden* held that the similarly worded force clause of 18 U.S.C. § 924(e) requires the purposeful and intentional use of violent force, and that predicate offenses requiring a mens rea of recklessness did not constitute crimes of violence. *Id.* at 1826-28 (plurality), 1835 (Thomas, J., concurring).

4. Having reviewed *Borden* in the context of Mr. Paul's case, *see* Filing No. 267, counsel for Mr. Paul respectfully requests leave to file an amendment to his § 2241 petition within 30 days. Rule 15 of the Federal Rules of Civil Procedure governs amendments to habeas pleadings. *See* 28 U.S.C. § 2242 (stating that a habeas petition may be amended in accordance with the rules of procedure applicable to civil actions). Fed. R. Civ. P. 15(a)(2) notes that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15 also recognizes that granting leave to amend is appropriate when the Petitioner seeks to add a claim that was not available at the time the original petition was filed. *See e.g.*, Fed. R. Civ. P. 15(d). Here, Mr. Paul wishes to raise a new claim for relief based on *Borden*, which had not been issued at the time of his § 2241 petition or at any other point during the briefing schedule. Throughout

these proceedings, Mr. Paul has argued that his § 924(c) conviction does not satisfy the force clause because, inter alia, the offense that formed the predicate conviction for his § 924(c) conviction did not require the requisite mens rea. *See, e.g.,* Filing No. 234 at 17-19. *Borden* directly addresses this issue. Accordingly, Mr. Paul respectfully requests that he be permitted to file an amendment to his § 2241 petition based on *Borden*.

5. While counsel have made substantial progress on the amendment thus far, counsel need additional time to provide this Court with professionally adequate briefing on this issue. Accordingly, counsel respectfully request thirty (30) days (until October 8, 2021) to submit an amendment on Mr. Paul's behalf.

WHEREFORE, for the foregoing reasons, Petitioner respectfully requests leave to file an amendment to his petition for writ of habeas corpus within thirty (30) days. (A proposed order is attached.)

Respectfully submitted,

/s/ Peter Williams
SHAWN NOLAN
Chief, Capital Habeas Unit
PETER WILLIAMS
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Dated: September 8, 2021

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that on this 8th day of September, 2021, a copy of the foregoing was served via the Electronic Case Filing system on the following counsel of record:

Jeffrey B. Kahan, Esquire
Trial Attorney
U.S. Department of Justice, Capital Case Section
1331 F Street, NW
Washington, DC 20005

/s/ Peter Williams
PETER WILLIAMS