UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| **JEFFERY WILLIAM PAUL** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-00304-JMS-MJD |
| | ) | |
| **SUPERINTENDENT, USP** Terre Haute | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |

## RESPONSE TO AMENDMENT TO PETITION FOR WRIT OF HABEAS CORPUS

Respondent, by and through undersigned counsel, hereby adopts and incorporates its earlier oppositions to Petitioner Jeffery William Paul's motion for relief under 28 U.S.C. § 2241 and states in opposition to his supplement (Dkt. 271) as follows:

## PROCEDURAL HISTORY

On June 22, 1995, Petitioner Jeffrey Paul and an acquaintance, Trinity Ingle, followed 82-year-old Sherman Williams onto a trail in Hot Springs National Park. Paul and Ingle robbed, beat, and fatally shot Williams. They pulled the victim's body about thirty feet from the trail and attempted to conceal it. Four days later, a hiker found the remains under logs and rocks, with hands and ankles tightly bound in duct tape. A piece of tape presumed to have gagged Williams was found around his neck. Williams died from a gunshot wound to the head and had suffered near decapitation. *United States v. Paul*, 217 F.3d 989, 994 (8th Cir. 2000).

On December 4, 1996, a federal grand jury in the Western District of Arkansas returned a superseding indictment in case no. 6:96CR60022, charging Paul with aiding and abetting murder within the special territorial jurisdiction of the United States in the perpetration of a robbery (18 U.S.C. §§ 1111 & 2), and aiding and abetting firearm-use murder during and in relation to a crime

of violence (18 U.S.C. §§ 924(j) & 2). Ex. 1. Count 1 alleged, in pertinent part, "On or about the 22nd day of June, 1995, . . . [Paul] did, with malice aforethought, kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery." *Id*. Count 2 charged,

> On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, Jeffery William Paul, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to title 18 U.S.C. § 7(3), did knowingly carry and use a firearm, during an in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995, as set forth in Court 1 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18 U.S.C. § 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18 U.S.C. § 1111, in that the defendant, did unlawfully kill Sherman Williams by shooting him with the firearm in the perpetration of the robbery and attempted perpetration of the robbery in violation of 18 U.S.C. § 924(i)(1) and § 2.

*Id*. The Court instructed the jury during the guilt-innocence phase of trial that the crime of robbery has three essential elements which are:

> One; that Sherman Williams had in his possession or on his person or presence anything of value.
>
> Two; that the defendant took and carried away anything of value from Sherman Williams by force or violence, and
>
> Three; that the taking occurred within the boundaries of the Hot Springs National Park.

Ex. 2 (W.D. Ark. Dkt. 430-4, pg. 76). The jury convicted Paul as charged. *Paul*, 217 F.3d at 994. Following a penalty phase trial, the jury recommended a death sentence, which the trial court imposed. *Paul*, 217 F.3d at 994.

On appeal, the Eighth Circuit Court of Appeals affirmed the judgment (*id*. at 1005), and the Supreme Court subsequently denied certiorari (*Paul v. United States*, 534 U.S. 829 (2001)).

Paul unsuccessfully sought collateral relief under 28 U.S.C. § 2255. *United States v. Paul*, no. 96CR60022-001, Dkt. no. 322 (W.D. Ark.). He appealed, but the Eighth Circuit affirmed, and the Supreme Court denied certiorari. *Paul v. United States*, 534 F.3d 832 (8th Cir.2008), *cert. denied*, 558 U.S. 828 (2009). Paul filed a series of *pro se* motions in the trial court under § 2255, among other authority, all of which that court denied. *Paul*, no. 96CR60022-001, Dkt. nos. 362, 365, 366, 367, 368, 370, 371,375, 378, 379, 381, 382, 383, 384, 385, 386, 388, 390, 391, 392.

Separately, and without the assistance of counsel, Paul sought permission to file a successive motion for relief under § 2255, which the Eighth Circuit denied. *Paul v. United States*, case no. 13-2987 (8th Cir. Oct. 1, 2013). Paul next petitioned *pro se* for an extraordinary writ, which the Eighth Circuit denied. *In re: Paul*, case no. 14-1832 (8th Cir. Apr. 22, 2014). Paul also petitioned *pro se* for an extraordinary writ in the Seventh Circuit, which that court denied. *Paul v. Lawrence*, case no. 16-2220 (7th Cir. May 26, 2016). With the assistance of counsel, Paul again unsuccessfully asked the Eighth Circuit Court for permission to file a successive § 2255 motion. *Paul v. United States*, case no. 16-2330 (8th Cir. Aug. 5, 2016). On May 14, 2019, Paul, for a third time, moved for permission to file a successive § 2255 motion, which the Eighth Circuit denied. *Paul v. United States*, case no. 19-1994 (8th Cir. June 21, 2019).

On August 20, 2013, Paul filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. The government moved to dismiss the petition for lack of jurisdiction. Dkt. 39. The Court denied the government's motion and permitted Paul to file an amended § 2241 motion. Dkt. 44. The amended motion alleged—among other things—that the court should vacate the defendant's § 924 conviction under *Johnson v. United States,* 135 S. Ct. 2551 (2015). Dkt. 103 at 42-57. In response, the government argued that this Court should deny the petition under 28 U.S.C. § 2244 and § 2255(e). Dkt. 158. Without ruling on the response, the Court stayed the proceedings pending a decision in the Supreme Court case of *United States v. Davis*,

No. 18-431, concerning the constitutionality of § 924. Dkt. 220. On June 24, 2019, the Supreme Court issued an opinion in *Davis*, declaring a provision of § 924 unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2042 (2019). Two days later, this Court ordered the government to file a supplemental brief addressing *Davis*. Dkt. 224. The government, in its supplemental briefing, argued that Paul had improperly raised his claim under § 2241 rather than § 2255 and that his predicate offense, robbery, satisfied § 924's valid definition of a "crime of violence." Dkt. 231.

On May 26, 2020, Paul for a fourth time filed in the Eighth Circuit Court of Appeals a motion for leave to file a successive § 2255 motion, asserting much the same *Davis* claim pending in his § 2241 action. *Paul v. United States*, No. 20-2042 (8th Cir.). On June 1, 2020, this Court issued an Order staying the § 2241 proceedings so that he could pursue leave to file a successive § 2255 motion in the district of his conviction. Dkt. 244. The Eighth Circuit denied Paul's motion for authorization to file a successive motion under § 2255 on June 29, 2020. *Paul v. United States*, No. 20-2042 (8th Cir.). That day, this Court vacated the stay and denied a multitude of Paul's *pro se* motions. Dkt. 265.

On September 28, 2021, Paul filed a Motion for Leave to File Amendment to Petition for Writ of Habeas Corpus within Thirty Days based on the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (June 10, 2021), wherein the Supreme Court held that a criminal offense that requires only a mens rea of recklessness cannot count as a "violent felony" under the elements clause of the ACCA. The Court granted Paul's motion on October 6, 2021. (Dkt. 270).

## ARGUMENT

### THE COURT SHOULD DENY AND DISMISS PAUL'S SUPPLEMENTAL CLAIM, WHICH FAILS ON ITS MERITS AND DESCRIBES A HARMLESS ERROR

As asserted in the government's previous responses to Paul's § 2241 petition and amendments, the government maintains that the petition and amendments including the current amendment should be dismissed for failure to state a claim upon which the Court can grant relief under § 2241. However, even if Paul's latest amendment were cognizable under § 2241 and were considered on its merits, it fails because, even after *Borden*, robbery under 18 U.S.C. § 2111 is categorically a crime of violence under the force clause of § 924(c)(3).

I. Paul Cannot Rely on § 2255's "Savings Clause"

Paul was convicted in the District Court for the Western District of Arkansas within the Eighth Circuit. In § 2241 proceedings, courts apply their own procedural law but "should apply the [substantive] law of the circuit of conviction." *Salazar v. Sherrod*, No. 09–cv–619–DRH–DGW, 2012 WL 3779075 at *3 (S.D. Ill. Aug. 31, 2012) (citing cases); *Hernandez v. Gilkey*, 242 F.Supp.2d 549, 554 (S.D. Ill. 2001); *see also Chazen v. Marske*, 938 F.3d 851, 864-65 (7th Cir. 2019) (Barrett, J., concurring) (recognizing the Seventh Circuit utilizes this practice without having announced it as a doctrinal rule).

As argued in the government's Return to Order to Show Cause (Dkt. 158), § 2255 provides the presumptive means by which federal prisoners may challenge their convictions and sentences. *Davis v. United States*, 417 U.S. 333, 343 (1974); *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). A prisoner may utilize § 2241 when § 2255, under its "savings clause," is "inadequate or ineffective to test the

legality of his detention."[1] § 2255(e); *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1028 (2018); *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016); *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). In determining the adequacy and efficacy of the § 2255 remedy, the court determines whether the inmate's § 2255 proceeding "afforded . . . 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To that end, an inmate seeking relief under § 2241 by way of § 2255(e) must establish "(1) the claim relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice. *Id.* (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016)).

Paul claims he cannot litigate his claim under § 2255 because *Borden* establishes a new retroactive rule of statutory law and, thus, § 2255 is inadequate or ineffective to test the legality of his detention. This argument is consistent with Seventh Circuit precedent finding § 2255's remedies inadequate when a petitioner (1) relies on a new, retroactive case not available when he sought § 2255 relief that (2) interprets a statute in a way that (3) decriminalizes the crime of

---

[1] Recognizing the Seventh Circuit's contrary authority, the government maintains § 2255(e) erects a test of subject matter jurisdiction, as agreed by every other appellate court to consider the issue. *Compare Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005), *cert. denied*, 546 U.S. 1145 (2006); *with United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018), *cert. denied*, 139 S.Ct. 1318 (2019); *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017); *Williams v. Warden*, 713 F.3d 1332, 1338-1340 (11th Cir. 2013), *cert. denied*, 135 S. Ct. 52 (2014); *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013), *cert. denied*, 572 U.S. 1063 (2014); *Harrison v. Ollison*, 519 F.3d 952, 961 (9th Cir.), *cert. denied*, 555 U.S. 911 (2008); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir.), *cert. denied*, 540 U.S. 1085 (2003); *Cephas v. Nash*, 328 F.3d 98, 105 (2d Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir.), *cert. denied*, 534 U.S. 1008 (2001).

conviction. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). But, as demonstrated below, *Borden* does not, in fact, decriminalize Paul's crime of conviction. *See, infra*, Parts II & III. Accordingly, he cannot establish an error "grave enough to be deemed a miscarriage of justice," and this Court should dismiss his § 2241 petition.

## II. Paul's 924(c) Conviction Was not Invalidated by *Borden*

Paul committed and was convicted of a robbery by force or violence within the special territorial jurisdiction of the United States. Intuitively, courts have repeatedly and consistently recognized that the crime of robbery, even by intimidation alone, is a crime of violence as that term is used in § 924. *See United States v. McHaney*, 1 F.4th 489, 491-92 (7th Cir. 2021) (collecting cases in regard to Hobbs Act robbery, including *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017) and noting that "arguments that Hobbs Act robbery is not a crime of violence are, in fact, 'frivolous.'"). Nonetheless, Paul asserts that his robbery is not a crime of violence because, in his estimation, he could have committed with only reckless intent under the Supreme Court's recent decision in *Borden.*

Paul's claim fails on the merits because *Borden* does not invalidate Paul's § 924(c) conviction. The central question in *Borden* was whether an offense that can be committed recklessly "has as an element the use, attempted use, or threatened use of physical force against the person of another" such that it qualified as a "violent felony" as that term is defined at § 924(e)(2)(B)(i), a clause functionally indistinguishable from the language under which Paul's predicate offense satisfied § 924(c).[2]

---

[2] Under § 924(c)(3)(A), commonly referred to as the "force" clause, a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

In *Borden*, four justices concluded that the phrase "against the person of another," when modifying a volitional action like the "use of force," demands that the perpetrator direct his force at another individual, and that reckless conduct is not aimed in that way. The justices noted the phrase "violent felony" marks out a narrow category of violent, active crimes, best understood to involve a purposeful or knowing mental state—a deliberate choice to wreak harm on another, rather than mere indifference to risk. The plurality also reasoned that Congress intended to target offenders who repeatedly committed "purposeful, violent, and aggressive" crimes, not reckless or negligent conduct. *Borden*, 141 S.Ct. at 1825. Justice Thomas concurring, citing his dissent in *Voisine v. United States*, 136 S.Ct. 2272 (2016), in which he asserted that the phrase "use of force" (even without the "against" phrase) did not encompass reckless crimes. *Borden*, 141 S.Ct. at 1835 (Thomas, J., Concurring). The principles articulated in *Borden* place robbery firmly within the definition of "crime of violence."

As noted, Paul was charged with and convicted under § 1111, of murder, and under § 924(c) of using and carrying a firearm during and in relations to "a crime of violence for which he may be prosecuted in a court of the United States, to wit: a robbery in the national park, Hot Springs, Arkansas." Ex. 1. Although the indictment did not cite the federal robbery statute as the crime of violence, it charged that the robbery "may be prosecuted in a Court of the United States" and occurred "within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to title 18 U.S.C. § 7(3)." This language could only refer to § 2111, the only statute that expressly proscribes robbery within the territorial jurisdiction of the United States. *Cf.* 18 U.S.C. §§ 2112-2118.

Consistent with the charge in the indictment, the court instructed the jury on the elements of § 2111: the victim "had in his possession or on his person or presence anything of value," that Paul "took and carried away anything of value from [the victim] by force or violence," and "that

the taking occurred within the boundaries of the Hot Springs National Park." *see* § 2111 (providing "[w]hoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years"). In view of its instructions, the jury necessarily found that Paul committed robbery in violation of § 2111.

Indeed, the instruction required "*violent* force — that is, force capable of causing physical pain or injury to another person." *United States v. Hammond*, 912 F.3d 658, 661 (4th Cir. 2019) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis supplied by *Johnson*)). Such force "does not require any particular degree of likelihood or probability . . . [of] physical pain or injury; only potentiality." *Stokeling v. United States*, 139 S. Ct. 544, 554 (2019). "[H]itting, slapping, shoving, grabbing, pinching, biting, and hair pulling," therefore, all suffice. *Id.* (quoting *United States v. Castleman*, 572 U.S. 157, 182 (2014) (Scalia, J., concurring)).

But Paul persists, contending the "intimidation" element in the federal robbery statute may be met through reckless conduct under *Borden.* Paul's position contradicts the Supreme Court's decision in *Carter v. United States*, 530 U.S. 255 (2000). There, the Court held that bank robbery under 18 U.S.C. § 2113(a), required a knowing means rea. The Court "read subsection (a) as requiring proof of *general intent*—that is, that the defendant possessed knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation.)." *Id.* at 267 (emphasis in original). Since the relevant language of the federal robbery statute and the bank robbery statute at issue in *Carter* are identical,[3] *Carter* necessarily implies a knowing *mens rea* for federal territorial robbery.

[3] *Compare* § 2113(a) ("Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any

Following *Carter*, several federal appellate courts have held that federal bank robbery under § 2113(a), even if committed through intimidation, requires a knowing *mens rea* and constitutes a categorical crime a violence under § 924's force clause or similar provisions of the Sentencing Guidelines and ACCA. In *United States v. Carr*, 946 F.3d 598, 605 (D.C. Cir. 2020), Carr challenged his designation as a "career offender" under U.S.S.G. 4B1.1 arguing that his two prior federal bank robbery convictions were not crimes of violence under the force clause of the Sentencing Guidelines. *Id.* at 599. Carr argued that bank robbery under § 2113(a) was not categorically a crime of violence because the least culpable conduct covered by the statute—bank robbery "by intimidation"—simply required proof of negligence. *Id.* at 605.

The D.C. Circuit rejected this argument noting under *Carter* that § 2113 required proof that "the defendant knew his conduct was intimidating, a standard requiring more than mere negligence." *Carr*, 946 F.3d at 605. The court noted that its construction of the robbery statute, "accords with every court to have reached this issue." *Id.,* at 605 & N.7 (citing *United States v. Hendricks*, 921 F.3d 320, 329 (2d Cir. 2019) ("A defendant acts 'by intimidation' when he knowingly engages in conduct from which an ordinary person in the teller's position reasonably could infer a threat of bodily harm." (quotation marks omitted)); *United States v. Garcia-Ortiz*, 904 F.3d 102, 108 (1st Cir. 2018) (requiring "knowledge on the part of the defendant that his actions were objectively intimidating"); *United States v. Deiter*, 890 F.3d 1203, 1213 (10th Cir. 2018) (agreeing with other circuits "that to be convicted of bank robbery by intimidation, the defendant must have at least known his actions were objectively intimidating"); *United States v.*

---

property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association"); *with* § 2111 ("Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years").

*Watson*, 881 F.3d 782, 785 (9th Cir. 2018) ("[A] defendant may not be convicted if he only negligently intimidated the victim. The offense must at least involve the knowing use of intimidation" (citation omitted)); *United States v. McNeal*, 818 F.3d 141, 155–56 (4th Cir. 2016) ("[T]o secure a conviction of bank robbery 'by intimidation,' the government must prove . . . [the defendant] knew that his actions were objectively intimidating"); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) ("The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force").

*Carr*, moreover, made clear that a defendant need not intend to intimidate to commit federal bank robbery under § 2113(a). *Carr*, at 606 (citing *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) ("Whether a particular act constitutes intimidation is viewed objectively, . . . even if [the defendant] did not intend for an act to be intimidating." (citation omitted)); *United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996) (accord)). Those decisions correspond with bank robbery's knowing *mens rea* requirement:

> These cases, however, are consistent with the framework we have identified. As *Carter* made clear, Section 2113(a) does not require specific intent, so it does not matter whether the defendant intended to intimidate. *See Carter*, 530 U.S. at 270, 120 S.Ct. 2159. Yet the defendant must at least have knowledge that he is intimidating someone. The Fourth Circuit—one of the two circuits Carr is relying on—has made that point explicitly. *See United States v. McNeal*, 818 F.3d 141, 155–56 (4th Cir. 2016) ("[T]o secure a conviction of bank robbery 'by intimidation,' the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating.").

*Carr,* 946 F.3d at 606.

Paul, citing *United States v. Yockel*, 320 F.3d 818 (8th Cir.2003), makes the same argument rejected by the D.C. Circuit in *Carr* and the Fourth Circuit in *McNeal*. The *Yockel* court, however, explicitly ejected the claim that § 2113 requires an intent to intimidate,

consistent with the Fourth Circuit's holding in *United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996):

> As intimidation is measured, in this circuit, under an objective standard, whether or not Yockel intended to intimidate the teller is irrelevant in determining his guilt. We find, as did the *Woodrup* and *Foppe* courts, that "the intimidation element of section 2113(a) is satisfied if 'an ordinary person in [the teller's] position reasonably could infer a threat of bodily harm from the [Yockel's] acts,' whether or not [Yockel] actually intended the intimidation.

320 F.3d at 824.

*Yockel's* conclusion and reasoning regarding the absence of a specific intent element accords with the Supreme Court's decision in *Carter* and the aforementioned opinions of the Courts of Appeals regarding the knowing mens rea of bank robbery. Consistent with *Yockel's* view of the crime, the Eighth Circuit held that federal bank robbery under § 2113(a) was a crime of violence for purposes of the force clause of § 924(c). *Estell v. United States*, 924 F.3d 1291 (8th Cir. 2019). Accordingly, Eighth Circuit law puts to rest any argument that *Borden* might invalidate Paul's § 924 conviction based on a claim that a predicate federal robbery does not constitute a crime of violence.

The focus when applying the force clause is on the "minimum conduct" that the government "would actually punish." *United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017) (emphasis added). The standard does not permit the application of "'legal imagination' to the" predicate "offense." *United States v. Bell*, 901 F.3d 455, 472 (4th Cir. 2018) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)); *see United States v. Jennings*, 860 F.3d 450, 460 (7th Cir. 2017) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

For Paul to prevail, "there must be a 'realistic probability, not a theoretical possibility,'" that the United States would "actually punish" someone who used "force or violence" (as the jury was instructed) that has no potential to cause pain or injury. *Salmons*, 873 F.3d at 448. He must "demonstrate that the [government] actually prosecutes the relevant offense in cases in the

manner" he "claims," *United States v. Battle*, 927 F.3d 160, 164 (4th Cir. 2019) (quoting *Moncrieffe*, 569 U.S. at 191). To meet this obligation, he "must at least point to his own case or other cases in which state courts in fact did apply the statute" in the "manner for which he argues." *Bell*, 901 F.3d at 472 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

Paul fails to present anything more than a theoretical possibility that the United States would prosecute and convict a criminal defendant under § 2111 where he only "recklessly" intimidated the victim of the robbery. His case certainly does not provide support for his argument, as it unquestionably involved the application of injurious—and fatal—force. Nor does Paul point to any other case where the United States has pursued a robbery prosecution under § 2111 where reckless intimidation was the mechanism for the taking. Paul cites several state statutes in which a robbery can be committed recklessly, *see* Dkt. 271 at 8-9, and notes that the Government conceded in its *Borden* briefing that robbery can sometimes be accomplished through a reckless use of force. These authorities are inapplicable here.

First, the mere fact that some state statutes explicitly allow robbery convictions based on reckless behavior does not, in turn, imply that the United States could or would prosecute a defendant under § 2111 for reckless behavior. Unlike the state statutes Paul cites, § 2111 lacks explicit language criminalizing reckless robbery. Second, the Government concession in *Borden* noted only that some states defined robbery to include injuries caused by reckless conduct when Congress enacted the Armed Career Criminal Act, and that the legislature included certain crimes in the elements clause that were often defined to include reckless conduct. Br. of the United States at 16-17, *Borden v. United States*, 141 S. Ct. 1817 (2021) (No. 19-5410) 2020 WL 4455245 at *8. That concession did not, however, address whether robbery under § 2111 could be committed recklessly or indicate that the United States viewed reckless robbery as a viable crime under the statute. The existence of state statutes criminalizing robberies committed

recklessly and the government's acknowledgment of such laws does not create a realistic probability that it would prosecute a defendant for reckless behavior under § 2111.

Given the countervailing authority and the fact that Paul cannot point to any non-theoretical case in which the United States would actually prosecute a defendant for a robbery committed via the reckless use of force under § 2111, the petitioner fails to establish any basis for invalidating his conviction under § 924(c).

III. Vacatur of Death Sentence

Finally, even if this Court were to vacate Paul's § 924(c) conviction, the Court should leave in place Paul's death sentence under Count One. The federal habeas corpus statute provides that when a federal court finds that a judgment was rendered without jurisdiction or is legally infirm, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Gardiner v. United States*, 114 F.3d 734, 736 (8th Cir.1997) (*quoting* § 2255). "Section 2255 affords the court broad and flexible power in correcting invalid convictions or sentences." *Id*. (*citing Andrews v. United States*, 373 U.S. 334, 339 (1963); *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir.1997)).

Paul argues that "[w]ithout a sentencing verdict on each count, it is impossible to know whether the jurors found death based on the murder conviction pursuant to § 1111(a) alone, on the claimed invalid conviction pursuant § 924(c) alone, or on a combination of both." Since the conduct underlying both offenses was the same, if the Court were to vacate the 924(c) conviction, this Court should exercise its discretion and leave in place Paul's death sentence under Count One.

**CONCLUSION**

For the foregoing reasons, Respondents respectfully urge the Court to deny and dismiss Paul's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, with prejudice.

Respectfully submitted,

ZACHARY A. MYERS
Acting United States Attorney

By: s/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN
Deputy Chief, Capital Case Section
U.S. Department of Justice
1331 F. Street, NW, Sixth Floor
Washington, D.C. 20530
Telephone: (202) 305-8910
E-mail: jeffrey.kahan@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on December 16, 2021, a copy of the foregoing Response To Amendment To Petition For Writ Of Habeas Corpus was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

Leigh Skipper
Federal Community Defender Office
For the Eastern District of Pennsylvania
Leigh_Skipper@fd.Org

Shawn Nolan
Federal Community Defender Office
For the Eastern District of Pennsylvania
Shawn_Nolan@fd.org

Peter Williams
Federal Community Defender Office
For the Eastern District of Pennsylvania
Pete_Williams@fd.org

By: s/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN
Deputy Chief, Capital Case Section
U.S. Department of Justice
1331 F. Street, NW, Sixth Floor
Washington, D.C. 20530
Telephone: (202) 305-8910
E-mail: jeffrey.kahan@usdoj.gov