(pg. 1)

**UNITED STATES OF AMERICA, Plaintiff-Appellee, v. CARLOS MEJIA-QUINTANILLA, AKA Wilfredo Oliva-Castro, AKA Sleepy, Defendant-Appellant.**
**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**
**2021 U.S. App. LEXIS 28631**
**No. 17-15899**
**February 2, 2021, Resubmitted, San Francisco, California**
**September 21, 2021, Filed**

**Notice:**

**PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.**

**Editorial Information: Prior History**

**{2021 U.S. App. LEXIS 1}**Appeal from the United States District Court for the Northern District of California. D.C. Nos. 3:16-cv-03591-CRB, 3:11-cr-00293-CRB-2. Charles R. Breyer, District Judge, Presiding. Argued and Submitted February 2, 2021, Submission Vacated February 3, 2021.United States v. Mejia-Quintanilla, 2019 U.S. App. LEXIS 28133 (9th Cir. Cal., Sept. 17, 2019)

**Disposition:**

VACATED and REMANDED.

**Counsel** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Matthew Martin Yelovich, Assistant U.S. Attorney, San Francisco, CA.

For CARLOS MEJIA-QUINTANILLA, AKA Wilfredo Oliva-Castro, AKA Sleepy, Defendant - Appellant: Heather M. Angove, FPDCA - Federal Public Defenders Office, Northern District of California, San Jose, CA.

**Judges:** Before: THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

**Opinion**

AMENDED MEMORANDUM*

Carlos Mejia-Quintanilla appeals the district court's denial of his amended motion to vacate his conviction and sentence under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291, 2253, 2255(d), and we vacate Mejia-Quintanilla's conviction and sentence under 18 U.S.C. § **924**(**j**)(1).

In pleading guilty to Count 5 of the Superseding Indictment (a violation of 18 U.S.C. § **924**(**j**)(1) and (2)), Mejia-Quintanilla admitted to committing the crime of violence charged in Count 3 of the Superseding Indictment, namely murder in violation of section 187 of the California Penal Code. This admission addressed an element of an offense under 18 U.S.C. § **924**(**j**)(1), that the**{2021 U.S. App. LEXIS 2}** defendant was "in the course of a violation of [18 U.S.C. § **924**(c)]." In turn, an element of a violation of 18 U.S.C. § **924**(c) is that the defendant used or carried a firearm "during and in



© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

10517042

(pg. 2)

relation to any crime of violence." 18 U.S.C. § **924**(c)(1)(A). The term "crime of violence" is defined in the elements clause of 18 U.S.C. § **924**(c)(3)(A) as having "an element the use, attempted use, or threatened use of physical force against the person or property of another." Under recent case law, murder in violation of section 187 of the California Penal Code is not a crime of violence for purposes of 18 U.S.C. § **924**(c). This is because a conviction for an offense with a mens rea of recklessness does not constitute a crime of violence under the elements clause of 18 U.S.C. § **924**(c)(3)(A), *see Borden v. United States*, 141 S. Ct. 1817, 1834, 210 L. Ed. 2d 63 (2021), and section 187 of the California Penal Code permits conviction if a defendant is found to have a mens rea of recklessness. Cal. Penal Code § 188(a) (murder conviction under section 187 may be based on "express" or "implied" malice); *People v Elmore*, 59 Cal. 4th 121, 133, 172 Cal. Rptr. 3d 413, 325 P.3d 951 (2014) ("Malice is implied when an unlawful killing . . . [is] performed with conscious disregard" for danger to human life); *People v. Scott*, 14 Cal. 4th 544, 554, 59 Cal. Rptr. 2d 178, 927 P.2d 288 (1996) (Mosk, **J**., concurring) (implied malice "may tolerably be identified as recklessness"). For purposes of the mens rea element, section 187 is not divisible. *See People v. Brown*, 35 Cal. App. 4th 708, 714, 41 Cal. Rptr. 2d 321 (1995).

Given this precedent, Mejia-Quintanilla's violation of section 187 was not a crime of violence. Therefore, Mejia-Quintanilla could not have violated 18 U.S.C. § **924**(c) because**{2021 U.S. App. LEXIS 3}** that section requires a predicate crime of violence. In turn, Mejia-Quintanilla's offense under 18 U.S.C. § **924**(**j**)(1) was not "in the course of a violation of [18 U.S.C. § **924**(c)]," and he is therefore actually innocent of a violation of 18 U.S.C. § **924**(**j**).

We reject the government's argument that the mens rea requirement for California murder is irrelevant to our inquiry because Mejia-Quintanilla was charged with Violent Crimes in Aid of Racketeering (VICAR) murder, which punishes generic federal murder (18 U.S.C. § 1111). The government structured the indictment so that the "crime of violence" element of 18 U.S.C. § **924**(c)(1)(A) (which is an element of a 18 U.S.C. § **924**(**j**)(1) offense) was based on the charge of murder in violation of section 187 of the California Penal Code, and not a murder in violation of 18 U.S.C. § 1111.

In light of this conclusion, Mejia-Quintanilla has not waived his right to collaterally attack his conviction and sentence, despite the appeal waiver included in his plea agreement, because his conviction and sentence of an offense under 18 U.S.C. § **924**(**j**)(1) are illegal. *See United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016). Moreover, Mejia-Quintanilla is also excused from his procedural default of this claim (due to his failing to raise it in a direct appeal), because he has established that, "in light of subsequent case law . . . he cannot, as a legal matter, have committed the alleged crime." *Vosgien v. Persson*, 742 F.3d 1131, 1134 (9th Cir. 2014).

We**{2021 U.S. App. LEXIS 4}** therefore order Mejia-Quintanilla's conviction and sentence under 18 U.S.C. § **924**(**j**)(1) vacated and the matter remanded for further proceedings.1

**VACATED** and **REMANDED**.2



© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

10517042

(pg3)

## CHAPTER 51—HOMICIDE

Sec.
1111. Murder.
1112. Manslaughter.
1113. Attempt to commit murder or manslaughter.
1114. Protection of officers and employees of the United States.
1115. Misconduct or neglect of ship officers.
1116. Murder or manslaughter of foreign officials, official guests, or internationally protected persons.
1117. Conspiracy to murder.
1118. Murder by a Federal prisoner.
1119. Foreign murder of United States nationals.
1120. Murder by escaped prisoners.
1121. Killing persons aiding Federal investigations or State correctional officers.
1122. Protection against the human immunodeficiency virus.

### § 1111. Murder

(a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Any other murder is murder in the second degree.

(b) Within the special maritime and territorial jurisdiction of the United States,

Whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life;

Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life.

(c) For purposes of this section—

(1) the term "assault" has the same meaning as given that term in section 113;

(2) the term "child" means a person who has not attained the age of 18 years and is—

(A) under the perpetrator's care or control; or

(B) at least six years younger than the perpetrator;

(3) the term "child abuse" means intentionally or knowingly causing death or serious bodily injury to a child;

(4) the term "pattern or practice of assault or torture" means assault or torture engaged in on at least two occasions;

(5) the term "serious bodily injury" has the meaning set forth in section 1365; and

(6) the term "torture" means conduct, whether or not committed under the color of law, that otherwise satisfies the definition set forth in section 2340(1).

(June 25, 1948, c. 645, 62 Stat. 756; Oct. 12, 1984, Pub.L. 98–473, Title II, § 1004, 98 Stat. 2138; Nov. 10, 1986, Pub.L. 99–646, § 87(c)(4), 100 Stat. 3623; Nov. 14, 1986, Pub.L. 99–654, § 3(a)(4), 100 Stat. 3663; Nov. 18, 1988, Pub.L. 100–690, Title VII, § 7025, 102 Stat. 4397; Sept. 13, 1994, Pub.L. 103–322, Title VI, § 60003(a)(4), 108 Stat. 1969; Apr. 30, 2003, Pub.L. 108–21, Title I, § 102, 117 Stat. 652.)

#### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1986 Acts.** Amendment by section 87 of Pub.L. 99–646 effective 30 days after Nov. 10, 1986, see section 87(e) of Pub.L. 99–646, set out as a note under section 2241 of this title.

### § 1112. Manslaughter

(a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

Voluntary—Upon a sudden quarrel or heat of passion.

Involuntary—In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death.

(b) Within the special maritime and territorial jurisdiction of the United States,

Whoever is guilty of voluntary manslaughter, shall be fined under this title or imprisoned not more than 15 years, or both;

Whoever is guilty of involuntary manslaughter, shall be fined under this title or imprisoned not more than 8 years, or both.

(June 25, 1948, c. 645, 62 Stat. 756; Sept. 13, 1994, Pub.L. 103–322, Title XXXII, § 320102, Title XXXIII, § 330016(1)(H), 108 Stat. 2109, 2147; Oct. 11, 1996, Pub.L. 104–294, Title VI, § 604(b)(13), 110 Stat. 3507; Jan. 7, 2008, Pub.L. 110–177, Title II, § 207, 121 Stat. 2538.)

#### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1996 Acts.** Amendment by section 604 of Pub.L. 104–294 effective Sept. 13, 1994, see section 604(d) of Pub.L. 104–294, set out as a note under section 13 of this title.

(Pg 4)

U. S. DISTRICT COURT
WESTERN DIST. ARKANSAS
FILED
DEC 4 1996
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 6:96CR60022-001 |
| vs. | ) | 18 U.S.C. § 1111(a) |
| | ) | 18 U.S.C. § 924(c)(1) |
| JEFFERY WILLIAM PAUL | ) | 18 U.S.C. § 924(i)(1) |
| | | 18 U.S.C. § 2 |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT 1

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. § 7(3), did, with malice aforethought, kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) and § 2.

### COUNT 2

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another individual known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant

8
6

Case 6:96-cr-60030-MSTMBD Document 8231-1 Filed 12/04/06/19 Page 2 of 22 of Page PageID #: 743539
(Pg 5)

to Title 18 U.S.C. § 7(3), did knowingly carry and use a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to-wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995, as set forth in Count 1 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18 U.S.C. § 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18 U.S.C. § 1111, in that the defendant, did unlawfully kill Sherman Williams by shooting him with the firearm in the perpetration of the robbery and attempted perpetration of the robbery in violation of Title 18 U.S.C. § 924(i)(1) and Title 18 U.S.C. § 2.

A True Bill.

______________________
Foreperson

P. K. Holmes III
United States Attorney

By: Steven N. Snyder
Steven N. Snyder
Senior Litigation Counsel
Assistant U.S. Attorney
Ark. Bar No. 72101
P. O. Box 1524
Fort Smith, AR 72902-1524
(501) 783-5125

2:13-cv-00304-JMS-MJD Document 231-2 Filed 09/06/19 Page 10 of 22 PageID #: 3549

(Pg 6)



Malice aforethought means an intent at the time of the killing willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life; but malice aforethought does not necessarily imply any ill will, spite or hatred towards the individual killed.

Malice, as the term is used here, is but another name for a certain state or condition of a person's mind or heart. Since no one can look into the heart or mind of another, the only means of determining whether or not malice existed at the time of the killing is by inference drawn from the surrounding facts and circumstances as shown by the evidence in the case.

In determining whether Sherman Williams was unlawfully killed with malice aforethought, the jury should consider all the facts and circumstances preceding, surrounding, and following the killing as shown by the evidence in the case which tend to shed light upon the condition of mind and heart of the killer before and at the time of the deed. No fact - no matter how small - and no circumstance - no matter how trivial - which bears upon the question of malice aforethought should escape careful consideration by the jury.

In determining whether the Government has sustained its burden of proof on the question of whether the defendant acted with malice aforethought, you may consider whether or not the defendant used a weapon or other instrument and you may also