FILED
04/18/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

(In Rem) "Paul v. Superintendent" 4/7808
Case No# 2:13 Cv. 304 (Habeas Corpus)
USDC/SD-IN. (Federal Court) -
Judge Jane M. Stinson

(Pg 1.)

## ☆— Motion for Order —☆

Comes now the Petitioner "Pro Se" does attempt to move the Court for cognizable Civil Rights violations against a person with a Qualified learning-disability attempting to recover available relief of the Federal Bureau of Prisons Administrative Grievance (&) Remedy procedure, by any available Controlling Authority with assistance of Counsel —

- Summary of The Complaint — Attached 6 pgs. Documents -

On 4/12/2022 I received the included Documents showing Administrative Remedy No. 1095422-A1 - which was simply a request for a concurrence in Memo or Legal Notice from The office of The Director of The Bureau of Prisons stating that they know I am one of only 39 Federal Death Sentenced Prisoners (&) May be the only person presenting

NON-FRIVOLOUS ACTUAL INNOCENCE claims in addition to misconduct or Collateral claims... (&) that the F.B.O.P. do support DUE-PROCESS for appellants who have claims still untested; especially where failure to expedite causes undue captivity, (ie) Torture, was denied.

This denial is a final disposition from the Central Office(&) means despite having a learning disability; I will not be allowed to ask the Director for a Concurrence or other Memo supporting my petition for release due to Non-Frivolous Actual-Innocence claims, which limits my right to submit a proper request for consideration.

MR. Connors (Administration) response is erroneous as a matter of law, T. 18 USC § 3582 allows "IN ANY CASE" (&) "Extraordinary (&) Compelling" reasons for the Director to Consider such matters (&) my status is rare (&) Compelling as supporting a illegal conviction (&) restraint is not subject to qualified immunity after its clear the questions raised in appeals

include supported claims of Actual Innocence or obvious error, requiring process.

MR. Connors assertion limiting the Scope of the T.18 USC §3582 Statute is false; &, refusal from The Central Office to cure "Procedural-Default" on behalf of a Prisoner of a protected class is cruel, &, violates my right to Constitutional Due process.

☆— Request for Relief ——☆

Please order appointed Counsel to review the Request as a "Pro Se" Motion included in the request to consolidate Motions for Effective Assistance of Counsel.

Also; Any other remedy available, including tort claims for duress of psychological Nature from perceived Wrongs & threats of the denials from the F.B.O.P..

Respectfully Submitted,

4/12/22 ☆ Jeffrey W. Paul