**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| **JEFFREY WILLIAM PAUL**,<br><br>Petitioner,<br><br>v.<br><br>**SUPERINTENDENT**, USP-Terre Haute<br>**UNITED STATES OF AMERICA**,<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 2:13-cv-00304-JMS-MJD |

---

## CIRCUIT RULE 3(C) DOCKETING STATEMENT

---

Respondents, by and through undersigned counsel, provides the following statement pursuant to Circuit Rule 3(c).

### A. <u>The District Court's Subject-Matter Jurisdiction and the Petitioner's Custody Status</u>

On June 22, 1995, Petitioner Jeffrey Paul and an acquaintance, Trinity Ingle, followed 82-year-old Sherman Williams onto a trail in Hot Springs National Park. Paul and Ingle robbed, beat, and fatally shot Williams. They pulled the victim's body about thirty feet from the trail and attempted to conceal it. Four days later, a hiker found the remains under logs and rocks, with hands and ankles tightly bound in duct tape. A piece of tape presumed to have gagged Williams was found around his neck. Williams died from a gunshot wound to the head and had suffered near decapitation. *United States v. Paul*, 217 F.3d 989, 994 (8th Cir. 2000).

On December 4, 1996, a federal grand jury in the Western District of Arkansas returned a superseding indictment in case no. 6:96CR60022, charging Paul with aiding and abetting first

degree murder within the special territorial jurisdiction of the United States (18 U.S.C. §§ 1111 & 2), and aiding and abetting firearm-use murder during and in relation to a crime of violence (18 U.S.C. §§ 924(j) & 2). The jury convicted Paul as charged. *Paul*, 217 F.3d at 994. Following a penalty phase trial, the jury recommended a death sentence, which the trial court imposed. *Paul*, 217 F.3d at 994.

On appeal, the Eighth Circuit Court of Appeals affirmed the judgment (*Paul*, at 1005) in case no. 98-3497, and the Supreme Court subsequently denied certiorari (*Paul v. United States*, 534 U.S. 829 (2001) (case no. 00-8635). Paul unsuccessfully sought collateral relief under 28 U.S.C. § 2255. He appealed, but the Eighth Circuit affirmed, and the Supreme Court denied certiorari. *Paul v. United States*, 534 F.3d 832 (8th Cir.2008) (case no. 05-3431), *cert. denied*, 558 U.S. 828 (2009) (case no. 08-8871).

Paul filed a series of pro se motions in the trial court under § 2255, among other authority, all of which that court denied. *United States v. Paul*, no. 96CR60022-001, Dkt. nos. 362, 365, 366, 367, 368, 370, 371,375, 378, 379, 381, 382, 383, 384, 385, 386, 388, 390, 391, 392 (W.D. Ark). Separately, and without the assistance of counsel, Paul sought permission to file a successive motion for relief under § 2255, which the Eighth Circuit denied. *Paul v. United States*, case no. 13-2987 (8th Cir. Oct. 1, 2013). The following year, Paul petitioned pro se for an extraordinary writ, which the Eighth Circuit denied. *In re: Paul*, case no. 14-1832 (8th Cir. Apr. 22, 2014). Paul also petitioned pro se for an extraordinary writ in the Seventh Circuit, which that court denied. *Paul v. Lawrence*, case no. 16-2220 (7th Cir. May 26, 2016).

With the assistance of counsel, Paul unsuccessfully asked the Eighth Circuit Court for a second time for permission to file a successive § 2255 motion. *Paul v. United States*, case no. 16-2330 (8th Cir. Aug. 5, 2016). On May 14, 2019, Paul, for a third time, moved for permission to

file a successive § 2255 motion, which the Eighth Circuit denied. *Paul v. United States*, case no. 19-1994 (8th Cir. June 21, 2019).

On August 20, 2013, Paul filed in the United States District Court for the Southern District of Indiana the instant petition for writ of habeas corpus under 28 U.S.C. § 2241. The district court enjoyed subject-matter jurisdiction to resolve the petition under 28 U.S.C. § 1331 because it presented a federal question. *See Prevatte v. Merlak*, 865 F.3d 894, 900-01 (7th Cir. 2017). The district court permitted Paul to file an amended motion. Dkt. 44. The amended motion alleged—inter alia—that the court should vacate the underlying § 924 conviction under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. 103 at 42-57. In response, the government argued the court should deny the petition under 28 U.S.C. § 2244 and § 2255(e). Dkt. 158. Without ruling on the response, the court stayed the proceedings pending a decision in the Supreme Court case of *United States v. Davis*, No. 18-431, concerning the constitutionality of § 924. Dkt. 220. On June 24, 2019, the Supreme Court issued an opinion in *Davis*, declaring a provision of § 924 unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2042 (2019). Two days later, the district court ordered the government to file a supplemental brief addressing *Davis*. Dkt. 224. The government brief argued that Paul had improperly raised his claim under § 2241 rather than § 2255 and that his predicate offense, robbery, satisfied § 924's valid definition of a "crime of violence." Dkt. 231.

On May 26, 2020, Paul for a fourth time filed in the Eighth Circuit Court of Appeals a motion for leave to file a successive § 2255 motion, asserting much the same *Davis* claim pending in his § 2241 action. *Paul v. United States*, No. 20-2042 (8th Cir.). The Eighth Circuit denied Paul's motion for authorization to file a successive motion under § 2255 on June 29, 2020. *Paul v. United States*, No. 20-2042 (8th Cir.).

On September 28, 2021, Paul moved for leave to amend his § 2241 petition based on the decision in *Borden v. United States*, 141 S. Ct. 1817 (June 10, 2021), in which the Supreme Court held that a criminal offense that requires only a mens rea of recklessness cannot count as a "violent felony" under the elements clause of the ACCA. The court granted Paul's motion (Dkt. 270) and the parties filed supplemental briefs addressing *Borden* (Dkts. 271, 272, 277).

On August 2, 2022, the district court issued an order and final judgment granting in part Paul's petition for § 2241 relief. *Paul v. Superintendent*, no. 2:13-cv-304-JMS-MJD, 2022 WL 3043526 (S.D. Ind. Aug. 2, 2022). It vacated Paul's § 924 conviction, finding the government had predicated it on an offense that is not criminalized by statute. *Id*. at *9. It further vacated his death sentence under § 2241 subject to retrial in the United States District Court for the Western District of Arkansas. In all other regards, the court denied relief. *Id*. at *4-*5.

Respondents noticed an appeal from the district court's judgment on September 30, 2022.

Throughout the § 2241 litigation and presently, the United States has held Paul in custody at the United States Penitentiary—Terre Haute, where Steve Kallis serves as the facility's warden.

/

/

/

/

/

/

/

/

**B. <u>The Court of Appeals Jurisdiction</u>**

The United States timely filed a notice of appeal on September 30, 2022.

The Seventh Circuit has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

Dated: September 30, 2022:

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney,
Southern District of Indiana

BRIAN REITZ
Assistant U.S. Attorney
United States Attorney's Office
10 W. Market St.; Ste. 2100
Indianapolis, Indiana 46204-3048
(702) 616-3942
BReitz@usdoj.gov

*S/Jeffrey B. Kahan*
JEFFREY B. KAHAN
Deputy Chief, Capital Case Section
U.S. Dept. of Justice
1331 F. Street, NW; 6th Fl.
Washington, D.C. 20530
(202) 305-8910
(202) 353-9779 fax
Jeffrey.Kahan@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 30, 2022, a copy of the foregoing Circuit Rule 3(C) Docketing Statement was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

Leigh Skipper
Federal Community Defender Office
For the Eastern District of Pennsylvania
Leigh_Skipper@fd.Org

Shawn Nolan
Federal Community Defender Office
For the Eastern District of Pennsylvania
Shawn_Nolan@fd.org

Peter Williams
Federal Community Defender Office
For the Eastern District of Pennsylvania
Pete_Williams@fd.org

By: s/*Jeffrey B. Kahan*
JEFFREY B. KAHAN
Deputy Chief, Capital Case Section
U.S. Department of Justice
1331 F. Street, NW, Sixth Floor
Washington, D.C. 20530
Telephone: (202) 305-8910
E-mail: jeffrey.kahan@usdoj.gov