# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN 46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510

September 30, 2022

Leigh Skipper
FEDERAL COMMUNITY DEFENDER
Curtis Center, Suite 540 West
601 Walnut Street
Philadelphia, PA 19106

Jeffrey Bradford Kahan
U.S. DEPARTMENT OF JUSTICE
1331 F Street, NW; 6th Floor
Washington, D.C., DC 20530

RE: JEFFERY WILLIAM PAUL v. SUPERINTENDENT

CAUSE NO: 2:13-cv-00304-JMS-MJD

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 2:13-cv-00304-JMS-MJD has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Karen Angermeier, Deputy Clerk
8122311842

# Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE: The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

# THE SETTLEMENT CONFERENCE PROGRAM
# U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts. The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail: settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**
  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**
  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**
  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**
  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**
  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**
  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**
  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**
  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**
  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**
  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**
  Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?
  Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**
  Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| **JEFFREY WILLIAM PAUL**, | § | |
| | § | |
| Petitioner, | § | |
| | § | No. 2:13-cv-00304-JMS-MJD |
| v. | § | |
| | § | |
| **SUPERINTENDENT**, USP-Terre Haute | § | |
| | § | |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondents. | § | |

## NOTICE OF APPEAL

The United States of America, on behalf of respondents, the Superintendent of USP Terre Haute and Warden J.F. Caraway, gives notice that it appeals to the United States Court of Appeals for the Seventh Circuit. Appeal is taken pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a) and Federal Rules of Appellate Procedure 3 and 4(a) from the final judgment entered in this case on August 2, 2022.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney,
Southern District of Indiana

BRIAN REITZ
Assistant U.S. Attorney
United States Attorney's Office
10 W. Market St.; Ste. 2100
Indianapolis, Indiana 46204-3048
(702) 616-3942
BReitz@usdoj.gov

*S/Jeffrey B. Kahan*
JEFFREY B. KAHAN
Deputy Chief, Capital Case Section
U.S. Dept. of Justice
1331 F. Street, NW; 6th Fl.
Washington, D.C. 20530
(202) 305-8910
(202) 353-9779 fax
Jeffrey.Kahan@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 30, 2022, a copy of the foregoing Notice of Appeal was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

Leigh Skipper
Federal Community Defender Office
For the Eastern District of Pennsylvania
Leigh_Skipper@fd.Org

Shawn Nolan
Federal Community Defender Office
For the Eastern District of Pennsylvania
Shawn_Nolan@fd.org

Peter Williams
Federal Community Defender Office
For the Eastern District of Pennsylvania
Pete_Williams@fd.org

By: s/ *Jeffrey B. Kahan*
**JEFFREY B. KAHAN**
Deputy Chief, Capital Case Section
U.S. Department of Justice
1331 F. Street, NW, Sixth Floor
Washington, D.C. 20530
Telephone: (202) 305-8910
E-mail: jeffrey.kahan@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| **JEFFREY WILLIAM PAUL**, | § | |
| | § | |
| Petitioner, | § | |
| | § | No. 2:13-cv-00304-JMS-MJD |
| v. | § | |
| | § | |
| **SUPERINTENDENT**, USP-Terre Haute | § | |
| | § | |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondents. | § | |

## CIRCUIT RULE 3(C) DOCKETING STATEMENT

Respondents, by and through undersigned counsel, provides the following statement pursuant to Circuit Rule 3(c).

### A. <u>The District Court's Subject-Matter Jurisdiction and the Petitioner's Custody Status</u>

On June 22, 1995, Petitioner Jeffrey Paul and an acquaintance, Trinity Ingle, followed 82-year-old Sherman Williams onto a trail in Hot Springs National Park. Paul and Ingle robbed, beat, and fatally shot Williams. They pulled the victim's body about thirty feet from the trail and attempted to conceal it. Four days later, a hiker found the remains under logs and rocks, with hands and ankles tightly bound in duct tape. A piece of tape presumed to have gagged Williams was found around his neck. Williams died from a gunshot wound to the head and had suffered near decapitation. *United States v. Paul*, 217 F.3d 989, 994 (8th Cir. 2000).

On December 4, 1996, a federal grand jury in the Western District of Arkansas returned a superseding indictment in case no. 6:96CR60022, charging Paul with aiding and abetting first

degree murder within the special territorial jurisdiction of the United States (18 U.S.C. §§ 1111 & 2), and aiding and abetting firearm-use murder during and in relation to a crime of violence (18 U.S.C. §§ 924(j) & 2). The jury convicted Paul as charged. *Paul*, 217 F.3d at 994. Following a penalty phase trial, the jury recommended a death sentence, which the trial court imposed. *Paul*, 217 F.3d at 994.

On appeal, the Eighth Circuit Court of Appeals affirmed the judgment (*Paul*, at 1005) in case no. 98-3497, and the Supreme Court subsequently denied certiorari (*Paul v. United States*, 534 U.S. 829 (2001) (case no. 00-8635). Paul unsuccessfully sought collateral relief under 28 U.S.C. § 2255. He appealed, but the Eighth Circuit affirmed, and the Supreme Court denied certiorari. *Paul v. United States*, 534 F.3d 832 (8th Cir.2008) (case no. 05-3431), *cert. denied*, 558 U.S. 828 (2009) (case no. 08-8871).

Paul filed a series of pro se motions in the trial court under § 2255, among other authority, all of which that court denied. *United States v. Paul*, no. 96CR60022-001, Dkt. nos. 362, 365, 366, 367, 368, 370, 371,375, 378, 379, 381, 382, 383, 384, 385, 386, 388, 390, 391, 392 (W.D. Ark). Separately, and without the assistance of counsel, Paul sought permission to file a successive motion for relief under § 2255, which the Eighth Circuit denied. *Paul v. United States*, case no. 13-2987 (8th Cir. Oct. 1, 2013). The following year, Paul petitioned pro se for an extraordinary writ, which the Eighth Circuit denied. *In re: Paul*, case no. 14-1832 (8th Cir. Apr. 22, 2014). Paul also petitioned pro se for an extraordinary writ in the Seventh Circuit, which that court denied. *Paul v. Lawrence*, case no. 16-2220 (7th Cir. May 26, 2016).

With the assistance of counsel, Paul unsuccessfully asked the Eighth Circuit Court for a second time for permission to file a successive § 2255 motion. *Paul v. United States*, case no. 16-2330 (8th Cir. Aug. 5, 2016). On May 14, 2019, Paul, for a third time, moved for permission to

file a successive § 2255 motion, which the Eighth Circuit denied. *Paul v. United States*, case no. 19-1994 (8th Cir. June 21, 2019).

On August 20, 2013, Paul filed in the United States District Court for the Southern District of Indiana the instant petition for writ of habeas corpus under 28 U.S.C. § 2241. The district court enjoyed subject-matter jurisdiction to resolve the petition under 28 U.S.C. § 1331 because it presented a federal question. *See Prevatte v. Merlak*, 865 F.3d 894, 900-01 (7th Cir. 2017). The district court permitted Paul to file an amended motion. Dkt. 44. The amended motion alleged—inter alia—that the court should vacate the underlying § 924 conviction under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. 103 at 42-57. In response, the government argued the court should deny the petition under 28 U.S.C. § 2244 and § 2255(e). Dkt. 158. Without ruling on the response, the court stayed the proceedings pending a decision in the Supreme Court case of *United States v. Davis*, No. 18-431, concerning the constitutionality of § 924. Dkt. 220. On June 24, 2019, the Supreme Court issued an opinion in *Davis*, declaring a provision of § 924 unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2042 (2019). Two days later, the district court ordered the government to file a supplemental brief addressing *Davis*. Dkt. 224. The government brief argued that Paul had improperly raised his claim under § 2241 rather than § 2255 and that his predicate offense, robbery, satisfied § 924's valid definition of a "crime of violence." Dkt. 231.

On May 26, 2020, Paul for a fourth time filed in the Eighth Circuit Court of Appeals a motion for leave to file a successive § 2255 motion, asserting much the same *Davis* claim pending in his § 2241 action. *Paul v. United States*, No. 20-2042 (8th Cir.). The Eighth Circuit denied Paul's motion for authorization to file a successive motion under § 2255 on June 29, 2020. *Paul v. United States*, No. 20-2042 (8th Cir.).

On September 28, 2021, Paul moved for leave to amend his § 2241 petition based on the decision in *Borden v. United States*, 141 S. Ct. 1817 (June 10, 2021), in which the Supreme Court held that a criminal offense that requires only a mens rea of recklessness cannot count as a "violent felony" under the elements clause of the ACCA. The court granted Paul's motion (Dkt. 270) and the parties filed supplemental briefs addressing *Borden* (Dkts. 271, 272, 277).

On August 2, 2022, the district court issued an order and final judgment granting in part Paul's petition for § 2241 relief. *Paul v. Superintendent*, no. 2:13-cv-304-JMS-MJD, 2022 WL 3043526 (S.D. Ind. Aug. 2, 2022). It vacated Paul's § 924 conviction, finding the government had predicated it on an offense that is not criminalized by statute. *Id*. at *9. It further vacated his death sentence under § 2241 subject to retrial in the United States District Court for the Western District of Arkansas. In all other regards, the court denied relief. *Id*. at *4-*5.

Respondents noticed an appeal from the district court's judgment on September 30, 2022.

Throughout the § 2241 litigation and presently, the United States has held Paul in custody at the United States Penitentiary—Terre Haute, where Steve Kallis serves as the facility's warden.

/

/

/

/

/

/

/

/

**B. <u>The Court of Appeals Jurisdiction</u>**

The United States timely filed a notice of appeal on September 30, 2022.

The Seventh Circuit has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

Dated: September 30, 2022:

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney,
Southern District of Indiana

BRIAN REITZ
Assistant U.S. Attorney
United States Attorney's Office
10 W. Market St.; Ste. 2100
Indianapolis, Indiana 46204-3048
(702) 616-3942
BReitz@usdoj.gov

*<u>S/Jeffrey B. Kahan</u>*
JEFFREY B. KAHAN
Deputy Chief, Capital Case Section
U.S. Dept. of Justice
1331 F. Street, NW; 6th Fl.
Washington, D.C. 20530
(202) 305-8910
(202) 353-9779 fax
Jeffrey.Kahan@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 30, 2022, a copy of the foregoing Circuit Rule 3(C) Docketing Statement was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

Leigh Skipper
Federal Community Defender Office
For the Eastern District of Pennsylvania
Leigh_Skipper@fd.Org

Shawn Nolan
Federal Community Defender Office
For the Eastern District of Pennsylvania
Shawn_Nolan@fd.org

Peter Williams
Federal Community Defender Office
For the Eastern District of Pennsylvania
Pete_Williams@fd.org

By: s/*Jeffrey B. Kahan*
JEFFREY B. KAHAN
Deputy Chief, Capital Case Section
U.S. Department of Justice
1331 F. Street, NW, Sixth Floor
Washington, D.C. 20530
Telephone: (202) 305-8910
E-mail: jeffrey.kahan@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL, Petitioner, | ) | |
| v. | ) | No. 2:13-cv-00304-JMS-MJD |
| SUPERINTENDENT, et al. Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Jeffery William Paul was convicted in 1997 in the United States District Court for the Western District of Arkansas of aiding and abetting a homicide in violation of 18 U.S.C. § 1111 and use of a firearm in relation to a crime of violence, robbery, in violation of 18 U.S.C. § 924(c). Mr. Paul filed this habeas corpus petition challenging his convictions and sentence. He argues that he is actually innocent of the crimes for which he was convicted, that he is too mentally ill to be executed, that his indictment was defective, and that his § 924(c) conviction must be vacated because the robbery offense underlying that conviction is not a crime of violence under § 924(c)(3)(A). Most of Mr. Paul's claims are barred by 28 U.S.C. § 2255(e) or fail on the merits. But his § 924(c) claim is properly brought under 28 U.S.C. § 2241 and warrants relief. Accordingly, Mr. Paul's petition for writ of habeas corpus is **GRANTED**, his § 924(c) conviction is **VACATED**, and his death sentence is **VACATED** subject to a retrial on the penalty phase in the United States District Court for the Western District of Arkansas.

# I. Background

## A. Summary of Evidence[1]

In late June 1995, Mr. Paul and Trinity Ingle followed Sherman Williams on foot from downtown Hot Springs, Arkansas, to a walking trail in Hot Springs National Park. They took Mr. Williams' wallet and car keys, tied him up with duct tape, and shot him in the head and the shoulder. The shot to the head was fatal. The men then dragged Mr. Williams into the woods and took $98 from his wallet before hiding it under some rocks. They drove off in his car, which was found weeks later in a pit in a remote area of the national park.

In the days following the murder, Mr. Paul confessed to two friends that he had robbed and shot Mr. Williams and taken his car. Trial Tr. 663−70 (Kris Rogers testimony); Trial Tr. 707−11 (Christine LaPaglia testimony). Less than two weeks after the murder, Mr. Paul and his brother Jason left Hot Springs because they had heard the FBI wanted to question them. Trial Tr. 793−94 (Jason Paul testimony). They ended up in Key West, Florida, where Mr. Paul spent most of the next 14 months.

In Key West, Mr. Paul began a relationship with Cindy Wallace and moved in with her in spring or early summer 1996. Trial Tr. 728 (Cindy Wallace testimony). Around the same time, Mr. Paul made a detailed confession to Ms. Wallace about the Hot Springs murder. *Id.* at 728−33. Mr. Paul also confessed to Dan Coughlin, a Key West friend who let Mr. Paul use his birth certificate to create a fake Florida identification card. Trial Tr. 754−56 (Dan Coughlin testimony).

[1] Except where noted, this summary is drawn from the Eighth Circuit's opinion affirming Mr. Paul's conviction. *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000) ("*Paul I*"). The Eighth Circuit's discussion of the evidence is consistent with the trial transcripts. *See generally United States v. Paul*, No. 6:96-cr-60022-TLB, dkts. 430-1−430-5 (W.D. Ark.). In this Order, "Trial Tr. _" refers to the trial and sentencing transcripts for Mr. Paul's federal criminal prosecution. *Id.*

The FBI eventually arrested Mr. Paul in August 1996 in Mississippi. During the arrest, Mr. Paul begged officers to shoot him. Trial Tr. 807 (John LaVoie testimony). They did not. Instead, an FBI agent interviewed Mr. Paul, and Mr. Paul confessed to robbing Mr. Williams with Mr. Ingle in Hot Springs in June 1995, though he reported that Mr. Ingle was the only shooter. *Id.* at 810−12.

**B. Trial and Sentencing**

The government charged Mr. Paul with murder in violation of 18 U.S.C. § 1111(a) and use of a firearm during a crime of violence resulting in death in violation of 18 U.S.C. § 924(c)(1) and § 924([j])(1).[2] For the § 924(c) and § 924(j) charge, the indictment alleged that Mr. Paul,

> within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. § 7(3), did knowingly carry and use a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995. . . .

Dkt. 272-1. The indictment did not further define "robbery." *Id.*

The jury was instructed that "robbery has three essential elements":

> [(1)] that Sherman Williams had in his possession or on his person or presence anything of value.
>
> [(2)] that the defendant took and carried away anything of value from Sherman Williams by force or violence, and
>
> [(3)] that the taking occurred within the boundaries of the Hot Springs National Park.

Dkt. 272-2 at 11; Trial Tr. 845. The jury convicted Mr. Paul on both counts. Trial Tr. 912−13.

---

[2] The version of § 924 in effect at the time of Mr. Paul's offenses contained two subsections both labelled § 924(i). The second such subsection set the penalty for use of a firearm during a crime of violence resulting in death. The statute was amended effective October 11, 1996, converting this subsection to § 924(j).

At sentencing, Mr. Paul introduced an audio recording of Mr. Ingle's jailhouse confession. Trial Tr. 1058−1110. In the confession, Mr. Ingle explained that he and Mr. Paul[3] followed an old man into the woods on federal land, robbed him, tied him up, shot him, hid the body, and took his vehicle. Trial Tr. 1061−64, 1068, 1072−77, 1100−09.

The jury recommended a sentence of death, and the judge imposed death sentences on both counts. Trial Tr. 1162−76.

### C. Appeal and Collateral Attacks[4]

Mr. Paul appealed, and the Eighth Circuit affirmed his conviction and sentence in a 2-1 decision. *Paul I*, 217 F.3d at 1005. The dissenting judge concluded that the jury was erroneously instructed regarding aiding and abetting. *Id.* at 1005−06 (Heaney, J., dissenting).

Mr. Paul filed a collateral attack under 28 U.S.C. § 2255 arguing ineffective assistance of counsel. The district court denied relief and, in the process, found that Mr. Paul was competent to assist counsel both at trial and in his habeas proceedings. *See Paul v. United States*, 534 F.3d 832, 844−51 (8th Cir. 2008) ("*Paul II*").

In August 2013, Mr. Paul filed a pro se petition for writ of habeas corpus in this Court alleging actual innocence. The Court appointed counsel, and Mr. Paul filed an amended petition. This Court stayed proceedings in March 2019 pending the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The Court then stayed proceedings again in June 2020 to allow Mr. Paul to pursue a successive § 2255 motion based on *Davis*. The Eighth Circuit

---

[3] Mr. Ingle at times refers to the perpetrators as "Andy" and "Bob." *See generally* Trial Tr. 1058−1110. The context makes abundantly clear that Andy and Bob are Mr. Paul and Mr. Ingle. *See* Trial Tr. 933 (defense counsel explaining, "I promise you, you'll know who Bob and Andy are by the time we finish that 41 minutes of tape"); Trial Tr. 1069 (Mr. Ingle explaining, "Bob and Andy represents two certain people that they're . . . tryin' to get caught up in this case.").

[4] This summary does not include Mr. Paul's numerous *pro se* collateral attacks.

summarily denied Mr. Paul's motion for authorization to file a successive motion. *Paul v. United States*, No. 20-2042 (8th Cir. June 29, 2020). The parties have since filed supplemental briefing in this case to address the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021).

**II. Limits on § 2241**

For a federal prisoner like Mr. Paul, a § 2255 motion is the default vehicle for collaterally attacking his conviction or sentence. But Congress has limited the use of § 2255. A prisoner may bring such a motion only in the court that imposed the sentence being challenged. 28 U.S.C. § 2255(a). And a prisoner may bring only one § 2255 motion unless the court of appeals for the district of conviction determines that the second or successive motion contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Except when § 2255's remedy is "inadequate or ineffective," courts may not consider a prisoner's § 2241 habeas corpus petition attacking a federal conviction or sentence. 28 U.S.C. § 2255(e). The "inadequate or ineffective" exception applies "[o]nly in rare circumstances." *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014).

The Seventh Circuit has identified a handful of specific situations where structural problems foreclose effective review in a successive § 2255 motion, thereby opening the door to a § 2241 petition. *See*, *e.g.*, *In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998) (where the claim alleges a fundamental defect in the petitioner's conviction and is based on a new retroactive rule of statutory interpretation); *Garza v. Lappin*, 253 F.3d 918, 920 (7th Cir. 2001) (where the claim

is premised on the ruling of an international tribunal issued after the prisoner's first round of § 2255 review was complete); *Webster v. Daniels*, 784 F.3d 1123, 1139 (7th Cir. 2015) (where a claim relies on new evidence that existed but was unavailable at trial and that shows "that the Constitution categorically prohibits a certain penalty").

These three cases do not "rigidly describe the outer limits" of the savings clause. *Purkey v. United States*, 964 F.3d 603, 612 (7th Cir. 2020). Still, the savings clause applies only "when a structural problem in § 2255 forecloses even one round of effective collateral review." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see Webster*, 784 F.3d at 1136 (same). The Court will, where necessary, determine whether Mr. Paul's claims are properly addressed in a § 2241 petition before reaching the merits of any issue.

## III. Discussion

Mr. Paul's amended petition alleges that (1) he is actually innocent of murder; (2) he is ineligible for the death penalty due to severe mental illness; and (3) his § 924(c) conviction must be vacated because "robbery" is not a crime of violence under § 924(c)(3)(A) and because § 924(c)(3)(B) is unconstitutionally vague. *See generally* dkt. 103. The Court addresses each claim in turn.

### A. Actual Innocence

Mr. Paul argues that the Court should vacate his convictions because he can demonstrate his innocence based on a 2005 declaration from Mr. Ingle. The Court agrees with Mr. Paul that some procedural vehicle must be available to a person who claims he is actually innocent of a crime for which he has been sentenced to death. *See Herrera v. Collins*, 506 U.S. 390, 417 (1993) (assuming "that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief

if there were no state avenue open to process such a claim"); *In re Davis*, 557 U.S. 952 (2009) (remanding an original habeas corpus petition to the district court for factual findings regarding freestanding innocence claim in capital case). But Mr. Paul's claim is barred by § 2255(e) and, independently, it does not warrant relief on the merits.

Mr. Paul's innocence claim does not satisfy any of the circumstances so far recognized by the Seventh Circuit for satisfying the § 2255(e) savings clause. It comes closest to *Webster*, where the claim at issue relied on new evidence that existed but was unavailable at trial and alleged that "the Constitution categorically prohibit[ed] a certain penalty" for the petitioner. 784 F.3d at 1139. But *Webster*'s holding was based on the premise that "Congress could not have contemplated" the type of claim the petitioner sought to bring in his § 2241 petition when it enacted § 2255. 784 F.3d at 1138.

In contrast, Congress accounted for claims, like Mr. Paul's, alleging actual innocence based on new evidence. *See* 28 U.S.C. § 2255(h)(1) (court of appeals may authorize successive § 2255 motion raising a claim based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"). There is therefore no structural problem that prevented Mr. Paul from raising his actual innocence claim in a § 2255 motion.

And even if a § 2241 petition were the proper vehicle for Mr. Paul's innocence claim, the claim still would not warrant relief. Neither party clearly sets forth the standard by which it believes the Court should assess Mr. Paul's freestanding actual innocence claim, but both parties reference the standard set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). If *Schlup* applied here, Mr. Paul would be required to put forth new reliable evidence unavailable at trial and "show that

it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. But *Schlup* does not apply here. While the Supreme Court has not announced a standard for a freestanding innocence claim, it has made clear that any such standard would be more difficult to meet than *Schlup*'s. *See House v. Bell*, 547 U.S. 518, 555 (2006) (freestanding innocence claim would require "more convincing proof of innocence than *Schlup*"); *Dansby v. Hobbs*, 766 F.3d 809, 816–17 (8th Cir. 2014) (same). The Court need not pinpoint the appropriate standard in this case, because Mr. Paul has not even satisfied *Schlup*.

Mr. Paul points to new evidence that was unavailable at trial: a 2005 declaration from Mr. Ingle in which he takes full responsibility for the robbery and murder of Mr. Williams. Dkt. 106-2 at 16–18. In the declaration, Mr. Ingle asserts that the robbery was a complete surprise to Mr. Paul. *Id.* at 16. When Mr. Paul realized what was happening and tried to stop it, Mr. Ingle hinted that he would kill Mr. Paul if he didn't go along. *Id.* at 17 ("I made sure he knew if he put his hands on me again trying to stop me I would have shot him, too, and it would have been two people left up on that mountain.").

But Mr. Ingle's declaration is not reliable and merely impeaches his other statements. It is severely undermined by his recorded jailhouse confession in which he repeatedly stated that both he and his accomplice shot Mr. Williams. *See* Trial Tr. 1068 ("Bob and Andy both did this. . . . So can't neither one of 'em say . . . that he did it, I did it, ya know?"); *id.* at 1072–73 ("Okay, Bob and Andy, you know, they was up there together in the park . . . . Pop, pop, pow. [Slight pause] Pow, pow. [Slight pause] See what I'm sayin' . . . Whenever one did it . . . both did it."); *id.* at 1077 ("Pow, pow! See, whenever, whenever Bob [making cocking of gun sounds] . . . whenever Bob [making cocking of gun sounds again], Andy automatically . . . Pow! . . . You know, they, they work together.").

And in contrast to Mr. Ingle's declaration, the trial evidence against Mr. Paul was compelling. Mr. Paul confessed to four different friends at four different times that he robbed and shot Mr. Williams. He fled Hot Springs and evaded the FBI for 14 months. And when he was arrested, he admitted to participating in the robbery, though he denied shooting Mr. Williams himself. Mr. Ingle's declaration, which cannot be squared with his own prior statements, does not outweigh the trial evidence. Mr. Paul has therefore failed to make the required showing for a freestanding actual innocence claim.

**B. Mental Illness**

Next, Mr. Paul argues that he is constitutionally ineligible to be executed due to his profound mental illness. Notably, he does not argue that his mental health at the time of his crime, or even at the time of trial, precluded a death sentence. Such a claim likely would be barred by § 2255(e). Instead, Mr. Paul argues that "his *present* level of mental illness renders him categorically exempt from the death penalty." Dkt. 103 at 45 (emphasis added). He further explains that this "is not a challenge to the trial proceedings, but rather, the execution of [his death sentence] under circumstances that have arisen since the sentence was originally imposed." *Id.* at 45−46.

Mr. Paul compares his condition to someone who is intellectually disabled or a juvenile at the time of the relevant crime. *Id.* at 38−41. But these comparisons are inapt. Both juvenile status and intellectual disability are knowable at the time of trial. *Bourgeois v. Watson*, 977 F.3d 620, 637 (7th Cir. 2020) ("Intellectual disability is a permanent condition that must manifest before the age of 18."). And both juvenile status and intellectual disability make offenders categorically ineligible for a death sentence. So the remedy in those cases is vacatur of the death sentence. *See Roper v. Simmons*, 543 U.S. 551, 578−79 (2005) (affirming vacatur of death sentence for offender

under the age of 18 at the time of his crime); *Webster v. Watson*, 975 F.3d 667, 689 (7th Cir. 2020) (affirming vacatur of death sentence for intellectually disabled offender).

Here, in contrast, Mr. Paul concedes that his mental illness was not a barrier to imposing the death sentence. He argues only that his mental illness precludes execution of his sentence at this time. Even if he is correct that mental illness is a barrier to execution—and the Court makes no determination on this issue—this claim is not ripe. Mr. Paul's execution date has not been set. Indeed, there are no executions scheduled for any federal inmates, and the Department of Justice has given no indication that it plans to resume executions anytime soon. Until Mr. Paul's execution is scheduled, any claim challenging the execution of his death sentence—rather than its imposition—is unripe. *Holmes v. Neal*, 816 F.3d 949, 954 (7th Cir. 2016) (citing *Panetti v. Quarterman*, 551 U.S. 930, 946–47 (2007), and *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998)). The claim is therefore dismissed without prejudice for lack of jurisdiction.

### C. § 924(c) Conviction

Mr. Paul argues that his § 924(c) conviction must be vacated for two related but distinct reasons. *First*, he argues that "robbery" as charged in his indictment and found by the jury is not an offense "for which [Mr. Paul] may be prosecuted in a court of the United States," 18 U.S.C. § 924(c)(1)(A), so it cannot be a predicate for his § 924(c) conviction. *Second*, he argues that "robbery" as charged in his indictment and found by the jury is not a crime of violence. As explained below, § 2255(e) bars Mr. Paul's first challenge to his § 924(c) conviction. But his second challenge is properly brought in a § 2241 petition, and it warrants relief.

#### 1. Whether the "Robbery" Offense Underlying Mr. Paul's § 924(c) Conviction Is an Offense that May Be Prosecuted in a Court of the United States

In the indictment, Mr. Paul was charged with violating § 924(c) because he "did knowingly carry and use a firearm, during and in relation to a crime of violence for which he may be

prosecuted in a court of the United States, to wit: a robbery in the national park, Hot Springs, Arkansas." Dkt. 272-1. The indictment did not include any statutory citation for robbery; nor did it further define the offense. Mr. Paul argues that the abstract "robbery" charged in the indictment is not an offense "for which [he] may be prosecuted in a court of the United States," as required for a § 924(c) conviction. *See* dkt. 234 at 6−8 (describing the "robbery" charged in Mr. Paul's indictment as a "non-offense"). The government argues that the indictment charged Mr. Paul with robbery within the special maritime and territorial jurisdiction of the United States. *See* 18 U.S.C. § 2111 ("Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years."). While the language of the indictment is somewhat similar to that in § 2111, neither the indictment nor the jury instructions properly set out the elements of that offense.

But this defect cannot be cured here. To the extent the indictment was unconstitutionally defective, Mr. Paul could have raised this claim in a § 2255 motion. *See United States v. Adams*, 814 F.3d 178, 180 (4th Cir. 2016) (vacating guilty plea in § 2255 proceedings based on argument that predicate felony charged in the indictment was not in fact a felony). He cannot raise it in a § 2255 motion now, because he has already completed his § 2255 proceedings and there is no basis for raising the claim in a successive § 2255 motion. *See* 28 U.S.C. § 2255(h). Though an unfortunate reality, the fact that a waived claim cannot be raised in a successive § 2255 motion is not enough to invoke § 2255(e)'s savings clause. *See Montana v. Cross*, 829 F.3d 775, 785 (7th Cir. 2016) (savings clause unavailable for claim petitioner could have raised in his initial § 2255 motion).

Despite the earlier opportunity to present the defective indictment claim, Mr. Paul argues that he must be allowed to present it here because the defective indictment deprived the district court of jurisdiction to convict and sentence him. Dkt. 234 at 6−7. But the Supreme Court has explained that "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (rejecting the proposition "that a defective indictment deprives a court of jurisdiction"). And the Seventh Circuit has endorsed a broad reading of *Cotton*'s rule: "defects in an indictment do not deprive the court of subject-matter jurisdiction, and this is so even when the defect is a failure to state a federal offense." *United States v. Muresanu*, 951 F.3d 833, 837−39 (7th Cir. 2020) (district court had jurisdiction despite defective indictment charging defendant with the "noncrime" of "attempted aggravated identity theft").

Because the allegedly defective indictment did not deprive the district court of jurisdiction and because Mr. Paul has no other basis to invoke the savings clause for this claim, it is barred by § 2255(e).

**2. Whether the "Robbery" Offense Underlying Mr. Paul's § 924(c) Conviction Is a Crime of Violence**

Finally, Mr. Paul argues that his 18 U.S.C. § 924(c) conviction must be vacated because the "robbery" offense underlying his conviction is not a crime of violence under § 924(c)(3)(A).

Mr. Paul argues that he may bring this claim in a § 2241 petition under the § 2255(e) exception outlined in *Davenport*. To satisfy the *Davenport* exception, Mr. Paul must show "(1) the claim relies on a new statutory interpretation case; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) there has been a fundamental defect in the proceedings that is fairly characterized as a miscarriage of justice." *Montana v. Cross*, 829 F.3d 775, 779 (7th Cir. 2016) (emphasis omitted).

The government does not dispute the first and second *Davenport* factors, and rightly so. Mr. Paul's claim satisfies the first factor, as his claim is based on a new case of statutory interpretation: *Borden v. United States*, 141 S. Ct. 1817 (2021). It also satisfies the second factor. Mr. Paul could not have invoked *Borden* in his first § 2255 motion, which was decided long before *Borden* was issued. *See Paul II*, 534 F.3d 832. And *Borden*'s holding "altered 'the range of conduct or the class of persons that the law punishes,'" so it is a substantive rule that applies retroactively on collateral review. *Welch v. United States*, 578 U.S. 120, 135 (2016) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)); *see also Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (when the Supreme Court announces a new substantive rule, it logically follows that the Supreme Court has made the rule retroactive).

The government disputes only the third *Davenport* factor: whether there has been a fundamental defect in the proceedings that constitutes a miscarriage of justice. This factor requires a thorough discussion, beginning with *Borden*.

In *Borden*, the Supreme Court held that the phrase "violent felony" as defined in 18 U.S.C. § 924(e)(2)(B)(i) includes only offenses with a *mens rea* requirement of purpose or knowledge as to the violent *actus reus*. 141 S. Ct. at 1828; *id.* at 1935 (Thomas, J., concurring). Mr. Paul asserts, and the government does not dispute, that *Borden*'s holding applies to § 924(c)(3)(A)'s definition of "crime of violence." Indeed, the two provisions are nearly identical, and none of the differences would indicate that § 924(c)(3)(A) includes reckless conduct while § 924(e)(2)(B)(i) does not. *Compare* 18 U.S.C. § 924(c)(3)(A) ("crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"), *with* § 924(e)(2)(B)(i) ("violent felony" is a crime punishable by more than one year of imprisonment

that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

The question, then, is whether the robbery charged as a predicate to Mr. Paul's § 924(c) conviction includes a *mens rea* of recklessness or instead requires purpose or knowledge. Ordinarily, this analysis would begin with a statutory offense. But as discussed above, Mr. Paul's indictment and jury instructions did not reference—or include the elements of—any statutory offense as a predicate for his § 924(c) charge.

The government again asserts that the predicate offense is 28 U.S.C. § 2111, which provides that a person commits robbery when, "within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, [the person] takes or attempts to take from the person or presence of another anything of value." But the indictment does not cite to § 2111; nor does it include any reference to force, violence, or intimidation. Dkt. 272-1. The jury instructions get a bit closer, instructing, as relevant here, that Mr. Paul committed robbery if he "took and carried away anything of value from Sherman Williams by force or violence." Dkt. 272-2 at 11; Trial Tr. 845. Regardless, nothing in the indictment or the jury instructions indicates that Mr. Paul needed to *knowingly* use force or violence to commit robbery.

No matter, according to the government. They point to *Carter v. United States*, where the Supreme Court held that § 2113(a)—which includes the same "by force and violence, or by intimidation" language as § 2111— "[requires] proof of *general intent*—that is, that the defendant possessed knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation)." 530 U.S. 255, 268 (2000).

This argument has two flaws. First, as already discussed, Mr. Paul was not charged with an offense criminalized by statute, including § 2111. Second, the Eighth Circuit,[5] even after *Carter*, has expressly held that § 2113(a)'s implied knowing *mens rea* applies only to the "taking of property of another" element of the crime. *United States v. Yockel*, 320 F.3d 818, 820−21 (8th Cir. 2003); *see United States v. Ellison*, 866 F.3d 32, 39 (1st Cir. 2017) (declining to follow *Yockel* but noting that the Eighth Circuit is one of "two circuits, post-*Carter*, [that] have continued to state that the government need not show that the defendant knew that his actions would be intimidating in order to secure a conviction under § 2113(a)").

In *Yockel*, the defendant was convicted of bank robbery based on intimidation. He argued on appeal that the government had failed to show knowing intimidation. 320 F.3d at 823 ("The contrary position Yockel assumes is that the government had to prove he knowingly intimidated the teller in order to have been convicted."). The Eighth Circuit rejected this argument, agreeing with the government that "the *mens rea* for the *actus reus* of bank robbery is satisfied by proof that Yockel knew he was physically taking money." *Id.*; *see id.* at 824 ("The district court correctly concluded the *mens rea* element of bank robbery did not apply to the element of intimidation.").

In short, neither Mr. Paul's indictment nor his jury instructions required a showing that he knowingly used force during the course of a robbery. And in the circuit where Mr. Paul was convicted, the *mens rea* of knowledge did not apply to the force and violence elements of § 2111 robbery, which is the statutory robbery offense most resembling the conduct with which he was

[5] The government argues that the Court should apply Eighth Circuit substantive law in this action, as that is where Mr. Paul was convicted. Dkt. 272 at 5 (citing *Chazen v. Marske*, 938 F.3d 851, 864−65 (7th Cir. 2019) (Barrett, J., concurring)). And when the dispute is over the elements of the crime for which a petitioner was convicted, it makes good sense to apply the law of the circuit of conviction.

charged. For these reasons, the robbery underlying Mr. Paul's § 924(c) conviction did not require a knowing use of force, so it was not a crime of violence under *Borden*. And conviction of an offense that is not actually criminalized constitutes a fundamental defect and a miscarriage of justice. *See United States v. Castano*, 543 F.3d 826, 837 (6th Cir. 2008) ("[T]here is significant doubt that the jury convicted Castano of an offense that § 924(c) criminalizes. Indeed, the errors in this case were 'clearly erroneous' and were such that could 'likely produce a grave a miscarriage of justice.'").

## IV. Remedy

Because Mr. Paul's § 924(c) conviction is predicated on an offense that is not criminalized by statute, the conviction is **VACATED**.

The parties dispute whether Mr. Paul's death sentence also should be vacated. The government argues that the Court has "'broad and flexible power in correcting invalid convictions and sentences.'" Dkt. 272 at 14 (quoting *Gardiner v. United States*, 114 F.3d 734, 736 (8th Cir. 1997)); *see* 28 U.S.C. § 2255(b) ("[T]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."). But "a general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground." *Zant v. Stephens*, 462 U.S. 862, 881 (1983); *see United States v. Causey*, 185 F.3d 407, 423 (5th Cir. 1999) (vacating death sentence and ordering resentencing after vacating one of three death-eligible convictions).

Here, the jury was not asked to specify the offense or offenses for which it imposed the death penalty. Without such information, the Court cannot determine whether Mr. Paul's § 924(c)

conviction influenced his sentence. Mr. Paul's death sentence is therefore **VACATED**, subject to retrial on the penalty phase in the district of conviction.

## V. Conclusion

Mr. Paul's petition for writ of habeas corpus is **GRANTED**. Mr. Paul's conviction pursuant to 18 U.S.C. § 924(c) is **VACATED**. His death sentence is **VACATED**, subject to a retrial on the penalty phase in the United States District Court for the Western District of Arkansas.

**IT IS SO ORDERED.**

Date: 8/2/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey Bradford Kahan
U.S. DEPARTMENT OF JUSTICE
jeffrey.kahan@usdoj.gov

Shawn Nolan
FEDERAL COMMUNITY DEFENDER OFFICE
shawn_nolan@fd.org

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
winfield.ong@usdoj.gov

Leigh Skipper
FEDERAL COMMUNITY DEFENDER
leigh_skipper@fd.org

Peter Konrad Williams
Federal Community Defender Office
pete_williams@fd.org

Jeffrey Alan Zick
UNITED STATES DEPARTMENT OF JUSTICE
jeffrey.zick@usdoj.gov

Billy H. Nolas
Federal Community Defender
601 Walnut Street
Suite 545 West
Philadelphia, PA 19106

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFERY WILLIAM PAUL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-00304-JMS-MJD |
| | ) | |
| SUPERINTENDENT, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**FINAL JUDGMENT**

The Court now enters final judgment. The petition for writ of habeas corpus is **GRANTED**. Petitioner's 18 U.S.C. § 924(c) conviction is **VACATED**. Petitioner's death sentence is **VACATED** subject to a retrial on the penalty phase in the United States District Court for the Western District of Arkansas.

Date: 8/2/2022

Jane Magnus-Stinson

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Roger A.G. Sharpe, Clerk of Court

By: Michelle Tomel
Deputy Clerk

Distribution:

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
gerald.coraz@usdoj.gov

Jeffrey Bradford Kahan
U.S. DEPARTMENT OF JUSTICE
jeffrey.kahan@usdoj.gov

Shawn Nolan
FEDERAL COMMUNITY DEFENDER OFFICE
shawn_nolan@fd.org

Billy H. Nolas
Federal Community Defender
601 Walnut Street
Suite 545 West
Philadelphia, PA 19106

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
winfield.ong@usdoj.gov

Leigh Skipper
FEDERAL COMMUNITY DEFENDER
leigh_skipper@fd.org

Peter Konrad Williams
Federal Community Defender Office
pete_williams@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov

Jeffrey Alan Zick
UNITED STATES DEPARTMENT OF JUSTICE
jeffrey.zick@usdoj.gov

# *** PUBLIC DOCKET ***

APPEAL,HABEAS,MANDATE,CLOSED

**U.S. District Court**
**Southern District of Indiana (Terre Haute)**
**CIVIL DOCKET FOR CASE #: 2:13-cv-00304-JMS-MJD**

PAUL v. SUPERINTENDENT et al
Assigned to: Judge Jane Magnus-Stinson
Referred to: Magistrate Judge Mark J. Dinsmore
Case in other court: 7th Circuit, 14-01652 - Mandate
Cause: 28:2241 Petition for Writ of Habeas Corpus

Date Filed: 08/20/2013
Date Terminated: 08/02/2022
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas Corpus
Jurisdiction: Federal Question

**Petitioner**

**JEFFERY WILLIAM PAUL** represented by **Leigh Skipper**
FEDERAL COMMUNITY DEFENDER
Curtis Center, Suite 540 West
601 Walnut Street
Philadelphia, PA 19106
215-928-1100
Fax: 215-928-0826
Email: leigh_skipper@fd.org
*ATTORNEY TO BE NOTICED*

**Peter Konrad Williams**
Federal Community Defender Office
601 Walnut St.
Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Email: pete_williams@fd.org
*ATTORNEY TO BE NOTICED*

**Shawn Nolan**
FEDERAL COMMUNITY DEFENDER OFFICE
Capital habeas Unit
Curtis Center, Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Fax: 215-928-0826
Email: shawn_nolan@fd.org
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**SUPERINTENDENT**
*USP Terre Haute*

represented by **Jeffrey Bradford Kahan**
U.S. DEPARTMENT OF JUSTICE
Criminal Division Capital Case Section
1331 F Street, NW; 6th Floor
Washington, D.C., DC 20530
202-305-8910
Fax: 202-353-9779
Email: jeffrey.kahan@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jeffrey Alan Zick**
UNITED STATES DEPARTMENT OF JUSTICE
Capital Case Section
1331 F Street, NW
Washington, DC 20005
202-616-3942
Email: jeffrey.zick@usdoj.gov

**Winfield D. Ong**
UNITED STATES ATTORNEY'S OFFICE
(Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 226-6333
Fax: (317) 226-6125
Email: winfield.ong@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

**UNITED STATES OF AMERICA**

represented by **Jeffrey Bradford Kahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Alan Zick**
(See above for address)

**Winfield D. Ong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**J. F. CARAWAY**
*Warden*

represented by **Winfield D. Ong**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/20/2013 | 1 | PETITION for Writ of Habeas Corpus, filed by JEFFERY WILLIAM PAUL. (No fee paid with this filing) (Attachments: # 1 Exhibit Legal Notice, # 2 Exhibit Inmate Request, # 3 Exhibit Letter, # 4 Exhibit Declaration, # 5 Envelope)(JRT) (Entered: 08/21/2013) |
| 08/21/2013 | 2 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (JRT) (Entered: 08/21/2013) |

| | | |
|---|---|---|
| 01/14/2014 | 3 | MOTION for Summary Judgment, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Various Documents, # 2 Envelope)(SWM) (Entered: 01/15/2014) |
| 01/24/2014 | 4 | MOTION for Due-Process amending Motion c/s, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Redacted Attachment, # 2 Envelope)(DW) (Entered: 01/27/2014) |
| 01/24/2014 | 5 | UNREDACTED DOCUMENT regarding 4 MOTION to Amend/Correct. (DW) (Entered: 01/27/2014) |
| 01/29/2014 | 6 | ENTRY - The petitioner shall have through February 14, 2014, in which to either pay the $5.00 filing fee for this action or demonstrate his financial inability to do so. The petitioner's motion for summary judgment 3 and motion to amend 4 are denied as inapt to the orderly development of case. Copy to petitioner via US Mail. Signed by Judge William T. Lawrence on 1/29/2014. (RSF) (Entered: 01/29/2014) |
| 02/10/2014 | 7 | MOTION for Leave to Proceed in forma pauperis and MOTION for Reconsideration of Court's 6 ENTRY, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Supporting Documents, # 2 Inmate Account Documents, # 3 Envelope)(JKS) (Entered: 02/11/2014) |
| 02/27/2014 | 8 | ENTRY - granting 7 Motion for Leave to Proceed in forma pauperis; denying 7 Motion for Reconsideration. (See Entry.) Copy to petitioner via US Mail. Signed by Judge William T. Lawrence on 2/27/2014. (RSF) (Entered: 02/27/2014) |
| 02/28/2014 | 10 | Statement B regarding Habeas Claims by JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 03/03/2014) |
| 03/03/2014 | 9 | Statement A regarding Habeas Claims by JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 03/03/2014) |
| 03/07/2014 | 11 | MOTION for Clerk's Entry of Default and MOTION for Discovery -, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(JKS) (Entered: 03/10/2014) |
| 03/13/2014 | 12 | ENTRY - The respondent need not respond to the habeas petition unless ordered by the court to do so at some future point. However, the respondent is requested to appear by counsel in the case as promptly as possible. Copies distributed pursuant to distribution list. Signed by Judge William T. Lawrence on 3/13/2014.(RSF) (Entered: 03/13/2014) |
| 03/13/2014 | 13 | ENTRY - denying 11 Motion for Clerk's Entry of Default; denying 11 Motion for Discovery. Copy to petitioner via US Mail. Signed by Judge William T. Lawrence on 3/13/2014. (RSF) Modified on 3/18/2014 (RSF). (Entered: 03/13/2014) |
| 03/13/2014 | 15 | AFFIDAVIT in Support of Documents re 14 MOTION to Append Cause of Action & Exhibit, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(JKS) (Entered: 03/14/2014) |
| 03/14/2014 | 14 | MOTION to Append Cause of Action & Exhibit, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Supporting Exhibit, # 2 Envelope)(JKS) (Entered: 03/14/2014) |
| 03/17/2014 | 17 | NOTICE OF APPEAL as to 6 Entry 8 Entry 12 Entry, 13 Entry, filed by Petitioner JEFFERY WILLIAM PAUL. (No fee paid with this filing) (JLM) **Emailed to District Court from USCA with instruction to file as Notice of Appeal with filed date of 3/17/2014.** Modified on 3/27/2014 (JLM). (Entered: 03/27/2014) |
| 03/20/2014 | 16 | MOTION for partial upfront payment of damages, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Various Documents, # 2 Envelope)(SWM) (Entered: 03/21/2014) |
| 03/27/2014 | 18 | SEVENTH CIRCUIT APPEAL INFORMATION SHEET re 17 Notice of Appeal **- Instructions for Attorneys - Parties' Short Record, Instructions, and Designation of Record information attached.** (copy mailed to petitioner) (LBT) (Entered: 03/27/2014) |
| 03/27/2014 | 19 | **DEATH PENALTY CASE** Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 17 Notice of Appeal. **- for Court of Appeals Use Only.** (LBT) (Entered: 03/27/2014) |

| | | |
|---|---|---|
| 03/27/2014 | 20 | USCA Case Number 14-1652 for 17 Notice of Appeal filed by JEFFERY WILLIAM PAUL. (LBT) (Entered: 03/27/2014) |
| 04/01/2014 | 21 | ENTRY - The petitioner's motion to append cause of action, etc. [dkt 14] is denied. The petitioner's motion for partial upfront payment of damages [dkt 16] is denied. (See Entry.) Copies distributed pursuant to distribution list. Signed by Judge William T. Lawrence on 4/1/2014. (RSF) (Entered: 04/01/2014) |
| 04/18/2014 | 22 | MOTION to apply correct standard or Appoint Counsel to do so, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(JKS) (Entered: 04/21/2014) |
| 04/23/2014 | 23 | MOTION In Rem Jurisdiction, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit A - Rule to Show Cause Circuit Rule 3(c) Docketing Statement, # 2 Exhibit B - Docket Sheet, # 3 Exhibit C - Continuation of Docket Sheet, # 4 Envelope)(SWM) Modified on 4/25/2014 - **Send to USCA via email** (RSF). (Entered: 04/24/2014) |
| 04/29/2014 | 24 | MOTION to Appoint Counsel, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Letter, # 2 Text of Proposed Order, # 3 Envelope)(SWM) (Entered: 04/29/2014) |
| 05/08/2014 | 25 | ENTRY - The motion to appoint counsel [dkt. 24] is granted. Shawn Nolan and Leigh Skipper of the Federal Community Defender Office for the Eastern District of Pennsylvania are appointed to represent petitioner Jeffery William Paul in these habeas proceedings. The court will provide further direction as to the filing of an amended petition and the briefing. The petitioner's motions to apply correct standard [dkt. 22] and motion to appoint officer [dkt. 23] are denied. Copies distributed pursuant to distribution list. Signed by Judge William T. Lawrence on 5/8/2014. (RSF) **Copy emailed to USCA re #14-1652.** Modified on 5/9/2014 (JLM). (Entered: 05/08/2014) |
| 05/08/2014 | 26 | ENTRY - The respondent is again requested to appear by counsel. The petitioner shall have through July 11, 2014, to file an amended petition for writ of habeas corpus or to take any other action as this case warrants. The respondent is directed to answer the allegations of the petitioner's amended petition for a writ of habeas corpus, and in doing so shall show cause why the relief sought by the petitioner should not be granted. This shall be done within twenty (20) days after the amended petition is filed. The petitioner shall have twenty (20) days after service of such answer or return to order to show cause on him in which to reply. Copies distributed pursuant to distribution list. Signed by Judge William T. Lawrence on 5/8/2014.(RSF) (Entered: 05/08/2014) |
| 05/22/2014 | 27 | MOTION for Reconsider re 25 Order on Motion to Appoint Counsel, 26 Entry, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit - News Article, # 2 Envelope)(DW) (Entered: 05/27/2014) |
| 05/28/2014 | 28 | ENTRY - denying 27 Motion for Reconsideration. Counsel for petitioner shall provide petitioner with a copy of today's Entry. Copies distributed pursuant to distribution list. Signed by Judge William T. Lawrence on 5/28/2014. (RSF) (Entered: 05/28/2014) |
| 06/03/2014 | 29 | NOTICE of Appearance by Gerald A. Coraz on behalf of Respondent J.F. Caraway, Warden. (Coraz, Gerald) (Entered: 06/03/2014) |
| 07/09/2014 | 34 | NOTICE of Appearance by Billy H. Nolas on behalf of Petitioner JEFFERY WILLIAM PAUL. (Attachments: # (1) Envelope) (JKS) **Emailed to USCA re: 14-1652** Modified on 7/14/2014 (LBT). (Entered: 07/11/2014) |
| 07/09/2014 | 35 | NOTICE of Appearance by Shawn Nolan on behalf of Petitioner JEFFERY WILLIAM PAUL. (Attachments: # (1) Envelope) (JKS) **Emailed to USCA re: 14-1652** Modified on 7/14/2014 (LBT). (Entered: 07/11/2014) |
| 07/09/2014 | 36 | MOTION for Extension of Time to filed Amended Petition, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order, # 2 Envelope)(JKS) (Entered: 07/11/2014) |
| 07/10/2014 | 30 | RESPONSE - OBJECTION, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(SWM) (Entered: 07/11/2014) |

| | | |
|---|---|---|
| 07/10/2014 | 31 | MOTION to Amend Complaint (Pleadings) filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Complaint, # 2 Affidavit to Support Exhibits Included, # 3 Envelope)(SWM) (Entered: 07/11/2014) |
| 07/10/2014 | 32 | MOTION to Amend Pleadings, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Various Documents, # 2 Envelope)(SWM) (Entered: 07/11/2014) |
| 07/10/2014 | 33 | MOTION to Enter Documents into the Record and Strike from Future Proceedings, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Various Documents, # 2 Envelope)(SWM) (Entered: 07/11/2014) |
| 09/15/2014 | 37 | MANDATE of USCA as to 17 Notice of Appeal filed by JEFFERY WILLIAM PAUL (USCA #14-1652) - This appeal is DISMISSED for lack of jurisdiction. Petitioner-appellant Jeffery William Paul filed a § 2241 action. That case currently is pending in the district court. As such, petitioner-appellant Paul's appeal in this case is premature. (JLM) (Entered: 09/15/2014) |
| 09/17/2014 | 38 | MOTION *for Order Permitting Mental Health Evaluations*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Nolan, Shawn) (Entered: 09/17/2014) |
| 09/24/2014 | 39 | MOTION to Dismiss , filed by Respondent J. F. CARAWAY. (Coraz, Gerald) (Entered: 09/24/2014) |
| 09/24/2014 | 40 | BRIEF/MEMORANDUM in Support re 39 MOTION to Dismiss , filed by Respondent J. F. CARAWAY. (Coraz, Gerald) (Entered: 09/24/2014) |
| 10/01/2014 | 41 | ENTRY - Petitioner David Paul is represented by counsel and is not entitled to also represent himself by filing motions without the aid of his counsel. For this reason, the court denies the following motions filed by Paul himself: # 31 , # 32 , # 33 . Signed by Judge William T. Lawrence on 10/1/2014. (AH) (Entered: 10/01/2014) |
| 10/01/2014 | 42 | RESPONSE in Opposition re 39 MOTION to Dismiss *Petitioner's Answer In Opposition to Respondents' Motion to Dismiss*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Nolan, Shawn) (Entered: 10/01/2014) |
| 10/09/2014 | 43 | MOTION for Extension of Time to January 7, 2015 *to File Amended Petition for a Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Nolan, Shawn) (Entered: 10/09/2014) |
| 12/01/2014 | 44 | ENTRY Concerning Selected Matters - The respondent's 39 motion to dismiss has been considered. That 39 motion is denied. The petitioner's 43 motion for extension of time [dkt 43] is granted. He shall have through February 4, 2015 in which to file an amended petition for writ of habeas corpus. The respondent shall have through February 27, 2015 in which to show cause why the relief sought in the amended petition for writ of habeas corpus (or in the original habeas petition, if an amended petition is not filed as permitted in paragraph 2 of this Entry) should not be granted. The petitioner's mental health could affect his representation in this action and/or the contents of his anticipated amended petition for writ of habeas corpus. His 38 motion for order permitting mental health evaluations [dkt 38] is therefore granted. The proposed order tendered with such motion is issued in the form presented. Signed by Judge William T. Lawrence on 12/1/2014. (AH) (Entered: 12/01/2014) |
| 12/01/2014 | 45 | ORDER granting Petitioner's 38 Motion for Order Permitting Mental Health Evaluations. The United States Penitentiary at Terre Haute, Indiana shall grant Donna Schwartz-Watts, M.D., and Sally Johnson, M.D., access to inmate Jeffrey William Paul and to records pertinent to his mental health condition and/or treatment for purposes of these evaluations at times convenient to the institution, Dr. Schwartz-Watts, and Dr. Johnson. Signed by Judge William T. Lawrence on 12/1/2014. (AH) (Entered: 12/01/2014) |
| 02/03/2015 | 46 | MOTION for Extension of Time to May 4, 2015 *to File Amended Petition for a Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Nolan, Shawn) (Entered: 02/03/2015) |

| | | |
|---|---|---|
| 02/03/2015 | 47 | MOTION to Produce *Motion for the Production of Petitioner's Prison Records Within Ten Days*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Nolan, Shawn) (Entered: 02/03/2015) |
| 02/17/2015 | 48 | RESPONSE in Opposition re 47 MOTION to Produce *Motion for the Production of Petitioner's Prison Records Within Ten Days* , filed by Respondent J. F. CARAWAY. (Ong, Winfield) (Entered: 02/17/2015) |
| 02/18/2015 | 49 | MOTION for Leave to File Amended Pro Se Pleading, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Affidavit, # 2 Attachments, # 3 Envelope)(AH) (Entered: 02/19/2015) |
| 02/20/2015 | 50 | ORDER denying 49 Motion for Leave to File. Both parties are represented by counsel in this action. Unless specifically directed otherwise, all filings by the parties shall be made through their counsel of record. Signed by Judge William T. Lawrence on 2/20/2015. (AH) (Entered: 02/20/2015) |
| 03/12/2015 | 51 | Letter from petitioner regarding docouments filed by petitioner. (Attachments: # 1 Envelope) (RSF) (Entered: 03/13/2015) |
| 04/03/2015 | 52 | MOTION to Amend 1 Petition for Writ of Habeas Corpus, filed PRO SE by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Attachments, # 2 Envelope)(AH) (Entered: 04/03/2015) |
| 04/22/2015 | 53 | MOTION to Amend and other assorted Motions, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Attachments, # 2 Envelope)(AH) (Entered: 04/23/2015) |
| 04/29/2015 | 54 | NOTICE of Substitution of Appearance by Winfield D. Ong replacing *Gerald A. Coraz* on behalf of J. F. CARAWAY, SUPERINTENDENT, UNITED STATES OF AMERICA (Ong, Winfield) (Entered: 04/29/2015) |
| 05/04/2015 | 55 | MOTION for Extension of Time to August 3, 2015 *to File Amended Petition for a Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit A, BOP Correspondence, # 2 Text of Proposed Order)(Nolan, Shawn) (Entered: 05/04/2015) |
| 05/14/2015 | 56 | Letter from JEFFERY W. PAUL re case. (Attachments: # 1 Envelope) (AH) (Entered: 05/15/2015) |
| 05/19/2015 | 57 | MOTION to Produce *Renewed Motion for the Production of Petitioner's Prison Records*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Nolan, Shawn) (Entered: 05/19/2015) |
| 05/29/2015 | 58 | Letter from JEFFERY PAUL re case. (Attachments: # 1 Attachments, # 2 Envelope) (AH) (Entered: 06/01/2015) |
| 06/10/2015 | 59 | NOTICE of Appearance by Jeffrey A. Zick on behalf of Respondent UNITED STATES OF AMERICA, SUPERINTENDENT. (AH) Modified on 6/13/2017 (DW). (Entered: 06/11/2015) |
| 07/06/2015 | 60 | Letter re case from JEFFREY PAUL. (Attachments: # 1 Attachments, # 2 Envelope) (AH) (Entered: 07/07/2015) |
| 07/30/2015 | 61 | Unopposed MOTION for Extension of Time to 11/02/2015 *to File Amended Petition for Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order) (Nolan, Shawn) (Entered: 07/30/2015) |
| 08/11/2015 | 62 | ENTRY Discussing Selected Matters - The motions for extension of time [dkt 46, dkt 55 and dkt 61] are granted. The petitioner shall have through September 20, 2015 in which to file an amended petition for writ of habeas corpus. The motion to produce petitioner's prison records [dkt 47] and the renewed motion for such action [dkt 57] are granted. The motions filed by the petitioner himself, rather than through his attorney, [dkt 52 and 53] are denied. Signed by Judge William T. Lawrence on 8/11/2015. (AH) (Entered: 08/11/2015) |
| 08/21/2015 | 63 | Joint MOTION *to Maintain Confidentiality of Federal Bureau of Prisons' Files Produced for Discovery*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Ong, Winfield) (Entered: 08/21/2015) |
| 08/26/2015 | 64 | MOTION for Extension of Time to October 1, 2015 , filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Ong, Winfield) (Entered: 08/26/2015) |

| | | |
|---|---|---|
| 08/28/2015 | 65 | ORDER - granting 64 Motion for Extension of Time. The respondent shall have through October 1, 2015 in which to produce copies of all of the medical, mental health, disciplinary and central file records in the possession of the BOP pertaining to the petitioner. The October 1, 2015 deadline is an outer limit. The respondent should proceed with the utmost diligence to product the designated materials with further delay. Signed by Judge William T. Lawrence on 8/28/2015. (RSF) (Entered: 08/28/2015) |
| 08/31/2015 | 66 | NOTICE of Substitution of Appearance by Peter Williams replacing Billy H. Nolas on behalf of JEFFERY WILLIAM PAUL (Attachments: # 1 Envelope) (DW) (Entered: 09/01/2015) |
| 09/04/2015 | 67 | NOTICE of Appearance by Leigh Skipper on behalf of Petitioner JEFFERY WILLIAM PAUL. (Skipper, Leigh) (Entered: 09/04/2015) |
| 09/14/2015 | 68 | ORDER FOR INFORMATION DISCOVERED BY THE DEFENDANT/PROTECTIVE ORDER - THIS MATTER comes before the Court as the result of the Joint Motion to Maintain Confidentiality of Federal Bureau of Prisons' Files Produced for Discovery. Upon a showing of good cause in support of entry of a Protective Order to protect the dissemination of information obtained through discovery that if further disseminated could jeopardize the safety and security of the Federal Bureau of Prisons' institutions, its inmates, and staff, it is hereby ORDERED. (See Order.) Signed by Judge William T. Lawrence on 9/14/2015. (RSF) (Entered: 09/14/2015) |
| 09/16/2015 | 69 | Unopposed MOTION for Extension of Time to December 21, 2015 *to File Amended Petition for Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order) (Nolan, Shawn) (Entered: 09/16/2015) |
| 09/18/2015 | 70 | ORDER g - ranting 69 Motion for Extension of Time. Petitioner shall file a counseled Amended Petition for a Writ of Habeas Corpus no later than December 21, 2015. Signed by Judge William T. Lawrence on 9/18/2015. (RSF) (Entered: 09/18/2015) |
| 10/14/2015 | 71 | Submission of Legal Request with Demand Letter, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (BGT) (Entered: 10/19/2015) |
| 10/23/2015 | 72 | Letter of Demand from Jeffrey William Paul no c/s. (Attachments: # 1 exhibits - attachments, # 2 Envelope) (MAC) (Entered: 10/27/2015) |
| 11/16/2015 | 73 | Entry and Notice - The court has considered the items recently filed directly by the petitioner. The court has no objection to the petitioner being supplied with a copy of the docket sheet and a copy of filings in the case. However, it will not engage the petitioner in a dialogue about the management of the case or the substance of his claims. The referenced demands 71 and 72 are therefore denied. Signed by Judge William T. Lawrence on 11/16/2015. (GSO) (Entered: 11/16/2015) |
| 12/01/2015 | 74 | MOTION for Equitable Relief, filed by Petitioner JEFFERY WILLIAM PAUL. no c/s (Attachments: # 1 Envelope) (GSO) (Entered: 12/02/2015) |
| 12/18/2015 | 75 | Unopposed MOTION for Extension of Time to March 21, 2016 *to File Amended Petition for Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order) (Nolan, Shawn) (Entered: 12/18/2015) |
| 12/18/2015 | 76 | Entry and Notice - The court has considered the 74 motion for equitable relief filed by the petitioner on December 1, 2015. The motion is denied. The reason for this ruling is that an amended petition for writ of habeas corpus is due to be filed by December 21, 2015 and it is inappropriate for the concerns presented in the petitioner's motion to be addressed outside the parameters of formal pleadings. Signed by Judge William T. Lawrence on 12/18/2015. (GSO) (Entered: 12/18/2015) |
| 12/22/2015 | 77 | ORDER - AND NOW, this 22nd day of December, 2015, upon consideration of Petitioner's 75 Unopposed Motion for Extension of Time to File an Amended Petition for a Writ of Habeas Corpus, it is hereby ORDERED that Petitioner's Motion is GRANTED, and Petitioner shall file a counseled Amended Petition for a Writ of Habeas Corpus no later than March 21, 2016. Signed by Judge William T. Lawrence on 12/22/2015. (GSO) (Entered: 12/22/2015) |

| | | |
|---|---|---|
| 02/01/2016 | 78 | Reassignment of Case to Magistrate Judge Mark J. Dinsmore. Magistrate Judge William G. Hussmann, Jr., is no longer assigned to the case. Please include the new case number (2:13-cv-00304-WTL-MJD), which includes the initials of the newly assigned judge, on all future filings in this matter. (JD) (Entered: 02/01/2016) |
| 03/04/2016 | 79 | MOTION to Vacate and Remand Request for Pro Se Relief, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope) (GSO) (Entered: 03/07/2016) |
| 03/15/2016 | 80 | Legal Letter of Request to the Clerk and Notice of Intent to File an Amicus Brief Pursuant to the Liberal Disposition of the Case, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (GSO) (Entered: 03/16/2016) |
| 03/16/2016 | 81 | Unopposed MOTION for Extension of Time to June 20, 2016 *to File Amended Petition for Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order) (Nolan, Shawn) (Entered: 03/16/2016) |
| 03/17/2016 | 82 | ORDER - And now, this 17th day of March, 2016, upon consideration of Petitioner's 81 Unopposed Motion for Extension of Time to File an Amended Petition for a Writ of Habeas Corpus, it is hereby ORDERED that Petitioner's Motion is GRANTED, and Petitioner shall file a counseled Amended Petition for a Writ of Habeas Corpus no later than June 20, 2016. Signed by Judge William T. Lawrence on 3/17/2016. (GSO) (Entered: 03/17/2016) |
| 04/15/2016 | 83 | Letter Regarding Case from Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope) (GSO) (Entered: 04/18/2016) |
| 04/15/2016 | 84 | Letter Regarding Case from Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (GSO) (Entered: 04/18/2016) |
| 05/03/2016 | 85 | Letter from Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (GSO) (Entered: 05/04/2016) |
| 05/23/2016 | 86 | Notice of Docketing from 7th Circuit Court of Appeals - Case No. 16-2220 assigned to Writ of Mandamus filed with the 7th Circuit by JEFFERY WILLIAM PAUL. (Attachments: # 1 Circuit Rule 3(b) Notice)(LBT) (Entered: 05/23/2016) |
| 05/26/2016 | 87 | USCA Certified Order (re USCA # 16-2220) - IT IS ORDERED that the petition for a writ of mandamus is DENIED. (MAG) (Entered: 05/26/2016) |
| 06/06/2016 | 88 | Legal Letter from Jeffery Paul no c/s. (Attachments: # 1 Envelope) (MAC) (Entered: 06/09/2016) |
| 06/09/2016 | 89 | MOTION (Legal Letter Request), filed by Petitioner JEFFERY WILLIAM PAUL no c/s. (Attachments: # 1 Envelope)(MAC) (Entered: 06/10/2016) |
| 06/16/2016 | 90 | Unopposed MOTION for Extension of Time to August 19, 2016 *to File Amended Petition for Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order) (Nolan, Shawn) (Entered: 06/16/2016) |
| 06/23/2016 | 91 | MOTION for Copy, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(BRR) Modified on 6/24/2016 (BRR). (Entered: 06/24/2016) |
| 06/23/2016 | 92 | Letter from Jeffery Paul Asking for Resolution. (Attachments: # 1 Exhibit) (BRR) Modified on 6/24/2016 (BRR). (Entered: 06/24/2016) |
| 06/23/2016 | 93 | Letter from Jeffrey Paul re Prison. (Attachments: # 1 Envelope) (BRR) (Entered: 06/24/2016) |
| 07/19/2016 | 94 | MOTION to the Court - by way of Rule 7, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(BRR) (Entered: 07/20/2016) |
| 07/19/2016 | 95 | Letter from Jeffery Paul re Ruling on Case. (Attachments: # 1 Envelope) (BRR) (Entered: 07/20/2016) |
| 07/22/2016 | 96 | Entry Concerning Selected Matters - The motion for extension of time to file an amended petition for writ of habeas corpus 90 is granted. The amended petition for writ of habeas corpus shall be filed not later than August 18, 2016. The request for a hearing in the petitioner's pro se filing of March 4, |

| | | |
|---|---|---|
| | | 2016 79 is denied for the present. All appropriate proceedings, however, will be conducted. The petitioner's pro se request to file an amicus brief 80 is denied for the present. The petitioner's pro se letter filed on June 9, 2016 makes reference to a mandamus petition in the Seventh Circuit Court of Appeals docketed as No. 16-2220 and also makes reference to a filing in the Eighth Circuit Court of Appeals. As to the former, it was denied on May 26, 2016. As to the latter, there is a motion pursuant to 28 U.S.C. § 2255(h) pending in the Eighth Circuit Court of Appeals, docketed as No. 16-2330, but the petitioner's counsel in that action will be the best source of information. The observation just made is equally applicable to the motion filed by the petitioner pro se on June 23, 2016 and these motions 89 and 91 are denied insofar as through them relief is sought in this case. The petitioner's pro se motion seeking an order prohibiting any further modification of the briefing schedule in this case 94 is denied. Each such motion, if filed, will be considered and ruled on individually. Counsel for the petitioner are requested to supply the petitioner with a copy of this Entry. Signed by Judge William T. Lawrence on 7/22/2016. (BRR) (Entered: 07/22/2016) |
| 08/17/2016 | 97 | Unopposed MOTION for Extension of Time to October 18, 2016 *to File Amended Petition for Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Nolan, Shawn) (Entered: 08/17/2016) |
| 08/19/2016 | 98 | ORDER - granting 97 Motion for Extension of Time. Petitioner shall file a counseled Amended Petition for a Writ of Habeas Corpus no later than October 18, 2016. Signed by Judge William T. Lawrence on 8/19/2016. (BRR) (Entered: 08/19/2016) |
| 09/30/2016 | 99 | MOTION to object and enter complaint, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 10/03/2016) |
| 10/07/2016 | 100 | ENTRY: Accordingly, the petitioner's motion for leave to file such a brief [dkt 99 ] is denied ***SEE ENTRY FOR ADDIITONAL INFORMATION***. Signed by Judge William T. Lawrence on 10/7/2016. (DW) (Entered: 10/07/2016) |
| 10/14/2016 | 101 | Pro Se Amicus Pleading, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 10/17/2016) |
| 10/18/2016 | 102 | ***PLEASE DISREGARD - CORRECTED DOCUMENT FILED AT 103 *** Writ of Habeas Corpus ad prosequendum , filed by Petitioner JEFFERY WILLIAM PAUL. (Nolan, Shawn) Modified on 10/19/2016 - added 'disregard' text (RSF). (Entered: 10/18/2016) |
| 10/18/2016 | 103 | SEALED *Amended Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Nolan, Shawn) Modified on 10/19/2016 - edit to docket text (RSF). (Entered: 10/18/2016) |
| 10/19/2016 | 104 | MOTION to Maintain Document Under Seal 103 SEALED MOTION *for Writ of Habeas Corpus*, 102 MOTION for Writ of Habeas Corpus ad prosequendum , filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit Exhibit A, # 2 Text of Proposed Order)(Nolan, Shawn) (Entered: 10/19/2016) |
| 11/01/2016 | 105 | MOTION to Expedite Resolution, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 11/02/2016) |
| 11/07/2016 | 106 | SEALED *Appendix to Petition for Writ of Habeas Corpus*, re 103 SEALED Motion (Case Participants - doc), filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Appendix Volume 1-Part 2, # 2 Appendix Volume 1-Part 3, # 3 Appendix Volume 1- Part 4, # 4 Appendix Volume 1- Part 5, # 5 Appendix Volume 1- Part 6, # 6 Appendix Volume 2- Part 1, # 7 Appendix Volume 2- Part 2, # 8 Appendix Volume 2- Part 3, # 9 Appendix Volume 2- Part 4, # 10 Appendix Volume 2- Part 5, # 11 Appendix Volume 2- Part 6, # 12 Appendix Volume 2- Part 7, # 13 Appendix Volume 2- Part 8, # 14 Appendix Volume 2- Part 9, # 15 Appendix Volume 2- Part 10, # 16 Appendix Volume 2- Part 11, # 17 Appendix Volume 2- Part 12, # 18 Appendix Volume 2- Part 13, # 19 Appendix Volume 2- Part 14, # 20 Appendix Volume 2- Part 15, # 21 Appendix Volume 2- Part 16, # 22 Appendix Volume 2- Part 17, # 23 Appendix Volume 2- Part 18, # 24 Appendix Volume 2- Part 19, # 25 Appendix Volume 2- Part 20, # 26 Appendix Volume 2- Part 21, # 27 Appendix Volume 2- Part 22, # 28 Appendix Volume 2- Part 23, # 29 Appendix Volume 2- Part 24, # 30 Appendix Volume 2- Part 25, # 31 Appendix Volume 2- Part 26, # 32 Appendix Volume 2- Part 27, # 33 Appendix Volume 2- Part 28, # 34 Appendix |

| | | |
|---|---|---|
| | | Volume 2- Part 29, # 35 Appendix Volume 2- Part 30, # 36 Appendix Volume 2- Part 31, # 37 Appendix Volume 2- Part 32, # 38 Appendix Volume 2- Part 33, # 39 Appendix Volume 2- Part 34, # 40 Appendix Volume 3- Part 1, # 41 Appendix Volume 3- Part 2, # 42 Appendix Volume 3- Part 3, # 43 Appendix Volume 3- Part 4, # 44 Appendix Volume 3- Part 5, # 45 Appendix Volume 3- Part 6, # 46 Appendix Volume 3- Part 7, # 47 Appendix Volume 3- Part 8, # 48 Appendix Volume 3- Part 9, # 49 Appendix Volume 3- Part 10, # 50 Appendix Volume 3- Part 11, # 51 Appendix Volume 4- Part 1, # 52 Appendix Volume 4- Part 2, # 53 Appendix Volume 4- Part 3, # 54 Appendix Volume 4- Part 4, # 55 Appendix Volume 4-Part 5, # 56 Appendix Volume 4- Part 6, # 57 Appendix Volume 4- Part 7, # 58 Appendix Volume 4- Part 8, # 59 Appendix Volume 4- Part 9, # 60 Appendix Volume 4- Part 10, # 61 Appendix Volume 4- Part 11, # 62 Appendix Volume 4- Part 12, # 63 Appendix Volume 5- Part 1, # 64 Appendix Volume 5- Part 2, # 65 Appendix Volume 5- Part 3, # 66 Appendix Volume 5- Part 4, # 67 Appendix Volume 5- Part 5, # 68 Appendix Volume 5- Part 6, # 69 Appendix Volume 5- Part 7, # 70 Appendix Volume 5- Part 8, # 71 Appendix Volume 5- Part 9, # 72 Appendix Volume 5- Part 10, # 73 Appendix Volume 5- Part 11, # 74 Appendix Volume 6- Part1, # 75 Appendix Volume 6- Part 2)(Nolan, Shawn) (Entered: 11/07/2016) |
| 11/07/2016 | 107 | MOTION to Maintain Document Under Seal 106 SEALED Document (Case Participants - doc) , filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Nolan, Shawn) (Entered: 11/07/2016) |
| 12/06/2016 | 108 | MOTION for court's response, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope)(DW) (Entered: 12/06/2016) |
| 12/29/2016 | 109 | Letter and Request to the Office of the Court Clerk from Jeffery W. Paul no c/s. (Attachments: # 1 Exhibits, # 2 Envelope) (MAC) (Entered: 12/30/2016) |
| 01/05/2017 | 110 | MOTION to Object to Further Delay, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(BRR) (Entered: 01/06/2017) |
| 02/08/2017 | 111 | MOTION in Amicus for Protective Order/Injunction, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 02/08/2017) |
| 02/08/2017 | 112 | MOTION to Amend for Protective Order/Injunction, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 02/08/2017) |
| 03/07/2017 | 113 | ENTRY AND NOTICE - Filings on behalf of the petitioner in this action for habeas corpus relief will continue to be made by and only by his counsel of record. Consistent with the foregoing, the motions submitted directly by the petitioner [dkt 105, 108, 110, 111, 112] are each denied. Signed by Judge William T. Lawrence on 3/7/2017. (RSF) (Entered: 03/07/2017) |
| 03/08/2017 | 114 | MOTION for court to expedite, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 03/08/2017) |
| 03/20/2017 | 115 | MOTION to schedule case and request for copy of schedule, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 03/21/2017) |
| 03/20/2017 | 116 | MOTION to attach documents (Habeas Corpus/Capital Case/Uncounseled Correspondence), filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 03/21/2017) |
| 03/20/2017 | 117 | MOTION to attach documents to counseled petition, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 03/21/2017) |
| 03/20/2017 | 118 | Letter asserting innocence from Petitioner. (Attachments: # 1 Exhibit - excerpt from magazine, # 2 Envelope) (DW) Modified on 3/21/2017 (DW). (Entered: 03/21/2017) |
| 03/22/2017 | 119 | ENTRY AND NOTICE - Filings on behalf of the petitioner in this action for habeas corpus relief will continue to be made by and only by his counsel of record. Consistent with the foregoing, the motions submitted directly by the petitioner [dkt 114 , 115 , 116 , 117 ] are each denied. Signed by Judge William T. Lawrence on 3/22/2017. (DW) (Entered: 03/22/2017) |

| | | |
|---|---|---|
| 03/28/2017 | 120 | MOTION to attach documents to relief section of petition for writ, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 03/29/2017) |
| 04/03/2017 | 121 | Letter from Petitioner Regarding Case Claims. (Attachments: # 1 Exhibit - pg 1 - pg 4, # 2 Envelope)(DW) (Entered: 04/04/2017) |
| 04/05/2017 | 122 | MOTION to attach more documents for support to relief section of counseled petition for writ, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) Modified on 4/6/2017 (DW). (Entered: 04/06/2017) |
| 04/10/2017 | 123 | ENTRY AND NOTICE - Filings on behalf of the petitioner in this action for habeas corpus relief will continue to be made by and only by his counsel of record. Consistent with the foregoing, the motions submitted directly by the petitioner [dkt 120 , 122 ] are each denied. Signed by Judge William T. Lawrence on 4/10/2017. (RSF) (Entered: 04/10/2017) |
| 04/10/2017 | 124 | MOTION to attach documents, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibitis, # 2 Cover Letter, # 3 Envelope)(DW) (Entered: 04/11/2017) |
| 04/18/2017 | 125 | ENTRY AND NOTICE - Filings on behalf of the petitioner in this action for habeas corpus relief will continue to be made by and only by his counsel of record. Consistent with the foregoing, the petitioner's motion filed on April 10, 2017 [dkt 124 ] is denied. Copy to petitioner via US Mail. Signed by Judge William T. Lawrence on 4/18/2017. (RSF) (Entered: 04/18/2017) |
| 04/21/2017 | 126 | MOTION to attach additional papers, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 04/24/2017) |
| 04/21/2017 | 127 | MOTION to attached additional papers to Petitioner for Writ at the relief section for Restitution, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 04/24/2017) |
| 04/27/2017 | 128 | ENTRY AND NOTICE - Filings on behalf of the petitioner in this action for habeas corpus relief will continue to be made by and only by his counsel of record. The petitioner's motions filed on April 21, 2017 [dkts 126 , 127 ] are denied. Copy to Petitioner via US Mail. Signed by Judge William T. Lawrence on 4/27/2017. (APD) (Entered: 04/27/2017) |
| 05/03/2017 | 129 | MOTION regarding correspondence, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 05/04/2017) |
| 06/02/2017 | 130 | MOTION to Expedite Resolution, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope)(DW) (Entered: 06/05/2017) |
| 06/06/2017 | 131 | ENTRY and ORDER TO SHOW CAUSE: The petitioner's motions to maintain documents under seal [Dkt. Nos. 104 and 107 ] are granted for the present. The amended habeas petition and the appendix shall be maintained under seal until further order. The respondent shall have through August 8, 2017, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by the petitioner should not be granted. The petitioner shall have thirty (30) days after service of the answer in which to reply (SEE ORDER). Signed by Judge William T. Lawrence on 6/6/2017.(DW) (Entered: 06/06/2017) |
| 06/07/2017 | 132 | Entry Granting Petitioner's Motions to Expedite - Petitioner's May 3, 2017, correspondence docketed as a motion requesting a resolution of the case, [Dkt. 129 ], and June 2, 2017, correspondence docketed as a motion to expedite, [Dkt. 130 ], are granted insofar as the Court's Entry and Order to Show Cause entered June 6, 2017, resolves petitioner's concerns. Signed by Judge William T. Lawrence on 6/7/2017. (DW) (Entered: 06/07/2017) |
| 06/12/2017 | 133 | NOTICE of Appearance (Wood, James) (Entered: 06/12/2017) |
| 07/11/2017 | 134 | Letter of Intent from Jeffery Paul. (Attachments: # 1 Envelope) (DW) (Entered: 07/12/2017) |
| 07/11/2017 | 135 | MOTION letter/request to the court, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 07/12/2017) |

| | | |
|---|---|---|
| 07/13/2017 | 136 | Entry Regarding Petitioner's Correspondence to the Court - The Court has considered petitioner's correspondence docketed July 11, 2017. To the extent petitioner expresses concerns about his pending habeas corpus petition, he is represented by counsel on those matters and counsel may address any such concerns. To the extent petitioner discusses matters beyond the issues pending before the Court, they are not issues cognizable in this Court in a habeas corpus action. The correspondence does not specifically request certain relief. Accordingly, the clerk is directed to terminate as a motion this filing, [Dkt. 135 ]. Signed by Judge William T. Lawrence on 7/13/2017. (DW) (Entered: 07/13/2017) |
| 07/18/2017 | 137 | MOTION to Attach Documents for Restitution & Relief, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Cover Letter, # 2 Exhibit, # 3 Envelope)(APD) (Entered: 07/19/2017) |
| 07/20/2017 | 138 | Entry Regarding Petitioner's Motion to Attach Document - Petitioner is represented by counsel but on July 18, 2017, filed pro se a motion to attach documents for restitution and relief. The Court has reviewed the motion. It asserts matters beyond the scope of the pending Section 2241 petition and seeks relief beyond the Court's authority. Accordingly, the motion, [Dkt. 137 , is denied. Signed by Judge William T. Lawrence on 7/20/2017. (DW) (Entered: 07/20/2017) |
| 07/25/2017 | 139 | Unopposed MOTION for Extension of Time to September 29, 2017 in which to 106 SEALED Document (Case Participants - doc) . (Attachments: # 1 Text of Proposed Order)(Zick, Jeffrey) (Entered: 07/25/2017) |
| 07/25/2017 | 140 | MOTION for order to process request for remedy of violations of civil-rights, obstructed to date, attach papers to request for relief section of counseled pleadings, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 07/26/2017) |
| 07/25/2017 | 141 | Letter from Petitioner REGARDING Notice/Request to Judges. (Attachments: # 1 Envelope) (DW) (Entered: 07/26/2017) |
| 07/27/2017 | 142 | ORDER granting 139 Motion for Extension of Time. Respondents shall file their answer to Petitioner's amended habeas petition no later than September 29, 2017. Signed by Judge William T. Lawrence on 7/27/2017. (DW) (Entered: 07/27/2017) |
| 07/27/2017 | 143 | Entry Regarding Petitioner's July 25, 2017 Motion - Petitioner is represented by counsel but on July 25, 2017, filed another pro se motion, this one asking for an "order to process request for remedy of violation of civil-rights...." The Court has reviewed the motion and finds that it does not relate to issues pending in this action. The motion, [Dkt. 140 ], is denied. Signed by Judge William T. Lawrence on 7/27/2017. (DW) (Entered: 07/27/2017) |
| 07/27/2017 | 144 | MOTION to attach document/Request for Relief to Counseled Petition, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 07/28/2017) |
| 08/01/2017 | 145 | ORDER denying 144 Motion to attach document/Request for Relief to Counseled Petition. SEE ORDER. Signed by Judge William T. Lawrence on 8/1/2017. (JRB) (Entered: 08/01/2017) |
| 08/16/2017 | 146 | MOTION to redress omission of due process, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 08/17/2017) |
| 08/30/2017 | 147 | Letter (Legal) of request to the Judge from Jeffery W. Paul. (Attachments: # 1 Envelope) (DW) (Entered: 08/31/2017) |
| 08/30/2017 | 148 | Letter (Legal) of Notice from Jeffery W. Paul. (Attachments: # 1 Envelope) (DW) (Entered: 08/31/2017) |
| 08/30/2017 | 149 | MOTION to attach papers to counseled petitions, request for relief section, pursuant to damages (&) process, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 08/31/2017) |
| 09/07/2017 | 150 | MOTION for joinder of parties seeking amendment to counseled petitioners request for relief section, pursuant to damages from injury of spousal estrangement, alienation of affection (&) involuntary separation, dissolution of common-law marriage, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 09/07/2017) |

| | | |
|---|---|---|
| 09/11/2017 | 151 | MOTION to proceed pro se, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 09/12/2017) |
| 09/15/2017 | 152 | Entry Regarding Pending Motions - Petitioner's motion to redress omission of due process, 146 , motion to attach papers, 149 , and motion for joinder of parties, 150 , are denied. Petitioner is reminded that filings in this action are to be made only through counsel. Signed by Judge William T. Lawrence on 9/15/2017. (JRB) (Entered: 09/15/2017) |
| 09/18/2017 | 153 | MOTION to Serve Papers to Party Joined for Consolidation, filed by Petitioner JEFFERY WILLIAM PAUL. no/cs (Attachments: # 1 Exhibits, # 2 Envelope)(CKM) (Entered: 09/19/2017) |
| 09/20/2017 | 154 | MOTION to amend counseled petitions request for relief section, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 09/20/2017) |
| 09/20/2017 | 155 | MOTION for Emergency Order, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 09/21/2017) |
| 09/25/2017 | 156 | MOTION to Revise Amended Section for Relief of Counseled Plea, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Letter, # 2 Envelope)(DW) (Entered: 09/26/2017) |
| 09/26/2017 | 157 | Letter of request/notice to a Federal Judge from Petitioner. (Attachments: # 1 Envelope) (DW) (Entered: 09/26/2017) |
| 09/28/2017 | 158 | RETURN TO ORDER TO SHOW CAUSE, re 131 Order to Show CauseTerminate Motions, filed by UNITED STATES OF AMERICA.. (Zick, Jeffrey) (Entered: 09/28/2017) |
| 10/02/2017 | 159 | Letter (Legal) from Jeffery W. Paul. (Attachments: # 1 Envelope) (DW) (Entered: 10/03/2017) |
| 10/10/2017 | 160 | MOTION for order/restitution, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 10/11/2017) |
| 10/11/2017 | 161 | MOTION for Relief, Amend Counseled Petitions Section for Damages, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 10/12/2017) |
| 10/11/2017 | 162 | Legal Letter to the Judges from Jeffery W. Paul. (Attachments: # 1 Envelope) (DW) (Entered: 10/12/2017) |
| 10/12/2017 | 163 | Entry Regarding Pending Motions - Petitioner's motion to proceed pro se, Dkt. No. 151 , is denied without prejudice at this time. The motion to serve papers, Dkt. No. 153 , is denied. The motion to amend counseled petitions, Dkt. No. 154 , is denied. The motion for emergency order, Dkt. No. 155 , is denied. The motion to revise amended section for relief, Dkt. No. 156 , is denied. The motion for restitution, Dkt. No. 160 , is denied. Petitioner is reminded that filings in this action are to be made only through counsel. Signed by Judge William T. Lawrence on 10/12/2017. (RSF) (Entered: 10/12/2017) |
| 10/23/2017 | 164 | MOTION for copies, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 10/24/2017) |
| 10/25/2017 | 165 | MOTION for order to process-spousal claims/joinder, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DW) (Entered: 10/26/2017) |
| 10/26/2017 | 166 | Entry on Pending Motions - The pro se motion for relief, Dkt. No. 161 , is denied. Petitioner is reminded that filings in this action are to be made only through counsel. Petitioner's pro se request for a docket sheet, docketed as a motion, Dkt. No. 164 , is denied. Petitioner is represented by counsel. Counsel may send petitioner a copy of the public docket, and petitioner is again reminded that filings are to be made through counsel, including requests for copies of the docket or filings. Signed by Judge William T. Lawrence on 10/26/2017. (DW) (Entered: 10/26/2017) |
| 10/26/2017 | 167 | Unopposed MOTION for Extension of Time to December 12, 2017 *to File Reply*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Nolan, Shawn) (Entered: 10/26/2017) |

| | | |
|---|---|---|
| 10/27/2017 | 168 | Legal Letter to the court from Petitioner. (Attachments: # 1 Exhibit, # 2 Envelope) (DW) (Entered: 10/30/2017) |
| 10/27/2017 | 169 | MOTION to review any evidence in contention for habeas to assist appointed counsel, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 10/30/2017) |
| 10/30/2017 | 170 | ORDER granting 167 Motion for Extension of Time. Petitioner shall file a reply in support of his Amended Petition for a Writ of Habeas Corpus no later than December 12, 2017. Signed by Judge William T. Lawrence on 10/30/2017. (DW) (Entered: 10/30/2017) |
| 12/11/2017 | 171 | Unopposed MOTION for Extension of Time to 1/26/18 *to File Reply in Support of Amended Petition for Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Nolan, Shawn) (Entered: 12/11/2017) |
| 12/12/2017 | 172 | ORDER granting 171 Motion for Extension of Time. Petitioner shall file a reply in support of his Amended Petition for a Writ of Habeas Corpus no later than January 26, 2018. Signed by Judge William T. Lawrence on 12/12/2017. (DW) (Entered: 12/12/2017) |
| 12/26/2017 | 173 | Legal Letter from Jeffrey Paul. (Attachments: # 1 Envelope) (REO) (Entered: 12/27/2017) |
| 01/02/2018 | 174 | Entry on Pending Motions - The pro se motion for relief, Dkt. No. 169 , is denied. Petitioner is reminded that filings in this action are to be made only through counsel. Signed by Judge William T. Lawrence on 1/2/2018. (RSF) (Entered: 01/02/2018) |
| 01/05/2018 | 175 | Letter from Jeffery Paul re: Case Status. (Attachments: # 1 Envelope) (MAC) (Entered: 01/08/2018) |
| 01/16/2018 | 176 | NOTICE of Appearance by Jeffrey Kahan on behalf of Defendants Superintendent, USP Terre Haute and the United States of America. (Kahan, Jeffrey) Modified on 1/17/2018 (DW). (Entered: 01/16/2018) |
| 01/17/2018 | 177 | Letter from Petitioner to Judge. (Attachments: # 1 Envelope) (DW) (Entered: 01/18/2018) |
| 01/24/2018 | 178 | Unopposed MOTION for Extension of Time to February 25, 2018 *to File Reply*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Nolan, Shawn) (Entered: 01/24/2018) |
| 01/26/2018 | 179 | ORDER granting 178 Motion for Extension of Time. Petitioner shall file a reply in support of his Amended Petition for a Writ of Habeas Corpus no later than February 25, 2018. Signed by Judge William T. Lawrence on 1/26/2018. (DW) (Entered: 01/26/2018) |
| 01/29/2018 | 180 | Letter from Petitioner. (Attachments: # 1 Envelope) (MEJ) (Entered: 01/30/2018) |
| 01/30/2018 | 181 | MOTION for Ineffective Assistance of Counsel, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (MEJ) (Entered: 01/31/2018) |
| 02/12/2018 | 182 | Letter from Petitioner re Legal Demand. (Attachments: # 1 Envelope) (MEJ) (Entered: 02/13/2018) |
| 02/20/2018 | 183 | Letter from Jeffery Paul re Request for Relief. (Attachments: # 1 Envelope) (BRR) (Entered: 02/21/2018) |
| 02/23/2018 | 184 | Unopposed MOTION for Extension of Time to March 24, 2018 *to File Reply in Support of Amended Petition for Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Nolan, Shawn) (Entered: 02/23/2018) |
| 02/26/2018 | 185 | ORDER granting 184 Motion for Extension of Time. Petitioner shall file a reply in support of his Amended Petition for a Writ of Habeas Corpus no later than March 24, 2018. Signed by Judge William T. Lawrence on 2/26/2018. (DW) (Entered: 02/26/2018) |
| 02/28/2018 | 186 | Letter from Jeffrey Paul. (Attachments: # 1 Envelope) (BRR) (Entered: 02/28/2018) |
| 03/16/2018 | 187 | MOTION to Review All Discovery, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope). (MAC) (Entered: 03/19/2018) |

| | | |
|---|---|---|
| 03/21/2018 | 188 | Entry on Pending Motions - The pro se motions for ineffective assistance of counsel, Dkt. No. 181 , and for review of all discovery, Dkt. No. 187 , are denied. Petitioner is reminded that filings in this action are to be made only through counsel. Signed by Judge William T. Lawrence on 3/21/2018. (RSF) (Entered: 03/21/2018) |
| 03/23/2018 | 189 | Unopposed MOTION for Extension of Time to April 23, 2018 *to file Reply in Support of Amended Petition for a Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Nolan, Shawn) (Entered: 03/23/2018) |
| 03/26/2018 | 190 | ORDER granting Petitioner's 189 Motion for Extension of Time to File reply in support of his Amended Petition for a Writ of Habeas Corpus to 4/23/2018. Signed by Judge William T. Lawrence on 3/26/2018. (SWM) (Entered: 03/26/2018) |
| 03/30/2018 | 191 | Letter from Petitioner REGARDING Potential Conflict of Interest. (Attachments: # 1 Exhibits, # 2 Envelope) (DW) (Entered: 04/02/2018) |
| 04/03/2018 | 192 | Letter from Petitioner to the Judges. (Attachments: # 1 Envelope) (DW) (Entered: 04/04/2018) |
| 04/09/2018 | 193 | Letter from Jeffery Paul addressed to Judge Lawrence and Judge Dinsmore (Attachments: # 1 Envelope) (CBU) (Entered: 04/10/2018) |
| 04/23/2018 | 194 | *** UNSEALED PER DOCKET NO. 200 *** SEALED REPLY in support of Motion re 103 SEALED MOTION *for Writ of Habeas Corpus* , filed by Petitioner JEFFERY WILLIAM PAUL. (Nolan, Shawn) Modified on 12/17/2018 (SWM). (Entered: 04/23/2018) |
| 04/23/2018 | 195 | MOTION to Maintain Document Under Seal 194 SEALED Reply in support of Motion , filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Nolan, Shawn) (Entered: 04/23/2018) |
| 05/29/2018 | 196 | Submission of Exhibits, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DW) (Entered: 05/31/2018) |
| 06/11/2018 | 197 | MOTION to Reiterate Compelling Action to Relieve Petitioner in Further Action due to Prima-Facie both Conviction & Sentence, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Lead Reports, # 2 Envelope)(JKS) (Entered: 06/12/2018) |
| 07/19/2018 | 198 | Letter from Jeffery W. Paul. (Attachments: # 1 Envelope) (DMW) (Entered: 07/20/2018) |
| 08/23/2018 | 199 | Letter from Petitioner with exhibits. (Attachments: # 1 Exhibits, # 2 Envelope) (DWH) (Entered: 08/24/2018) |
| 08/28/2018 | 200 | ORDER ON MOTION TO SEAL - The Court is entirely unable to evaluate Petitioner's motion absent a brief articulating how the motion complies with strict Seventh Circuit authority disfavoring the sealing of documents filed with the Court, or without a redacted copy of the document in question to allow the Court to determine what portions of Docket No. 194 Petitioner actually seeks to maintain under seal. Accordingly, Petitioner's motion to seal [Dkt. 195 ] is DENIED. The Clerk is directed to UNSEAL Docket No. 194 on or after September 19, 2018, absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal, or a further order of the Court. (See Order.) Signed by Magistrate Judge Mark J. Dinsmore on 8/28/2018. (DMW) (Entered: 08/28/2018) |
| 10/12/2018 | 201 | MOTION for Copies, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DMW) (Entered: 10/15/2018) |
| 10/12/2018 | 202 | MOTION to Enter Demand for Judgment, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DMW) (Entered: 10/15/2018) |
| 10/12/2018 | 203 | MOTION for Relief of Judgment by way of Demand, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DMW) (Entered: 10/15/2018) |
| 10/12/2018 | 204 | AFFIDAVIT to Support Request to Expedite & Relieve Due to Duress from Disparate- Treatment Against a Person of a Protected Class by JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DMW) (Entered: 10/15/2018) |

| | | |
|---|---|---|
| 10/19/2018 | 205 | Entry Regarding Pending Motions - The petitioner's pro se motions are denied. Dkt. No. 197 ; Dkt. No. 201 ; Dkt. No. 202 ; Dkt. No. 203 . The petitioner is reminded that filings in this action are to be made only through his counsel. Signed by Judge William T. Lawrence on 10/19/2018. (DMW) (Entered: 10/19/2018) |
| 11/02/2018 | 206 | Letter to the Judge from Petitioner. (Attachments: # 1 Exhibit, # 2 Envelope) (JDC) (Entered: 11/05/2018) |
| 11/30/2018 | 207 | MOTION to Attach Documents to Counseled Petitions Request for Relief Section, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Attachment, # 2 Envelope)(DMW) (Entered: 12/03/2018) |
| 12/03/2018 | 208 | Letter from JEFFERY WILLIAM PAUL to Judge Stinson. (Attachments: # 1 Exhibit, # 2 Envelope) (DMW) (Entered: 12/04/2018) |
| 12/03/2018 | 209 | MOTION to Enter Demand for Judgment, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DMW) (Entered: 12/04/2018) |
| 12/03/2018 | 210 | MOTION to Attach Documents to Counseled Petitions Request for Relief Section, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DMW) (Entered: 12/04/2018) |
| 12/03/2018 | 211 | MOTION to File Emergency Motion, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibits, # 2 Envelope)(DMW) (Entered: 12/04/2018) |
| 12/03/2018 | 212 | Emergency MOTION for Permission to Exhaust Original Petition, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Envelope)(DMW) (Entered: 12/04/2018) |
| 12/14/2018 | 213 | Entry Regarding Pending Motions - The petitioner's pro se motions are denied. Dkt. No. 207 ; Dkt. No. 209 ; Dkt. No. 210 ; Dkt. No. 211 ; Dkt. No. 212 . The petitioner is reminded that filings in this action are to be made only through his counsel. Signed by Judge William T. Lawrence on 12/14/2018. (DMW) (Entered: 12/14/2018) |
| 12/21/2018 | 214 | Letter to the Court from Jeffery W. Paul regarding certified mail. (Attachments: # 1 Envelope) (RSF) (Entered: 12/21/2018) |
| 01/29/2019 | 215 | Letter to the Court from JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (DMW) (Entered: 01/30/2019) |
| 02/22/2019 | 216 | Letter to the Judge from JEFFERY WILLIAM PAUL. (Attachments: # 1 Cover Letter, # 2 Envelope) (DMW) (Entered: 02/25/2019) |
| 02/22/2019 | 217 | Letter to the Clerk of Court from JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (DMW) (Entered: 02/25/2019) |
| 02/22/2019 | 218 | MOTION for Order to Counsel to File Amendments, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(DMW) (Entered: 02/25/2019) |
| 03/05/2019 | 219 | Entry Regarding Pending Motion - The petitioner's pro se motion is denied. Dkt. No. 218 . The petitioner is reminded that filings in this action are to be made only through his counsel. Signed by Judge William T. Lawrence on 3/5/2019. (DMW) (Entered: 03/05/2019) |
| 03/20/2019 | 220 | Entry Staying Case - This action is stayed pending the Supreme Court's decision in United States v. Davis, No. 18-431. Petitioner shall have fourteen days from the date the Supreme Court issues a decision in Davis to file a notice with the Court. The clerk is directed to administratively close this action on the docket. Once Petitioner files the ordered notice, the Court will administratively open this action and direct how this action will proceed to resolution. (See Entry.) Signed by Judge William T. Lawrence on 3/20/2019. (DMW) (Entered: 03/20/2019) |
| 04/11/2019 | 221 | Legal Letter to the Judges from Jeffery Paul. (Attachments: # 1 Envelope) (LBT) (Entered: 04/12/2019) |
| 05/07/2019 | 222 | Letter to the Judge from JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (DMW) (Entered: 05/08/2019) |

| | | |
|---|---|---|
| 05/13/2019 | 223 | Letter from Petitioner, JEFFERY WILLIAM PAUL, Stating Claims. (Attachments: # 1 Envelope) (DMW) (Entered: 05/14/2019) |
| 06/26/2019 | 224 | Order Lifting Stay and Directing Further Proceedings - The Court stayed this action pending the Supreme Court's resolution of United States v. Davis, No. 18-431. The Supreme Court issued a decision in Davis on June 24, 2019. Accordingly, this action is no longer stayed. Respondent shall have through August 9, 2019, in which to file a supplemental brief addressing how the Supreme Court's decision in Davis impacts the issues in this action. Petitioner shall have through September 6, 2019, to file a responsive supplemental brief. The clerk is directed to re-open this action on the docket. Signed by Judge William T. Lawrence on 6/26/2019. (DMW) (Entered: 06/26/2019) |
| 07/01/2019 | 225 | ORDER REASSIGNING CASE - Pursuant to 28 U.S.C. Section 137 and Local Rule 40-1(f), this matter has been reassigned from Judge William T. Lawrence to newly assigned Judge Jane Magnus-Stinson. Please included the new case number, 2:13-cv-00304-JMS-MJD on all future filings in this matter. Signed by Judge Jane Magnus-Stinson on 7/1/2019. (RSF) (Entered: 07/01/2019) |
| 07/02/2019 | 226 | Letter from Petitioner, JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope) (DMW) (Entered: 07/02/2019) |
| 08/02/2019 | 227 | First MOTION for Extension of Time to September 6, 2019 *to file supplemental brief re: Davis*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Kahan, Jeffrey) (Entered: 08/02/2019) |
| 08/05/2019 | 228 | Letter from Petitioner, JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (DMW) (Entered: 08/06/2019) |
| 08/07/2019 | 229 | ORDER GRANTING MOTION TO EXTEND TIME - granting 227 Motion for Extension of Time. Petitioner shall have through October 7, 2019, to file a responsive supplemental brief. Signed by Judge Jane Magnus-Stinson on 8/7/2019. (DMW) (Entered: 08/07/2019) |
| 09/03/2019 | 230 | Letter from Petitioner, JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope) (DMW) (Entered: 09/04/2019) |
| 09/06/2019 | 231 | BRIEF/MEMORANDUM in Support *of Return to Order to Show Cause*, filed by Respondents SUPERINTENDENT, UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A-Superseding Indictment, # 2 Exhibit B-Guilt Phase Instructions, # 3 Exhibit C-Transcript Page, # 4 Exhibit D-Minutes 062397)(Kahan, Jeffrey) (Entered: 09/06/2019) |
| 10/04/2019 | 232 | Unopposed MOTION for Extension of Time to November 6, 2019 *to File Supplemental Briefing*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Williams, Peter) (Entered: 10/04/2019) |
| 10/07/2019 | 233 | ORDER granting 232 Motion for Extension of Time to File a Supplemental Brief to 11/6/19 - SEE ORDER. Signed by Judge Jane Magnus-Stinson on 10/7/2019. (JRB) (Entered: 10/07/2019) |
| 11/06/2019 | 234 | Brief - *Supplemental Brief based on United States v. Davis* by JEFFERY WILLIAM PAUL. (Williams, Peter) (Entered: 11/06/2019) |
| 12/19/2019 | 235 | Letter from Jeffery Paul. (Attachments: # 1 Envelope) (TMC) (Entered: 12/20/2019) |
| 01/02/2020 | 236 | MOTION to Attach Legal Intent Statement to Pending Appeal for Due Process Pursuant to Habeas Review, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(LBT) (Entered: 01/03/2020) |
| 01/24/2020 | 237 | Legal Letter to the Court from Jeffery Paul. (Attachments: # 1 Exhibit, # 2 Envelope) (TMC) (Entered: 01/28/2020) |
| 02/12/2020 | 238 | MOTION to Attach Documents to Counseled Petition for Relief, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Attachments, # 2 Envelope)(TMC) (Entered: 02/18/2020) |
| 02/12/2020 | 239 | Legal Letter. (Attachments: # 1 Envelope) (TMC) (Entered: 02/18/2020) |

| | | |
|---|---|---|
| 02/27/2020 | 240 | Letter from Jeffery Paul Regarding Legal Letter to Chief Judge. (Attachments: # 1 Exhibit, # 2 Envelope) (TMC) (Entered: 02/28/2020) |
| 03/24/2020 | 241 | Letter from Jeffrey W. Paul. (Attachments: # 1 Exhibit, (3) Envelope) (JRB) Modified on 3/25/2020 (JRB). (Entered: 03/25/2020) |
| 04/01/2020 | 242 | MOTION to Appoint Counsel for protective service resolving spousal estrangement & other emergency matters subordinate to their purview because of this pro-se petitioners serious disability from head injury, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope)(RSF) Modified on 4/1/2020 - added restriction to exhibit (RSF). (Entered: 04/01/2020) |
| 05/26/2020 | 243 | MOTION to Grant Release, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Cover Letter, # 3 Envelope)(RSF) (Entered: 05/27/2020) |
| 06/01/2020 | 244 | ORDER - This action is stayed pending resolution of Mr. Paul's motion for leave to file a successive § 2255 motion. Mr. Paul's counsel shall file a status report every 30 days, beginning from the date this Order is entered, updating the Court regarding his § 2255 proceedings. The Clerk is directed to procedurally close this case. All deadlines and hearing settings are vacated, and all pending motions in this matter are terminated without prejudice.. Signed by Judge Jane Magnus-Stinson on 6/1/2020.(TMC) (Entered: 06/01/2020) |
| 06/17/2020 | 245 | Letter - Legal Letter to the Court from Jeffery Paul. (Attachments: # 1 Envelope) (AAS) (Entered: 06/17/2020) |
| 07/01/2020 | 246 | STATUS REPORT by JEFFERY WILLIAM PAUL. (Williams, Peter) (Entered: 07/01/2020) |
| 07/16/2020 | 247 | Submission of Legal Letter to the Court, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(AAS) (Entered: 07/16/2020) |
| 08/03/2020 | 248 | MOTION to Amend/Correct 1 Petition for Writ of Habeas Corpus, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope)(AAS) (Entered: 08/03/2020) |
| 08/03/2020 | 249 | MOTION to the Court, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(AAS) (Entered: 08/03/2020) |
| 08/24/2020 | 250 | Legal Letter to the Court from Petitioner, Jeffery Paul. (Attachments: # 1 Exhibit, # 2 Envelope) (AAS) (Entered: 08/24/2020) |
| 10/26/2020 | 251 | Letter to the Court from Petitioner, Jeffery Paul. (Attachments: # 1 Exhibit, # 2 Envelope) (AAS) (Entered: 10/26/2020) |
| 11/18/2020 | 252 | Letter from Jeffrey Paul. (Attachments: # 1 Envelope) (JRB) (Entered: 11/19/2020) |
| 01/04/2021 | 253 | MOTION for Due Process, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope)(AAS) (Entered: 01/05/2021) |
| 01/04/2021 | 254 | MOTION to Remand and Expedite Case, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(AAS) (Entered: 01/05/2021) |
| 01/07/2021 | 255 | AFFIDAVIT by JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(AAS) (Entered: 01/07/2021) |
| 01/07/2021 | 256 | MOTION for Due Process Pursuant to Effective Assistance of Counsel, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(AAS) (Entered: 01/07/2021) |
| 01/07/2021 | 257 | MOTION to Attach Legal Intent Statement to Pending Appeal, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(AAS) (Entered: 01/07/2021) |
| 01/26/2021 | 258 | MOTION for Due Process, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope)(AAS) (Entered: 01/27/2021) |
| 01/26/2021 | 259 | AFFIDAVIT in Support of Motion re 258 MOTION for Due Process, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(AAS) Modified on 1/27/2021 (AAS). (Entered: 01/27/2021) |

| | | |
|---|---|---|
| 01/27/2021 | 260 | NOTICE of Withdrawal of Appearance by *James R. Wood* on behalf of J. F. CARAWAY, SUPERINTENDENT, UNITED STATES OF AMERICA (Wood, James) (Entered: 01/27/2021) |
| 01/29/2021 | 261 | Order Denying Pro Se Motions - Petitioner's pro se motions to amend the petition for writ of habeas corpus, dkt. 248 , motion for expedited relief, dkt. 249 , motion for due process, dkt. 253 , motion to remand and expedite case, dkt. 254 , second motion for due process, dkt. 256 , motion to attach legal intent statement to pending appeal, dkt. 257 , and third motion for due process, dkt. 258 , are denied. The Court again reminds Mr. Paul that all motions in this action should be filed through counsel. Signed by Judge Jane Magnus-Stinson on 1/29/2021. (JRB) (Entered: 01/29/2021) |
| 02/25/2021 | 262 | MOTION for Due Process, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope)(AAS) Modified on 2/26/2021 (AAS). (Main Document 262 replaced on 2/26/2021) (AAS). (Entered: 02/26/2021) |
| 04/09/2021 | 263 | MOTION for Due Process, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope)(AAS) (Entered: 04/12/2021) |
| 06/07/2021 | 264 | MOTION for Due Process, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Cover Letter, # 3 Envelope)(JRB) (Entered: 06/08/2021) |
| 06/29/2021 | 265 | Order Lifting Stay and Denying Pro Se Motions - This habeas corpus action was stayed pending resolution of petitioner Jeffery William Paul's motion for leave to file a successive 28 U.S.C. § 2255 motion in the Eighth Circuit. Dkt. 244 . That motion has been resolved, see dkt. 246 . The stay is therefore lifted. The clerk is directed to reopen this action on the docket. The petition for a writ of habeas corpus is fully briefed, including supplemental briefing. The Court will rule on the petition in due course. Mr. Paul is represented by counsel. The pro se motions for due process, dkts. 262 , 263 , and 264 , are denied. The Court again reminds Mr. Paul that all motions in this action should be filed through counsel. Signed by Judge Jane Magnus-Stinson on 6/29/2021. (KAA) (Entered: 06/29/2021) |
| 07/01/2021 | 266 | MOTION for Due Process, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope)(AAS) (Entered: 07/07/2021) |
| 07/09/2021 | 267 | NOTICE *and Request to Delay Adjudication of Petition for Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL (Williams, Peter) (Entered: 07/09/2021) |
| 09/08/2021 | 268 | MOTION for Leave to File *Amendment to Petition for Writ of Habeas Corpus within Thirty Days*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order)(Williams, Peter) (Entered: 09/08/2021) |
| 10/06/2021 | 269 | Unopposed MOTION for Extension of Time to 10/22/21 *to File Amendment to Petition for Writ of Habeas Corpus*, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Text of Proposed Order) (Williams, Peter) (Entered: 10/06/2021) |
| 10/06/2021 | 270 | Order Granting Motion for Leave to File Amended Petition and Granting Motion for Extension of Time - Petitioner's motion for leave to file an amended petition, dkt. 268 , and motion for extension of time to file an amended petition, dkt. 269 , are granted. Petitioner shall have through October 22, 2021, to file an amended petition for writ of habeas corpus. Respondent shall have 60 days following the filing of the amended petition to file a response. Petitioner shall have 30 days following the filing of the response to file a reply. Signed by Judge Jane Magnus-Stinson on 10/6/2021. (KAA) (Entered: 10/06/2021) |
| 10/22/2021 | 271 | Brief *Amendment to Petition for Writ of Habeas Corpus* by JEFFERY WILLIAM PAUL. (Williams, Peter) (Entered: 10/22/2021) |
| 12/16/2021 | 272 | Brief *in Opposition* re 271 Brief(Habeas) by All Defendants. (Attachments: # 1 Exhibit Superseding Indictment in W.D. Ark. no. 96cr60022, # 2 Exhibit Guilt Phase Jury Instructions in W.D. Ark no. 96cr60022)(Kahan, Jeffrey) (Entered: 12/16/2021) |
| 12/17/2021 | 273 | MOTION Requesting Permission to Attach Documents, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope)(TPS) (Entered: 12/17/2021) |

| | | |
|---|---|---|
| 01/04/2022 | 274 | Order Denying Pro Se Motions - Petitioner Jeffery William Paul's motion for due process, dkt. 266 , and motion for permission to attach documents, dkt. 273 , are denied without prejudice. The Court again reminds Mr. Paul that all motions in this action must be filed through counsel. Signed by Judge Jane Magnus-Stinson on 1/4/2022. (TPS) (Entered: 01/04/2022) |
| 01/06/2022 | 275 | Submission of Letter to the Court, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(KAA) (Entered: 01/06/2022) |
| 01/12/2022 | 276 | MOTION to Expedite Case, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Envelope)(TPS) (Entered: 01/12/2022) |
| 01/18/2022 | 277 | Brief *in Support of Amendment to Petition for Writ of Habeas Corpus* by JEFFERY WILLIAM PAUL. (Williams, Peter) (Entered: 01/18/2022) |
| 02/24/2022 | 278 | Request for Comment, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope)(TPS) (Entered: 02/24/2022) |
| 04/18/2022 | 279 | MOTION for Order, filed by Petitioner JEFFERY WILLIAM PAUL. (Attachments: # 1 Exhibit, # 2 Envelope)(TPS) (Entered: 04/19/2022) |
| 08/01/2022 | 280 | Order Denying Pro Se Motions -Petitioner Jeffery William Paul's motion to expedite case, dkt. 276 , and motion for order, dkt. 279 , are denied without prejudice. The Court again reminds Mr. Paul that all motions in this action must be filed through counsel. Signed by Judge Jane Magnus-Stinson on 8/1/2022. (KAA) (Entered: 08/01/2022) |
| 08/02/2022 | 281 | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - Jeffery William Paul was convicted in 1997 in the United States District Court for the Western District of Arkansas of aiding and abetting a homicide in violation of 18 U.S.C. § 1111 and use of a firearm in relation to a crime of violence, robbery, in violation of 18 U.S.C. § 924(c). Mr. Paul filed this habeas corpus petition challenging his convictions and sentence. He argues that he is actually innocent of the crimes for which he was convicted, that he is too mentally ill to be executed, that his indictment was defective, and that his § 924(c) conviction must be vacated because the robbery offense underlying that conviction is not a crime of violence under §924(c)(3)(A). Most of Mr. Paul's claims are barred by 28 U.S.C. § 2255(e) or fail on the merits.But his § 924(c) claim is properly brought under 28 U.S.C. § 2241 and warrants relief. Accordingly, Mr. Paul's petition for writ of habeas corpus is GRANTED, his § 924(c) conviction is VACATED, and his death sentence is VACATED subject to a retrial on the penalty phase in the United States District Court for the Western District of Arkansas. (See Order.) Copies distributed pursuant to distribution list. Signed by Judge Jane Magnus-Stinson on 8/2/2022.(RSF) (Entered: 08/02/2022) |
| 08/02/2022 | 282 | FINAL JUDGMENT - The Court now enters final judgment. The petition for writ of habeas corpus is GRANTED. Petitioner's 18 U.S.C. § 924(c) conviction is VACATED. Petitioner's death sentence is VACATED subject to a retrial on the penalty phase in the United States District Court for the Western District of Arkansas. Copies distributed pursuant to distribution list. Signed by Judge Jane Magnus-Stinson on 8/2/2022.(RSF) (Entered: 08/02/2022) |
| 09/30/2022 | 283 | NOTICE OF APPEAL as to 282 Closed Judgment, 281 Order. (No fee paid with this filing) (Kahan, Jeffrey) (Entered: 09/30/2022) |
| 09/30/2022 | 284 | DOCKETING STATEMENT by All Defendants re 283 Notice of Appeal (Kahan, Jeffrey) (Entered: 09/30/2022) |

**Case #: 2:13-cv-00304-JMS-MJD**